UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>　　　　Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SONDOVAL; OFFICER DOOLITTLE,<br><br>　　　　Defendants. | Case No. 2:23-cv-00580-APG-EJY<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 18] |

　　　　Plaintiff Jose DeCastro contends he is "a member of the press who specifically records police interactions." ECF No. 2 at 1.  He claims he was forcibly arrested while attempting to videotape an interaction between officers of the Las Vegas Metropolitan Police Department and a traffic detainee. *Id.*  Apparently, he is being prosecuted for obstructing a public officer and resisting a public officer. ECF No. 18 at 2.  He now moves for an emergency preliminary injunction to stay the June 13, 2023 "first hearing" on those charges. *Id.* at 1.  But DeCastro does not explain the nature of that "first hearing," what he anticipates will happen at that hearing, or how that hearing could impact his claims in this case.  More importantly, federal courts cannot enjoin pending state criminal proceedings unless there are exceptional circumstances.  Such circumstances do not exist here so I deny DeCastro's motion.

　　　　Principles of comity and equity dictate that federal courts should usually abstain from interfering with state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).  Such so-called *Younger* abstention recognizes that our country is composed of separate state

governments that should be free to perform their functions so long as "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43.

The Ninth Circuit has

> articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings. *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Duke v. Gastelo*, 64 F.4th 1088, 1093–94 (9th Cir. 2023) (simplified). Each of those factors is met here. DeCastro seeks to enjoin an ongoing state criminal proceeding addressing whether he obstructed police activity and resisted arrest. Those are important state interests. He has not explained why—and there is nothing to suggest that—he cannot raise constitutional challenges to his prosecution in that state case. DeCastro contends the timing of the criminal case will chill his rights, but he does not say how or why. ECF No. 18 at 3. Finally, he claims he will be subject to excessive force if he is jailed awaiting trial, but he gives no reason to suggest that he will be jailed or why excessive force would be used against him if he is.

The *Younger* abstention doctrine dictates that I deny DeCastro's motion.

I THEREFORE ORDER that the plaintiff Jose DeCastro's motion for preliminary injunction **(ECF No. 18) is denied.**

DATED THIS 12th day of June, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE