UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| JOSE DECASTRO,<br> Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br>STATE OF NEVADA,<br>BRANDEN BOURQUE,<br>JASON TORREY,<br>C. DINGLE,<br>B. SORENSON,<br>JESSE SANDOVAL,<br>C. DOOLITTLE,<br>and DOES 1 to 50,<br> Defendants. | Case No. 2:23-cv-00580-APG-EJY<br><br>Honorable Judge Andrew Patrick Gordon Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S MOTION FOR JOINDER PLAINTIFF'S MOTION TO STAY AND MOTION FOR EXTRAORDINARY WRIT OF MANDAMUS** |

COMESNOW, Intervenor Plaintiff, Jason A Jensen ("JENSEN"), under FRCP 20 in Joinder to

Plaintiff's Motion to Stay Nevada State Case 23-CR-013015 at the Justice Court, Las Vegas Township,

Clark County, Nevada. JENSEN furthers said Motion with Petition for Extraordinary Writ of Mandamus under FRCP 21 and 28 U.S. Code § 1651 the All Writs Act. JENSEN propounds the following:

1. Present in the Defense of Mr. DeCastro's Amended Complaint, the State of Nevada and its political subdivisions have orchestrated a policy with the express intent to create "recording" and "talking" to a road-side traffic stop detainee Criminal under the legal theory of Obstruction of an Officer's duties. In the State Case, Mr. DeCastro is charged with the following crimes:

    a. False stmt to/obstruct pub off [52312] under NRS 197.190 which is a Misdemeanor

    b. Resist public officer [52990] under NRS 199.280.3 which is a Misdemeanor

2. Mr. DeCastro, by apparent intent of design of the State's policy, cannot mount a defense based on the rights of "traffic stop" detainees, Miranda Rights, and the principles of Berkemer v. McCarty, 468 U.S. 420, 438 (1984).

3. Mr. JENSEN cannot Motion to Intervene in a Criminal Matter at State Court. "In its order, the district court summarily denied the press's application based on the proposition that Nevada law does not permit intervention in criminal cases." Stephens Media, LLC v. Eighth Judicial District Court, 125 Nev. 849, 221 P.3d 1240 (2009)

4. This is the exact mechanism that the State is using the denial of two class person's rights, namely, Mr. DeCastro's Right to Record, Converse, and Attempt to contract for YouTube Videos by alleging "Obstruction" and "Interference" whereas the Defendant cannot claim the Rights of the Motorist subject tot he Traffic Stop; in concurrence, the driver does not have standing to assert the Rights of the videographer. In this way, both person's Rights are negated while neither person has Standing to challenge the policy.

WHEREFORE:

JENSEN requests Joinder to the Plaintiff's Motion to Stay State Precedings; and

JENSEN request Writ of Mandamus of all Nevada Officers, John Doe(s) 1-50, from prosecuting a criminal matter upon Jose DeCastro, or any person by charge of Obstruction by exercising the Right granted to the Public in conjuction with the traffic stop detainee's Miranda Rights, with the purpose of negating Miranda Rights by presenting a case that cannot be defended as apparent by intent of design of policy and actions.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 12th of June 2023, as soon as the Clerk of Court files this paperwork as submitted to lv_public_docketing@nvd.uscourts.gov.

//s/JasonAJensen