Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **EMERGENCY MOTION TO RECONSIDER MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE PROCEEDINGS** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | **Emergency Contact info:** Plaintiff: chille@situationcreator.com Phone: Doesn't usually work, sorry |
| Defendants. | Defendants: canderson@maclaw.com or nadams@maclaw.com Phone: 702-382-0711 |

Plaintiff Jose DeCastro ("Plaintiff"), hereby moves this Honorable Court to hear his emergency motion pursuant to Local Rules 7-4, 6-1(d) and Fed. R. Civ. P. Rule 6(c)(1)(C) to reconsider Plaintiff's motion to stay ("Motion") at ECF No. 18 (pursuant to 42 U.S.C.S. § 1983 and Fed. R. Civ. P Rule 65) the state criminal proceedings on the claims in this action that are brought under 23-CR-013015, the first hearing of which is to be held at 8:00 A.M. on June 13, 2023 at the Justice Court, Las Vegas Township, Clark County, Nevada.

This emergency motion is made because of the timing of the criminal action on June 13, 2023 that will chill Plaintiff's rights. Plaintiff had expected his internal affairs complaint to have been completed but the LVMPD's own delays have led us here.

1

The motion for reconsideration is made under Fed. R. Civ. P. §§ 59(e) and 60(a)(1), requesting consideration and identifying error in the Court's order at ECF No. 19.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

**ARGUMENT**

This Court has said that Plaintiff "does not explain the nature of the first hearing" on June 13, 2023, "or how that hearing could impact his claims in this case." The citation did not say what the first hearing is, and so Plaintiff could only guess. Since they're misdemeanor offenses (Motion, Page 2, lines 7-8) which may not grant a probable cause hearing or a grand jury, Plaintiff imagines that worse case the first hearing will be an arraignment. An arraignment resulting in charges will result in Defendants making a motion to stay these proceedings, as they have promised, under *Younger* doctrine. Motion, Attachment 1 at line 19.

This Court has cited *Younger v. Harris*, 401 U.S. 37 (1971) which does clearly state that a federal court should only enjoin a *pending* state criminal proceeding only under exceptional circumstances. *However*, the criminal action in the instant action is not pending. The U.S. Supreme Court has held that a preliminary injunction is not held to the strict *Younger* standard if charges have not yet been filed. *Doran v. Salem Inn*, 422 U.S. 922 (1975); *Wooley v. Maynard*, 430 U.S. 705 (1977); *Hicks v. Miranda*, 422 U.S. 332 (1975); *Huffman v. Pursue. Ltd*., 420 U.S. 592 (1975); and *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229 (1984).

Additionally, The U.S. Supreme Court has said that one is *entitled* to a preliminary injunction when the question is a matter of civil rights as it is in this instant action. From *Wooley*, *Id.* 430 U.S. at 709: "In Younger the Court recognized that principles of judicial economy, as well as proper state-federal relations, preclude federal courts from exercising equitable

jurisdiction to enjoin ongoing state prosecutions. [citation]. However, when a genuine threat of prosecution exists, a litigant is entitled to resort to a federal forum to seek redress for an alleged deprivation of federal rights."

Although death in a corrupt jail would make it impossible to raise constitutional challenges in the state case (Motion, Page 2, lines 9-13), Plaintiff is only required to raise the threat of prosecution chilling his first amendment rights, which would occur if Plaintiff is in jail, which Plaintiff did raise. Motion, Page 3, lines 6-7.

This Court has also said that Plaintiff has given no reason to suggest that he will be jailed. In the Motion, Page 1, lines 7-8 the offenses are listed, which are misdemeanors which carry a maximum jail time of 6 months, additionally there is no guarantee of bail before trial.

## CONCLUSION

Plaintiff prays for this Court, now that it knows that charges are not pending, reconsider Plaintiff's motion for a preliminary injunction under the proper law, which stems from and is properly cited under *Dombrowski v. Pfister*, 380 U.S. 479, 85 S. Ct. 1116 (1965), which was cited in Plaintiff's original Motion on Page 3, lines 8-9, and 19-20.

Plaintiff discussed these later decisions with Defendants in his meet and confer process. If they had raised *Younger* in opposition, Plaintiff would have replied in the same way as here.

## DECLARATION OF JOSE DECASTRO

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: June 13, 2023                                    Respectfully submitted,

                                                        _____
                                                        Jose DeCastro
                                                        *Pro Se* Plaintiff

3