UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE DECASTRO,<br><br>  Plaintiff,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>  Defendants. | Case No. 2:23-cv-00580-APG-EJY<br><br>**ORDER** |

Pending before the Court is "Jensen's Motion for Joinder Plaintiff's Motion to Stay and Motion for Extraordinary Writ of Mandamus." ECF No. 20. The opening paragraph of this filing shows that Jason A. Jensen, who is not a named party in this action, styles himself as an "Intervenor Plaintiff" under Rule 20 of the Federal Rules of Civil Procedure. Mr. Jensen seeks, among other things, a stay of a criminal case apparently pending in Las Vegas Justice Court (Case No. 23-cr-013015).

Mr. Jensen's Motion for Joinder fails for a number of reasons. First, the Motion seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prohibits federal courts from enjoining pending state court criminal proceedings, even when there is an allegation of a constitutional violation, unless there is an extraordinary circumstance creating a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court instructs that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Mr. Jensen identifies no extraordinary circumstance warranting federal court intervention in the pending state court proceeding.

Second, Mr. Jensen, a non-party to the dispute filed in this Court, cannot intervene in this case unless he can establish an interest in the events that are the subject matter of the underlying action. Fed. R. Civ. P. 24(a)(2). Mr. Jensen fails to establish any basis to intervene under Rule 24.

Further, Rule 20 of the Federal Rules of Civil Procedure provide Mr. Jensen no intervention rights under the circumstances presented.

Third, and finally, a "writ of mandamus is an extraordinary remedy limited to extraordinary causes." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). When evaluating mandamus petitions, courts are guided by what is known as the *Bauman* factors, which include: "(1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977)). Mr. Jensen fails to address any of these factors in his filing. Further, what is decipherable in Mr. Jensen's Motion presents nothing warranting the Court's intervention in the state court proceedings apparently underlying Mr. Jensen's filing.

Accordingly, IT IS HEREBY ORDERED that Jensen's Motion for Joinder Plaintiff's Motion to Stay and Motion for Extraordinary Writ of Mandamus (ECF No. 20) is DENIED.

Dated this 13th day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE