**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>             Plaintiff,<br><br>  vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>             Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO RECONSIDER MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE PROCEEDINGS** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file an Opposition to Plaintiff's Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings (ECF No. 22).

///

///

1  This Opposition is made and based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument permitted by the Court during a hearing on this matter.

Dated this 20th day of June, 2023.

MARQUIS AURBACH

By: *s/Craig R. Anderson*
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    Nicholas M. Adams, Esq.
    Nevada Bar No. 15859
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed his Emergency Motion for Preliminary Injunction to Stay State Proceedings on June 8, 2023. *See* ECF No. 18. On June 12, 2023, this Court issued an Order denying Plaintiff's Emergency Motion for Preliminary Injunction. *See* ECF No. 19. The next day, Plaintiff filed his Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings. *See* ECF No. 22. The Defendants now respond to the reconsideration motion.

Federal law states that reconsideration is only permitted when there is *substantially new evidence* or the decision is *clearly erroneous*. It is well established that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Hupe v. Mani*, 2017 WL 1128598, *1 (D. Nev. March 24, 2017) (citation omitted). Plaintiff has failed to articulate in his Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings that there is substantially new evidence present that would require the Court's reconsideration, or that the Court's decision was clearly erroneous. Instead, he merely reiterates the same arguments

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

1 that have already been raised before the Court and improperly mischaracterizes the law to fit such arguments. Accordingly, the Court should deny Plaintiff's motion for reconsideration.

## II. STATEMENT OF FACTS

### A. RELEVANT FACTS AND PROCEDURAL HISTORY.

This is a 42 U.S.C. § 1983 lawsuit in which Plaintiff alleges he was forcibly arrested while attempting to videotape a traffic stop. ECF No. 2 at 1. Plaintiff's Nevada state law criminal charges are currently pending in Nevada state court. ECF No. 18 at 2. According to Plaintiff, a preliminary hearing on the criminal charges was held on June 13, 2023. Prior to that hearing, Plaintiff filed an Emergency Motion for Preliminary Injunction asking this Court to stay the Nevada state law criminal proceedings. ECF No. 18.

### B. THE COURT'S ORDER.

The Court issued its Order denying Plaintiff's Motion for Preliminary Injunction on June 12, 2023, drawing on the *Younger*[1] abstention doctrine, which require federal courts to abstain from interfering with state court criminal proceedings absent exceptional circumstances. Plaintiff's requested relief was to stay the June 13, 2023, hearing in state court. *See* ECF No. 19 at 1:14-15. At this point, Plaintiff's first hearing in the state criminal proceeding is passed, and yet it appears that Plaintiff's ability to assert his constitutional rights remains intact.

As this Court has recognized in its Order, Plaintiff makes continuous, unsubstantiated claims that he will be subjected to excessive force and even "death in a corrupt jail," which Plaintiff claims would make it impossible to raise constitutional challenges in his state case. *See* ECF No. 19 and 22 at 3:4-5. Specifically, the Court notes that Plaintiff "gives no reason to suggest that he will be jailed or why excessive force would be used against him if he is." *See* ECF No. 19 at 2:14-16.

### C. PLAINTIFF'S MOTION FOR RECONSIDERATION.

In Plaintiff's current motion for reconsideration, Plaintiff still fails to provide a sufficient basis as to why his constitutional rights would be chilled in state court, or why he would be

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

subjected to excessive force or even death if he were to be imprisoned. Instead, he continues to make conclusory statements that are not based on fact, but rather on Plaintiff's assumptions. As such, his motion for reconsideration should be denied.

### III. LEGAL ARGUMENT

#### A. LEGAL STANDARD.

Fed. R. Civ. P. 60(b) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted)). A motion for reconsideration is not the proper vehicle for rehashing old arguments and is "not intended to give an unhappy litigant one additional chance to sway the judge." *Moraga v. Wolfson*, 2019 WL 11707395, *1 (D. Nev. Oct. 10, 2019) (citation omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Moraga v. Wolfson*, 2019 WL 11707395, *1 (D. Nev. Oct. 10, 2019) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

#### B. PLAINTIFF FAILS TO SATISFY HIS BURDEN UNDER THE RECONSIDERATION STANDARD.

This Court's Order denying Plaintiff's Motion recognized that "federal courts should usually abstain from interfering with state court criminal proceedings." ECF No. 19 at 1 (citing *Younger,* at 37. In particular, courts should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and <u>will not suffer irreparable injury</u> if denied equitable relief. *Younger,* at 43. In other words, there should be no interference except where the danger of irreparable loss is both "great and immediate." *Id*. The standard to allow interference in a state criminal proceeding because is stringent no individual is immune from the good faith prosecution of his/her alleged criminal acts.

