Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT BY ALL DEFENDANTS** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose DeCastro ("Plaintiff"), offers the following opposition in response to All Defendants' "Motion to Dismiss 13 Amended Complaint by Defendants Branden Bourque, C Dingle, C Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson" ("Motion") at ECF No. 15 and its joiner at ECF No. 17 of Jason Torrey, titled as "Defendants LVMPD, Ofc. Bourque, Ofc. Dingle; Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle's Motion for Partial Dismissal".

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

Defendants largely ignore and misconstrue the facts contained in the First Amended

1

Complaint ("FAC" at ECF No. 13) and, instead, seek dismissal based on their own version of events in direct contravention of the standards for ruling on a motion to dismiss. Namely, the Court must "accept as true the facts alleged in the complaint" and "must draw inferences in the light most favorable to the plaintiff." *Baker v. Riverside County Office of Education*, 584 F.3d 821, 824 (9th Cir. 2009).

In general, the Defendants would have this Court believe that Plaintiff has pled the facts necessary to give the Defendants probable cause that Plaintiff committed some unnamed and unpled crime, allegedly related to a traffic code. Additionally, the Defendants would have this Court believe that Plaintiff has pled qualified immunity for Defendant's policies, practices, and behaviors included in this action. This simply isn't the case, as illustrated below.

This opposition may seem untimely based on Defendants' false certification on their Motion, 19, where they allege "that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system." Plaintiff is not a CM/ECF filer, and Plaintiff's status is easily checked. Defendants did not perform their service by mail until approximately ten days later. Defendants did not even email the motion to Plaintiff until June 6, 2023 and Defendants refused to amend their certification.

For the reasons set forth below, the Court should deny the Defendants' Motion to dismiss.

**FACTS**

Plaintiff was illegally arrested by Defendants while exercising his civil rights, in violation of his civil rights pursuant to 42 U.S.C.S. § 1983 and similar rights under Nevada law, and in retaliation of Plaintiff's exercise of his civil rights.

Without reasonable suspicion, while Plaintiff was exercising his civil rights, Defendants

Las Vegas Metropolitan Police Department ("LVMPD") and its employees used excessive force to detain Plaintiff and deprive Plaintiff of his property including his cell phone.

Without good cause, Plaintiff was handcuffed while being detained for approximately 35 minutes. While being detained, Plaintiff's ulnar nerve was pinched by Defendants for approximately 20 minutes, causing pain and leaving Plaintiff injured and still under medical care as of the drafting of this pleading.

Without probable cause, Plaintiff was arrested for alleged misdemeanor violations, which are not even arrestable offenses according to LVMPD policies. Plaintiff was searched pursuant to an illegal arrest, making the search a violation of Plaintiff's rights.

During the foregoing incidents, Defendants made statements showing that Plaintiff's detainment and arrest were based partially on the color of Plaintiff's skin and Plaintiff's political viewpoint. A supervisor of the LVMPD is a Defendant that participated in the injuries, in this action. That supervisor stated that the illegal actions of the Defendants was an established policy of the Defendant organizations.

Defendants in their Motion make many allegations about the reason of Plaintiff's arrest that contradict Defendant's FAC, without Defendants including any declarations or documentary evidence to support their allegations.

Defendants have continued to participate in the malicious prosecution of Plaintiff and Plaintiff expects to request for leave to file supplemental claims related to malicious prosecution soon.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. Indeed, the subject incident was not a traffic stop.** In the Motion, 2:20-23, Defendants claim that the subject incident was a traffic stop, citing the FAC. This is false and it

is not alleged in the FAC. The incident occurred in a giant parking lot in front of a Rollin Smoke BBQ. FAC, ¶ 1. Additionally, Defendants attach no declaration or documentary evidence to support their allegation. In the Motion, 3:10-11, Defendants claim that "Bourque told the traffic detainee she was free to go," and cites the FAC. The FAC does not allege that Jane was detained. Moreover, Defendants attach no declaration or documentary evidence to support their allegation. Defendants have attached no evidence of an agreement with the private property owner allowing the LVMPD to enforce traffic laws on the property.

