Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RECONSIDER MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE PROCEEDINGS; REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose Maria DeCastro ("Plaintiff"), offers the following reply to the opposition memorandum from Defendants (ECF No. 26) ("Opposition") of Plaintiff's Motion to Reconsider Order on Motion for Preliminary Injunction (ECF No. 22 RE ECF No. 18) ("Reconsideration" RE "Motion"). Since Plaintiff outlined the legal authority in his original motion, such information may not repeated here and Plaintiff does not intend by its omission from discussion here, to concede to any point previously raised related to Plaintiff's request for preliminary injunction.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein, records in this action, on the oral argument of counsel, if any, and on such

1

other and further evidence as the Court might deem proper.

**INTRODUCTION**

Plaintiff filed a motion for a preliminary injunction to stay the related state criminal proceedings relating to this action. The motion spelled out how the criminal proceedings were meant to chill Plaintiff's First Amendment rights and how Plaintiff feared excessive force to continue to be used against him if he was jailed. Plaintiff supported this with factual statements and referenced Plaintiff's complaint which included violations of Plaintiff's constitutionally protected rights and claims of excessive force, assault, and battery. Plaintiff also cited case law establishing that other courts have granted the relief requested.

This Court, *sua sponte* argued Younger doctrine reasons to deny Plaintiff's relief without Defendants raising the issue, and relying on the incorrect status of any criminal proceedings.

Plaintiff filed a motion to reconsider, pointing out the error made by this Court when it incorrectly applied the wrong law due to mistakenly assuming that criminal proceedings were pending. Additionally, Plaintiff cleared up the confusion of the crimes that he was arrested for, which were misdemeanors and not civil infractions. Misdemeanors which are likely to result in jail time due to the State's zealous prosecution due to their hurt egos, as evidenced by allegations in the complaint and Defendants' motions.

The hearing on June 13, 2023 ended up being a status check on negotiations that the prosecutor had never reached out to conduct. Plaintiff was later told by his counsel that the offer was "They want you to plead guilty". The judge continued the negotiation status hearing 14 days so that Plaintiff could consider the "offer". Plaintiff has still not been arraigned nor does Plaintiff know if an arraignment will occur at the next status check.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Defendants continue sanctionable mischaracterizations of Plaintiff's filings.**

Opposition, 2:24 -27, Defendants allege that Plaintiff "has failed to articulate in his [Reconsideration] that there is substantially new evidence present that would require the Court's reconsideration, or that the Court's decision was clearly erroneous. That is false and is not reflected in Plaintiff's filings.

Reconsideration, 2:2 specifies that the motion is made for clear error. The clear error is described at 2:15-19 where the Court applies the wrong law due to its error in determining the status of the criminal proceedings even contrary to Plaintiff's evidence at Motion, 3:18-19 . Additionally, where this is "new evidence", Plaintiff's Declaration that the action is not pending at the same location in the Reconsideration, 2:15-19 is relevant.

Defendants in Opposition, 3:7 and 6:22-24 allege that Plaintiff stated that a preliminary hearing was held on June 13, 2023 and that criminal charges are currently pending. That is false and is not reflected in Plaintiff's filings. Arguendo, "charges pending" is not the same as a pending action, because if the charges haven't occurred, then the action isn't pending. However, plaintiff didn't say charges pending. In fact, Plaintiff said in his Motion, at 3:7, in part "especially as charges have not yet been brought." Defendants continue to allege that charges have already been brought, but they offer no evidence, and it contradicts Plaintiff's statements. Plaintiff does also hereby declare that he has not been arraigned or indicted or had any reading of any charges.

Defendants argue that Plaintiff only makes conclusory statements in his Motion, but the Motion refers to the complaint and summarizes the tyranny inside, which clearly supports a preliminary injunction.

**A. Plaintiff raised both new evidence and clear error.** Reconsideration, 2:2, and 2:15-19.

**B. First Hearing has passed and Plaintiff's ability to assert his rights remains intact.**
Raised in an inappropriate manner by Defendants at Opposition 3:16-17. Still, Defendants raise a good point. Plaintiff only wishes to stay anything that would interfere with his constitutional rights. If this Court were to make an order only staying any jail time, including before trial, then we can let the criminal proceedings continue and stay this action instead, under Younger. However, as Defendants have made clear, the hearing has passed, and they have still not moved to stay this proceeding under Younger. Luckily Plaintiff was not arraigned and held without bail on June 13, 2023, or his rights would have been clearly chilled. Yet, the case law that Plaintiff cited in his Motion and Reconsideration both discuss that just the fear of prosecution has a chilling effect on one's rights.

