**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>　　　　　　Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC. BOURQUE, OFC. TORREY, OFC. DINGLE; OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL (ECF NO. 15)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle (collectively, "LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Reply in Support of Motion for Partial Dismissal. (ECF No. 15) This Reply is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein, and any oral argument allowed by counsel at the time of hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

**I.　INTRODUCTION**

This is a §1983 wrongful arrest and excessive force lawsuit. On March 15, 2023, Defendant LVMPD Officer Branden Bourque ("Ofc. Bourque") arrested Plaintiff Jose DeCastro ("DeCastro") for obstructing a lawful traffic stop when he refused to comply with

Ofc. Bourque's commands to move a safe distance away from the detainee. DeCastro asserts numerous causes of action under the theory the LVMPD Defendants wrongfully arrested him for discriminatory reasons and for exercising his First Amendment right to film. The instant Motion seeks dismissal of the majority of DeCastro's claims for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). Specifically, the Motion requests the Court dismiss DeCastro's:

- Fourth Amendment and Nevada state law false arrest and false imprisonment claims (first and eighth causes of action).
- Fourteenth Amendment discrimination claim (second cause of action).
- First Amendment retaliatory arrest claim (third cause of action).
- *Monell* claim against LVMPD (fourth cause of action).
- 42 U.S.C. §1981 discrimination claim (fifth cause of action).
- State law invasion of privacy claim (ninth cause of action).
- State law negligence claim (tenth cause of action).

The only claims the LVMPD Defendants are not contesting are DeCastro's Fourth Amendment excessive force claim (first cause of action) and Nevada state law claims for assault and battery (sixth and seventh causes of action). Defendants acknowledge DeCastro has pled sufficient facts for these claims to continue.

II.     **STATEMENT OF FACTS**

LVMPD Defendants hereby incorporate the Statement of Facts as recited in the Motion. *See* ECF No. 15. DeCastro's "Facts" section of his Opposition brief does not cite to the allegations within the First Amended Complaint ("FAC") (ECF No. 13), and instead, is a narrative which includes several legal conclusions and other assertions not contained within the FAC. *See* ECF No. 27. Additionally, DeCastro asserts in a conclusory fashion that he was detained without good cause, arrested without probable cause, searched pursuant to an

MAC:14687-456 5129048_1

illegal arrest, and repeatedly categorizes the conduct of LVMPD Defendants as "illegal." *See id.* DeCastro's conclusory assertions of legal conclusions should hold no weight in this Court's consideration of the Motion.

## III. LEGAL ARGUMENT

### A. DECASTRO'S OPPOSITION REPEATEDLY MISCHARACTERIZES THE ALLEGATIONS WITHIN HIS OWN FAC.

#### 1. It is Apparent from DeCastro's FAC the Woman he Refers to as "Jane" Was Detained Pursuant to a Traffic Stop.

DeCastro claims he never alleged the subject incident was a traffic stop in his FAC. ECF No. 27, p.3-4. However, it is apparent from DeCastro's FAC the incident DeCastro happened upon was a traffic stop, as the woman DeCastro refers to as "Jane" was sitting in a vehicle during an interaction with an LVMPD Officer, as described by DeCastro. ECF No. 13, ¶20-22. At a minimum, DeCastro never alleges (because he cannot) Jane was illegally detained. Thus, it is undisputed DeCastro's FAC alleges he interfered with a lawful police activity involving a woman sitting in a vehicle.

DeCastro also argues the FAC never alleges Jane was detained, and thus the LVMPD Defendants' claim Ofc. Bourque told the traffic detainee she was free to go is improper. ECF No. 27, p.3-4. However, similarly to the traffic stop argument, this Court can reasonably infer from DeCastro's FAC that Jane was a traffic detainee. DeCastro's FAC asserts after the confrontation between DeCastro and Ofc. Bourque began to escalate, Ofc. Bourque told Jane to leave. ECF No. 13, ¶22-24. Again, in the context of Jane sitting in her car and interacting with Ofc. Bourque prior to being told to leave, and the statements of Ofc. Bourque as cited by DeCastro, it is undisputed Jane was being detained for a law enforcement purpose. *Id.* at ¶20-24. DeCastro offers no alternative, plausible inference that could be drawn from the FAC's allegations.

