**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
  Sorenson, Ofc. Sandoval and Ofc. Doolittle

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT; STATE OF NEVADA;<br>BRANDEN BOURQUE; JASON TORREY;<br>C. DINGLE; B. SORENSON; JESSE<br>SANDOVAL; OFFICER DOOLITTLE and<br>DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC.<br>TORREY, OFC. BOURQUE, OFC.<br>DINGLE, OFC. SORENSON, OFC.<br>SANDOVAL AND OFC. DOOLITTLE'S<br>MOTION TO STAY DISCOVERY** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Motion to Stay Discovery.  This Motion is made and based upon the pleadings and papers on file herein, the Memorandum of Points & Authorities attached hereto, and any oral argument allowed by counsel at the time of hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Plaintiff Jose DeCastro ("DeCastro") is suing LVMPD, several LVMPD officers, and the State of Nevada claiming he was falsely arrested and the officers used excessive force. The LVMPD Defendants have filed a motion for partial dismissal (ECF No. 15). The

MAC:14687-456 5143231_1

criminal charges stemming from DeCastro's arrest are still active. This Motion requests this Court stay discovery in this matter until DeCastro's criminal charges are resolved.

Pursuant to the "favorable termination" rule set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), if DeCastro is convicted of the criminal charges, he may be barred from pursuing most or all of his claims asserted in this action. Additionally, the factors provided by the Ninth Circuit in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) militate in favor of a stay under these circumstances. Lastly, the *Younger*[1] abstention doctrine requires that this Court stay these civil proceedings while the state court criminal proceedings are ongoing. Accordingly, this Court should stay the instant action during the pendency of the state court criminal proceedings in connection with the same nucleus of facts giving rise to DeCastro's claims in the instant case.

## II.    FACTS

### A.    THE SUBJECT INCIDENT

On March 15, 2023, at approximately 4:30 p.m., Ofc. Bourque was conducting a traffic stop of a silver Hyundai Elantra. (ECF No. 13 at ¶20). DeCastro approached the traffic stop and began recording and talking to the traffic detainee. (ECF No. 13 at ¶21). At the time DeCastro approached the traffic stop, Ofc. Bourque was sitting in his LVMPD vehicle. (ECF No. 13 at ¶20).

Upon noticing DeCastro interacting with the subject of the traffic stop, Ofc. Bourque exited his police vehicle, got DeCastro's attention, and told him to back up. (ECF No. 13 at ¶22). DeCastro moved five feet. (ECF No. 13 at ¶22). Ofc. Bourque again told DeCastro to back up from the traffic stop, at which time DeCastro began asserting his rights to record the interaction. (ECF No. 13 at ¶23). Ofc. Bourque warned DeCastro he would detain DeCastro for obstructing if he did not move further away from the detainee. (ECF No. 13 at ¶23). DeCastro insisted he had no obligation to back up because of his status as a member of the

---

[1] *Younger v. Harris,* 401 U.S. 37 (1971).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143231_1

press and his right to record police interactions. (ECF No. 13 at ¶¶ 23-24). When DeCastro ignored Ofc. Bourque's commands to move back ten feet, Ofc. Bourque told DeCastro he was being detained. (ECF No. 13 at ¶24). Ofc. Bourque told the traffic detainee she was free to go. (ECF No. 13 at ¶25).

When Ofc. Bourque attempted to detain DeCastro, DeCastro refused to comply. (ECF No. 13 at ¶¶ 25-26). DeCastro asked for a supervisor and walked to Ofc. Bourque's LVMPD vehicle, at which time Ofc. Bourque informed DeCastro he was being arrested for obstruction. (ECF No. 13 at ¶¶ 26). DeCastro made Ofc. Bourque aware of a prior shoulder injury, and Ofc. Bourque placed DeCastro in two pairs of handcuffs to adhere to his medical needs. (ECF No. 13 at ¶¶ 27).

