**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>            Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>            Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC. BOURQUE, OFC. TORREY, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 13)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("Answering Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby answer Plaintiff's First Amended Complaint (ECF No. 13) as follows:

**INTRODUCTION**

1. These Answering Defendants deny the allegations contained in paragraphs 1 and 2 of the Plaintiff's First Amended Complaint.

**PARTIES**

2. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 3, 5, 12, 14, 15, 16

MAC:14687-456 5143600_1

1  and 17 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

3. These Answering Defendants admit the allegations contained in paragraphs 4, 6, 7, 8, 9, 10 and 11 of the Plaintiff's First Amended Complaint.

4. These Answering Defendants deny the allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

5. These Answering Defendants admit the allegations contained in paragraphs 18 and 19 of the Plaintiff's First Amended Complaint.

**GENERAL FACTUAL ALLEGATIONS**

6. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 20, 21, 35 and 44 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

7. These Answering Defendants admit the allegations contained in paragraphs 22, 23 and 45 of the Plaintiff's First Amended Complaint.

8. These Answering Defendants deny the allegations contained in paragraphs 24, 25, 26, 27, 26 [sic], 27 [sic], 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 46 and 47 of the Plaintiff's First Amended Complaint.

**FIRST CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – FOURTH AMENDMENT**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)**

9. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 48 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

10. These Answering Defendants deny the allegations contained in paragraphs 49, 50 and 51 of the Plaintiff's First Amended Complaint.

/ / /

MAC:14687-456 5143600_1

**SECOND CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – FOURTEENTH AMENDMENT**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)**

11. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 52 of the Plaintiff's Complaint, and therefore deny the remaining allegations.

12. These Answering Defendants deny the allegations contained in paragraphs 53, 54 and 55 of the Plaintiff's First Amended Complaint.

**THIRD CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – FIRST AMENDMENT**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)**

13. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 56 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

14. These Answering Defendants deny the allegations contained in paragraphs 57, 58 and 59 of Plaintiff's First Amended Complaint.

**FOURTH CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – *MONELL* AND SUPERVISOR LIABILITY**

**(AGAINST LVMPD, NEVADA, TORREY AND DOES 26-50)**

15. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 60 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

16. These Answering Defendants deny the allegations contained in paragraphs 61, 62, 63, 64, 65, 66 and 67 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MAC:14687-456 5143600_1

**FIFTH CAUSE OF ACTION**

**42 U.S.C. SECTION 1981**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE, AND DOES 1-25)**

17. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 68 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

18. These Answering Defendants deny the allegations contained in paragraphs 69, 70 and 71 of the Plaintiff's First Amended Complaint.

**SIXTH CAUSE OF ACTION**

**ASSAULT**

**(AGAINST ALL DEFENDANTS)**

19. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 72 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

20. These Answering Defendants deny the allegations contained in paragraphs 73, 74, 75 and 76 of Plaintiff's First Amended Complaint.

**SEVENTH CAUSE OF ACTION**

**BATTERY**

**(AGAINST ALL DEFENDANTS)**

21. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 77 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

22. These Answering Defendants deny the allegations contained in paragraphs 78, 79, 80 and 81 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MAC:14687-456 5143600_1

## EIGHTH CAUSE OF ACTION

## FALSE ARREST AND IMPRISONMENT

## (AGAINST ALL DEFENDANTS)

23. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 82 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

24. These Answering Defendants deny the allegations contained in paragraphs 83, 84, 85 and 86 of the Plaintiff's First Amended Complaint.

## NINTH CAUSE OF ACTION

## INVASION OF PRIVACY

## (AGAINST ALL DEFENDANTS)

25. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 87 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

26. These Answering Defendants deny the allegations contained in paragraphs 88, 89, 90, 91, 92 and 93 of the Plaintiff's First Amended Complaint.

## TENTH CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

27. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 94 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

28. These Answering Defendants deny the allegations contained in paragraphs 95, 96, 97, 98 and 99 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MAC:14687-456 5143600_1

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's suit fails to state a claim for relief as he failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

## SECOND AFFIRMATIVE DEFENSE

The Defendant officers had probable cause to arrest Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The complained of acts of these Answering Defendants were justified and privileged under the circumstances.

## FOURTH AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's First Amended Complaint, these Answering Defendants acted in good faith belief that their actions were legally justifiable.

## FIFTH AFFIRMATIVE DEFENSE

The individual officers have qualifiedly immunity from the actions alleged against them in Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

That Nevada Revised Statutes Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint concerns a discretionary function of the LVMPD Defendants for which Defendant LVMPD is immune pursuant to NRS 41.032.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims of constitutional violation is unsupported in both fact and law, as Plaintiff has not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

MAC:14687-456 5143600_1

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's causes of actions against the LVMPD Defendants sound in negligence, no recovery can be predicated upon 42 USCA §1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any injuries allegedly sustained by Plaintiff were the result of his own negligence and/or actions.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud. Plaintiff is not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the LVMPD Defendants' supervisors, directors or managing agents committed the alleged malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims and each of them are barred by Plaintiff's failure to plead those claims with particularity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants have not been negligent and have not breached their duty to properly supervise the conduct of its employees with whom Plaintiff interacted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants reserve the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

WHEREFORE, these Answering Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by virtue of his First Amended Complaint on file herein, that the same be dismissed with prejudice;

MAC:14687-456 5143600_1

2. For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as this Court may deem just and proper in the premises.

Dated this 6th day of July, 2023.

MARQUIS AURBACH

By */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. BOURQUE, OFC. DINGLE; OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of July, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin St
Santa Monica, CA 90404
Plaintiff Pro Per

 */s/Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-456 5143600_1