Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | Case No.: 2:23-CV-00580 |
| Plaintiff, | **PLAINTIFF'S MOTION TO PARTIALLY STRIKE DEFENDANTS' ANSWER AND TO HAVE RESPONSES IN DEFENDANTS' ANSWER DEEMED ADMITTED** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court, to strike portions of Defendants' Answer to Plaintiff's First Amended Complaint ("Answer") (ECF No. 33), and to have responses in the Answer deemed admitted.

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

## INTRODUCTION

Defendants have filed insufficient defenses to Plaintiff's First Amended Complaint ("FAC") that Plaintiff moves this Court to strike under Fed. R. Civ. P. Rule 12(f)(2).

1

Additionally, Defendants have not answered the allegations in good faith as required under Fed. R. Civ. P. Rule 8(b). Plaintiff would have expected different defendants to have different knowledge and for at least some allegations to have only been partially denied, which should be evidence of lack of good faith by the Defendants. Where Defendants have feigned ignorance of the allegations where they should have the knowledge, or easily obtained such knowledge, their ignorance should be considered admissions.

## MEMORANDUM OF POINTS AND AUTHORITIES

**DEFENSES TO BE STRIKEN:**

**A. Defendants' First Affirmative Defense.** Defendants' first affirmative defense isn't even an affirmative defense, it's a negative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts in the 9th circuit have found that negative defenses such as failure to state a claim to be an improperly asserted affirmative defense. *J & J Sports Prods. v. Montanez*, No. 1:10-cv-01693-AWI-SKO, 2010 U.S. Dist. LEXIS 137732, at *4-5 (E.D. Cal. Dec. 13, 2010). Here, this defense should be stricken from the Answer.

**B. Defendants' Second Affirmative Defense.** This merely alleges "The Defendant officers had probable cause to arrest Plaintiff." Courts in the 9th circuit currently don't require that affirmative defenses be plead under the heighted requirements of *Iqbal* and *Twombly*, but the affirmative defenses must give the plaintiff fair notice of the defense under *Conley*, including sufficient facts and grounds. *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979). Here, Defendants pleadings are completely insufficient to meet that requirement. Defendants don't specify which law was violated, what facts would have granted them probable cause, and clearly it wouldn't apply to all of the officers. Here, this defense should be stricken.

**C. Defendants' Third Affirmative Defense.** This merely alleges "The complained of

acts of these Answering Defendants were justified and privileged under the circumstances." Defendants' pleadings are completely insufficient to meet the requirements under *Wyshak, Id*. Defendants don't specify what authority justified their acts, which acts were justified, which acts were privileged, and under what type of privilege or the grounds for said privilege, and this clearly wouldn't apply to all Defendants. Here, this defense should be stricken.

**D. Defendants' Fourth Affirmative Defense.** This merely alleges that, in part, Defendants "acted in good faith belief that their actions were legally justifiable." Defendants' pleadings are completely insufficient to meet the requirements under *Wyshak, Id*. Defendants don't specify what law justified their acts, what those acts were, and it clearly wouldn't apply to all Defendants. Here, this defense should be stricken.

**E. Defendants' Fifth Affirmative Defense.** This merely alleges that "The individual officers have qualified immunity from the actions alleged against them in Plaintiff's Complaint." Defendants' pleadings are completely insufficient to meet the requirements under *Wyshak, Id*. Defendants don't specify which actions they took that Plaintiff will need to prove is a clearly established violation of his constitutional rights, which Defendants are claiming qualified immunity for. Here, this defense should be stricken.

**F. Defendants' Sixth Affirmative Defense.** Defendants merely allege that N.R.S. Chapter 41 limits the damages of the LVMPD. Defendants don't say how state law applies to Plaintiff's federal claims or to which claims they are applying it to. However, the biggest problem is that Chapter 41 has many subsections, and Plaintiff can not determine which subsection that Defendants mean to include. Courts in this district have found affirmative defenses that lack this type of clarity lack fair notice and should be stricken. *Miller v. 4Internet, LLC*, No. 2:18-cv-02097-JAD-VCF, 2019 U.S. Dist. LEXIS 73270, at *10 (D. Nev. Apr. 30,

2019); *Wyshak, Id*. Here, this defense should be stricken.

**G. Defendants' Seventh Affirmative Defense.** Defendants merely allege that Plaintiff's FAC "concerns a discretionary function of the LVMPD Defendants for which Defendant LVMPD is immune pursuant to NRS 41.032." Defendants' pleadings are completely insufficient to meet the requirements under *Wyshak, Id*. Defendants don't specify which acts were discretionary, and so Plaintiff is unable to prepare for discovery against the LVMPD. Here, this defense should be stricken.

