**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | Case Number: 2:23-cv-00580-APG-EJY |
| Plaintiff, | |
| vs. | **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S MOTION TO PARTIALLY STRIKE ANSWER AND TO HAVE RESPONSES IN ANSWER DEEMED ADMITTED (ECF NO. 37)** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive, | |
| Defendants. | |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle (collectively "Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Opposition to Plaintiff's Motion to Partially Strike Defendants' Answer and to have Responses in Defendants' Answer Deemed Admitted. [ECF No. 37] This Opposition is made and based upon the pleadings and papers on file herein, the Memorandum of Points & Authorities attached hereto, and any oral argument allowed by counsel at the time of hearing.

MAC:14687-456 5175213_2

## MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTION

On May 7, 2023, Plaintiff Jose DeCastro ("DeCastro") filed his First Amended Complaint ("FAC"). [ECF No. 13.] DeCastro's FAC asserts claims for: (1) 42 U.S.C. § 1983 – Fourth Amendment; (2) 42 U.S.C. § 1983 – Fourteenth Amendment; (3) 42 U.S.C. § 1983 – First Amendment; (4) 42 U.S.C. § 1983 – *Monell* and Supervisor Liability; (5) 42 U.S.C. § 1981; (6) Assault; (7) Battery; (8) False Arrest and Imprisonment; (9) Invasion of Privacy; and (10) Negligence. *Id.* On June 1, 2023, Defendants filed a motion for partial dismissal on all claims except DeCastro's excessive force-based claims. [ECF No. 15.] Five days later, on July 6, 2023, Defendants filed their Answer (the "Answer") and affirmative defenses to the FAC. [ECF No. 33]

DeCastro's current motion ("Motion") asks this Court to (1) strike most of Defendants' affirmative defenses claiming the defenses are not pled with the requisite detail, and (2) deem admitted four factual paragraphs in the FAC because Defendants denied the paragraphs due to lack of personal knowledge. [ECF No. 37.] For the most part, DeCastro's Motion is baseless. First, the Defendants stipulate to dismiss four of their affirmative defenses but deny the remaining affirmative defenses fail to put DeCastro on notice of the defenses the Defendants intend to raise. Second, with respect to the four disputed answers to the FAC's factual allegations, the Defendants have a valid reason for denying the paragraphs at this juncture.

## II.   LEGAL STANDARD

### A.   MOTION TO STRIKE.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

stricken clearly could have no possible bearing on the subject of the litigation.... If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004) (citations omitted).

Rule 8(c)(1) provides that "a party must affirmatively state any avoidance or affirmative defense." An affirmative defense as defined by Rule 8(c) is one that does not negate the elements of a plaintiff's claim, but rather, precludes liability even if all elements of the claim are met. *See DC Labs, Inc. v. Celebrity Signatures Intern, Inc.*, 2013 WL 4026366 (S.D. Cal Aug. 6, 2013). An affirmative defense may be stricken if it is factually or legally insufficient. *Garity v. Donahoe*, 2013 WL 4774761, *2 (D. Nev. Sept. 4, 2013). An affirmative defense is legally insufficient "if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint." *FTC v. Johnson*, 2011 WL 2112258, at *2 (D.Nev. May 26, 2011) (citation omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 2012 WL 2838957, *2 (N.D.Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

The District of Nevada has recognized there are differences between the respective pleading standards of claims and defenses under Rule 8. For example, in *Ferring B.V. v. Watson Laboratories, Inc.-(FL), et al.*, 2012 WL 607539, *3 (D.Nev. Aug. 3, 2012), the Court explicitly declined to apply the more stringent *Iqbal* pleading standards to a Rule 12(f) motion, reasoning that under Rule 8(c), "an affirmative defense need only provide fair notice of the issue." Prior to *Twombly*[1] and *Iqbal*[2], the Ninth Circuit noted that "the key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Aschcroft v. Iqbal*, 556 U.S. 662 (2009).

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).

