Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO PARTIALLY STRIKE DEFENDANTS' ANSWER AND TO HAVE RESPONSES IN DEFENDANTS' ANSWER DEEMED ADMITTED** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose DeCastro ("Plaintiff") respectfully enters this reply in support of Plaintiff's motion to strike portions of Defendants' Answer to Plaintiff's First Amended Complaint ("Answer") (ECF No. 33), and to have responses in the Answer deemed admitted.

In support of this reply, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**INTRODUCTION**

Defendants have filed insufficient defenses in their Answer ("Answer") (ECF No. 33) to Plaintiff's First Amended Complaint ("FAC").

1

Additionally, Defendants have not answered the allegations in good faith as required under Fed. R. Civ. P. Rule 8(b). Plaintiff would have expected different defendants to have different knowledge and for at least some allegations to have only been partially denied. Lack of that is evidence of bad faith by the Defendants. Where Defendants have feigned ignorance of the allegations where they should have the knowledge, or easily obtained such knowledge, their ignorance should be considered admissions.

As a result, Plaintiff filed a Motion to Partially Strike Defendant's Answer and to Have Responses in Defendants' Answer Deemed Admitted ("Motion") (ECF No. 37) under Fed. R. Civ. P. Rule 12(f)(2).

Defendants then filed an Opposition ("Opposition") (ECF No. 38) to Plaintiff's Motion with threadbare arguments and stipulating many of the deficiencies in their Opposition.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Rule 12(f) Motion to Strike is proper.** Defendants cite "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial". *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Plaintiff points out that this opinion also makes clear *Id*, at 17:

> Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". (emphasis added.) Under the express language of the rule, only pleadings are subject to motions to strike.

The cited case opines that it was improper to strike a Motion to Reconsider as it wasn't a pleading. Here, Defendants' Answer *is* a pleading, ***and*** that answer includes insufficient defenses, and so a Rule 12(f) motion to strike is not only proper here, but what Rule 12(f) was

designed for. *Id*.

Defendants further argue that Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.... If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048*, 1057 (N.D.Cal.2004) (citations omitted). Although this Court is not bound to follow that district court decision, here the Defendants have not pled sufficiently to show any possible bearing on the subject of the litigation. Defendants have offered no grounds or facts. For example, Defendants argue "probable cause" but fail to cite a crime that applies. Defendants continue to cite vague "obstruction" without providing the Plaintiff with fair notice of what statute that Plaintiff allegedly violated. The plaintiff is certainly prejudiced in going forward with discovery without knowing the elements of the alleged violation.

**B. Requirements of answer.** Defendants argue that "An affirmative defense may be stricken if it is factually or legally insufficient. *Garity v. Donahoe*, 2013 WL 4774761, *2 (D. Nev. Sept. 4, 2013)". Here, the issue is that each of Defendants' affirmative defenses are either factually or legally insufficient, or both.

Defendants further argue that the court should view the pleading in the light most favorable to the nonmoving party. However, Defendants' pleading is threadbare. In essence, Defendants are improperly asking this Court to scour their Answer and help them come up with arguments or facts to defeat Plaintiff's Motion. See *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that "[i]t is not [an appellate court's] task, or that of the district court to scour the record in search of a genuine issue of triable fact.")

Defendants argue that affirmative defenses must only be pled to *Conley* standards, citing

*Ferring B.V. v. Watson Labs., Inc.*, No. 3:11-cv-00481-RCJ-VPC, 2012 U.S. Dist. LEXIS 23616, at *8 (D. Nev. Feb. 24, 2012). This is technically incorrect. Not all of Defendants' "affirmative defenses" are avoidance defenses that would fall under 8(c) and *Conley*. Some of their "affirmative defenses" are actually not avoidance defenses and would fall under Rule 8(b)(1)(A) which requires the *Iqbal* and *Twombly* style pleading. *Id*. However, here, Plaintiff's primary reasoning in its Motion is that the Answer lacks grounds to meet *Conley* requirements and does not put Plaintiff on fair notice. Additionally, districts in this circuit disagree, and neither the Ninth Circuit or the Supreme Court have ruled on pleading requirements for answers. *Ujhelyi v. Vilsack*, No. C 12-04282 JSW, 2013 U.S. Dist. LEXIS 169057, at *5-6 (N.D. Cal. Nov. 25, 2013).

      Defendants further allege that "[T]he longstanding practice of this District is not to strike affirmative defenses at the outset of a case," and that I have "failed to cite persuasive authority to support his argument the contested affirmative defenses are insufficiently pled." Here, Defendants have failed to cite any authority for their first assertion. Although Plaintiff agrees that most plaintiffs don't spend any effort attacking a deficient Answer, this plaintiff has, and for good cause. Both Defendants and the Plaintiff have cited the relevant Federal Rules and case law to establish the minimum requirements of the pleadings in an answer, and Defendants' Answer does not meet those minimum requirements. Further, Defendants partially stipulate to the fact that their Answer was not sufficiently pled.

      **C. Defendants' Second Affirmative Defense (Probable Cause).** Defendants cite *Roe v. City of San Diego*, 289 F.R.D. 604 (S.D. Cal. 2013) to defend their threadbare "probable cause" defense. However, even in *Roe*, *Id*, the defendants argued facts, referring to a specific contact in the complaint. Here, the Defendants assert no facts. Additionally, *Roe*, *Id*, is illustrative of the

4

split in decisions even in that California district. The majority of the courts in that district have ruled otherwise.

