Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO<br><br>   Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.<br><br>   Defendants. | Case No.: 2:23-CV-00580<br><br>**MOTION TO RECUSE FOR APPARENT BIAS** |

  Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court for the recusal of Andrew P. Gordon from presiding over the case of DeCastro v. Las Vegas Metropolitan Police Department, et al, case number 2:23-CV-00580 pending before this Court. The basis for this motion is the appearance of bias demonstrated by the Honorable Gordon ("Gordon").

  In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**PROCEDURAL HISTORY**

  On April 17, 2023, Plaintiff filed his complaint in this action, and on May 7, 2023,

1

amended that complaint to add state causes of action. Both complaints included a declaration by Plaintiff describing the relevant facts to the action.

All defendants ("Defendants") have failed to file any affidavits to this date, but rather the Defendants just continue to misstate the facts in Plaintiff's complaint.

On June 1, 2023, Defendants filed a motion to dismiss (ECF No. 15), and on October 23, 2023, Gordon ordered summary judgment (ECF No. 44, 3-4) on several of Plaintiff's claims without a Rule 56 notice, contrary to law and facts.

## MEMORANDUM OF POINTS AND AUTHORITIES

In Plaintiff's undenied complaint, Branden Bourque ("Bourque") admitted to ordering Plaintiff away from "Jane" because Plaintiff was recording the interaction. (ECF No. 15, ¶23, "She deserves privacy. This is not your business.")  Bourque's orders for DeCastro to step back were clearly to control what news Plaintiff could gather, and not for officer safety nor a lawful order requiring Plaintiff's cooperation (ECF No. 13, ¶46). Further, Plaintiff has alleged that even if Bourque had probable cause to arrest him, that Bourque doesn't typically arrest for that (ECF No. 13, ¶53), which was ignored by Gordon in his motion to require probable cause for success of Plaintiff's claims. **Gordon made a jury's decision by finding probable cause for "obstruction" based on the facts in the complaint, which did not say that Plaintiff was obstructing**. Nothing was represented other than a consensual encounter in a privately owned parking lot (ECF No. 21, 3:22 – 4:7) where Plaintiff was exercising his rights. Finding otherwise and dismissing false arrest claims without prejudice shows an appearance of bias.

Further, Defendants argued "qualified immunity" without specificity (ECF No. 15, 9:4 – 10:13; ECF No. 27, 7:19 – 9:4). At no time does Borque state which rights violations of his he believes are protected by qualified immunity, making it impossible for Plaintiff to provide case

law showing that it's clearly established. Which is why qualified immunity is more appropriate for summary judgment (ECF No. 44, 5:1-5) and why Plaintiff attacked the alleged affirmative defense at ECF No. 37, 3:11-16 and at ECF No. 27, 7:19 – 9:15. Since a complaint isn't required to state case law, finding that qualified immunity can be resolved at the motion to dismiss stage if it can be determined, "based on the complaint itself, that qualified immunity applies" (ECF No 44, 6:10-12), and then finding qualified immunity in the complaint because plaintiff "has pointed to no clearly established law" (ECF No. 44, 7:12) shows an appearance of bias. Especially ruling that the claim is dismissed with prejudice because Plaintiff has not pointed to any clearly established law, even though Plaintiff did point to law in his reply to the motion to dismiss at ECF No. 27, 7:19 – 9:15.

Also, a *pro se* party's claims should only be dismissed if there is no way that it could be amended to point to that clearly established law (ECF No. 27, 12:10-18), yet Gordon clearly points out that the complaint could have been amended to include the missing law. Gordon does this by referencing that it was missing, not that it doesn't exist, in another appearance of bias.

Gordon would have had to look at the constitutional violation (which was not "being arrested for not taking additional unnecessary steps back", but rather first and fourth amendment violations) and determine if they were clearly established, which Gordon did not. It is clearly established. (ECF No. 27, 9:5 – 15), and Plaintiff notified Bourque of the violations before the arrest (ECF No. 13, ¶23). This clearly shows the appearance of bias.

Further, Gordon finds that Bourque had discretional immunity under state law due to the bad law that Defendants cited at ECF No. 15, 10:15 – 11:4, even though Plaintiffs correct Defendants' error at ECF No. 27, 9:16 – 23, which Gordon is aware of when he said it in his other case Mitchell v. City of Henderson, No. 2:13-cv-01154-APG-CWH, 2017 U.S. Dist.

3

LEXIS 102793, at *27-28 (D. Nev. July 3, 2017). This shows an appearance of bias.

Gordon also states that "DeCastro asserts that he has brought state constitutional claims. ECF No. 27 at 5-6. But no such claims are pleaded. ECF No. 13." Gordon is himself misstating my pleadings. The state constitutional claims are clearly pled throughout the complaint by stating facts that apply to those claims and listing the claims (i.e. ECF No. 13, 11:7-9). This shows an appearance of bias.

Gordon *sua sponte* finds many reasons to question the plausibility of Plaintiff's claims (ECF No. 44), although the Defendants have not and are clearly on notice. This shows an appearance of bias.

In accordance with 28 U.S. Code § 455(a), which mandates that a judge must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, I respectfully request the immediate recusal of Andrew P. Gordon from this case. It is imperative to uphold the integrity of the judiciary and ensure a fair trial, in the interest of justice, for all parties involved.

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: November 14, 2023                    Respectfully submitted,

                                            _____
                                            Jose DeCastro
                                            *Pro Se* Plaintiff

4