Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. <br><br> Defendants. | Case No.: 2:23-CV-00580 <br><br> **PLAINTIFF'S MOTION FOR CLARIFICATION ON ECF NO. 35** |

Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this court for a clarification of the ruling in ECF No. 35. The request is based primarily on the fact that this case is currently stayed, according to the record, but the stay has been open to interpretation by this Court.

In support of this reply, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**PROCEDURAL HISTORY**

On July 6, 2023, Defendants moved to "stay this civil action during the pendency of the state court criminal proceedings" (ECF No. 32, 8:12-13) ("Motion"). The Motion was titled as a

1

1  "MOTION TO STAY DISCOVERY", but it was a motion to stay proceedings of this action,
2  citing *Keating*, *Heck*, and *Younger*.
3      On July 19, 2923, Although, 1) Plaintiff is holding off on adding a claim for malicious
4  prosecution until the criminal claims so Heck doesn't apply, 2) Plaintiff is not a state employee
5  so *Keating* doesn't apply, and Defendants' Motion covered no *Landis* factors, Plaintiff filed a
6  response in the way of a non-opposition to the Motion at ECF No. 34. However, Defendants'
7  Motion clearly didn't raise the issue that plaintiff would be unable to state a claim, requesting
8  only a stay of discovery under *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981).
9      On July 21, 2023, this Court granted the Motion , not in part, in an order ("Order") at
10 ECF No. 35, effectively staying motion practice and discovery. Although, the Order said that
11 some discovery and scheduling would continue after a ruling on the motion to dismiss at ECF
12 No. 15.
13     On October 23, 2023, this Court ruled on the motion to dismiss (ECF No. 44), requiring
14 some discovery and scheduling to continue (per the Order), but did not lift its stay on the
15 proceedings. The state court criminal proceedings are still pending.
16     On November 9, 2023, this Court ruled (ECF No. 48) that Plaintiff could participate in
17 motion practice related to ECF No. 44 until November 27, 2023. Although motion practice has
18 been stayed according to the record. This ruling also said that discovery was no longer stayed.

19                    **MEMORANDUM OF POINTS AND AUTHORITIES**

20     *Landis v. North American Co.*, 299 U. S. 248, 254 (1936) recognized that courts have
21 inherent power to stay proceedings.
22     *Calkins v. Credit One Bank*, N.A., No. 2:16-cv-2602-APG-NJK, 2017 U.S. Dist. LEXIS
23 34655, at *3-4 (D. Nev. Mar. 10, 2017) says that motions to stay include motion practice.

These three rulings make it clear that a stay suspends deadlines. Robben v. Carson City, No. 3:13-cv-0438-RFB-VPC, 2016 U.S. Dist. LEXIS 52197, at *4 (D. Nev. Apr. 19, 2016); *Van De Streek v. AMTRAK*, No. C 13-2282 MMC, 2014 U.S. Dist. LEXIS 71270, at *1 (N.D. Cal. May 23, 2014); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

This Court appears to have granted a stay of proceedings in this case, but additionally ordered some specific actions, including the submission of proposed discovery plans, scheduling orders, and an amended complaint.

This Court then clarified that its stay on discovery had ended.

Plaintiff understands that it's in the Court's discretion to decide how to grant a motion to stay and is not complaining. Plaintiff just doesn't want to miss any deadlines and is very busy currently drafting an amended complaint. Plaintiff is glad that the discovery is moving forward and would be happy if the case is moving forward as well.

Plaintiff asks this court to clarify the following:

1) Was there ever a stay on proceedings, which includes motion practice and suspension of deadlines?

2) If there was a stay on proceedings, was that stay lifted and when?

3) If there is still a stay in place, is this court in its ruling at ECF No. 48 offering to lift the stay temporarily so that I can file a Rule 59(e) motion related to the ruling at ECF No. 44, meaning that I can also **instead** file that Rule 59(e) motion up to 28 days after the stay is lifted?

4) Does a stay of civil action in this Court include a stay of motion practice?

5) Does a stay of motion practice in this Court toll deadlines in that action?

6) Is a motion in this Court granted by its title or by the relief requested?

DATED: November 15, 2023

Respectfully submitted,

_____
Jose DeCastro
*Pro Se* Plaintiff