**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
　Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>　　　　　　Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE FOR APPARENT BIAS (ECF NO. 50)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle (collectively "Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Opposition to Plaintiff's Motion to Recuse for Apparent Bias. [ECF No. 50] This Opposition is made and based upon the pleadings and papers on file herein, the Memorandum of Points & Authorities attached hereto, and any oral argument allowed by counsel at the time of hearing.

///

///

///

MAC:14687-456 5293022_1

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Jose DeCastro ("DeCastro") has filed a Motion to Recuse for Apparent Bias [ECF No. 50] (the "Motion"), seeking recusal of Judge Andrew P. Gordon, based entirely on the fact that he did not prevail in opposing Defendants' Motion for Partial Dismissal [ECF No. 15]. Such a motion is entirely improper, and DeCastro has identified no legitimate basis for recusal. Accordingly, Defendants request that this Court DENY DeCastro's Motion in its entirety, and that Judge Gordon continue to preside over the instant case.

## II. STATEMENT OF FACTS

On June 1, 2023, Defendants filed a motion for partial dismissal. On October 23, 2023, this Court entered its Order Granting in Part Defendants' Motion to Dismiss [ECF No. 44]. Now, based solely on the fact DeCastro disagrees with the Court's decision, DeCastro seeks the recusal of Judge Gordon while attempting to relitigate the Court's decision on Defendants' motion for partial dismissal in his Motion. *See* ECF No. 50, 2:9-4:14.

## III. LEGAL STANDARD

Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...." Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under both recusal statutes, the substantive standard is "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (quotation omitted).

"[T]he alleged bias and prejudice to be disqualifying [under § 144] must stem from an extrajudicial source." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Apart from surrounding comments or accompanying opinion, they cannot possibly show reliance on an extrajudicial source; and,

MAC:14687-456 5293022_1

1  absent such reliance, they require recusal only when they evidence such deep-seated
2  favoritism or antagonism as would make fair judgment impossible. *Id.* at 540. "[O]pinions
3  formed by the judge on the basis of facts introduced or events occurring in the course of the
4  current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality
5  motion unless they display a deep-seated favoritism or antagonism that would make fair
6  judgment impossible." *Id.* Thus, judicial rulings will support a motion for recusal only "in
7  the rarest of circumstances." *Id.* Moreover, federal judges have "as strong a duty to sit when
8  there is no legitimate reason to recuse as [they do] to recuse when the law and facts require."
9  *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005)

10       This Court has previously rejected the efforts of pro se litigants to recuse a sitting
11 judge on the basis of his or her rulings, and without citation to extrajudicial facts indicating a
12 "deep-seated favoritism or antagonism." *See Akers v. Keszei*, No. 2:07-CV-00572-JCM,
13 2012 WL 1810212 (D. Nev. May 17, 2012), citing *Liteky*, 510 U.S. at 541 (Judge's adverse
14 rulings against pro se plaintiff did not support plaintiff's charges of bias or favoritism where
15 plaintiff cited no extrajudicial facts indicating a deep-seated favoritism or antagonism.); *see*
16 *also Fed. Nat'l Mortg. Ass'n v. Willis*, No. 215CV2366JCMGWF, 2018 WL 3544073 (D.
17 Nev. Jan. 22, 2018) (pro se defendant's baseless accusations the judge possessed biases as to
18 gender and in favor of BAR members and against pro se members failed to show the
19 existence of legitimate deep-seated favoritism or antagonism that would render fair
20 judgment impossible so as to support a § 455 recusal); *see also Love v. Med. Unit E*
21 *FMWCC*, No. 220CV00525JADEJY, 2023 WL 5670114 (D. Nev. Aug. 30, 2023) (denying
22 pro se plaintiff's motion to recuse based on frustration with prior rulings and bald
23 characterizations of bias).

24 **IV.**    **LEGAL ARGUMENT**

25       Although DeCastro is pro se, he is nonetheless bound by the same rules of procedure
26 that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
27 litigants must follow the same rules of procedure that govern other litigants."); *see also*
28 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally

Case 2:23-cv-00580-APG-EJY   Document 63   Filed 11/28/23   Page 4 of 5

in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

DeCastro has failed to identify or even allege a singular extrajudicial source from which Judge Gordon could have developed some sort of bias or favoritism against DeCastro or in favor of Defendants. DeCastro's Motion focuses primarily on the legal merits of the previously adjudicated motion to dismiss, and does not cite any case law to establish that the instant Motion is meritorious. *See* ECF No. 50, 2:9-4:14. In fact, the overwhelming majority of the memorandum of points and authorities in support of DeCastro's motion focuses on contesting this Court's ruling [ECF No. 44] on Defendants' motion for partial dismissal [ECF No. 15]. *See id*. As established above, judicial rulings are not a basis for a bias or partiality motion except for in the rarest circumstances in which a judicial ruling demonstrates a deep-seated favoritism or antagonism as would make a fair judgment impossible. Here, the Court's Order with which DeCastro takes issue was based on sound application of federal pleading standards and the relevant law to DeCastro's Amended Complaint. Although DeCastro may disagree with the Court's Order, no portion of the Order indicates any kind of deep-seated favoritism or antagonism as would make a fair judgment impossible.

The instant Motion, identifying no extrajudicial facts indicating bias or prejudice of Judge Gordon, and failing to show that the complained-of judicial ruling indicates a deep-seated favoritism or antagonism as would make a fair judgment impossible, must be denied. Because DeCastro has not shown that the Court's prior order evinces the "rarest of circumstances" in which a judicial ruling could be grounds for recusal, the Court ought to deny the motion and Judge Gordon should continue to preside over this case.

/ / /

/ / /

/ / /

Page 4 of 5

MAC:14687-456 5293022_1

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court DENY DeCastro's Motion to Recuse for Apparent Bias.

Dated this 28th day of November, 2023.

          MARQUIS AURBACH

By */s/ Craig R. Anderson*
   Craig R. Anderson, Esq.
   Nevada Bar No. 6882
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE FOR APPARENT BIAS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 28th day of November, 2023.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
Plaintiff Pro Se

   */s/ Sherri Mong*
   an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816