Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **MOTION FOR RECONSIDERATION UNDER RULE 59(e) RE ECF NO. 44** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court to reconsider its ruling at ECF No. 44 partially granting Defendants' motion for partial dismissal for failure to state a claim at ECF No. 15.

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**PROCEDURAL HISTORY**

On April 17, 2023, Plaintiff filed his complaint in this action, and on May 7, 2023, amended that complaint ("FAC") (ECF No. 13) to add state causes of action. Both complaints

1

1    included a declaration by Plaintiff describing the relevant facts to the action.

2            All defendants ("Defendants") have failed to file any affidavits to this date, but rather the

3    Defendants just continue to misstate the facts in Plaintiff's complaint.

4            On June 1, 2023, Defendants filed a motion ("Motion") to dismiss (ECF No. 15). On

5    June 16, 2023, Plaintiff's Opposition ("Opposition") to Defendants' motion to dismiss was filed

6    (ECF No. 27). On October 23, 2023, this Court entered an order ("Order") on ECF No 15 at ECF

7    No. 44. In the Order, this Court found summary judgment (Order, 3-4) on several of Plaintiff's

8    claims without a Rule 56 notice, contrary to law (*United States v. Ritchie*, 342 F.3d 903, 907 (9th

9    Cir. 2003)) and facts.

10                        **MEMORANDUM OF POINTS AND AUTHORITIES**

11           **A. Lack of Probable Cause.**

12           In Plaintiff's undenied complaint, Branden Bourque ("Bourque") admitted to ordering

13   Plaintiff away from "Jane" because Plaintiff was recording the interaction. (FAC, ¶23, "She

14   deserves privacy. This is not your business.")  Bourque's orders for DeCastro to step back were

15   clearly to control what news Plaintiff could gather, and not for officer safety nor a lawful order

16   requiring Plaintiff's cooperation (FAC, ¶46). Further, Plaintiff has alleged that even if Bourque

17   had probable cause to arrest him, that Bourque doesn't typically arrest for that (FAC, ¶53), which

18   was ignored by this Court in its motion to require probable cause for success of Plaintiff's

19   claims. **This Court made a jury's decision by finding probable cause for "obstruction"**

20   **based on the facts in the complaint, which did not say that Plaintiff was obstructing**.

21   Nothing was represented other than a consensual encounter in a privately owned parking lot

22   (Opposition, 3:22 – 4:7; FAC, ¶20) where Plaintiff was exercising his First Amendment rights.

23   Finding otherwise and dismissing false arrest claims without prejudice is an error of fact and of

                                               2

law. This circuit has said in *Bilbrey v. Brown*, 738 F.2d 1462, 1467 (9th Cir. 1984) "if reasonable persons might reach different conclusions about the facts, the establishment of those facts is for the jury, and the existence of probable cause is likewise for the jury, upon a proper instruction about the law." *Smiddy v. Varney*, 665 F.2d 261, 265 (9th Cir. 1981), cert. denied, 459 U.S. 829, 74 L. Ed. 2d 66, 103 S. Ct. 65 (1982) (quoting *Gilker v. Baker*, 576 F.2d 245, 247 (9th Cir. 1978)). This Court has admitted that the parties disagree on this factual determination (Order, 6:13).

The Court must "accept as true the facts alleged in the complaint" and "must draw inferences in the light most favorable to the plaintiff*." Baker v. Riverside County Office of Education*, 584 F.3d 821, 824 (9th Cir. 2009). Here, it is obvious that this Court did not do this, and apparently did not even read Plaintiff's Opposition which raised this argument (Opposition, 2:2-5). Defendants raised reasons for their arrest that contradict Plaintiff's FAC (Opposition, 3:23 – 6:1), and this court relied on them (Order, 4:18-20, 7:8, 9:3-4).

Plaintiff had alleged that even if Bourque had probable cause to arrest him, that Bourque doesn't typically arrest for that (FAC, ¶53), establishing a first amendment retaliation claim (FAC, ¶¶ 37, 47, and 69) which was ignored by this Court in its motion to require probable cause for success of Plaintiff's claims. This was an error of law and fact.

**B. Defendants and plaintiff never alleged obstruction.**

The complaint does not allege that Bourque had probable cause to arrest Plaintiff under Nev. Rev. Stat. § 197.190, only that Bourque threatened to arrest Plaintiff for "obstruction" if Plaintiff didn't respect Jane's privacy, and that Bourque immediately did detain and arrest Plaintiff after Plaintiff exercised his first amendment rights in response.

Even Defendant's motion only cites a Texas case (Motion, 9:2). It's impossible to say

1   which Nevada Statute this relates to. It's unclear, since Defendants keep mentioning a traffic

2   stop, if they're talking about Nev. Rev. Stat. § 484B.100 or Nev. Rev. Stat. § 197.190 or Nev.

