Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE DECASTRO, | ) | Case No.: 2:23-CV-00580 |
| Plaintiff, | ) ) ) | **REPLY IN SUPPORT OF PLAINTIFF MOTION FOR RECUSAL** |
| v. | ) ) | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Jose DeCastro ("Plaintiff") offers this reply to Defendant's Opposition (ECF No. 63) to his Motion for Recusal at ECF No. 50.

In support of this reply, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

## PROCEDURAL HISTORY

On November 14, 2023, Plaintiff filed his Motion to Recuse Honorable Andrew P. Gordon ("Gordon") from presiding over the instant case, listing some examples of Gordon's factual determinations that conflict with the evidence on record in this action and clear errors of

1

law that would either show that Gordon didn't even read Plaintiff's opposition or that he is apparently biased in favor of the Defendants.

On November 28, 2023, Defendants submitted their Opposition, basically using the "Nope" defense.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.** Although Gordon's actions in this case, including finding facts that weren't there would qualify as extrajudicial, a recusal based on apparent bias is not limited to extrajudicial conduct. Plaintiff doesn't merely disagree with the judge's adverse decisions. Every reasonable law scholar that is following this case would be shocked. A party seeking recusal must show judicial bias that is personal and stems either from an extrajudicial source or demonstrates the judge "display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible,". *Liteky v. United States*, 510 U.S. 540, at 556 (1994).

B. Please see Plaintiff's motion for reconsideration at ECF No. 64 which goes into more detail on the factual and legal errors that this Court has made under Gordon. It can reasonably be inferred that the bias is extrajudicial, since Gordon's decisions have not been based merely on what Plaintiff has pled.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion for recusal.

DATED: December 5, 2023                             Respectfully submitted,

                                                    _____
                                                    Jose DeCastro
                                                    *Pro Se* Plaintiff

2