**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>              Plaintiff,<br><br>       vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>              Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 64)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Opposition to Plaintiff's Motion for Reconsideration (ECF No. 64). This Opposition is made and based upon the attached Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed by counsel at the time of hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

**I.    INTRODUCTION**

Plaintiff Jose DeCastro ("DeCastro") has filed a Motion for Reconsideration Under Rule 59(e) (the "Motion," ECF No. 64) regarding this Court's Order Granting in Part Defendants' Motion to Dismiss (the "Order," ECF No. 44). In response to the Order,

MAC:14687-456 5317697_1

DeCastro has moved to recuse Judge Gordon for "apparent bias" (ECF No. 50) and has now brought the instant Motion, attempting to re-litigate the dismissal of certain claims by arguing that the Court committed clear error or that the Order was manifestly unjust (ECF No. 64). Ultimately, DeCastro has failed to meet his burden on a motion for reconsideration to show clear error or manifest injustice. Accordingly, Defendants request that the Court deny the Motion.

## II.  STATEMENT OF FACTS

On May 7, 2023, DeCastro filed his First Amended Complaint. (ECF No. 13). Thereafter, on June 1, 2023, Defendants filed a Motion for Partial Dismissal. (ECF No. 27). DeCastro opposed the Motion (ECF No. 27), and Defendants submitted a reply brief in support of the motion (ECF No. 30).

On October 23, 2023, the Court issued the Order, granting in part Defendants' motion for partial dismissal (ECF No. 44). The Order dismissed only four of DeCastro's claims with prejudice and without leave to amend: (1) Fourth Amendment unreasonable search and seizure based on the arrest; (2) False imprisonment; (3) Invasion of privacy; and (4) Negligence based on the arrest and search. (ECF No. 44). All other claims were either not dismissed or were dismissed without prejudice, and with leave for DeCastro to amend the claims. *Id.* On November 27, 2023, DeCastro filed his Second Amended Complaint ("SAC"). (ECF No. 61). Now, DeCastro moves for reconsideration of the Order. (ECF NO. 64).

LVMPD Defendants hereby incorporate the Statement of Facts as recited in the Motion to Dismiss and the facts referenced by the Court in the Order. *See* ECF No. 15; *see also* ECF No. 44.

## III.  LEGAL STANDARD

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the

initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J. Multnomah Cnty. V. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)) (internal quotations omitted). The Motion must set forth some valid reason why the court should revisit its prior order, and facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). They "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It is not appropriate for a party to raise a new argument on a motion for reconsideration. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977).

A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

LVMPD Defendants hereby incorporate the Rule 12(b)(6) legal standards and the 42 U.S.C. §1983 legal standards as recited in the Motion for Partial Dismissal. (ECF No. 15, p.5-6).

MAC:14687-456 5317697_1

IV.     **LEGAL ARGUMENT**

    A.     **DECASTRO'S MOTION FOR RECONSIDERATION IS MOOT.**

An amended complaint supersedes the original complaint by operation of law, and the original is thereafter treated as "non-existent." *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted). Consequently, any motion directed to the adequacy of the superseded complaint is moot. *See, e.g., Peters v. Rust Consulting, Inc.*, 2014 WL 10988093, at *2 (C.D. Cal. Apr. 1, 2014) (motion to dismiss original complaint moot after plaintiff filed an amended complaint); *No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1297 n.5 (S.D. Cal. Apr. 16, 2013) (same); *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) (where motion to dismiss claim and motion for reconsideration of an order dismissing a defendant both pertained to the original complaint, both were moot since the plaintiff had subsequently filed an amended complaint).

Here, because DeCastro's FAC has been superseded by his Second Amended Complaint, his motion for reconsideration of the Court's order finding certain claims within the FAC to be deficient is now moot. In addition, the Order dismissed only four of DeCastro's claims with prejudice and without leave to amend: (1) Fourth Amendment unreasonable search and seizure based on the arrest; (2) False imprisonment; (3) Invasion of privacy; and (4) Negligence based on the arrest and search. (ECF No. 44). Therefore, the only portions of DeCastro's Motion which may not have been mooted by the SAC are those relating to the dismissal of those four claims (the "at-issue claims").

