Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO | Case No.: 2:23-CV-00580 |
| Plaintiff, | **MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS RE ECF NO. 66 OR IN THE ALTERNATIVE FOR EXTENSION OF TIME TO FILE AN OPPOSITION** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court to strike Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or for Summary Judgment ("Motion") at ECF No. 66 in full as it raises arguments and alleged facts without proper verification. Additionally, Defendants could have raised these arguments in their original response but omitted them. Defendants have already filed an answer. Plaintiff's amended complaint has not substantially changed in legal argument and facts, but rather the amended complaint clarified what apparently sounded like conclusions of law to this court, but which were not.

In the alternative, Plaintiff respectfully moves this Court for an extension of time to file

1

an opposition to the Motion. Plaintiff needs another 30 days to respond to said motion as he just yesterday received defendants' thumb drive (containing multiple hours of video) after they sent it to the wrong address, because he is currently working on an appellate brief in his Ohio case that is due in one week, the holidays are getting in the way, he is a pro se party, and Plaintiff needs to know if this motion is being converted to a Motion for Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

**a. Extension of Time.** Fed. R. Civ. P. Rule 6(b) allows this court to extend the time of when a paper is due, for good cause, when the request is made before the original paper is due. Additionally, where good cause is shown, a request for an extension generally should be granted in the absence of bad faith by the moving party or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). Here, the paper is not yet due and the Plaintiff has good cause.

**b. Defendants don't get another bite at the apple.** An amended complaint does not revive the right to file a post-answer motion to dismiss, with the exception that new claims may be attacked. *Rosenblum v. Blackstone*, No. SA CV 18-966-JVS(E), 2020 U.S. Dist. LEXIS 40403, at *24-27 (C.D. Cal. Jan. 22, 2020) (Collection of cases); see also *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020). Here, Defendants have filed an answer, have participated in discovery, and have attacked more than just the new claims.

**c. Inauthentic evidence attached.** Since the Defendants offer evidence attached to a Summary Judgment motion, it must be admissible to be submitted. Fed. R. Civ. P. 56(c). It can be inferred that the affiants are not competent to testify to the video being unedited or to its chain of custody, not being an expert or the Defendants' records custodian. Affiants do not testify to who produced the documents, and only provide conclusory statements as to their competency

and fail to properly support that assertion. It is more likely that these records were produced by a vendor or records custodian who refuses to testify under oath. The videos that Defendants made available under public records act requests were incomplete, and are indicative of a credibility problem that calls the completeness of these videos into question. It is possible that what is available in Defendants' exhibits contain incidents in this action, but it is unlikely that they are unedited or show anything relevant to or contradictive of Plaintiff's testimony, nor is it the best evidence. Plaintiff's own recording of the incident, which is the only video referenced in the second amended complaint ("SAC"), is the best evidence and Defendants have not submitted it. Officer's recordings of what they might have said is not indicative of how or whether Defendant heard it and is unrelated to Defendant's actions. Here, Defendants' "evidence" is neither the best evidence nor is it property authenticated, and should be stricken.

      **d. Evidence submitted outside of the four corners of the complaint.** Since the defendants offer evidence attached to a motion to dismiss, it should be disregarded as improper and should be stricken. A court may look only at the face of the complaint to decide on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Just because Plaintiff mentions that body cam footage may offer evidence of further illegal behavior by Defendants, doesn't make all body cam footage in Defendant's possession referenced in the complaint. Further, Plaintiff disputes the authenticity of the videos. Even where Plaintiff referenced these videos and the authenticity was not in dispute, this Court would still have the discretion and would not be required to incorporate the videos. *Davis v. HSBC Bank Nev.*, N.A., 691 F.3d 1152, 1159 (9th Cir. 2012).

      **e. Conversion to a motion for Summary Judgment.** Since the Motion is not clear on where the motion for dismissal is separated from the motion for summary judgment, Plaintiff

3

will look to this court to give its express notice of its intent to convert the motion from a 12(b)(6) motion, even though the Defendants have already filed an answer. Fed. R. Civ. P. 12(d).

**f. A 12(b)(6) motion is improper where a party has filed an answer.** "A motion making a [12(b)(6) defense] shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Here, Defendants have filed an answer, and so Motion should be stricken as improper.

**g. Motion to strike appropriate.** "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

**DECLARATION OF JOSE DECASTRO**

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: December 22, 2023                                        Respectfully submitted,

                                                                                    _____
                                                                                    Jose DeCastro
                                                                                    *Pro Se* Plaintiff