Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO | ) Case No.: 2:23-CV-00580 |
| | ) |
| Plaintiff, | ) **MOTION TO COMPEL DISCOVERY** |
| | ) **RESPONSES** |
| v. | ) |
| | ) |
| LAS VEGAS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Pursuant to Fed. R. Civ. P. Rule (37) and Local Rule 26 Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court to compel discovery responses from all defendants ("Defendants"). Pursuant to LR 26-6(c), Plaintiff has mad a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The discovery sought by Plaintiffs is relevant to Plaintiffs' claims or defenses. The discovery sought is proportional to the needs of the case, especially considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (Fed. R. Civ. P. 26(1)).

Defendants have not objected to any of Plaintiff's discovery requests and the time limit to do so has expired.

Plaintiff sent the attached Request for Production of Documents, but has not received any responses.

Plaintiff requests this court to order Defendants to compel discovery for Plaintiff's first request for production of documents.

**CERTIFICATION OF MEET AND CONFER REQUIREMENTS**

I attempted to meet and confer and discuss a proposed extension of time to respond, but Defendants' counsel, Craig Anderson ("Anderson") has been generally unavailable when I call his office, or when I get him on his cell phone he says he sent it and changes the subject and otherwise fails to respond.

Prior to the response due date, Anderson did confirm receiving the RFP and even confirmed the due date of "December 16th" in two separate emails.

I called Defense Counsel at the following times:

12/18/2023 2:06 PM Office
12/21/2023 12:01 PM Cell
12/21/2023 12:03 PM Office
12/21/2023 12:36 PM Office
12/22/2023 1:46 PM Cell
12/22/2023 1:49 PM Office

I've even texted Anderson back and forth. When I repeat to him that I've not received the discovery and ask if he wants to agree to a new due date, he just says that they already sent it and sends me another copy of Defendants' initial disclosures. I've now received initial disclosures

ten times and keep telling him that it's not what I'm referring to. He seems to be playing games.

DATED: December 22, 2023                    Respectfully submitted,

Jose DeCastro
*Pro Se* Plaintiff

# ATTACHMENT 1

Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO | ) Case No.: 2:23-CV-00580 |
| Plaintiff, | ) **PLAINTIFF'S FIRST REQUEST FOR** |
| v. | ) **PRODUCTION OF DOCUMENTS** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | ) |
| Defendants. | ) |

**REQUESTING PARTY:** Plaintiff, Jose DeCastro

**SET NUMBER:** First

**RESPONDING PARTY:** Each Defendant (LVMPD, BORQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE)

Pursuant to Fed. R. Civ. P. Rules 26 – 37, Plaintiff Jose DeCastro requests that Each Defendant permit inspection of each of the following categories of documents and electronically stored information within thirty (30) days at 1258 Franklin St., Santa Monica, CA 90404:

**ARTICLE I: INSTRUCTIONS.**

1.1. Electronically stored information shall be produced in the following format:

searchable PDF including timestamps for messages.

1.2. If Defendant objects to the production of any document on the grounds of the attorney-client privilege or work product doctrine or any other privilege or doctrine, Defendant shall provide the unprivileged portions, and on the date responses are due, provide a privilege log that includes the following information for each document:

(a) The names of each writer, sender, or initiator of each copy of the document

(b) The names of each recipient, addressee, or party to whom the document was sent or whom received the document

(c) The date of each copy of the document, or an estimate of its date

(d) A non-privileged description of the contents of the document

(e) The relevant privilege or doctrine and a statement of the basis for the claim

1.3. Unless otherwise indicated, these requests cover the time period from January 14, 2023 to the present (Date of Plaintiff's first viral video of LVMPD).

## ARTICLE II. DEFINITIONS.

1.4. "DOCUMENT" has the same meaning as the definition of "writing", "recording", or "photograph" in the federal evidence code and includes all written and graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies and drafts, and both sides thereof, including letters, correspondence, memoranda, email, texts, tweets, posts, messages in any digital or electronic format, contracts, photographs, diaries, journals, calendars, logs, notebooks, computer files stored by any means, computer printouts, and includes all DOCUMENTS in your possession, custody, or control that may be stored in or accessible through any cloud-based service.

1.5. "PERSON" means any natural person, entity, firm, corporation, partnership,

association, joint venture, or other form of business organization or arrangement, and/or government or government agency.

1.6. "COMMUNICATION" means any exchange or conversation and includes, by example, those transmitted written letter, memorandum, email, or DOCUMENT of any kind transmitted from one PERSON to another, by telephone, voicemail, text message, chat, or any other medium, or in person.

1.7. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant.

1.8. "Associate" refers to any two people that are familiar to each other, including but not limited to friends, family members, business associates, and vendors.

1.9. "LVMPD" refers to any organization that more than one Defendant is a member of.

1.10. "YOU" and "YOUR" means Each Defendant and any business entities concerning them.

1.11. The terms "any" and "all" mean "any and all."

1.12. The singular of any term includes the plural and the plural includes the singular.

1.13. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive, rather than exclusive.

The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring documents within the scope of the request.

## ARTICLE III. REQUESTS.

Request for Production No. 1: All COMMUNICATIONS between YOU and any other defendant. (Plaintiff will be adding claims for conspiracy to the amended complaint).

Request for Production No. 2: ALL COMMUNICATIONS between YOU and any

PERSON associated with the Las Vegas Police Protective Association.

Request for Production No. 3: All COMMUNICATIONS concerning Plaintiff or his associates (including Floyd Wallace) between YOU and any other PERSON, including but not limited to family members and colleagues.

Request for Production No. 4: All documents and things that would show any current or past organizational structure between Each Defendant.