Plaintiff's reconsideration motion includes the same arguments raised in its initial briefing, and merely cited back to his original motion as the sole evidentiary support for the motion for reconsideration. It does not contain "some valid reason why the court should reconsider its prior decision" or set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). The reconsideration motion does not include newly discovered evidence, designation of clear error, or an intervening change in controlling law. *See e.g., Sch. Dist. No. 1J*, 5 F.3d at 1263.

Here, Plaintiff's entire motion relies exclusively on his prior arguments already made before this Court. Additionally, Plaintiff misstates the law throughout his motion. Specifically, in response to the Court's reasoning that Plaintiff failed to provide a reason to suggest that he would be jailed, he responded by incorrectly stating that misdemeanors carry a maximum jail time of six (6) months, as if that were the only consequence available to him. *See* ECF No. 22 at 3:9-10.

NRS 193.150 provides that:

> 1. Every person convicted of a misdemeanor shall be punished by imprisonment in the county jail for not more than 6 months, **or** by a fine of not more than $1,000, **or** by both fine and imprisonment, unless the statute in force at the time of commission of such misdemeanor prescribed a different penalty.
>
> 2. In lieu of all or a part of the punishment which may be imposed pursuant to subsection 1, the convicted person may be sentenced to perform a fixed period of community service pursuant to the conditions prescribed in NRS 176.087.

Thus, based on the plain reading of the statute, persons convicted of a misdemeanor shall be punished by imprisonment **or** by a fine of no more than $1,000.00, **or** a combination of both. Jail time for misdemeanors is not mandated by statute, as Plaintiff implies in his motion. The state court could simply require Plaintiff to pay a fine and not impose any jail time. Therefore, Defendants agree with the Court's initial determination when it concluded Plaintiff has given no reason to suggest he will be jailed because Plaintiff has once again failed to adequately explain why he believes he will be required to serve jail time.

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### C. EVEN IF THE COURT RECONSIDERS PLAINTIFF'S MOTION, HE HAS NOT SHOWN THAT HE WILL SUFFER IRREPARABLE HARM TO WARRANT THE ISSUANCE OF A PRELIMINARY INJUNCTION.

In order for the Court to issue a preliminary injunction, Plaintiff must have shown he would suffer irreparable injury that is both great and immediate if such equitable relief is denied. Plaintiff has failed to articulate sufficient reasons why he would be unable to raise his constitutional claims in state court. Just like in *Younger* where the Court concluded the defendant was not entitled to equitable relief because the injury the defendant faced was solely incidental to criminal proceedings brought lawfully in good faith, the same argument could be made here. Plaintiff's criminal proceedings in state court were not brought in bad faith, or as a result of a series of repeated prosecutions against him.

Furthermore, Plaintiff hangs his entire argument on the fact that First Amendment rights would be chilled if the state criminal proceeding was not stayed. However, the *Younger* court itself stated that even a "chilling effect" does not by itself justify federal intervention. *Younger*, 401 U.S. at 50. Moreover, that even the existence of a chilling effect "in the area of First Amendment rights, has <u>never been considered a sufficient basis, in and of itself, for prohibiting state action</u>." *Id*. at 51. Therefore, even if the Court decides to reconsider Plaintiff's original motion for a preliminary injunction, he has not proven beyond his own mere speculation that he would suffer immediate irreparable harm in the absence of a preliminary injunction.

In addition, Plaintiff relies on a few cases to argue a preliminary injunction is not held to the *Younger* standard if charges have not yet been filed. *See* ECF No. 22 at 2:15-17. Plaintiff further argues his criminal action is not pending and therefore his case should not be held to that standard. *Id.* However, this is incorrect, as his case is pending in state court because he does have formal charges against him for (1) Obstructing a Public Officer under NRS 197.190; and (2) Resisting a Public Officer under NRS 199.280, which Plaintiff himself has acknowledged. *See* ECF No. 18 at 2:7-8. Consequently, this argument fails.

///

## IV. CONCLUSION

Based on the foregoing, LVMPD Defendants respectfully request the Court denies Plaintiff's Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings.

Dated this 20th day of June, 2023.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO RECONSIDER MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE PROCEEDINGS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 20th day of June, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: N/A

*s/Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-456 5126495_1 6/20/2023 11:13 AM