**2. Branden Bourque ("Bourque") did use the word obstructing, but in a threat to retaliate for Plaintiff allegedly not respecting a citizen's privacy rights. And, cites no actual law violation.** In the Motion, 3:5-6, Defendants claim "Bourque warned DeCastro he would detain DeCastro for obstructing if he did not move further away from the detainee," citing the FAC. This is false and it is not alleged in the FAC. Bourque threatened to detain Plaintiff for "obstructing" if Plaintiff did not respect a citizen's right to privacy. FAC, ¶ 23. Bourque was simply threatening to detain Plaintiff under false pretenses of "obstructing" for Plaintiff's failure to comply to Bourque's wishes that were unrelated to "obstructing". Bourque's "Wishes" which are not backed by statute. If Plaintiff had illegally obstructed anything, which Plaintiff denies, Plaintiff certainly had no warning of that. If Plaintiff had violated a law in Bourque's presence there would have been no reason to threaten Plaintiff's immediate freedom with detainment, while Bourque investigated. Rather, an immediate citation or arrest would have been appropriate. Additionally, Defendants do not include any evidence that supports their allegations that Plaintiff was warned against simple "obstructing". Defendants also cite no statute that Plaintiff was violating as "obstructing".

**3. Plaintiff did not refuse to comply.** In the Motion, 3:12-13, Defendants state "Bourque

attempted to detain DeCastro, DeCastro refused to comply," citing the FAC. This is false and is not alleged in the FAC. What is alleged in the FAC is that Bourque was visibly upset and very interested in manhandling Plaintiff. Plaintiff's only requirement while being detained is to not flee, and possibly to allow himself to be frisked and handcuffed if Bourque had reason to believe that Plaintiff was armed or would flee. Not only did Plaintiff not have to comply with being manhandled, but Plaintiff did substantially allow the illegal manhandling anyway, while protesting the illegal detainment, as alleged in the FAC. Defendants offer no evidence to support their contradictory statements.

**4. Defendants admit that illegal detainment, false arrest, and excessive force are within their policy, endorsed by their supervisor.** In the Motion, 3:18-25.

**5. Defendants admit to changing their story in the police report.** In the Motion, 3:25-28, Defendants admit to changing their story and arresting Plaintiff for things that are not true and/or are not crimes.

**6. Defendants admit to lying in their report and arresting Plaintiff for filming the police.** In the Motion, 3:28 – 4:1-4 Defendants admit to lying about what Plaintiff said prior to arrest and Defendants admit to arresting Plaintiff "because of his right to film the police would continue in the area if he was not cited". Although Defendant's police report did say that Plaintiff "admitted to being in trouble numerous times in the past", the Plaintiff only alleges that's what the police report said, not that it was true. Further at FAC ¶ 46, Plaintiff denies having said that he was in trouble numerous times and Plaintiff alleges the opposite. Defendants offer no evidence to support their contradictory statements.

**7. Defendants intentionally or incompetently misstate the majority of Plaintiff's claims.** In the Motion 4 – 5:1, Defendants largely assume state law claims where there are also

federal claims and skip over all state constitution claims in Plaintiff's FAC.

**8. Defendant Officers have admitted to acting under color of law.** Motion, 5:19-20.

**9. Qualified Immunity is more appropriate for summary judgement than dismissal.** Defendants cite *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) to show that deciding qualified immunity should be done "at the earliest possible stage in litigation", yet *Hunter, id.*, at 228 was determined at summary judgement.

**10. Defendants [False] Arrest legal argument fails.** Motion, 6:14 – 7:14 cites the original complaint at ECF No. 1 instead of the active FAC at ECF No. 13, and makes arguments about that now irrelevant document.

**11. Plaintiff properly alleges false arrest.** Plaintiff was arrested. FAC, ¶ 18. Defendants did not have probable cause. FAC, ¶ 46.

**12. Bourque did not have probable cause to arrest Plaintiff for "Obstruction".** Motion, 7:15 – 9:3. Defendants fail to ever cite a statute that Plaintiff violated, but only allude to some traffic code related to obstruction. Probable cause requires a code and evidence of its violation, neither of which have been alleged. Defendants fail to allege how Plaintiff "obstructed", what statute prohibits "obstructing", how the police officer was "obstructed" due to Plaintiff's behavior and could have taken alternate actions that didn't violate 42 U.S.C. §§ 1981, 1983, or NRS. 171.1233.

Further, Defendants cite *Spencer v. Rau*, 542 F. Supp. 2d 583 (W.D. Tex. 2007) a Texas case that couldn't have been about enforcing a Nevada statute. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012) where Tsao gave false information while being legally detained and was not participating in the exercise of her constitutional rights. *Kelly v. Las Vegas Metro. Police Dep't,* No. 2:12-cv-02074-LRH-CWH, 2014 U.S. Dist. LEXIS 102495, at *46 (D. Nev.

July 25, 2014), an unpublished district court case with a *pro se* complainant, where an officer gave orders related to public safety to an armed suspect, where that suspect was not participating in the exercise of his constitutional rights.

Defendants only allege that Bourque had probable cause, not the rest of the Defendants.