**C. Irreparable injury will occur to Plaintiff and no adequate remedy at law.**
Defendants say in their Opposition that another remedy at law exists, and that Plaintiff will not suffer irreparable injury if the preliminary injunction is not granted. Defendants do not say what other remedies at law exist and so that argument is conclusory and should be disregarded.

Plaintiff not only alleged irreparable injury in the chilling of their rights, but the chilling of rights is recognized by Courts as irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

Additionally, if Defendants believe that being jailed can be undone, then this Court should jail them for a period, as any harm can be repaired. Plaintiff will pay Defendants' salaries while they attend. The traditional standards test for a preliminary injunction does include

irreparable injury, but *not* alternative remedies. *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). A preliminary injunction is a clear remedy, and it is the Court that decides whether irreparable harm will occur, not the Defendants.

Finally, if *Melendres,* 695 F.3d 990 isn't convincing, the fact that COVID is running rampant in jails along with Plaintiff's susceptible age should be enough to show irreparable harm. *Doe v. Barr*, No. 20-cv-02141-LB, 2020 U.S. Dist. LEXIS 64459 (N.D. Cal. Apr. 12, 2020). Defendants don't argue against irreparable harm, only that it hasn't occurred yet, and Defendants don't deny that irreparable harm will occur if Plaintiff is jailed.

**D. Preliminary injunctions are necessary to maintain the status quo.** Defendants argue that a preliminary injunction isn't necessary, as Plaintiff is unlikely to experience jail time or have his civil rights chilled. Yet, Defendants argue against the preliminary injunction which clearly shows that they require that the stay not be implemented for their future plans to jail him. A stay of criminal proceedings will not harm the Defendants at all and Plaintiff's meet the good cause standard simply by requesting an injunction to maintain the status quo, as done here. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); see *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Additionally, defendants do not argue that the inunction will have any negative impact on them.

**E. Plaintiff is likely to win on the merits and request for judicial notice.** Plaintiff requests this Court to take judicial notice of facts in the next three paragraphs under Fed. R. Civ. P. Rule 201. The Las Vegas Police Protective Association ("LVPPA"), which represents police officers in court for actions when sued officially, has training videos on the right of citizens to record police. The videos are conducted by David Roger, who was the district attorney of Clark County from 2002 to 2014, and he leads the legal team at the LVPPA. One video titled

"Videotaping officers" at https://www.youtube.com/watch?v=50Bz-1WYO5k says at 1:07 "Don't take the bait. Be legally careful. If they aren't obstructing your investigation, if they're not on top of you, if they're not putting you in danger, but they're merely videotaping you, you have no basis to arrest them. If they aren't obstructing your investigation, then, try to ignore them. I understand it's difficult. I understand that sometimes it's a concern, uh, but throughout the country these people are traveling from city to city baiting officers by showing up on crime scenes or vehicle stops and videotaping officers. You have an absolute right to tell them to stay out of the immediate area so that they are not a distraction or danger to you. Uh, however, if they walk a distance away and they continue videotaping you, there is nothing you can legally do, and if you force the issue and arrest them, you can be sued civilly."

    This is exactly what happened. See the complaint and Plaintiff's own video of the incident at https://www.youtube.com/watch?v=dZZQvKZ4WU4 where Plaintiff walked a distance away and continued videotaping. The officers forced the issue and got sued civilly.

    I transcribed the foregoing video from the LVPPA's website on June 21, 2023 and it is a true and correct copy of a transcription of an LVPPA training video for LVMPD officers published on October 3, 2018. Additionally, the LVPPA provided an even stronger message in an additional video that they published after Nev. Rev. Stat. § 171.1233 ("Recording of law enforcement activity") went into effect.

    **F. Public interest clearly lies in the protection of civil liberties.** There is no public interest in jailing Plaintiff for asserting his civil liberties, and Defendants have argued none. The public interest clearly lies in the protection of civil liberties, for the Plaintiff. *Padilla v. Immigration & Customs Enforcement*, 953 F.3d 1134, 1147-48 (9th Cir. 2020).

    **F. Plaintiff clearly wins a sliding scale test.** Due to the foregoing, Plaintiff would

clearly win on either of the sliding scale tests: (1) A likelihood of success on the merits and the possibility of irreparable injury, or (2) Serious questions going to the merits and a balance of hardships strongly favoring the plaintiffs.

**G. Where a pro se Plaintiff fails to allege elements or makes factual allegations, it should be overlooked where those conclusions can be drawn from the facts alleged.** *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## CONCLUSION

Plaintiff's motion to stay the criminal proceedings should be granted, where his civil rights will be chilled without the injunction, and in the interest of justice.

## DECLARATION OF JOSE DECASTRO

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: June 22, 2023               Respectfully submitted,

_____
Jose DeCastro
*Pro Se* Plaintiff