#### 2. DeCastro's Characterization of the FAC Regarding Ofc. Bourque's Threat to Detain DeCastro for Obstructing is Incorrect.

Next, DeCastro argues the LVMPD Defendants somehow misquoted the FAC by

claiming "Bourque warned DeCastro he would detain DeCastro for obstructing if he did not move further away from the detainee." ECF No. 27, p.4. DeCastro argues although Ofc. Bourque used the term "obstructing" to characterize DeCastro's behavior, what the FAC really meant is the Ofc. Bourque confronted DeCastro for the unrecognized crime of invading Jane's privacy. *See id.* DeCastro also argues no evidence exists that DeCastro was warned against obstructing. *Id.*

DeCastro's arguments here miss the mark. The FAC alleges DeCastro refused to move back more than 10 feet from the traffic stop, and Ofc. Bourque threatened to detain DeCastro for failing to back away to a reasonable distance. ECF No. 13, ¶22-23. Ofc. Bourque specifically told DeCastro he was being detained for obstructing. *Id.* Although the FAC also mentions Ofc. Bourque said "[Jane] deserves privacy. This is not your business," the allegations of the FAC make clear Ofc. Bourque's stated reason for detaining DeCastro was obstruction. *Id.* Similarly, LVMPD Defendants are under no burden to "attach evidence" to support the claim DeCastro was warned against obstructing. Ofc. Bourque's warning to DeCastro not to obstruct is alleged by DeCastro in the FAC. *Id.* at ¶23. DeCastro's attempt to change his FAC is irrelevant, all that matters is Ofc. Bourque had probable cause for any crime. *See Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004) (when there is probable cause to arrest as suspect for any crime, the arrest does not violate the Fourth Amendment, even if that crime was not actually charged); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1230 n.19 (9th Cir. 2009) (same).

### 3. The FAC Acknowledges DeCastro did Indeed Refuse to Comply with Ofc. Bourque's Detention.

Next, DeCastro argues the LVMPD Defendants improperly cited the FAC by stating Bourque attempted to detain DeCastro, and DeCastro refused to comply. ECF No. 27, p.4-5. Once again, DeCastro attempts to misconstrue the FAC in a manner that would require this Court to draw unreasonable inferences.

The FAC admits Ofc. Bourque told DeCastro he was being detained. ECF No. 13, ¶24. After that, Bourque approached DeCastro, and DeCastro stepped away from Ofc.

MAC:14687-456 5129048_1

Bourque and continued to protest the detention, which he categorizes as "Bourque putting his hands on [DeCastro] unnecessarily." *Id.* at ¶¶25, 26. Ignoring DeCastro's characterization of Ofc. Bourque as angry and intent on manhandling, the FAC admits DeCastro was resisting and refusing to comply with the detention. FAC ¶¶24-26. DeCastro's raising issues of Ofc. Bourque's intent and the legality of the detention have no bearing on the fact DeCastro resisted and refused to comply with the detention. The Ninth Circuit has held the absence of probable cause does not grant an individual the right to offer resistance. *See United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

### 4. The FAC Supports Ofc. Bourque's Decisions.

In Section 13 of DeCastro's Opposition brief, he argues the LVMPD Defendants misconstrue the FAC by stating Bourque noticed DeCastro approaching the traffic stop and DeCastro refused to move to a safe distance away from the traffic stop. ECF No. 27, p.7. Both statements are based from the factual content of the FAC.

DeCastro alleges within six seconds of him approaching Jane's vehicle, Ofc. Bourque confronted DeCastro. ECF No. 13, ¶22. DeCastro does not explain an alternative inference, i.e., how Ofc. Bourque came to confront DeCastro within six seconds of DeCastro approaching Jane's vehicle if Ofc. Bourque did not notice DeCastro doing so. Naturally, any reasonable officer would be concerned about an unknown, unsearched individual approaching a traffic stop and attempting to contact the detainee. Additionally, while the parties can disagree about what a "safe" distance means, it is undisputed DeCastro refused to move more than 15 feet away from the traffic stop, and asserted his membership in the press gave him the legal right not to comply. ECF No. 13, ¶21-23.