DeCastro then threatened to sue the officers at the scene. (ECF No. 13 at ¶¶ 33). DeCastro further alleges he was patted down several times, and during the final pat-down, an officer struck DeCastro in the groin with a closed fist. (ECF No. 13 at ¶ 38). Eventually, Defendant Erland Jason Torrey ("Sgt. Torrey") arrived at the scene. (ECF No. 13 at ¶ 35). Sgt. Torrey authorized the officers' behavior as being within LVMPD policy, and said DeCastro should be arrested. As noted in Ofc. Bourque's report and affirmed by Sgt. Torrey, the reasons why DeCastro was arrested was for engaging with a detained driver, refusing to give an officer reasonable space to work, and refusing to obey lawful commands after being advised he was being detained. (ECF No. 13 at ¶¶ 44).

DeCastro was subsequently arrested for obstructing a traffic stop and transported to CCDC. The criminal charges against DeCastro are still pending and active in Las Vegas Justice Court. (*See* DeCastro Las Vegas Justice Court Criminal Docket, attached as **Exhibit A**).

### B.    PROCEDURAL HISTORY

On April 17, 2023, DeCastro filed this lawsuit asserting several causes of action based upon his being arrested on March 15, 2023. (ECF No. 2). DeCastro amended the Complaint on May 7, 2023. (ECF No. 13). The gist of DeCastro's lawsuit is he was falsely arrested and the officers used excessive force. Despite DeCastro's filing of the instant civil

MAC:14687-456 5143231_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

action, DeCastro is currently undergoing state criminal proceedings in Las Vegas Justice Court (Case No. 23-cr-013015) in connection with the incident that forms the basis for DeCastro's claims. *See* Ex. A.

### III.   LEGAL STANDARDS

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

#### A.   *KEATING* FACTORS

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322 at 324 (*citing Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interests of the public. *Id.* at 324-25.

#### B.   *HECK* STANDARDS

In order to recover damages for allegedly unconstitutional conviction or

MAC:14687-456 5143231_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

The question of whether a § 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident, he is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). In such a situation, a stay may be appropriate until such time as the underlying criminal proceedings are concluded, at which time the court would be in a better position to evaluate whether the § 1983 action would impugn any conviction resulting therefrom. *See id.*

### C.    *YOUNGER* ABSTENTION

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (*en banc*) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

MAC:14687-456 5143231_1

A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (*citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

## IV.   LEGAL ARGUMENT

### A.   THE *KEATING* FACTORS FAVOR A STAY.

Here, the instant civil rights action implicates DeCastro's Fifth Amendment rights. The facts and circumstances underlying DeCastro's criminal prosecution overlaps with the civil rights claims at issue in this case. Both cases involve the March 15, 2023 incident between DeCastro and the Defendant officers. Thus, if this case proceeds, the LVMPD Defendants will seek discovery from DeCastro, and he will be required to respond under oath. The discovery will involve DeCastro's alleged criminal actions on March 15, 2023. Thus, there exists a substantial risk of prejudice to DeCastro's Fifth Amendment rights if the case is not stayed. Furthermore, if DeCastro invokes his Fifth Amendment rights in the context of this litigation, it may impede the LVMPD Defendants' discovery. *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case.") (internal quotations and citation omitted).

Moreover, the other *Keating* factors also support a stay. Any prejudice to DeCastro is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely evidence will be lost or memories will fade with the passage of time during a stay. Additionally, the public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases."

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143231_1

*Douglas v. United States*, No. C 03-4518, 2006 WL 2038375 at *6 (N.D. Cal. July 17, 2006).

Based on the foregoing, the LVMPD Defendants have met their burden of establishing the circumstances in this case justify the Court's exercise of its discretion to stay the instant case pending the resolution of the state criminal proceedings against DeCastro.

**B.     *HECK* SUGGESTS THAT A STAY IS APPROPRIATE HERE.**

If a stay is not granted, the defenses available to the LVMPD Defendants may be wrongfully limited. If the Court in the criminal action considers DeCastro's factual allegations regarding the March 15, 2023 incident, such findings may be binding in this Court. Until the criminal proceedings are resolved, it is unclear whether certain defenses are available, such as a bar against some or all of DeCastro's claims pursuant to *Heck*, or issue preclusion. *See Wallace*, 549 U.S. at 393-94; *see also Vivas v. Cty. Of Riverside*, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020 at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

Here, DeCastro faces charges of obstructing a public officer and resisting a public officer pursuant to NRS § 197.190 and NRS § 199.280.3, respectively. *See* Ex. A. Accordingly, as the Ninth Circuit noted in *Wallace*, the question of whether DeCastro's §1983 action is barred by *Heck* is more difficult to answer in this case, where DeCastro is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force. Accordingly, *Heck* and *Wallace* favor the imposition of a stay because DeCastro's criminal action and the instant case involve the same set of facts, and DeCastro's ability to maintain some or all of his § 1983 claims is contingent upon his receiving a favorable disposition of the subject criminal charges.