**H. Defendants' Ninth Affirmative Defense.** Defendants' ninth affirmative defense isn't even an affirmative defense, it's a negative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts in the 9th circuit have found that negative defenses such as failure to state a claim to be an improperly asserted affirmative defense. *J & J Sports Prods. v. Montanez*, No. 1:10-cv-01693-AWI-SKO, 2010 U.S. Dist. LEXIS 137732, at *4-5 (E.D. Cal. Dec. 13, 2010). Here, this defense should be stricken.

**I. Defendants' Tenth Affirmative Defense.** Defendants' tenth affirmative defense is a claim of negligence on part of the Defendants. This defense provides no notice to Plaintiff how Defendants were negligent, providing no details and only legal conclusions, and should be stricken. *Wyshak, Id*. Here, this defense should be stricken.

**J. Defendants' Eleventh Affirmative Defense.** Defendants' eleventh affirmative defense is a claim of negligence on part of the Plaintiff. Defenses regarding negligence on the part of the Plaintiff are only applicable in negligence, contract, and copyright infringement, none of which are alleged here. Moreover, this defense provides no notice to Plaintiff how he was negligent, providing no details and only legal conclusions and should be stricken. *J & J Sports Prods. v. Montanez*, No. 1:10-cv-01693-AWI-SKO, 2010 U.S. Dist. LEXIS 137732, at *11 (E.D.

Cal. Dec. 13, 2010); *Wyshak, Id.* Here, this defense should be stricken.

**K. Defendants' Twelfth Affirmative Defense.** Defendants' twelfth affirmative defense isn't even an affirmative defense, it's a negative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts in the 9th circuit have found that negative defenses such as failure to state a claim to be an improperly asserted affirmative defense that should be stricken. *J & J Sports Prods. v. Montanez*, No. 1:10-cv-01693-AWI-SKO, 2010 U.S. Dist. LEXIS 137732, at *4-5 (E.D. Cal. Dec. 13, 2010). Here, this defense should be stricken.

**L. Defendants' Thirteenth Affirmative Defense.** Defendants' thirteenth affirmative defense isn't even an affirmative defense, it's a negative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts in the 9th circuit have found that negative defenses such as failure to state a claim to be an improperly asserted affirmative defense that should be stricken. *J & J Sports Prods. v. Montanez*, No. 1:10-cv-01693-AWI-SKO, 2010 U.S. Dist. LEXIS 137732, at *4-5 (E.D. Cal. Dec. 13, 2010). Here, this defense should be stricken.

**M. Defendants' Fourteenth Affirmative Defense.** Defendants fourteenth affirmative defense is a claim that they weren't negligent in supervision. This defense provides no notice to Plaintiff how Defendants were not negligent or what they did to supervise that would be sufficient as to not be negligent, providing no details and only legal conclusions, and should be stricken. *Wyshak, Id.* Here, this defense should be stricken.

**N. Defendants' Fifteenth Affirmative Defense.** Defendants fifteenth affirmative defense is the attempt to reserve affirmative defenses. Courts in this district have ruled that "a reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor an affirmative defense" and should be stricken. *Ernest Bock, L.L.C. v. Steelman*, No. 2:19-cv-01065-JAD-EJY, 2021 U.S. Dist. LEXIS 180801, at *20-21 (D. Nev.

Sep. 22, 2021); *Healy Tibbitts Construction Co. v. Ins. Co. of N.A.*, 679 F.2d 803 (9th Cir.1982); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 U.S. Dist. LEXIS 68711, at *7-8 (N.D. Cal. May 16, 2012). Here, this defense should be stricken.

**RESPONSES DEEMED TO BE ADMISSIONS:**

**O. Averments obviously within defendant's knowledge should be deemed admitted.**

Under Fed. R. Civ. P. Rule 8(b)(1)(B), a defendant must either "admit or deny" allegations asserted against it. Separately, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. Rule 8(b)(5). On the other hand,

> a party may **not** assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record. A denial of knowledge or information in this context casts doubt on the good faith of the pleader. Furthermore, a federal court often will impute knowledge of certain matters to a party, such as charging a corporation with the knowledge of the acts of its agents, or will impose a reasonable burden of investigation upon the pleader.

Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1262 (3d Ed) (2020) (emphasis added). See also *Bank of Am., N.A. v. Malibu Canyon Inv'rs, LLC*, No. 2:10-cv-00396-KJD-PAL, 2012 U.S. Dist. LEXIS 4627, at *5 (D. Nev. Jan. 12, 2012) (denials of allegations "clearly within Defendants' personal knowledge or in the public record… are not credible and violate their obligations under Rule 8(b)."); *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006) ("An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information."); *Greenbaum v. U.S.*, 360 F. Supp. 784, 787–88 (E.D. Pa. 1973) ("defendant failed to examine available, highly relevant Government documents which would have given a basis" to respond); *U.S. v. Bartholomew*, 137 F. Supp. 700, 705 (W.D. Ark. 1956) (alleged lack of

knowledge "is not sufficient to constitute a denial because information as to the allegations in that particular numbered paragraph was reflected by public record, and the defendants could have obtained definite information as to the truth of the allegations in that paragraph.").