## B.   MOTION TO DEEM RESPONSES ADMITTED.

Taken together, Rules 8 and 11 allow the facts alleged in the complaint to be deemed admitted if a party's "assertion of ignorance" through its answer "is obvious sham." *Harvey Aluminim, Inc. v. N.L.R.B.*, 335 F.2d 749, 759 (9th Cir. 1964). In order to ensure that the court hearings "concern the real issues between the parties," where a party's "averment of ignorance [i]s clearly frivolous" the trial court is "justified in refusing to accept it as a basis for imposing upon the [claimant] the burden of adducing proof." *Id.* It is an extreme sanction to deem allegations in a complaint admitted if it is possible to grant a defendant leave to amend its answer without causing unfair prejudice or delay. *Branch Banking & Tr. Co. v. Frank*, No. 2:11-CV-1366-JCM-CWH, 2012 WL 3230559 (D. Nev. Aug. 6, 2012) (citing *Farrell v. Pike*, 342 F.Supp.2d 433, 441 (M.D.N.C.2004)) (deeming allegations admitted requires an egregious violation of Rule 8).

## III.   LEGAL ARGUMENT

The Defendants have complied with the Federal Rules and the Local Rules in filing their Answer [ECF No. 33] to the FAC. Yet, despite this fact, DeCastro has moved to strike Defendants' affirmative defenses in a back-door attempt to obtain untimely dispositive relief. First, the Defendants' affirmative defenses are adequately pled because they put DeCastro on notice of what defenses Defendants intend to raise in this litigation. Second, the Defendants asserting lack of knowledge as to some of DeCastro's specific allegations in the FAC is legitimate because the Defendants lack the requisite knowledge to affirm or deny those specific allegations. Third, to the extent the Defendants' affirmative defenses are insufficiently pled, or Defendants' claim of lack of knowledge is somehow improper, the Defendants should be granted leave to amend their Answer. This case is still at a very early stage in which discovery is to be stayed pending the resolution of DeCastro's state criminal proceedings. There is no prejudice to any party in granting the Defendants leave to amend their Answer.

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**A.   DECASTRO FAILS TO EXPLAIN HOW DEFENDANTS' AFFIRMATIVE DEFENSES FAIL TO GIVE HIM ADEQUATE NOTICE.**

DeCastro argues the affirmative defenses in the Defendants' Answer are subject to being stricken by Rule 12(f) for insufficiency, namely not providing DeCastro with enough specifics about the nature of the affirmative defenses as to put DeCastro on notice of the precise nature of the affirmative defenses. However, the longstanding practice of this District is not to strike affirmative defenses at the outset of a case, and not to apply a heightened pleading standard to a defendant's pleading of affirmative defenses. DeCastro has failed to cite persuasive authority to support his argument the contested affirmative defenses are insufficiently pled. In light of this District's precedent and DeCastro's failure to meet the Rule 12(f) standard, DeCastro's Motion to Strike should be denied.

**1.   Defendants' First Affirmative Defense.**

DeCastro first argues Defendants' affirmative defense for "failure to state a claim" should be stricken. [ECF No. 37, 2:9-14.] The Defendants do not oppose the Court striking this affirmative defense. The Motion for Partial Dismissal [ECF No. 15] on file sets forth the Defendants' basis for pleading this defense.

**2.   Defendants' Second Affirmative Defense.**

Defendants' Second Affirmative Defense states: "The Defendant officers had probable cause to arrest Plaintiff." [ECF No 33 at 6:6-7.] DeCastro argues this affirmative defense is not pled with sufficient specificity and fails to give him fair notice. [ECF No. 37, 2:15-22.]