> However, the majority of courts within th[at] District have applied *Twombly* and *Iqbal* to affirmative defenses. See, e.g., *Ansari v. Electronic Document Processing*, 2013 U.S. Dist. LEXIS 24776, 2013 WL 664676, at *2 (N.D. Cal. Feb. 22, 2013); *Powertech Technology, Inc., v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 68711, 2012 WL 1746858, at *3-*5 (N.D. Cal. May 16, 2012); *Perez*, 2012 U.S. Dist. LEXIS 41080, 2012 WL 1029425, at *6-*8 (citing cases); *Barnes*, 718 F. Supp. 2d at 1171-1172.

*Ujhelyi v. Vilsack*, No. C 12-04282 JSW, 2013 U.S. Dist. LEXIS 169057, at *5-6 (N.D. Cal. Nov. 25, 2013).

The same goes for Defendant's citation of *Devermont v. City of San Diego*, No. 12-CV-01823 BEN KSC, 2013 WL 2898342 (S.D. Cal. June 14, 2013), which is very similar to *Roe*.

The Ninth Circuit has held that bare assertions are fair where the statute is mentioned, but here the Defendants have not done that. Simply identifying an affirmative defense by name does not provide fair notice. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Plaintiff is still not on notice of which statute the Defendants had probable cause for their arrest. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). Reading Plaintiff's Motion in the light most favorable to Defendants, there is nothing in Defendants' Answer that could possibly grant probable cause.

Additionally, this year, probable cause defenses have been found not to be an affirmative defense, and therefore requiring pleading under *Iqbal* and *Twombly*. *Rosenfeld v. Talamates*, No. CV 22-497 DSF (Ex), 2023 U.S. Dist. LEXIS 13546, at *3 (C.D. Cal. Jan. 20, 2023). Here, Defendants Answer is deficient.

**D. Lack of Fair Notice.** In the Opposition at 6:4-19, Defendants attempt to apply their

1  Third Affirmative Defense to Plaintiff's excessive force claim. Plaintiff would have had no idea
2  that was the claim that the defense of "justified and privileged under the circumstances" was
3  supposed to be applied to. Defendants completely fail to make it clear what claim or the grounds
4  for their defense. In the Opposition, Defendants cite some case law but don't apply it to any
5  facts. In general, Plaintiff needs to know what facts Defendants are saying justified what other
6  facts, and what are the grounds for the privilege, if any. Defendants fail to do that.

7  Defendants further allege in the Opposition at 7:5-22 that Plaintiff has the burden to
8  prove that qualified immunity does not apply to the facts. Plaintiff has not been put on notice
9  which actions the Defendants committed where they believed qualified immunity applies.

10  Further, Defendants try to correct their pleading requirements in their Opposition.
11  Defendants can not correct their pleadings through an opposition to a motion. Defenses must be
12  plead in the answer. Fed. R. Civ. P. Rule 12(b), 8(c)(1), 7(a), and *Shellabarger v. Dicharry*, 13-
13  CV-00188-TLN, 2014 U.S. Dist. LEXIS 157208, 2014 WL 5797194, at *3 (E.D. Cal. Nov. 6,
14  2014); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005).

15  **E. Sham assertions of ignorance are admissions.** Defendants argue that it is an extreme
16  sanction to deem allegations in a complaint admitted. The behavior of the Defendants here are
17  worthy of that. Although there are seven defendants in this action, they all would have this Court
18  believe that they all have the same level of knowledge to all of the facts, and that none of them
19  could be bothered to review the footage of the incident. Branden Bourque's cameras were
20  already recording when the incidents in Plaintiff's complaint start. Plaintiff has seen Defendants'
21  footage. Clearly the Defendants have access to that same footage which they sent to Plaintiff.
22  Defendants' "lack of knowledge" is due to **obvious sham**. Defendants know where the
23  interaction occurred, whether there was a woman in a Hyundai Elantra, and whether Bourque

was in a police interceptor, and whether Jason Torrey arrived on scene, among other things. Defendants denied having knowledge of many of Plaintiff's allegations. Plaintiff only raised in its Motion and only asks this Court to admit the ***most egregious and obvious*** sham denials as admitted.

**F. Defendants improperly request leave to amend.** Nevada's local rules, before allowing leave to amend, requires "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." See LR 15-1; see also *Echeverria v. Nevada*, 2022 WL 3648382, *1-2 (D. Nev. 2022) (leave to amend denied where movant failed to comply with LR 15-1.) Here, Defendants did not include a copy of their amended pleading, and so their request for leave to amend should be denied.

**G. Motions to strike don't require prejudice.** Although Plaintiff specified grounds for each request to strike a portion of Defendants' answer, specifically the grounds that do prejudice the Plaintiff, motions to strike don't require prejudice, which Defendants incorrectly argued otherwise. *Atl. Richfield Co. v. Ramirez, C. A*. No. 98-56372, 1999 U.S. App. LEXIS 8669, at *5 (9th Cir. May 4, 1999).

## CONCLUSION

Defendants' affirmative defenses numbered 1-15 should be stricken from their Answer.

Paragraphs 20, 21, 35, and 44 of the FAC should be deemed admitted by Defendants.

Defendants request for leave to amend should be denied.

DATED: August 9, 2023                                    Respectfully submitted,

                                                         Jose DeCastro
                                                         *Pro Se* Plaintiff