3   Rev. Stat. § 199.280. In the Texas case that Defendants cite, the subject had given false

4   information to the police officers, which did not happen in this case. Additionally, in the Texas

5   case, the subject was not exercising their first amendment rights. Plaintiff raised both of these

6   differences in its Opposition (at 6:19 – 20). It is well established that even where there is a

7   similar set of facts (which is not the case here), and the same legal theory, that the difference of

8   whether someone is engaged in protected activity is distinguishable, which Plaintiff also had

9   raised. *Baca v. Anderson*, No. 22-cv-02461-WHO, 2022 U.S. Dist. LEXIS 186669, at *9 (N.D.

10   Cal. Oct. 12, 2022).

11   Plaintiff's FAC, the active complaint at the time of the instant dismissal order, does not

12   allege any facts related to obstruction. It says at ¶¶ 23 - 24:

13   23. Bourque told Plaintiff to back up again, or he would detain Plaintiff, at which

14   time Plaintiff began asserting his rights to record the interaction, saying "I'm more than

15   10 feet away. I'm a member of the press. I have a right to be here." Bourque threatened to

16   detain Plaintiff for "obstructing" and said, "She deserves privacy. This is not your

17   business."

18   24. Plaintiff continued to assert his rights and notified Bourque that Plaintiff was a

19   member of the press at which time Bourque got upset and said that he was detaining

20   Plaintiff.

21   Plaintiff has not alleged that he failed to "back up again", nor have Defendants, in that

22   Defendants have not filed any affidavits and this Court must make its determination based on

23   what is in the FAC. *Baker*, 584 F.3d 821, 824. Yet, this court found that Plaintiff refused to back

up, citing "the amended complaint's allegations" (Order, 7:4-8), which is false and not alleged in the FAC. This was also addressed in the Opposition at 4:23 – 5:8. This was an error of law and fact.

Plaintiff has not alleged that he was too close for Bourque to safely do his job, nor have Defendants, in that Defendants have not filed any affidavits, yet this Court has erroneously determined that Defendants "contend that deCastro was too close to the scene" (Order, 4:18-19), which is false. This is not in the FAC nor have the Defendants filed any affidavits. Regardless, this Court must make its determination based on what is in the FAC. *Baker*, 584 F.3d 821, 824. Here, the Court did not make its determination based on what was in the FAC, which is an error of law and fact.

Additionally, a reasonable jury could determine that Plaintiff was not too close for Bourque to safely do his work, although it was never even alleged otherwise.

Further, the FAC alleges that Bourque asked Jane to leave, which is undisputed by Bourque (FAC, ¶ 25). If Bourque was in the middle of an investigation of Jane, or any other police duty, where Plaintiff would have allegedly interfered, Bourque's release of Jane is either 1) evidence that the interaction with Jane was indeed consensual, as the LVMPD department manual doesn't just allow non-enforcement, or 2) Bourque committed contributory negligence and caused his own obstruction by releasing Jane, instead of exercising his duty to perform and his duty to report all crimes.

The Order also found (Order, 7:8-10) "Bourque thus had probable cause to believe that after due notice, DeCastro was hindering, delaying, or obstructing Bourque in the discharge of his duties." Although no one alleged any facts to show hindering, delaying, or obstructing, and probable cause is a subjective determination. It's irrelevant if Bourque believed that he had

probable cause. *John v. City of El Monte*, 505 F.3d 907, 911 (9th Cir. 2007) (citing *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). Finding facts where they haven't been alleged is an error of fact. This Court making the probable cause determination subjectively is also an error of law.

**Due notice** to the Plaintiff, and that Plaintiff **willfully** obstructed Bourque are also elements required to have probable cause for Nev. Rev. Stat. § 197.190. Neither of these were alleged in Plaintiff's FAC nor have Defendants submitted any affidavits or other evidence alleging it. Whether due notice was given and whether Plaintiff willfully did anything would also be a question for the jury, and a reasonable jury could find for the Plaintiff, especially where a police officer threatens to arrest someone for "obstruction" for not respecting someone's privacy in public, while exercising a right to record police interactions in public. As said in the Opposition at 8:15-19, Probable cause is a question of fact. *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016). See also *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988) ("Where the facts or circumstances surrounding an individual's arrest are disputed . . . the existence of probable cause becomes a question of fact for the jury.").

Finally, Defendants only argue their vague probable cause for Bourque, and this Court has found it for all officers, *sua sponte* (Order, 7:11-12).

**C. Summary Judgment**

"For the purposes of summary judgment, even in a qualified immunity case, [courts] must assume the nonmoving party's version of the facts to be correct. *Liston v. Cnty. of Riverside*, 120 F.3d 965, 977 (9th Cir. 1997) (*citing Alexander v. City and Cnty. of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994)). Here, this Court did not do that, which is an error of fact and of law.