    B.     **THE COURT CORRECTLY DETERMINED THAT THE DEFENDANT OFFICERS HAD PROBABLE CAUSE TO ARREST DECASTRO.**

In the Motion, DeCastro argues that the Court erred by finding that Ofc. Bourque had probable cause to arrest DeCastro because the FAC did not directly state that DeCastro was obstructing. (ECF No. 64, 2:19-20). In arguing for reconsideration, DeCastro relies on conclusory allegations from the FAC that Ofc. Bourque only ordered DeCastro to stand back from the traffic stop due to DeCastro's recording of the interaction, and that Ofc. Bourque

1  wouldn't typically arrest someone for obstruction under the circumstances of the subject
2  incident. (*Id.* at 2:12-19).

3        As an initial matter, some of DeCastro's arguments, such as his argument that the
4  obstruction statute was selectively enforced against him, only relates to his First Amendment
5  retaliation claim. The Court's dismissal without prejudice of the First Amendment
6  retaliation claim has been mooted by DeCastro's re-assertion of that claim in the SAC. (*Id.*
7  at 2:12-22, 3:14-17); *see also* ECF No. 61. To the extent that the arguments relate to the
8  claims dismissed with prejudice and are not moot, DeCastro has failed to establish a reason
9  justifying relief because he has not cited to any compelling law or fact demonstrating clear
10  error or manifest injustice, and because these arguments have already been raised in prior
11  briefing.

12        With respect to probable cause, the Court correctly ruled in the Order that even
13  taking the FAC's allegations as true, the Defendant officers had probable cause to arrest
14  DeCastro for obstruction because the FAC made clear that Ofc. Bourque was in the midst of
15  a police interaction with another member of the public when DeCastro approached the
16  traffic stop and refused after due notice to back up from the traffic stop. As a result, Ofc.
17  Bourque had probable cause to believe that DeCastro was hindering, delaying, or
18  obstructing Bourque in the official discharge of his duties. (ECF No. 44, 7:1-10) (citing Nev.
19  Rev. Stat. § 197.190). In any event, DeCastro cited to no clearly established law that Ofc.
20  Bourque could not order him further back from the scene or that any reasonable officer
21  under the circumstances would know that they would violate the Fourth Amendment if they
22  arrested DeCastro for refusing to obey Ofc. Bourque's command. (ECF No. 44, 7:11-15).

23        DeCastro's Motion places undue weight on the fact that the FAC did not allege the
24  legal conclusion that Ofc. Bourque had probable cause to arrest him, nor did the FAC cite to
25  Nevada's laws surrounding obstruction. (ECF No. 64, p.3-6). Whether DeCastro alleged the
26  existence of the pertinent Nevada statute is not relevant, as this Court can review the legal
27  authority of statutes and case law in ruling on a Motion to Dismiss irrespective of a
28  plaintiff's decision whether to cite applicable statutes or case law in the complaint.

1 Additionally, the fact that DeCastro did not allege a legal conclusion that probable cause 2 existed to arrest him is of no import. The relevant inquiry for the Court was whether the 3 facts as alleged in the FAC, taken in the light most favorable to DeCastro, established the 4 existence of probable cause. As stated above, the Court correctly determined that the facts 5 alleged in the FAC established that Ofc. Bourque probable cause to arrest DeCastro for 6 obstruction.