Request for Production No. 5: All documents and things that would identify the true name, address, and phone number of Each Defendant.

Request for Production No. 6: All documents and things concerning disparagement of Plaintiff and his associates.

Request for Production No. 7: All documents and things concerning the location, tracking of location of Plaintiff or his associates.

Request for Production No. 8. All documents and things concerning the facts or reputation of Plaintiff or his trade.

Request for Production No. 9. All documents and things concerning harassment, trolling, vandalism, hacking, or social media post, or any other behavior concerning Plaintiff or his trade.

Request for Production No. 10. Copy of any and all recorded interviews and respective transcripts conducted in connection with this action.

Request for Production No. 11. Name, address, phone number, and email address of any witnesses that Each Defendant intends to call at trial.

Request for Production No. 12. Name, address, phone number, and email address of all witnesses of the arrest and concerning incidents to the arrest in this action, including, but not limited to officers and supervisors at the scene, dispatchers, and the passengers of the silver

1   Hyundai Elantra that Bourque was interacting with on March 15, 2023 related to this action.

2          Request for Production No. 13. Copy of any and all crime scene analysis and/or forensic

3   reports, results, requests for examination and/or testing performed on any of the physical or

4   biological evidence collected concerning this action, specifically but not limited to, the results of

5   any testing involving blood, DNA, hair, fingerprints, shoeprints or other samples taken, and

6   information of evidence gathered but not tested in this action.

7          Request for Production No. 14. Copy of any and all audio recordings and related

8   documentation including but not limited to 911 calls, CAD to CAD, dispatch calls, communication

9   logs and any otherwise memorialized communications concerning this action (including but not

10  limited to any communications where officers discuss "first amendment auditors", "the recording

11  of police", this action, incidents including leading up to this action and after the alleged incident

12  concerning this action, the Plaintiff, or his associates).

13         Request for Production No. 15. Copy of any and all photographs taken and or gathered,

14  crime scene diagrams drafted and investigative reports prepared by law enforcement in connection

15  with this action, including but not limited to, property inventory reports, impound reports and

16  images of the scene concerning any alleged incident concerning this action.

17         Request for Production No. 16. Disclosures of any and all details of any compensation,

18  express or implies promises of favorable treatment or leniency or any other benefit that any of the

19  State's witnesses received or expect to receive in exchange for their cooperation with the

20  concerning prosecution or litigation, including but not limited to, any promise made to any witness

21  to provide monetary support, counseling and/or treatment.

22         Request for Production No. 17. Copy of any and all written statements, reports and/or

23  information provided by the alleged victims.

Request for Production No. 18. Copy of any and all video and/or audio recordings of the alleged incident and/or otherwise related to the allegations in this case, including but not limited to body camera video recordings (including but not limited to any communications where officers discuss "first amendment auditors", "the recording of police", this action, incidents including and leading up to this action and after the alleged incident concerning this action, the Plaintiff, or his associates).

Request for Production No. 19. Complete criminal histories of all State witnesses.

Request for Production No. 20. Any and all information bearing on the truthfulness or bad character of the State witnesses, including but not limited to, any contempt citations issued against the witnesses, any past instances of dishonesty, fraud, lying or violence on the part of the witness that is known to the State or its agents.

Request for Production No. 21. Any and all documents made by any State witness or any other person that are in any manner inconsistent with the written and/or recorded statements previously provided to the Plaintiff.

Request for Production No. 22. Any documents, including but not limited to copies of emails, text messages, memorandums, involving any law enforcement officer or other state personnel in which the Plaintiff is mentioned by name or reference.

Request for Production No. 23. Any and all personnel/discipline documents for any law enforcement officer or other state personnel involved in this action including any past or prior discipline or reprimand for said officer's actions which were alleged or found to have violated the civil rights or liberties of other individuals.

Request for Production No. 24. Any materials, written or otherwise recorded, relating to training any officers involved in the underlying case have received training said officers about the

1   First Amendment, the rights of citizens to film officers, and the relation between the First

2   Amendment and obstruction of an officer's duties, including any policy manuals provided to any

3   officer in this case which addresses those issues.

4          Request for Production No. 25. A list of any remedial or other training concerning the

5   incidents of the case, as well as the contents of that training, provided to the officers involved in

6   this case or the rest of the department concerning or as the result of this case or where the contents

7   of the training is related to the type of incident in this case.

8          Request for Production No. 26. Any of the department's use of force, arrest, misdemeanor

9   arrest, and interactions with the public policies, including any polices on dealing with the media,

10  press, the freedom of speech, and recording police. Including any memos related to any of this,

11  that were in effect during the time of the arrest or that were enacted or distributed after.

12         Request for Production No. 27. Any document, photograph, or other paper that the party

13  intends to introduce at trial.

14         Request for Production No. 28. Any exculpatory evidence that could help the Plaintiff.

15         Request for Production No. 29. All non-privileged documents and things concerning this

16  action.

17         Request for Production No. 30. All non-privileged documents that Defendant sent to or

18  received from any person concerning this action.

19         Request for Production No. 31. All non-privileged communications concerning Plaintiff or

20  this action.

21         Request for Production No. 32. All documents including body worn camera video, audio

22  recordings, dashcam video, interview recordings, internal security audio and video, external

23  security audio and video that include Each Defendant for the entire date of March 15, 2023.

1      Request for Production No. 33. All documents related to insurance policies that may cover

2  liability concerning this action or that was expected to cover liability concerning this action.

3

4  DATED: November 16, 2023               Respectfully submitted,

5

6                                  Jose DéCastro
*Pro Se* Plaintiff

7

8