**13. More misconstruing of the facts by Defendants.** Motion, 8:3-12. Defendants say that it's undisputed that Bourque noticed Plaintiff approaching the traffic stop and cites the FAC. That is not alleged in the FAC. Plaintiff does not say what he witnessed happening inside of Bourque's vehicle. Defendants say that Plaintiff alleged staying close enough to Bourque to "interfere", but this is false and it is not alleged in the FAC; the video recording of the event does not lie, nor does the video have bias. Defendants say that Plaintiff further admits in the FAC that he refused to move a safe distance away. This is false and it is not alleged in the FAC. Defendants allege that Plaintiff admitted that he intended to interfere with "the traffic stop", based on his flawed understanding of the First Amendment, but this is false and it is not alleged in the FAC. Motion, 8:17-20. Further, NRS 171.1233 makes it unlawful for Bourque to interfere with Plaintiff's recording of the police. Finally, Bourque has had training on the right of citizens to record interactions with the police, and he did not follow what he was taught.

**14. Plaintiff's counsel attempts to enter testimony without a declaration.** Motion, 8:13-17.

**13. Bourque is not protected by qualified immunity under federal civil rights claims, nor are the other officers.** Motion, 9:4 – 10:13 Defendants only allege that Bourque is protected for his violation of Plaintiff's Fourth Amendment claims for false arrest. Bourque does not allege protection for qualified immunity for his violation of Plaintiff's other Fourth Amendment claims or his claims under the First or Fourteenth Amendments. None of the other Defendants plead

qualified immunity.  Defendants cite *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011), which they say requires the analysis of analogous case law to see if the officer should have known that they were breaking the law.

However, officers "can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2022); see also *Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001) ("[E]ven if there is no closely analogous case law, a right can be clearly established on the basis of 'common sense.'") (internal quotation and citation omitted). In novel factual circumstances, officers are not entitled to qualified immunity in obvious or egregious cases. *Taylor v. Riojas*, 141 S. Ct. 52, 53-54, 208 L. Ed. 2d 164 (2020). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna,* 577 U.S. 7, 136 S. Ct. 305 (2015) at 12 (internal quotation and citation omitted).

Defendants then cite two Washington state cases that obviously weren't enforcing a Nevada statute. Defendants then cite many cases to try to prove probable cause but still fail to state what "obstructing" law that Plaintiff violated. Probable cause is a question of fact. *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016). See also *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988) ("Where the facts or circumstances surrounding an individual's arrest are disputed . . . the existence of probable cause becomes a question of fact for the jury."). Here, Plaintiff and Defendants dispute the facts. Additionally, Bourque's initially threatened to arrest Plaintiff for obstruction if he didn't mind Jane's privacy, then in his report, Bourque complained about not having enough space (of what, he doesn't say), and now apparently Bourque is making the typical, yet vague, arguments of "officer safety". The facts are certainly in question, and Bourque's changing testimony should certainly go against his

credibility. Once it is established that Bourque didn't have probable cause, which is certainly alleged in the FAC and noted above, the relevant case law for defeating qualified immunity will be about violating Plaintiff's rights, regardless of what crime the police officer was allegedly enforcing at the time

Currently, there are plenty of cases that have ruled on one of Nevada's obstruction laws when used to chill someone's constitutional rights. *Martinelli v. Beaumont*, 820 F.2d 1491 (9th Cir. 1987); *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873 (9th Cir. 2002); *Patterson v. Fonbuena*, No. 2:18-CV-518 JCM (GWF), 2019 U.S. Dist. LEXIS 236343 (D. Nev. Aug. 2, 2019). Additionally, "[q]ualified immunity does not extend to a public official who enforces a statute that is 'patently violative of fundamental constitutional principles.'" *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000).

Moreover, "obstruction" and "resisting" are the two crimes most often included in a "contempt of cop" charge, where a citizen hurts a police officer's feelings while that citizen is exercising his freedoms. *Mitchell v. City of Henderson*, No. 2:13-cv-01154-APG-CWH, 2017 U.S. Dist. LEXIS 102793 (D. Nev. July 3, 2017).

**14. State law false arrest claims do not qualify for immunity.** Motion, 10:14 – 11:4. Defendants try to cite *Gonzalez v. Las Vegas Metro Police Dep't.*, No. 61120, 2013 WL 7158415, *2-3 (Nev. Nov. 21, 2013) for discretionary immunity, when they're aware that *Gonzalez, id*. is inapposite due to its warrant issues which made it distinguishable and fall under the second element of *Martinez v. Maruszczak*, 123 Nev. 433, 435-36, 168 P.3d 720, 722 (2007). Defendants' citation of *Santiago* at 10:27 has the same issue.

Additionally, *Mack v. Williams*, 522 P.3d 434 (Nev. 2022) has established that there is no qualified immunity under Nevada law.