### 5. The FAC Alleges DeCastro was Arrested for Protesting his Arrest.

In Section 17 of DeCastro's Opposition brief, he argues the LVMPD Defendants' Motion falsely characterizes the FAC by a making up an allegation DeCastro was arrested for protesting his arrest. ECF No. 27 at p.11. However, at FAC ¶57, DeCastro clearly alleges

MAC:14687-456 5129048_1

he was retaliated against based on protected speech, ***namely his verbal protests and criticisms of the Defendants' actions in investigating, detaining, and arresting DeCastro***, as well as his exercise of the right to record police interactions. ECF No. 13, ¶57 (emphasis added).

### B. DECASTRO MAKES SEVERAL FALSE CLAIMS ABOUT LVMPD DEFENDANTS' MOTION.

#### 1. LVMPD Defendants' Accepting DeCastro's Allegations as True on a 12(b)(5) Motion to Dismiss is not the Same as Admitting to DeCastro's Allegations.

Sections 4, 5, 6, and 8 of DeCastro's Opposition claim the LVMPD Defendants have admitted to a number of DeCastro's allegations by accepting the factual allegations within the FAC as true for purposes of the instant Motion. As this Court is well aware, LVMPD Defendants are required to accept DeCastro's allegations as true in the context of an FRCP 12(b)(6) motion to dismiss. LVMPD Defendants' accepting DeCastro's allegations as true for the limited purpose of moving to dismiss the claims for failure to state a claim upon which relief can be granted cannot be construed as an admission to any allegation within the FAC. Accordingly, contrary to DeCastro's arguments, LVMPD Defendants have not admitted to anything in the Motion.

#### 2. LVMPD Defendants did not Misstate DeCastro's Claims in the Motion.

In Section 7 of DeCastro's Opposition brief, he argues "Defendants largely assume state law claims where there are also federal law claims and skip over all state constitution claims in Plaintiff's FAC." ECF No. 27, p.5-6. To the contrary, the LVMPD Defendants transcribed the causes of action within DeCastro's FAC accurately. *See* ECF No. 15, p.4-5; *compare to* ECF No. 13, p.11-21. DeCastro has not asserted state constitution claims in the FAC. *See* ECF No. 13.

#### 3. LVMPD Defendants' Clerical Error in Referencing the Original Complaint does not Negate LVMPD Defendants' Substantive Arguments.

In Section 10 of DeCastro's Opposition brief, he argues the Motion cites the original complaint at ECF No. 1 instead of the active FAC at ECF No. 13, and makes arguments

about that now irrelevant document. ECF No. 27, p.6. In actuality, the LVMPD Defendants' single citation to ECF No. 1 was a clerical error, and has no impact on the substance of the LVMPD Defendants' substantive arguments. Moreover, the single citation to ECF No. 1 references paragraphs within the FAC, not paragraphs within the original complaint. As such, it is apparent that the reference to ECF No. 1 is a clerical error.

    **4.**    **The Motion's Legal Argument is not Testimony from an Attorney.**

In Section 14[1] of DeCastro's Opposition brief, he asserts "Plaintiff's counsel attempts to enter testimony without a declaration." ECF No. 27, p.7. Assuming that DeCastro meant LVMPD Defendants' counsel, LVMPD Defendants' counsel's propounding of legal argument is not the same as LVMPD Defendants' counsel entering testimony.

**C.**    **DECASTRO FAILS TO STATE 42 U.S.C. § 1983 FOURTH AMENDMENT OR STATE LAW FALSE ARREST CLAIM UPON WHICH RELIEF CAN BE GRANTED (FIRST AND EIGHTH CAUSES OF ACTION).**

    **1.**    **Fourth Amendment False Arrest**

In Section 11 of DeCastro's Opposition brief, he argues his false arrest claim survives because he alleges that he was arrested without probable cause. ECF No. 27, p.6. However, the entire premise of the LVMPD Defendants' Motion is the allegations within the FAC demonstrate Ofc. Bourque did in fact have probable cause to arrest. DeCastro's asserting a conclusion of law, such as that Ofc. Bourque lacked probable cause to arrest, must give way to the factual content of the FAC, which demonstrates DeCastro refused to comply with Ofc. Bourque's commands to stand back, and thereby obstructed the traffic stop.