**C.     *YOUNGER* ABSTENTION REQUIRES THIS COURT STAY THE CASE.**

Even if this Court determines a stay is not warranted under the former analysis, a stay is warranted under *Younger*. Here, DeCastro's criminal case is ongoing and implicates

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143231_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the State of Nevada's important interest in ensuring the integrity of its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court in considering equitable types of relief.") Indeed, DeCastro may raise constitutional issues in the state proceedings. *See Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") In addition, DeCastro is seeking damages in this civil action. Accordingly, it is clear that principles of judicial comity authorize the Court to stay this action until DeCastro's criminal proceedings have concluded.

## V.   **CONCLUSION**

Based on the foregoing, the LVMPD Defendants respectfully request the Court stay this civil action during the pendency of the state court criminal proceedings.

Dated this 6th day of July, 2023.

MARQUIS AURBACH

By  */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for LVMPD Defendants

MAC:14687-456 5143231_1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S MOTION TO STAY** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of July, 2023.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
Plaintiff Pro Se N/A


_/s/ Sherri Mong_____
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143231_1

Exhibit A

# REGISTER OF ACTIONS
## CASE NO. 23-CR-013015

| | | | |
|---|---|---|---|
| State of Nevada vs. DECASTRO, JOSE | § § § § § | Case Type: | **Misdemeanor CR** |
| | | Date Filed: | **03/15/2023** |
| | | Location: | **JC Department 8** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| **Defendant** | **DECASTRO, JOSE** | | **Michael Mee** |
| | | | *Retained* |
| | | | 702-308-6363(W) |
| **State of Nevada** | **State of Nevada** | | |

---

### CHARGE INFORMATION

| Charges: DECASTRO, JOSE | Statute | Level | Date |
|---|---|---|---|
| 1.  False stmt to/obstruct pub off [52312] | 197.190 | Misdemeanor | 03/15/2023 |
| 2.  Resist public officer [52990] | 199.280.3 | Misdemeanor | 03/15/2023 |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/15/2023 | **Original Track Assignment JC08** |
| 03/15/2023 | **Case Assignment Sent** |
| | *Case Assignment Sent* |
| 03/15/2023 | **DA Request for Prosecution** |
| | *Request for Prosecution Sent to DA* |
| 03/29/2023 | **Case Assignment Sent** |
| | *Case Assignment Sent* |
| 03/29/2023 | **Citation Image** |
| 03/29/2023 | **Supplemental Documentation Submitted with Citation** |
| 03/30/2023 | **Media Request for Electronic Coverage** |
| | *of Court proceedings filed.* |
| 04/03/2023 | **Media Request for Electronic Coverage Granted** |
| 04/03/2023 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 06/12/2023 | **Notice of Appearance** |
| | *Notice of Appearance of Defense Counsel* |
| 06/13/2023 | **Arraignment**  (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *NO BAIL POSTED* |
| | Result: Matter Heard |
| 06/13/2023 | **Counsel Confirms as Attorney of Record** |
| | *M. Mee, Esq.* |
| 06/13/2023 | **Arraignment Completed** |
| | *Defense advised of Charges on Criminal Complaint, Waives Reading of Criminal Complaint* |
| 06/13/2023 | **Discovery Given to Counsel in Open Court** |
| 06/13/2023 | **Early offer received in open court** |
| | *Continued for negotiations* |
| 06/13/2023 | **Minute Order - Department 08** |
| 06/27/2023 | **Negotiations**  (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *NO BAIL POSTED* |
| | Result: Matter Heard |
| 06/27/2023 | **Defendant Rejected the State's Offer** |
| 06/27/2023 | **Plea of Not Guilty Entered** |
| | *by Defense* |
| 06/27/2023 | **Minute Order - Department 08** |
| 09/12/2023 | **Bench Trial**  (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No bail posted* |