Prior to denying an allegation for lack of knowledge, a defendant has a "duty to exert reasonable effort to obtain knowledge of a fact." *Greenbaum*, 360 F. Supp. at 787. See also *Exch. Nat'l Bank v. Brown*, No. 84 C 10801, 1985 U.S. Dist. LEXIS 16958, at *6 (N.D. Ill. Aug. 9, 1985) (defendant "must perform a reasonable investigation to obtain the knowledge of such fact" prior to denying it). For example, a defendant may not "fail[] to undertake even a minimal examination of their files to determine" the truth of an allegation. *Soto v. Lord*, 693 F. Supp. 8, 23 & n.28 (S.D.N.Y. 1988).

Relying on these principles, courts around the country have rejected denials for lack of knowledge where the defendant obviously had knowledge or easily could have obtained knowledge of the allegation. See *Malibu Canyon*, 2012 LEXIS 4627, at *5 (denial of facts in a "state court's order granting summary judgment in the underlying judicial foreclosure action" is improper); *Wachovia Bank, N.A. v. Chaparral Contracting, Inc.*, No. 2:09-cv-00164-RLH-GWF, 2010 U.S. Dist. LEXIS 70994, at *4 (D. Nev. July 12, 2010) (defendant improperly denied numerous facts, including that a note and guarantee were executed and defendant "failed to comply with the terms of the Guarantee by not making payments"); *TCW/Camil Holding L.L.C. v. Fox Haron & Camerini L.L.P.* (*In re TCW/Camil Holding L.L.C.*), No. 03-1154-SLR, 2004 U.S. Dist. LEXIS 9659, at *15 (D. Del. May 12, 2004) ("defendant must have had the knowledge and information to either deny or admit various other allegations … [such as] the 'Terms of Reference' of the arbitration, the dates for the arbitration hearing, or the arbitral tribunals final award"); *Fid. & Guar. Ins. Co. v. Keystone Contractors*, No. 02-CV-1328, 2002

U.S. Dist. LEXIS 15403, at *8 (E.D. Pa. Aug. 14, 2002) (defendant cannot deny sufficient knowledge that "executed the GAI, despite their notarized signatures on the document"); Exch. Nat. Bank, 1985 LEXIS 16958, at *4 (defendant's denial of the "amount of the indebtedness" improper because "[t]he prime rates used… are easily obtainable through listings in daily newspapers, by a telephone request to the Bank, or by simply deposing the Bank, none of which [defendants] bothered to do.").

Where a defendant improperly denies an allegation for want of knowledge, such "allegation will be **deemed admitted**." *In re TCW*, 2004 LEXIS 9659, at *16 (emphasis added). See also *Santander Bank, N.A. v. Branch Banking & Tr. Co.*, No. 1:17-CV-01669, 2020 U.S. Dist. LEXIS 572, at *4 n.3 (M.D. Pa. Jan. 3, 2020) ("[Plaintiff's] allegations in paragraph 22 are therefore deemed admitted."); *Chaparral Contracting*, 2010 LEXIS 70994, at *5 ("averments in the complaint that Defendants simply allege as lacking knowledge and information to admit or deny that they should have known are as follows and are deemed admitted"); *Madjar v. N.J. Dep't of Corr.*, Civil No. 92-5265 (CSF), 1993 U.S. Dist. LEXIS 6166, at *16 (D.N.J. Apr. 5, 1993) ("County defendants' response to this paragraph is stricken and the allegations contained in this paragraph are deemed admitted"); *Ins. Co. of N. Am. v. M.B. Assocs.*, 89 Civ. 7042 (CSH), 1992 U.S. Dist. LEXIS 19046, at *10 (S.D.N.Y. Dec. 9, 1992) ("An averment will be deemed admitted when the matter is obviously one as to which the defendant has knowledge or information.").

**Here**, based on the allegations Defendants have improperly denied, Plaintiff is entitled to Defendants' admissions for the following paragraphs of Plaintiff's FAC: 20, 21, 35, and 44. Especially since video is publicly available of the entire incident, including video taken by Plaintiff.

**CONCLUSION**

Defendants' affirmative defenses numbered 1-15 should be stricken from their Answer.

Paragraphs 20, 21, 35, and 44 of the FAC should be deemed admitted by Defendants.

DATED: July 24, 2023                                    Respectfully submitted,

                                                                  Jose DeCastro
                                                                  *Pro Se* Plaintiff