This is a proper affirmative defense. DeCastro is arguing Officer Bourque falsely arrested him - i.e., he lacked probable cause. The Defendants disagree and counter probable cause existed for the arrest. This affirmative defense puts DeCastro on clear notice the Defendants disagree with his false arrest and false imprisonment theories. Other district courts have rejected this very argument. *See, e.g., Roe v. City of San Diego*, 289 F.R.D. 604 (S.D. Cal. 2013); *see also Devermont v. City of San Diego*, No. 12-CV-01823 BEN KSC, 2013 WL 2898342 (S.D. Cal. June 14, 2013). A showing of probable cause is a valid

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

affirmative defense to DeCastro's false arrest and imprisonment claim, and as such, Defendants must be allowed to maintain their affirmative defense of the existence of probable cause justifying the arrest of DeCastro.

### 3.    Defendants' Third Affirmative Defense.

Defendants' third affirmative defense states: "The complained of acts of these Answering Defendants were justified and privileged under the circumstances." [ECF No. 33, 6:8-10.] DeCastro argues that this affirmative defense fails to give him fair notice under the standard announced in *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979). [ECF No. 37, 2:23-3:5.]

DeCastro is incorrect this affirmative defense fails to give him fair notice. For example, the parties agree the officers touched and restrained DeCastro - hence his excessive force and assault/battery claims. However, the law is clear police officers are privileged to use force in certain circumstances. *See e.g., Ramirez v. City of Reno*, 925 F.Supp. 681, 690-91 (D. Nev. 1996) ("Police officers are privileged to use that amount of force which reasonably appears necessary"). Further, police officers are privileged to perform detentions when reasonable suspicion exists and perform arrests when probable cause exists. *See e.g., Terry v. Ohio*, 391 U.S. 1 (1968); *Marschall v. City of Carson*, 464 P.2d 494 (Nev. 1970). Other district courts have agreed this is a valid affirmative defense. *See e.g., Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 570 (S.D. Cal. 2012).

### 4.    Defendants' Fourth Affirmative Defense.

Defendants' fourth affirmative defense states: "At all times mentioned in Plaintiff's FAC, these Answering Defendants acted in the good faith belief that their actions were legally justifiable." [ECF No. 33, 6:11-13.] DeCastro seeks to strike this affirmative defense arguing the affirmative defense does not give him sufficient notice under *Wyshak*. [ECF No. 37, 3:6-10.]

DeCastro is incorrect this affirmative defense fails to provide him fair notice. DeCastro alleges Defendants' conduct violated his federal civil rights and Nevada state law rights. This affirmative defense puts DeCastro on notice the individual officers will argue

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

they were performing discretionary functions in good faith. Under Nevada's discretionary immunity statute, a police officer enjoys discretionary immunity from claims arising from a discretionary function performed in good faith. *See* Nev. Rev. Stat. § 41.032; *Jones v. Las Vegas Metro Police Dep't.*, 873 F.3d 1123, 1133 (9th Cir. 2017).

### 5.    Defendants' Fifth Affirmative Defense.

Defendants' fifth affirmative defense states: "The individual officers have qualified immunity from the actions alleged against them in Plaintiff's Complaint." [ECF No. 33, 6:14-16.] DeCastro seeks to strike this affirmative defense arguing the affirmative defense does not give him sufficient notice under *Wyshak*. [ECF No. 37, 3:11-16.] DeCastro argues Defendants do not specify which claims involve their qualified immunity defense. *Id.*

Qualified immunity is a defense available to the individual officers on all of DeCastro's § 1983 claims. *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997). All individual § 1983 defendants are privileged to raise this defense. It is DeCastro's burden to prove qualified immunity does not apply to the facts of his case. *See Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) Affirmative defenses do not require a heightened pleading standard, and DeCastro has fair notice the individual officers are asserting the qualified immunity defense. Ample case law describes the scope of the qualified immunity defense, and, at this point in the litigation, Defendants need not elaborate further. Additionally, Defendants would be substantially prejudiced if the individual officers were deprived of the opportunity to establish qualified immunity protects them from liability for the acts complained of by DeCastro.

### 6.    Defendants' Sixth Affirmative Defense.

Defendants' sixth affirmative defense states: "That Nevada Revised Statutes Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada." [ECF No. 33, 6:17-19.] DeCastro seeks to strike this affirmative defense because he is unaware to which claims the defense applies. [ECF No. 37, 3:17-23.]