When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, it

1    must give the nonmoving party an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903,

2    907 (9th Cir. 2003). "After giving notice and a reasonable time to respond, the court may: grant

3    the motion on grounds not raised by a party". Fed. R. Civ. P. Rule 53(f)(2). To do this *sua sponte*

4    without notice and a reasonable time to respond is an abuse of discretion and an error of law and

5    fact. *Straub v. Does*, 63 F. App'x 309, 311 (9th Cir. 2003).

6        **D. Qualified Immunity**

7        This court ruled that Defendants had qualified immunity because "the plaintiff bears the

8    burden of showing that the right at issue was clearly established." (Order, 5:16-17), citing

9    *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). *Sorrels, Id*., also says that qualified

10    immunity is a **defense**.

11        Defendants argued their "qualified immunity" defense without specificity (Motion, 9:4 –

12    10:13; Opposition, 7:19 – 9:4). At no time does Borque state which rights violations of his he

13    believes are protected by qualified immunity, making it impossible for Plaintiff to provide case

14    law showing that it's clearly established. Which is why qualified immunity is more appropriate

15    for summary judgment (Order, 5:4-5). *Sorrels, Id*. is a summary judgement decision. This is why

16    Plaintiff attacked the alleged affirmative defense at ECF No. 37, 3:11-16 and Opposition at 7:19

17    – 9:15. Since a complaint isn't required to state case law, finding that qualified immunity can be

18    resolved at the motion to dismiss stage if it can be determined, "based on the complaint itself,

19    that qualified immunity applies" (Order, 6:10-12), and then finding qualified immunity in the

20    complaint because plaintiff "has pointed to no clearly established law" (Order, 7:12) is an error

21    of law. Especially ruling that the claim is dismissed with prejudice because Plaintiff has not

22    pointed to any clearly established law, even though Plaintiff did point to clearly established law

23    in his Opposition, 7:19 – 9:15.

1    Further, qualified immunity is an affirmative defense which must be pled and proven.

2    *Bowles v. City of Porterville*, 571 F. App'x 538, 542 (9th Cir. 2014); *Benigni v. Hemet*, 879 F.2d

3    473, 479 (9th Cir. 1988). Here, defendants lack of specificity makes their defense meritless. This

4    court finding otherwise, especially when Plaintiff raised this argument in its Opposition, is an

5    error of law.

6    Further, Plaintiff's only vaguely raises qualified immunity for Bourque and not the other

7    officers, which wouldn't dismiss Plaintiff's claim for false arrest against the other officers.

8    "[W]hen there are disputed factual issues that are necessary to a qualified immunity

9    decision, these issues must first be determined by the jury before the court can rule on qualified

10   immunity." *Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017). This Court has admitted that the

11   parties disagree on this factual determination (Order, 6:13). In making a qualified immunity

12   determination, this court has made an error of law.

13   Finally, Plaintiff had made it clear that Nevada state law false arrest claims do not qualify

14   for immunity (Opposition, 9:16-23). *Mack v. Williams*, 522 P.3d 434 (Nev. 2022). Overlooking

15   this argument and dismissing Plaintiff's State of Nevada false arrest claims for qualified

16   immunity is an error of law.

17   **E. Abuse of discretion in dismissal**

18   A *pro se* party's claims should only be dismissed if the pleading could not possibly be

19   cured by allegation of other facts (Opposition, 12:10-18), yet this Court clearly points out factual

20   problems (Order, 7:1 – 10), and not claims that would fail regardless of facts. Dismissing these

21   claims is an abuse of discretion and an error of law and fact.

22   **F. No discretional immunity**

23   This Court found that Bourque had discretional immunity under state law (Order, 13:16-

18) due to the bad law that Defendants cited at Motion, 10:15 – 11:4, even though Plaintiffs

corrected Defendants' error at Opposition at 9:16 – 23, which this Court is aware of when it

decided its other case *Mitchell v. City of Henderson*, No. 2:13-cv-01154-APG-CWH, 2017 U.S.

Dist. LEXIS 102793, at *27-28 (D. Nev. July 3, 2017). "Decisions regarding the amount of force

to use are not the kind of policy decisions the discretionary-function exception was designed to

shield." *Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 51 F. Supp. 3d 999, 1013 (D. Nev.

2014). Further, acts taken in violation of the Constitution or in bad faith are not discretionary.

*Mirmehdi v. United States*, 689 F.3d 975, 984 (9th Cir. 2011); *Nurse v. United States*, 226 F.3d

996, 1002 (9th Cir. 2000); *Falline v. GNLV Corp.*, 107 Nev. 1004, 823 P.2d 888, 892 n.3 (Nev.

1991). Here, this Court finding discretionary immunity for false arrest, a violation of the

Constitution, was an error of law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court read its

Opposition and reconsider its Order, DENYING Defendants' Motion for partial dismissal in its

entirety.

DATED: December 4, 2023                    Respectfully submitted,

Jose DeCastro
*Pro Se* Plaintiff