7 DeCastro further asserts that the Court erred in interpreting the facts because he 8 never alleged in the FAC that he failed to "back up again" after Ofc. Bourque commanded 9 him to do so. (ECF No. 64, 4:21-23). However, he did allege as much, even if he did not use 10 that precise language. (ECF No. 13 at ¶¶22-23). DeCastro also contends that he never 11 alleged he was too close for Ofc. Bourque to safely do his job. (ECF No. 64, 5:4-7). 12 However, Nev. Rev. Stat. § 197.190 does not provide that obstruction only occurs when the 13 individual obstructing is too close for the officer to do his or her job. Further, the FAC did 14 assert that Ofc. Bourque told DeCastro to back up, and that when DeCastro refused to do so, 15 Ofc. Bourque told DeCastro had he would arrest him for obstructing. (ECF No. 13 at ¶¶22-16 23). Under such facts, even construed in a light most favorable to DeCastro, Ofc. Bourque 17 had probable cause to believe that DeCastro was hindering, delaying, or obstructing 18 Bourque in the official discharge of his duties.

19 In sum, DeCastro has not met his burden of providing highly convincing facts or law 20 to overturn the Court's Order, and is instead utilizing the Motion to rehash previously 21 litigated arguments. Because DeCastro has not met his burden to show clear error or 22 manifest injustice in the Order, and also because the Court correctly determined that 23 probable cause to arrest DeCastro existed based on the allegations of the FAC, the Court 24 should deny DeCastro's request to reconsider the Court's determination of the existence of 25 probable cause to arrest DeCastro.

26 **C. THE COURT DID NOT MAKE ANY SUMMARY JUDGMENT RULINGS IN THE PRIOR ORDER.**
27
28 DeCastro contends that the Court converted Defendants' Rule 12(b)(6) motion into a

MAC:14687-456 5317697_1

motion for summary judgment without providing DeCastro an opportunity to respond. (ECF No. 64, p.6-7). Although the Order stated some summary judgment standards at the outset of its analysis (ECF No. 44, 3:18-4:9), Defendants brought the prior motion for partial dismissal pursuant to Rule 12(b)(6) and the Court's analysis indicates that it was adjudicating the motion to dismiss pursuant to federal pleading and Rule 12(b)(6) standards based on the allegations of the FAC. (*See* ECF No. 44). Accordingly, this grievance misses the mark as the Court did not summarily adjudicate any of DeCastro's claims.

### D. THE COURT CORRECTLY DETERMINED THAT THE DEFENDANT OFFICERS ARE PROTECTED BY QUALIFIED IMMUNITY FOR ARRESTING DECASTRO.

DeCastro next contends that the Court erred in making a determination on whether the Defendant officers are protected by qualified immunity on DeCastro's constitutional claims grounded in false arrest, both because he believes the Court reached the wrong outcome and because he asserts qualified immunity should not be determined at the dismissal stage. (*See* ECF No. 64, p.7-8).

However, as noted in the motion for partial dismissal and the Order, because qualified immunity is "an immunity from suit rather than a mere defense to liability," the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation and emphasis omitted). Consequently, qualified immunity can be resolved at the motion to dismiss stage if it can be determined, "based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016). Here, the Court was able to ascertain based on the allegations in the FAC that the Defendant officers had probable cause to arrest DeCastro, and thus did not violate his constitutional rights by arresting and searching him. As a result, the Defendant officers are protected by qualified immunity. Further, DeCastro pointed to no clearly established law that Ofc. Bourque could not order him further back from the traffic stop or that any reasonable officer would know that doing so, or effectuating an arrest for DeCastro's failure to comply with that order, would violate DeCastro's Fourth Amendment rights.

MAC:14687-456 5317697_1

1   Thus, the Court correctly determined that qualified immunity on DeCastro's Fourth
2 Amendment seizure claim based on his arrest could be determined at the motion to dismiss
3 stage. DeCastro has not met his burden of providing highly convincing facts or law to
4 overturn the Court's Order, and is instead utilizing the Motion to rehash previously litigated
5 arguments.

### E. THOUGH *PRO SE*, THIS COURT IS UNDER NO OBLIGATION TO TREAT DECASTRO MORE FAVORABLY THAN ANY OTHER LITIGANT.

8   DeCastro further argues that the Court erred in dismissing claims because DeCastro
9 is *pro se*, and because the Court pointed to factual allegations in the FAC in determining that
10 the pleading could not be cured by the allegation of additional facts. In making these
11 arguments, DeCastro misunderstands the applicable standard for when dismissal with
12 prejudice is appropriate.