**15. Plaintiff properly alleges an equal protection claim.** Motion, 11:5-12:6. Defendants try to cite pleading requirements of *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) where they know that the Ninth Circuit has held that this heightened pleading standard no longer applies. See *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002) (citing *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

"The standard for proving discriminatory effect is a demanding one. (citation omitted). Yet, to state a claim, [a plaintiff] need only allege some facts, either anecdotal or statistical, demonstrating that similarly situated defendants . . . could have been prosecuted, but were not." *Lacey v. Maricopa Cnty*., 693 F.3d 896, 920 (9th Cir. 2012). Plaintiff alleges those facts at FAC, ¶ 53.

To fit a class of one claim under *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), Plaintiff is a member of an identifiable class. FAC, ¶¶ 28, 47, 53 and 69. Plaintiff was treated differently from others similarly situated. FAC, ¶¶ 28, 36, 37, 47, 53 and 69. There is no rational relationship to a legitimate state objective. FAC, ¶¶ 1, 2, 36, and 37.

Plaintiff must point out Defendants' contradictory statement. "DeCastro never asserts he was discriminated based upon his unknown race, only that he believes he was arrested for the color of his skin". Motion 11:26-27. Defendants go on to say that conclusory statements about similarly situated individuals is not valid after they cited *Lacy*, 693 F.3d 896 which says otherwise as noted two paragraphs up.

**16. Plaintiff properly alleges a First Amendment retaliation claim.** Motion, 12:7 – 27. Plaintiff was arrested when other similarly situated individuals engaged in the same sort of protected speech had not been. FAC ¶¶, 37, 47, and 69. In general, Defendants fail to recognize

10

that the right to record police stems from the First Amendment, and Plaintiff's claims for First Amendment retaliation aren't simply based on his protests.

**17. Defendants try to enter contradictory facts again.** Motion, 12:22. This is false and it is not alleged in the FAC. Defendants offer no evidence to support their contradictory statements.

**18. Plaintiff properly alleges a Monell and Supervisor Liability claim.** Motion, 13-15. The specific injury relates to the specific unconstitutional policy. FAC, ¶¶ 60-67. The policy was deliberate indifference. FAC, ¶ 62. Defendants try to cite *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) as requiring more than proof of a single incident, but *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993) says otherwise at 168.

Plaintiff has identified a policy. FAC, ¶¶ 31, 35, and 44. Plaintiff has explained how the policy is deficient. FAC, ¶ 61. Plaintiff has explained how the policy caused him harm. FAC, ¶ 64. Plaintiff reflects on the policy's deliberate indifference. FAC, ¶ 62. Plaintiff's statements aren't conclusory. FAC, ¶¶ 31, 35, and 47.

Defendants try to rely on *Spiller v. City of Texas City, Police. Dept.*, 130 F.3d 162, 167 (5th Cir.1997) to say that description of a policy can't be conclusory, but they know that *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002) says otherwise at 512.

Defendants largely overlook Plaintiff's supervisor liability claims against Torrey.

**19. Plaintiff properly alleges a 42 U.S.C. § 1981 claim.** Motion, 16. Defendants largely misunderstand a § 1981 claim in their argument. Plaintiff is clearly alleging that police services provided to Plaintiff were not provided in an equal way, nor was Plaintiff able to enjoy the services at the BBQ in an equal way, including the use of the parking lot.

**20. Plaintiff properly alleges an invasion of privacy claim.** Motion, 17:1-21. Defendants argue that if there was probable cause to arrest Plaintiff, then the search incident to an arrest is legal. However, the FAC says that there was no probable cause. FAC, ¶¶ 36, 46, and 47.

**21. Plaintiff properly alleges a state negligence claim**. Motion, 17:22 – 18:4. Defendants cite *Ortega v. Reyna*, 953 P.2d 18, 23 (Nev. 1998), as providing immunity, but the law has since changed. *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007). Defendants overlook Plaintiff's claims related to vicarious liability. FAC, ¶ 98. Defendants overlook Plaintiffs claims against the officers as individuals, where NRS 41.032 clearly doesn't apply. FAC, ¶¶ 6-11.

**22. If the Court grants the Motion to Dismiss, It should allow leave to amend.** Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).

While Plaintiff believes the Court should deny the motion to dismiss in its entirety, to the extent the Court grants the motion in any respect, Plaintiff should be given leave to amend.

**23. Defendants can't correct deficiencies in their Motion.** Reply papers may only address issues raised in the moving papers. It is improper to introduce new facts, or a different legal argument in the reply brief. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990);

*United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Motion to Dismiss in its entirety.

## DECLARATION OF JOSE DECASTRO

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: June 16, 2023                                    Respectfully submitted,

_____
Jose DeCastro
*Pro Se* Plaintiff