In Section 12 of DeCastro's Opposition brief, he argues the LVMPD Defendants failed to cite the statute he violated, and only allude to obstruction. ECF No. 27, p.6. DeCastro further argues the cases the LVMPD Defendants cited within the Ninth Circuit are inapposite because those plaintiffs were not participating the exercise of their constitutional

---

[1] DeCastro's Opposition brief contains two Section 14s. Here, the LVMPD Defendants are responding to Section 14 of ECF No. 27, 7:17-18.

rights. *Id.* at 6-7. However, the cases cited by the LVMPD Defendants clearly establish the conduct alleged in DeCastro's FAC, namely his asserting a right to stand fifteen feet away from an active traffic stop and refusing to leave after an officer had asked him to do so, constitutes probable cause of obstruction under the clearly established law. *See Kelly v. Las Vegas Metro. Police Dep't.,* 2:12-CV-02074-LRH (CWH), 2014 WL 3725927, *6 (July 25, 2014); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146-47 (9th Cir. 2012).

### 2. State Law False Arrest Claims

In Section 14[2] of DeCastro's Opposition brief, he asserts the LVMPD Defendants are not entitled to discretionary immunity on his state law false arrest claim, and there is no qualified immunity under Nevada law. ECF No. 27, p.9.

DeCastro is correct there is no qualified immunity under Nevada law. However, as argued in the Motion, the LVMPD Defendants are entitled to discretionary immunity on DeCastro's state law false arrest claim pursuant to NRS 41.032. *See Gonzalez v. Las Vegas Metro Police Dep't.*, No. 61120, 2013 WL 7158415, *2-3 (Nev. Nov. 21, 2013) (holding that an officer's decision to arrest based on a matched description in a facially valid warrant was entitled to discretionary immunity); *see Martinez v. Maruszczak*, 123 Nev. 433, 435–36, 168 P.3d 720, 722 (2007) ("a decision is entitled to discretionary immunity under NRS 41.032 if the decision (1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy.")

Here, as was the case in *Gonzalez*, LVMPD Defendants meet both prongs of the *Berkovitz-Gaubert* test established in *Martinez*. Ofc. Bourque's decision to arrest DeCastro based on the probable cause of obstruction was part of a policy consideration that required analysis of multiple social, economic, efficiency, and planning concerns including public safety. *See Ortega v. Reyna*, 953 P.2d 18, 23 (Nev. 1998) (concluding that no civil liability attached to a state trooper's decision to arrest a driver for allegedly refusing to sign a traffic ticket because the decision to do so was a discretionary decision requiring personal

---

[2] DeCastro's Opposition brief contains two Section 14s. Here, the LVMPD Defendants are responding to Section 14 beginning at ECF No. 27, 9:16.

deliberation and judgment, and was, thus, entitled to immunity under NRS 41.032(2)); *Coty v. Washoe Cty.*, 839 P.2d 97, 100 n.7 (Nev. 1992) ("the decision of whether to make an arrest is largely discretionary.").

### 3. Qualified Immunity on the Federal False Arrest Claim is Appropriate Here.

DeCastro does not oppose the substantive argument of LVMPD Defendants' contention the subject officers are entitled to qualified immunity on DeCastro's false arrest claim. Instead, he asserts it is too early to enter qualified immunity. ECF No. 27, p. 6. However, whereas here, DeCastro was warned to stop obstructing and refused to comply with that order, there is no clearly established law which would implicate the constitutionality of the subject arrest under the Fourth Amendment. *See* ECF No. 15, p.9-10.

In Section 13[3] of the Opposition, DeCastro argues Ofc. Bourque is not entitled to qualified immunity because a right can be clearly established on the basis of common sense, and because qualified immunity does not extend to a public official who enforces a statute that is patently violative of fundamental constitutional principles. ECF No. 27, p. 8-9. However, DeCastro's FAC clearly demonstrates the arrest in this case does not present the kind of novel, common-sense factual circumstances that could deprive Ofc. Bourque of qualified immunity.

### D. DECASTRO FAILS TO STATE A 42 U.S.C. § 1983 EQUAL PROTECTION CLAIM UPON WHICH RELIEF CAN BE GRANTED (SECOND CAUSE OF ACTION).