MAC:14687-456 5175213_2

Nev. Rev. Stat. § 41.035 limits the amount a plaintiff can recover from a governmental entity in a state law tort action. *See* Nev. Rev. Stat. § 41.035. The statutory damages cap applies to all of DeCastro's state law claims. This defense has been adequately invoked.

### 7.   Defendants' Seventh Affirmative Defense.

Defendants' seventh affirmative defense states: "Plaintiff's FAC concerns a discretionary function of Defendants for which Defendant LVMPD is immune pursuant to NRS 41.032" [ECF No. 33, 6:20-22.] DeCastro seeks to strike this affirmative defense arguing Defendants do not specify which claims this defense would apply to and do not identify which acts were discretionary. [ECF No. 37, 4:2-7.]

Again, DeCastro attempts to broaden the pleading standards of FRCP 8(c)(1) and require Defendants to plead specifics about which acts were discretionary. That level of detail is not required in pleading affirmative defenses under the federal rules. Defendants have put DeCastro on notice they intend to claim immunity from any state law tort claims that require the officers to use their discretion.

### 8.   Defendants' Ninth Affirmative Defense.

Defendants do not object to striking their ninth affirmative defense.

### 9.   Defendants' Tenth Affirmative Defense.

Defendants do not object to striking their tenth affirmative defense as it merely restates the law regarding § 1983 claims.

### 10.   Defendants' Eleventh Affirmative Defense.

Defendants' eleventh affirmative defense provides: "Any injuries allegedly sustained by Plaintiff were the result of his own negligence and/or actions." [ECF No. 33, 7:4-6.] DeCastro argues this affirmative defense should be stricken because this defense is "only applicable in negligence, contract, and contract infringement, none of which are alleged here." [ECF No. 37, 4:18-23.] This is false. DeCastro's FAC contains a negligence claim. [ECF No. 13, 20:18-21:16.]

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5175213_2

Nevada is a comparative fault state. *See* Nev. Rev. Stat. § 41.141. This defense puts DeCastro on notice his own negligence may prohibit or limit his recovery.

### 11.   Defendants' Thirteenth Affirmative Defense.

Defendants do not object to striking their thirteenth affirmative defense.

### 12.   Defendants' Fourteenth Affirmative Defense.

Defendants' fourteenth affirmative defense provides that: "these Answering Defendants have not been negligent and have not breached their duty to properly supervise the conduct of its employees with whom Plaintiff interacted." [ECF No. 33, 7:19-21.] DeCastro argues this affirmative defense should be stricken because it lacks sufficient detail. [ECF No. 37, 5:14-18.]

DeCastro's FAC is unclear on several issues and claims. Defendants suspect DeCastro may allege a negligent supervision claim or supervisory liability claim against Sgt. Torrey. As such, they pled this affirmative defense in an abundance of caution. If discovery reveals this affirmative defense lacks a valid basis, LVMPD will withdraw it.

### 13.   Defendants' Fifteenth Affirmative Defense.

Defendants' fifteenth affirmative defense is merely a reservation of rights to amend the affirmative defenses as more facts are uncovered in the case. [ECF No. 33, 7:22-24.] Defendants have put DeCastro on notice it will seek to amend its affirmative defenses as it becomes necessary in this case. Defendants are indifferent towards the striking of this affirmative defense, with the understanding Defendants may seek leave to amend their Answer and amend their affirmative defenses at any time prior to the deadline to amend pleadings in this case.

### B.   DECASTRO HAS NOT IDENTIFIED A LEGITIMATE BASIS FOR THIS COURT TO DEEM DEFENDANTS' RESPONSES WITHIN THE ANSWER AS ADMISSIONS.

DeCastro's second request is that this Court strike four of the Defendants' denials to the FAC's factual allegations. According to DeCastro, the Defendants improperly denied the four paragraphs because they know the facts alleged in the paragraphs to be true. [ECF No. 37, 6:5-8:23.] DeCastro is wrong.