13   As a *pro se* litigant in a civil case, DeCastro should not be treated more favorably
14 than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th
15 Cir.1986). The at-issue claims were not dismissed with prejudice because DeCastro's FAC
16 was inartfully pleaded or because DeCastro failed to name the proper parties, but rather
17 because the factual allegations pled by DeCastro with particularity demonstrated that
18 probable cause existed for DeCastro's arrest. Therefore, the at-issue claims failed as a matter
19 of law and could not be cured by amendment.

20   Next, DeCastro's arguments regarding dismissal with prejudice misstate the
21 applicable standards. The question for the Court is not whether the claim "would fail
22 regardless of facts," as any claim could succeed with an ideal set of facts. (*See* ECF No. 64,
23 8:17-21). The appropriate question is whether the allegation of new, additional facts could
24 cure the deficiency in the pleading. Under that standard, the Court properly dismissed the at-
25 issue claims with prejudice because no additional facts would change the fact that the
26 Defendant officers had probable cause to arrest DeCastro for obstruction based on the
27 factual allegations contained in ¶¶20-26 of the FAC. As a result, the at-issue claims failed as
28 a matter of law and could not be cured by additional allegations.

MAC:14687-456 5317697_1

### F. THE MOTION MISSTATES THE SCOPE OF THE COURT'S DISCRETIONARY IMMUNITY DETERMINATION.

DeCastro further contends that the Court erred by finding that Ofc. Bourque had discretionary immunity under state law, and cites to cases establishing that decisions regarding the amount of force to use are not protected by discretionary-function immunity and cases stating that acts taken in violation of the Constitution are not discretionary. (ECF No. 64, p.8-9).

The Court did not make a blanket determination that Ofc. Bourque had discretionary immunity for all state law claims, only for DeCastro's false arrest and negligence based on the arrest and search claims. (*See* ECF No. 44, p.13-14). The cases cited by DeCastro regarding the amount of force used are not pertinent to whether the officers had discretionary-function immunity for arresting and searching DeCastro because excessive force is a distinct issue not broached in the prior motion for partial dismissal or the Order. (ECF No. 44, 9:1-6). Moreover, the Court correctly determined based on the allegations of the FAC that probable cause to arrest DeCastro existed. Therefore, the Defendant officers' arrest of DeCastro was not an act taken in violation of the Constitution.

DeCastro has not met his burden of providing highly convincing facts or law demonstrating that the portion of the Order dealing with discretionary immunity on DeCastro's state law claims was clear error or manifestly unjust.

### V. CONCLUSION

DeCastro's Motion does not demonstrate that the extraordinary remedy of reconsideration is appropriate here. The Order does not contain clear error or manifest injustice, nor does the Motion set forth a valid reason why the Court should revisit and reverse its prior decision. Rather, the Motion attempts to relitigate previously identified arguments that have already been considered and rejected by the Court.

/ / /

/ / /

MAC:14687-456 5317697_1

Accordingly, Defendants request that the Court DENY DeCastro's Motion for Reconsideration.

Dated this 18th day of December, 2023.

                                  MARQUIS AURBACH

                                  By  */s/ Craig R. Anderson*
                                       Craig R. Anderson, Esq.
                                       Nevada Bar No. 6882
                                       10001 Park Run Drive
                                       Las Vegas, Nevada 89145
                                       Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 64)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 18th day of December, 2023.

☐     I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒     I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

                              Jose DeCastro
                     4616 W. Sahara Ave., Ste. 1, Box 271
                         Las Vegas, NV 89102-3654
                             Plaintiff Pro Se

                                  */s/ Sherri Mong*
                                  an employee of Marquis Aurbach

MAC:14687-456 5317697_1