In Section 15 of the Opposition, DeCastro argues he has sufficiently pled an equal protection claim, arguing he was discriminated against as a member of the press, and also that he constitutes a class of one under *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). ECF No. 27, p.10.

DeCastro's conclusory statements within the FAC the Defendant Officers would have treated him differently if not but for his skin color, status as a member of the press, and

---

[3] DeCastro's Opposition brief contains two Section 13s. Here, Defendants are responding to Section 13 beginning at ECF No. 27, 7:19.

1 political affiliation and viewpoints, are not sufficient in the context of federal pleading standards. *See* ECF No. 13, ¶53. DeCastro argues *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) stands for the proposition that conclusory allegations about differential treatment are sufficient for pleading an equal protection claim. However, *Lacey* unambiguously reinforces the principle a plaintiff must allege some facts, either anecdotal or statistical, demonstrating similarly situated defendants could have been prosecuted, but were not. *Lacey*, 693 F.3d at 920. Here, DeCastro merely alleges a conclusion the officers would have treated him differently if not but-for his class, but does not allege any similarly situated individual could have been arrested but was not. *See* ECF No. 13.

Additionally, DeCastro argues he fits a class of one claim under *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). ECF No. 27, p.10. Again, the factual allegations within the FAC are insufficient for this Court to infer DeCastro has been intentionally treated differently from others similarly situated. DeCastro has failed to identify a comparable individual who was treated more favorably.

In conclusion, DeCastro has failed to explain how his FAC adequately states a claim upon which relief can be granted for his equal protection claim, and as such, this Court should dismiss the claim.

### E. DECASTRO FAILS TO STATE A 42 U.S.C. § 1983 FIRST AMENDMENT RETALIATION CLAIM UPON WHICH RELIEF CAN BE GRANTED (THIRD CAUSE OF ACTION).

In Section 16 of the Opposition, DeCastro argues he has properly alleged a First Amendment retaliation claim because other similarly situated individuals engaged in some sort of protective speech but had not been arrested. ECF No. 27, p.10.

As argued in the Motion, and as discussed *supra*, probable cause existed for the arrest. According to DeCastro, he was arrested for protesting his arrest. ECF No. 13 at ¶57. Thus, his argument is simply that he was arrested for protesting his lawful arrest. The same deficiency exists here as exists with DeCastro's equal protection claim – DeCastro has not identified any other individuals similarly situated who were not arrested. Even if DeCastro's allegations within the FAC are construed such that he is alleging First Amendment

MAC:14687-456 5129048_1

1  Retaliation for filming the officers, DeCastro has also not identified any other individuals
2  who filmed LVMPD police officers conducting a traffic stop within 15 feet of the traffic
3  stop, and received preferential treatment. Thus, DeCastro has failed to allege prima facie
4  facts supporting a First Amendment false arrest retaliatory arrest claim.

   **F. DECASTRO FAILS TO A STATE A 42 U.S.C. § 1983 CLAIM FOR *MONELL* OR SUPERVISOR LIABILITY UPON WHICH RELIEF CAN BE GRANTED. (FOURTH CAUSE OF ACTION).**

7  DeCastro's *Monell* claim fails to state a claim upon which relief can be granted. As
8  argued in the Motion, the FAC contains no identification of a policy, that when enforced,
9  caused the alleged constitutional violation. *See Baxter by Baxer v. Vigo Cnty. School Corp.*,
10 26 F.3d 728, 735 (9th Cir. 1994).

11 DeCastro instead generally pleads LVMPD trains its officers to carry out unlawful
12 detentions and arrests. ECF No. 13, ¶ 61. However, DeCastro's conclusory assertions are
13 contradicted by the factual allegations within the FAC, namely the LVMPD Defendants
14 violated LVMPD's formal Use of Force Policy and Interactions with the Public Policy. ECF
15 No. 13, ¶ 44. DeCastro has failed to plead facts demonstrating any of the following: (1) an
16 express policy that, when enforced, causes a constitutional deprivation; (2) a widespread
17 practice that, although not authorized by written law or express municipal policy, is so
18 permanent and well settled to constitute a 'custom or usage' with the force of law; or (3)
19 constitutional injury caused by a person with "final policymaking authority."