MAC:14687-456 5175213_2

According to Rule 36(a)(4), "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "Even when a party's answer does not include such a statement, and thus fails to comply with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).

DeCastro contests the Defendants' responses to FAC ¶¶20, 21, 35 and 44. Each is addressed below.

### 1.    FAC ¶20.

FAC ¶20 states:

At approximately 4:30 p.m. Pacific on March 15, 2023, Plaintiff happened upon a police interaction between a woman sitting in a silver Hyundai Elantra and Bourque who was sitting in a Ford police interceptor with the LVMPD logo on it and the number 19084. Plaintiff does not know the woman's name but will refer to her as "Jane."

[ECF No. 13, ¶20.]

Defendants responded they lack sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in this paragraph and, therefore, denied the allegations. [ECF No. 33, ¶6.] Defendants had a legitimate basis for doing so. FAC ¶20 is written from DeCastro's perspective and includes multiple factual assertions which Defendants have no way to verify or refute. Specifically, it claims DeCastro "happened upon a police interaction." Defendants do not have personal knowledge regarding when or how DeCastro arrived on scene. Defendants also do not have knowledge of whether DeCastro did or did not know the woman who was the subject of the traffic stop. The only individual who can confirm the factual basis for these allegations is DeCastro, and, therefore, Defendants could not admit or deny the allegation when they filed their answer.

### 2.    FAC ¶21

FAC ¶21 states that:

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5175213_2

> Plaintiff started recording the police interaction on one of his phones, moved to a position approximately 10 feet away from Jane and making sure not to become between Bourque and Jane, he asked her if she, 'Was good. Are you okay?'"

[ECF No. 13, ¶21.]

Defendants responded they are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in ¶21 of the FAC and, therefore, deny the allegations. [ECF No. 33, ¶6.] Defendants have a legitimate basis for claiming a lack of knowledge. The Defendants do not know: (1) when DeCastro began recording the interaction; (2) whether he was approximately 10 feet from Jane, or whether he was closer than that; and (3) whether the FAC accurately captures the language DeCastro used when interacting with "Jane." Given the fact Defendants lack personal knowledge of almost every aspect of this allegation, they denied the allegation due to lack of knowledge. Despite reasonable inquiry into the matter, Plaintiff has not identified a legitimate basis for this Court to determine Defendants had sufficient knowledge to admit or deny this allegation.

### 3.   FAC ¶35.

FAC ¶35 states:

> At some point, Defendant Torrey, the supervisor, arrived on the scene and authorized the Defendants' behavior as being within their policy. Torrey then stated that Plaintiff should be arrested to discourage Plaintiff's behavior.

[ECF No. 13, ¶35.]

Defendants responded they are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations and, therefore, denied it. [ECF No. 33, ¶6.] Defendants had a legitimate basis for claiming a lack of knowledge, because the paragraph includes several details which Defendants lack knowledge to affirm or deny after reasonable inquiry and review of the body worn camera footage. The body worn camera DeCastro references does not include any statement from Defendant Torrey explicitly authorizing the other officers' behavior as being within LVMPD policy. It does, however, include Defendant Torrey explaining to DeCastro why his conduct was illegal and why he was being arrested, namely that DeCastro involved himself in a traffic stop and then refused to move when

MAC:14687-456 5175213_2

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

asked to step back from the traffic stop, and then resisted once he was told he was being detained. Although a review of the body worn camera footage does not demonstrate these specific statements were made, Defendants lack knowledge of whether such statements were made off-camera, whether they were made but cannot be made out in the body camera footage, or whether they were never made at all. Additionally, Defendants are unsure whether DeCastro is alleging the specific language used in FAC ¶35 was used by Defendant Torrey, or whether FAC ¶35 merely aims to paraphrase the substance of what Defendant Torrey told DeCastro. To the extent DeCastro's FAC ¶35 paraphrases the substance of what Defendant Torrey told him, the FAC should specify as much instead of making specific allegations about the language used by Defendant Torrey.