20 LVMPD Defendants request this Court reject DeCastro's attempts to rely upon
21 conclusory allegations intended to recite the elements of the claim, and demand DeCastro
22 plead particularized facts if he intends to state a *Monell* claim upon which relief can be
23 granted.

   **G. DECASTRO FAILS TO STATE A 42 U.S.C. § 1981 CLAIM UPON WHICH RELIEF CAN BE GRANTED (FIFTH CAUSE OF ACTION).**

25 In Section 19 of DeCastro's Opposition, he argues the LVMPD Defendants
26 misunderstand a § 1981 claim, and he has clearly alleged he did not receive police services
27 in an equal way, nor could he enjoy the services at the BBQ in an equal way, including the

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5129048_1

1  use of the parking lot. ECF No. 27, p.11. However, DeCastro fails to explain how the facts
2  of this case give rise to a 42 U.S.C. § 1981 claim in light of the case law provided by
3  LVMPD Defendants in the Motion.

4        LVMPD Defendants stand by their argument as explained in the Motion, and
5  DeCastro has not provided any argument which would preclude dismissal of this claim.
6  DeCastro has failed to allege a 42 U.S.C. § 1981 claim upon which relief can be granted
7  because DeCastro was not attempting to contract with the LVMPD Defendants for any
8  service and was not denied the rights to contract for any service. *See, e.g., Lindsey v. SLT*
9  *Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006).

10        **H.  DECASTRO FAILS TO STATE A NEVADA STATE LAW INVASION OF PRIVACY CLAIM UPON WHICH RELIEF CAN BE GRANTED (NINTH CAUSE OF ACTION).**

12        LVMPD Defendants agree with DeCastro his invasion of privacy claim can only
13  survive if there was no probable cause to arrest DeCastro, because otherwise it would be a
14  legal search incident to arrest. ECF No. 27, p.12. However, as discussed *supra*, the FAC
15  makes clear that probable cause existed to arrest DeCastro.

16        **I.  DECASTRO FAILS TO STATE A NEVADA STATE LAW NEGLIGENCE CLAIM UPON WHICH RELIEF CAN BE GRANTED (TENTH CAUSE OF ACTION).**

18        In Section 21 of DeCastro's Opposition, he argues LVMPD Defendants are not
19  entitled to immunity on his state negligence claim because the law has changed since
20  Nevada's *Ortega* decision in 1998. *See* ECF No. 27, p.12.

21        As argued in the Motion, the primary reason this claim fails is probable cause existed
22  for the arrest, and thus the claim fails on that basis alone. Additionally, DeCastro fails to
23  explain how the analysis of discretionary immunity in relation to arrests under the *Berkovitz-*
24  *Gaubert* test established in *Martinez v. Maruszczak* would lead to a different result than was
25  reached in the cases cited by the LVMPD Defendants. *See Ortega*, 953 P.2d at 23; *Coty.*,
26  839 P.2d at 100 n.7 ("the decision of whether to make an arrest is largely discretionary.").

27        As such, DeCastro's FAC fails to state a claim for state law negligence upon which
28  relief can be granted.

MAC:14687-456 5129048_1

## IV. CONCLUSION

LVMPD Defendants brought the instant Motion because DeCastro has not pled facts sufficient to state a claim upon which relief can be granted for the following claims: (1) 42 U.S.C. §1983 Fourth Amendment false arrest and imprisonment claim; (2) Nevada state law false arrest and imprisonment claim; (3) 42 U.S.C. §1983 Fourteenth Amendment claim; (4) 42 U.S.C. §1983 First Amendment claim; (5) 42 U.S.C. §1983 *Monell* municipal liability claim; (6) 42 U.S.C. § 1981 intentional discrimination claim; (7) Nevada state law invasion of privacy claim; and (8) Nevada state law negligence claim. Based on the foregoing, LVMPD Defendants respectfully request the Court grant the instant Motion and dismiss the aforementioned claims.

Dated this 23rd day of June, 2023.

MARQUIS AURBACH

By /s/ Craig R. Anderson
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. BOURQUE, OFC. DINGLE; OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 23rd day of June, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid,

MAC:14687-456 5129048_1

or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin St
Santa Monica, CA 90404
Plaintiff Pro Per

/s/*Sherri Mong*
an employee of Marquis Aurbach