### 4.   FAC ¶44.

FAC ¶44 states

> Following the incident, Bourque claimed in a written incident report that the reason why Plaintiff was arrested was for engaging with a detained driver, refusing to give an officer reasonable space to work, and refusing to obey lawful commands after being advised that he was detained. A detained person's rights are only limited as to leaving. A police officer's, specifically Defendant Bourque's, feelings about lawful behavior must be weighed against a citizen's rights. The Defendants' behavior did not follow LVMPD's Use of Force policy and Interactions with the Public policy."

[ECF No. 13, ¶44.]

Defendants responded they are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations and, therefore, deny the remaining allegations. [ECF No. 33, ¶6.] Defendants had a legitimate basis for claiming a lack of knowledge. The paragraph includes legal assertions about an officer's responsibilities and implies Officer Bourque violated LVMPD's Use of Force policy and Interaction with the Public policy. The paragraph does not provide the basis for DeCastro's conclusory legal statements and does not cite to the specific portions of the LVMPD policies Officer Bourque supposedly violated. Defendants deny Officer Bourque violated any policy or the law. However, due to the vagueness of the allegations within the paragraph, Defendants denied the paragraph based upon insufficient knowledge. This is a legitimate response.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5175213_2

C.   **DEFENDANTS SHOULD BE ALLOWED LEAVE TO AMEND THEIR ANSWER SHOULD THIS COURT DEEM ANY ASPECT OF THE ANSWER IS DEFICIENT.**

1.   <u>**If an Affirmative Defense is Stricken, the Court Should Grant Defendants Leave to Amend.**</u>

If an affirmative defense is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (citing *Wyshak*, 607 F.2d at 826).

Defendants believe their affirmative defenses have been properly pled as identified and explained above. The heightened pleading standard of *Twombly* and *Iqbal* does not apply to the pleading of affirmative defenses, and Defendants have put DeCastro on notice of the affirmative defenses they plan to raise in this case. However, to the extent this Court strikes any of the affirmative defenses contested by Defendants, DeCastro has failed to explain what prejudice he would suffer should Defendants be allowed leave to amend those affirmative defenses. Here, where the case is in its infancy and discovery has been stayed pending the conclusion of state criminal proceedings, there is no cognizable prejudice to DeCastro in granting Defendants leave to amend their Answer. Accordingly, should this Court grant DeCastro's request to strike any of the contested affirmative defenses, Defendants respectfully request that this Court grant them leave to amend their Answer.

2.   <u>**If any of Defendants' Responses in the Answer are Insufficient, Defendants Should be Granted Leave to Amend.**</u>

"The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "Even when a party's answer does not include such a statement, and thus fails to comply with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).

MAC:14687-456 5175213_2

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Here, DeCastro seeks to have Defendants' denials deemed to be admissions because DeCastro believes the information underlying the allegations was within Defendants' knowledge, and Defendants were able to admit or deny those allegations. As explored above, Defendants did actually lack knowledge to respond to the subject allegations despite their reasonable inquiries. In any event, if this Court determines any portion of Defendants' Answer is insufficiently pled, Defendants respectfully request leave to amend the Answer and correct the deficiency.

**IV.**   **CONCLUSION**

Based on the foregoing, Defendants respectfully request this Court DENY DeCastro's Motion to Strike Defendants' Answer and to Have Responses in Defendants' Answer Deemed Admitted.

Dated this 4th day of August, 2023.

MARQUIS AURBACH

By  */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S MOTION TO PARTIALLY STRIKE ANSWER AND TO HAVE RESPONSES IN ANSWER DEEMED ADMITTED (ECF NO. 37)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 4th day of August, 2023.

☐   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5175213_2

or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days

to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
Plaintiff Pro Se


_/s/ Sherri Mong_____
an employee of Marquis Aurbach

MAC:14687-456 5175213_2