**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
    Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF NO. 66)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle (collectively "Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint, or in the alternative, Motion for Summary Judgment. This Reply is made and based upon the pleadings and papers on file herein, the Memorandum of Points & Authorities attached hereto, and any oral argument allowed by counsel at the time of hearing.

MAC:14687-456 5373738_1

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.    INTRODUCTION

This is a § 1983 wrongful arrest and excessive force lawsuit. On March 15, 2023, Defendant Branden Bourque ("Ofc. Bourque") arrested Plaintiff Jose DeCastro ("DeCastro") for obstructing a lawful traffic stop when he approached the detainee of the traffic stop and subsequently refused to comply with Ofc. Bourque's commands to move away from the detainee. After DeCastro filed his First Amended Complaint, the Defendants moved to dismiss all of DeCastro's claims, except his excessive force claim. On October 23, 2023, this Court issued its order granting in part Defendants' Motion to Dismiss and granting DeCastro leave to amend certain claims. (ECF No. 44). DeCastro amended and filed his Second Amended Complaint ("SAC") on November 11, 2023. (ECF No. 61). The Defendants have moved to dismiss all DeCastro's claims pursuant to FRCP 12(b)(6), or in the alternative, summary judgment pursuant to FRCP 56.

In the instant Motion to Dismiss Plaintiff's Second Amended Complaint, or in the alternative, Motion for Summary Judgment (the "Motion"), Defendants requested that the Court consider the Defendant Officers' body worn camera ("BWC") footage from the subject incident and DeCastro's own video recording pursuant to the incorporation-by-reference doctrine. The videos establish that the officers acted constitutionally and did not violate any of DeCastro's federal law or state law rights. However, in Plaintiff's Response and Opposition to the Motion (ECF No. 79) (the "Opposition"), DeCastro contests the authenticity of the video evidence. As a result, the incorporation-by-reference doctrine does not apply and the instant Motion must be adjudicated pursuant to FRCP 56.

## II.    STATEMENT OF FACTS

Defendants hereby incorporate the Statement of Facts and Procedural History as recited in the Motion. (*See* ECF No. 66). The factual background set forth in DeCastro's Opposition (ECF No. 79) recounts allegations from the Second Amended Complaint ("SAC") (ECF No. 61). However, Defendants' Motion is premised upon the Court taking into account the body worn camera ("BWC") footage of the subject incident. The BWC

Page 2 of 18

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

footage demonstrates that the majority of pertinent allegations in the SAC are demonstrably false.

As demonstrated by video evidence, all of DeCastro's claims lack merit and were brought in bad-faith. DeCastro recently admitted as much in a video posted on his own YouTube channel, in which he asserted that he successfully baited Ofc. Bourque into arresting him and wants a seven-figure payout from LVMPD. *See* **Exhibit K**, 56:35-57:27. In the same video, DeCastro professes that he intentionally derogates and degrades police officers in the course and scope of their duties and likes to do so at a distance intended to induce the officer into ordering DeCastro to move back, so that he can refuse such orders. *Id.* at 44:40-45:55. In the video, DeCastro submits that he does not set up to audit police within 10 feet, but rather stands about 14-18 feet away from the officer. *See* Ex. K, 45:04-45:39. In this case, however, DeCastro placed himself well within 10 feet of the detained driver and refused to move back when commanded to by Ofc. Bourque. Ex. A at T23:27:16.

### III.   LEGAL STANDARDS

#### A.   SUMMARY JUDGMENT LEGAL STANDARD

A motion for summary judgment may be granted where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun*, 509 F.3d at 984 (9th Cir. 2007).

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

This Court analyzes summary judgment pursuant to a burden-shifting analysis. *See, e.g., Green v. Samples*, No. 219CV02006CDSVCF, 2022 WL 2533531 at *3 (D. Nev. July 6, 2022). The burden starts with the moving party. *Id.* A party seeking summary judgment bears the initial responsibility of informing the Court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325 (1986). When the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## B.     FEDERAL RULE OF CIVIL PROCEDURE 56(D).

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Rule 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a motion for summary judgment]." Fed. R. Civ. P. 56(d). The court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*;

2   R. 56(d)(1)-(3).

3       A party seeking Rule 56(d) relief bears the burden of demonstrating that "(1) it has

4   set forth in affidavit [or declaration] form the specific facts it hopes to elicit from further

5   discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose

6   summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525

7   F.3d 822, 827 (9th Cir. 2008) (*citing State of Cal. ex rel. Cal. Dep't. of Toxic Substances

8   Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)); *see also Tatum v. City & Cnty. of

9   San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance

10   pursuant to Rule 56([d]) must identify by affidavit [or declaration] the specific facts that

11   further discovery would reveal and explain why those facts would preclude summary

12   judgment."); Fed. R. Civ. P. 56(d) (permitting affidavit or declaration).

## IV.   LEGAL ARGUMENT

### A.   THE BODY WORN CAMERA FOOTAGE HAS BEEN SUFFICIENTLY AUTHENTICATED.

#### 1.   The Body Worn Camera Footage Attached to the Motion is Authentic.

17       DeCastro contends in his Opposition that there is insufficient evidence in the record

18   to support the authenticity of the body worn camera footage exhibits attached to the Motion

19   by Defendants. (ECF No. 79, 7:1-9). DeCastro disputes the authenticity of the body worn

20   camera footage on account of some of the officer declarations lacking signatures, and

21   because DeCastro contends that the submitted video evidence could be clipped or excerpted

22   to omit relevant evidence. (*Id.* at 7:1-17).

23       With respect to the declarations of the six Defendant Officers, Defendants

24   acknowledge that at the time the Motion was filed, not all of the officers had signed

25   declarations authenticating the body worn camera footage as demonstrated in Exhibit G to

26   the Motion. However, all six Defendant Officers have now signed declarations

27   authenticating the body worn camera footage attached to the Motion. **Exhibit I**, Supplement

28   to Declarations of Defendant Officers Authenticating Body Worn Camera Footage.

1   Accordingly, DeCastro's arguments based upon the lack of signatures on some of the

2   declarations are now moot.

3        DeCastro also contends the declarations do not sufficiently authenticate the body

4   worn camera footage because not all of the declarations are dated. However, DeCastro fails

5   to explain why the lack of a date on the declarations should have any bearing on whether the

6   declarations successfully authenticate the BWC evidence. DeCastro does not cite to any law

7   stating that dating a declaration is necessary for the purpose of authenticating evidence.

8   Each of the declarations notes that the officers reviewed their own body worn camera

9   footage that was attached to Defendants' Motion and authenticates the footage. As a result,

10  there is no reasonable argument that the lack of an exact date on which some of the

11  declarations were signed would have any significance as to whether the Defendant Officers

12  have reviewed and authenticated the BWC attached to the Motion.

13       Lastly, DeCastro suggests that although the BWC footage does at least partially

14  depict the events described in the Complaint, DeCastro cannot know if the videos are full

15  and complete copies of the videos recorded by the Defendant Officers on the date of the

16  incident. (*See* ECF No. 79, 7:10-17). As noted above, the Defendant Officers have

17  authenticated the BWC footage themselves. *See* Ex. I. In addition, Defendants have

18  previously provided the full set of BWC footage relating to the subject incident to DeCastro

19  in their initial disclosures, dated November 16, 2023. *See* **Exhibit J**, Defendants' Initial

20  Disclosure Statement. To the extent DeCastro believes that any of the BWC footage

21  attached to the Motion does not fully and accurately portray the relevant events, DeCastro is

22  in possession of the footage necessary to advance such an argument. It is also incumbent

23  upon DeCastro to argue with specificity why the BWC exhibits lack authenticity. However,

24  his Opposition instead advances vague arguments about a theoretical possibility that the

25  BWC footage attached to the Motion may not represent full copies or could omit relevant

26  evidence. (*See* ECF No. 79, 7:1-17). In light of DeCastro's access to the relevant footage,

27  his lack of any specific argument, and the Defendant Officers' declarations attesting to the

28  authenticity of the footage, the Court should find that the BWC evidence attached to the

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5373738_1

Motion is true and authentic evidence demonstrating what occurred during the subject incident.

**2.** **DeCastro Disputes the Authenticity of the Body Worn Camera Footage, and as a Result, the Motion Must be Converted to One for Summary Judgment.**

In the Motion, Defendants requested that the Court utilize the BWC and DeCastro's own YouTube video to determine whether DeCastro stated claims upon which relief can be granted pursuant to a Rule 12(b)(6) standard, and to determine whether the Defendant Officers are protected by qualified immunity. (ECF No. 66, p.8:21-24). Defendants asked that the Court consider the video evidence to be incorporated by reference into DeCastro's SAC. *Id.* at p.8:24-9:13.

However, the incorporation-by-reference doctrine only "permits [a court] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. Espn*, 393 F.3d 1068, 1076 (9th Cir. 2005). Defendants did not anticipate DeCastro would dispute the authenticity of the BWC footage given the fact DeCastro has been in possession of the BWC evidence for some time and has not expressed any doubts as to authenticity. *See* Ex. J. However, DeCastro has advanced arguments in the Opposition drawing into question the authenticity of the BWC evidence. As a result, the BWC footage exhibits cannot be considered to be documents whose authenticity no party questions and is thus evidence outside of the SAC.

Based on the foregoing, Defendants' Motion ought to be considered a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed.R.Civ.P. 12(b) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond.") Despite DeCastro's protests, it is not uncommon for this Court to utilize BWC evidence at the motion to dismiss stage and convert the motion into a summary judgment motion. *See*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5373738_1

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*e.g., Helmbrecht v. Henderson Police Dep't*, 2:21-cv-01357-JAD-EJY, 2022 WL 1082640, *1-2 (D. Nev. April 11, 2022).

To the extent the Court does analyze the sufficiency of any of DeCastro's claims pursuant to the FRCP 12(b)(6) standard, Defendants request the Court reject DeCastro's repeated attempts to argue that "notice pleading" is the proper standard in federal court. (ECF No. 79, 5:11-20, 16:11-12, 17:8-10). In *Twombly* and *Iqbal*, the U.S. Supreme Court introduced a heightened pleading standard that requires pleadings to go further than pleading only enough detail to put a defendant on notice of the claim and requires that plaintiffs plead factual allegations which when taken as true, would be sufficient to entitle the plaintiff to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 545.

### B.  DECASTRO HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING THAT RULE 56(D) RELIEF IS WARRANTED.

DeCastro argues summary adjudication of his claims would be premature and would deny him a reasonable opportunity to engage in discovery, and requests that the Court deny the Motion pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 79, 8:4-9:22). DeCastro contends that the Court should deny Defendants' request for summary judgment to allow for both parties to complete discovery, and because DeCastro was representing himself in this matter until January 10, 2024. *Id.* As detailed herein, DeCastro has not met his burden in demonstrating that Rule 56(d) relief is appropriate in this case.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Rule 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a motion for summary judgment]." Fed. R. Civ. P. 56(d). The court may "(1)

MAC:14687-456 5373738_1

1    defer considering the [summary judgment] motion or deny it; (2) allow time to obtain

2    affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*,

3    R. 56(d)(1)-(3).

4         A party seeking Rule 56(d) relief bears the burden of demonstrating that "(1) it has

5    set forth in affidavit [or declaration] form the specific facts it hopes to elicit from further

6    discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose

7    summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525

8    F.3d 822, 827 (9th Cir. 2008) (citing *State of Cal. ex rel. Cal. Dep't of Toxic Substances*

9    *Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)); *see also Tatum v. City & Cnty. of*

10   *San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance

11   pursuant to Rule 56([d]) **must** identify by affidavit [or declaration] the specific facts that

12   further discovery would reveal and explain why those facts would preclude summary

13   judgment.") (emphasis added); Fed. R. Civ. P. 56(d).

14        Here, DeCastro has not set forth in an affidavit or declaration identifying the specific

15   facts that he hopes to elicit from further discovery, demonstrated that such facts exist, or

16   explained how the sought-after facts are essential to oppose summary judgment. (*See* ECF

17   No. 79). DeCastro's claims are all predicated upon the subject incident, and the best

18   evidence of the subject incident is the BWC evidence, which was disclosed to DeCastro

19   months ago. *See* Ex. J. Although DeCastro's counsel only appeared in the case one month

20   ago, he has had sufficient time to familiarize himself with DeCastro's claims and the BWC

21   evidence and other disclosed evidence such that he should be able to offer some kind of

22   explanation as to what discoverable information he believes to exist which would be

23   essential to opposing summary judgment. However, DeCastro cannot point to any such

24   discoverable information in this case because there is no evidence that could overcome what

25   the BWC evidence plainly demonstrates.

26        The bottom line is that the subject incident is the basis for DeCastro's claims, and the

27   BWC evidence explicitly captures the subject incident and allows the Court to make an

28   accurate determination as to whether any of DeCastro's claims should survive summary

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5373738_1

judgment. Crucially, DeCastro has made no effort to meet his burden of establishing that Rule 56(d) relief is warranted. Based on the foregoing, the Court should deny DeCastro's request to deny the Motion based upon Rule 56(d).

### C.   SUMMARY JUDGMENT IS WARRANTED ON ALL OF DECASTRO'S 42 U.S.C. § 1983 CLAIMS.

The Motion unambiguously set forth a statement of facts based on the BWC evidence and argued that the BWC evidence demonstrates that DeCastro failed to state viable claims, or in the alternative, that Defendants are entitled to summary judgment as a matter of law. In responding to Defendants' legal arguments, however, DeCastro's Opposition generally addresses Defendants' substantive legal arguments only pursuant to a motion to dismiss standard, relying on the allegations of the SAC and wholly ignoring the facts adduced in the BWC footage. In doing so, DeCastro's Opposition fails to point to any evidence which could establish a genuine dispute of material fact precluding summary judgment as to any of DeCastro's claims. Accordingly, the Court should consider the BWC evidence and grant summary judgment in favor of Defendants on all of DeCastro's 42 U.S.C. § 1983 claims.

### 1.   DeCastro's Fourth Amendment Excessive Force Claim Fails as a Matter of Law (Third COA).

Defendants hereby incorporate the legal standards and arguments set forth in the Motion with respect to excessive force. In his Opposition, DeCastro contends that the video evidence is not dispositive because the video evidence is not clear or detailed enough, and that whether the pat-down was a routine pat-down or a retaliatory strike, and whether DeCastro's arm was squeezed unreasonably tightly, are matters for the jury. (ECF No. 79, p.13:13:26). DeCastro also relies on his own self-serving allegations in the SAC in attempting to argue against summary judgment. (ECF No. 79, 11:5-12:9, 13:21-22).

DeCastro's arguments misstate what the video evidence shows and misunderstand the summary judgment standard. The video evidence is clear and sufficiently detailed. *See* Ex. A-E. Defendants have met their burden on summary judgment by establishing through the BWC evidence that: (1) DeCastro was actively resisting the Defendant Officers despite

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

their having probable cause to arrest him; (2) no Defendant Officer made contact with DeCastro's groin area absent an objectively reasonable pat-down; and (3) Ofc. Sandoval's use of force in maintaining a grip on DeCastro's arm due to his continued resistance after handcuffing, and on account of the Defendant Officers' concern that DeCastro could fall and injure himself, was objectively reasonable under the circumstances. *See id.*

Because Defendants have met their burden of identifying evidence which demonstrates the absence of a **_genuine_** issue of material fact, the burden shifted to DeCastro to present significant probative evidence tending to support his excessive force claim. DeCastro has not done so, instead relying on preposterous interpretations of the BWC evidence and his own self-serving allegations in the SAC. DeCastro's suggestion that the BWC evidence is open to multiple interpretations does not create a genuine issue precluding summary judgment because no reasonable jury could determine that the Defendant Officers used excessive force on DeCastro based upon the events depicted in the BWC footage. Based on the foregoing, no Fourth Amendment excessive force violation occurred and the Defendant Officers are entitled to summary judgment on DeCastro's excessive force claim.

Lastly, DeCastro has failed to identify any clearly established law that would prohibit the Defendant Officers from using the force which DeCastro complains of in connection with the subject incident. DeCastro has not advanced any argument in the opposition that the Defendant Officers violated any clearly established law. "The failure of an opposing party to file points and authorities in response to any motion ... constitutes a consent to the granting of the motion." D. Nev. Local R. 7-2(d); *see also Danielson v. Stratosphere, LLC*, No. 2:10-CV-2241, 2011 WL 1767809, at *1 (D. Nev. May 9, 2011) (Mahan, J.) (dismissing plaintiff's claims where plaintiff failed to respond to certain of defendant's arguments). As a result, the Defendant Officers are entitled to a finding of qualified immunity on DeCastro's excessive force claim.

For the foregoing reasons, the Court should grant summary judgment in favor of Defendants on DeCastro's excessive force claim.

MAC:14687-456 5373738_1

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### 2.   DeCastro's First Amendment Retaliation and Selective Enforcement Claims Fail (Fifth, Sixth, and Eighth COAs)

Defendants hereby incorporate the legal standards and arguments set forth in the Motion with respect to DeCastro's First Amendment retaliation and selective enforcement claims. In the Motion, Defendants set forth the applicable law set forth by the U.S. Supreme Court in *Nieves* for DeCastro's First Amendment retaliation and selective enforcement claims, which noted that an arrest supported by probable cause can only be considered retaliatory when similarly situated individuals engaged in the same sort of protected speech were not arrested. (ECF No. 66, 14:1-15:11) (citing *Nieves v. Bartlett*, 587 U.S. ——, 139 S Ct. 1715 (2019)). This Court has already correctly determined that the arrest of DeCastro was supported by probable cause. (ECF No. 44 at p.7). It is thus DeCastro's burden to plead and present evidence that similarly situated individuals, namely individuals interfering in traffic stops and refusing to move when commanded to do so, were not arrested for obstruction. DeCastro has not pled such facts in the SAC, nor has he presented any evidence in his Opposition to support such a theory.

DeCastro asserts in his Opposition that he denies that he illegally interfered with any traffic stop for the reasons alleged in the SAC. (ECF No. 79, 15:14-18). However, the Court has already determined that the Defendant Officers had probable cause to arrest DeCastro for doing just that – DeCastro's insistence that he did not is irrelevant, especially in light of the BWC evidence. DeCastro further argues that to the extent Defendants ordered DeCastro to move back or stop filming, such orders would be unlawful orders. (ECF No. 79, 16:3-10). However, DeCastro's attempts to incorrectly inflate an order to move back from the traffic stop with an order to stop filing are unavailing. The BWC evidence clearly establishes that the Defendant Officers never told DeCastro that he could not film. *See* Ex. A-F. Ofc. Bourque did, however, repeatedly issue orders to DeCastro to move back and film from a reasonable distance so as to allow Ofc. Bourque room to safely conduct the traffic stop without interference. *See* Ex. A. DeCastro refused to do so. *Id.* DeCastro also argues that other citizens walked near the "investigation scene" during the alleged traffic stop. (ECF No.

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

79, 17:17-24). The BWC evidence does not show other citizens approach the detained driver during the pendency of the traffic stop. *See* Ex. A-F. The citizens who did approach the Defendant Officers while they were arresting and holding DeCastro were not standing in the middle of the scene and refusing to leave, and accordingly, could not be reasonably considered to be similarly situated to DeCastro. *See id.*

In sum, Defendants have met their burden at summary judgment on account of the fact that the Defendant Officers had probable cause to arrest DeCastro, and by pointing to DeCastro's complete lack of admissible evidence that similarly situated individuals in the past had been treated differently. DeCastro has neither alleged nor presented evidence of the existence of an individual who engaged in substantially similar conduct and was not arrested for obstruction. DeCastro's reliance on his own self-serving allegations do not create a genuine issue of material fact. The evidence indicates that the Defendant Officers did not arrest DeCastro for retaliatory reasons, nor did they selectively enforce the Nevada's obstruction statute against him. As a result, the Court should grant summary judgment in favor of Defendants on DeCastro's retaliation and selective enforcement claims.

### 3.   DeCastro's Failure to Intervene Claim Fails (Twelfth COA)

Defendants hereby incorporate the legal standards and arguments set forth in the Motion pertaining to DeCastro's failure to intervene claim. As noted in the Motion, The Ninth Circuit has only recognized a claim for failing to intervene in the excessive force context. Police officers do not have a general duty to intervene in all alleged wrongdoings by a fellow officer. *Briscoe v. Madrid,* 1:17-CV-0716-DAD-SKO, 2018 WL 4586251, at *5 (E.D. Cal. Sep. 21, 2018); *Dental v. City Salem,* No. 3:13-CV-01659-MO, 2015 WL 1524476, at *5 (D. Or. Apr. 2, 2015).

For the reasons discussed *supra*, the video evidence shows that as a matter of law, the Defendant Officers did not use excessive force against DeCastro. Therefore, DeCastro's failure to intervene claim fails as a matter of law and the Court should grant summary judgment in Defendants' favor.

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**D.    SUMMARY JUDGMENT IS WARRANTED ON DECASTRO'S *MONELL* CLAIMS.**

Defendants hereby incorporate the legal standards and arguments set forth in the Motion with respect to DeCastro's *Monell* causes of action. In the Motion, Defendants argued that DeCastro failed to properly plead a *Monell* claim because he merely pled a conclusory wish-list of unconstitutional policies, customs, or practices relating to LVMPD's methods of effectuating arrests, searches and seizures, hiring and training practices, and more. (ECF No. 66, 20:20-23) (citing ECF No. 61 at ¶¶106, 151). Because the law requires identification of a policy, that when enforced, caused the alleged constitutional violation, and the only policies identified by DeCastro that are not conclusory and intended to recite the elements of the claim are policies which would uphold the constitutional rights of the citizenry, the claim should fail as a matter of law.

In Opposition, DeCastro argues that his conclusory allegations intended to recite the elements of a *Monell* claim are sufficient. (ECF No. 79, 24:26-25:15). They are not. Moreover, considering the instant Motion has been converted to one for summary judgment, Defendants have met their burden by demonstrating that DeCastro cannot make a sufficient showing to establish an element essential to his *Monell* claim – the existence of an unconstitutional policy, custom, or practice. DeCastro's reliance on his conclusory allegations of unconstitutional policies is insufficient to establish a genuine issue of material fact. As analyzed *supra*, DeCastro also has not met his burden of establishing that Rule 56(d) relief is appropriate. As a result, the Court should grant summary judgment in favor of Defendant LVMPD on DeCastro's 42 U.S.C. § 1983 *Monell* causes of action.

**E.    SUMMARY JUDGMENT IS WARRANTED ON ALL OF DECASTRO'S STATE LAW CLAIMS.**

**1.    DeCastro's Defamation Claim Fails as a Matter of Law (Fourth COA).**

Defendants hereby incorporate the legal standards and arguments set forth in the Motion with respect to DeCastro's defamation claim. DeCastro apparently agrees with Defendants as to the relevant legal standards for a defamation cause of action in Nevada

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  where a plaintiff alleges that police officers defame the plaintiff through a police report.

2  (ECF No. 79, 26:5-15).

3      In opposing the Motion, DeCastro does not dispute that the SAC fails to allege any

4  facts demonstrating publication of the allegedly false police reports to a third person in the

5  absence of privilege. (ECF No. 79, 26:16-27:6). DeCastro's conclusory allegations intended

6  to recite of the elements of a defamation claim within the SAC are not sufficient.

7  Considering that the instant Motion has been converted to one for summary judgment,

8  Defendants have met their burden by pointing to DeCastro's complete lack of evidence

9  which could establish a single element essential to his defamation claim. DeCastro's reliance

10 on his own self-serving conclusory allegations of defamation is insufficient to establish a

11 genuine issue of material fact. As a result, the Court should grant summary judgment in

12 favor of Defendants on DeCastro's defamation cause of action.

13             **2.    DeCastro's Battery Claim Fails as a Matter of Law (Ninth COA).**

14     Defendants hereby incorporate the legal standards and arguments set forth in the

15 Motion pertaining to the battery claim. In the Motion, Defendants argued that because the

16 standard for battery under Nevada law by a police officer is identical to the analysis of a 42

17 U.S.C. § 1983 claim, and DeCastro's excessive force claim fails as a matter of law, the

18 battery claim must also fail. (ECF No. 66, 22:7-15). In Opposition, DeCastro does not

19 dispute the applicable legal standard, but argues that the excessive force claim had been

20 validly pled.  (ECF No. 79, 27:12-13).

21     DeCastro also contends that Defendants' Motion with respect to the excessive force

22 issues should be denied because Defendants did not address DeCastro's claim that

23 Defendants intentionally battered him while placing him in the police car. (ECF No. 79,

24 27:14-17) (citing ECF No. 66 at ¶63). The BWC evidence provided by Defendants clearly

25 demonstrates that the Defendant Officers did not use excessive force in placing DeCastro

26 into the police vehicle. *See* Ex. B, T00:06:33; Ex. D, T:00:06:33. Accordingly, as with

27 DeCastro's other theories of how the Defendant Officers used excessive force against him,

28 Defendants have met their burden of identifying evidence which demonstrates the absence

MAC:14687-456 5373738_1

of a genuine issue of material fact with respect to the theory that the Defendant Officers used excessive force in placing DeCastro into the police vehicle. As a result, the burden shifts to DeCastro to present significant probative evidence tending to support his battery claim. DeCastro has not done so, instead relying on his own self-serving allegations in the SAC. No reasonable jury could determine that the Defendant Officers used any excessive force on DeCastro based upon the events depicted in the BWC footage. Based on the foregoing, the Defendant Officers did not commit a battery against DeCastro and the Defendant Officers are entitled to summary judgment on DeCastro's battery claim.

### 3. DeCastro's Negligence Claim Fails as a Matter of Law (Eleventh COA)

Defendants hereby incorporate the legal standards and arguments set forth in the Motion regarding DeCastro's negligence claim. In the Motion, Defendants argued that DeCastro's claims that the Defendant Officers committed intentional constitutional torts against him are inconsistent with a claim for negligence. In Opposition, DeCastro contends that he has pled claims for negligence that do not rely on a theory of excessive force or other intentional conduct. (ECF No. 79, 27:23-28:10).

Defendants first note that the Court has previously dismissed with prejudice DeCastro's negligence claim based upon the arrest and search, dismissed without prejudice his negligence claim based upon biased policing, and left open his ability to assert a negligence claim based upon excessive force. (ECF No. 44, 14:9-21, 16:3-9).

DeCastro has not pled in the SAC facts which would indicate any negligent conduct by Defendants. Moreover, in the summary judgment context, DeCastro has failed to identify a legally recognized standard of care or evidence indicating a breach of any recognized standard of care. DeCastro has not met his burden to establish a genuine issue of material fact that the Defendant Officers breached any legally recognized standard of care. Conclusory assertions within the SAC are insufficient to create such a genuine issue, and the Court should grant summary judgment on the negligence claim in favor of Defendants.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5373738_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### 4.   DeCastro's Civil Conspiracy Claim Fails as a Matter of Law (Thirteenth COA)

Defendants hereby incorporate the legal standards and arguments set forth in the Motion relating to DeCastro's civil conspiracy claim. In the Motion, Defendants cited to law establishing that the party alleging civil conspiracy must plead detailed descriptions of the time, place, and identities of the parties involved in the conspiracy. (ECF No. 66, 23:24-27) (citing *Brown v. Kellar*, 97 Nev. 582, 636 P.2d 874, (Nev. 1981)).

In Opposition, DeCastro relies on the conclusory allegations within the SAC intended to recite the elements of the claim. (ECF No. 79, 29:12-23). Such conclusory assertions do not sufficiently plead detailed descriptions regarding the conspiracy, nor that the Defendant Officers acted with the purpose of specifically harming DeCastro. Because DeCastro has failed to allege that the Defendants intended to accomplish some unlawful objective for the purpose of harming him, he has failed to state a claim upon which relief can be granted for civil conspiracy. Moreover, in the summary judgment context, Defendants have pointed to DeCastro's failure to make a showing sufficient to establish an essential element of his civil conspiracy claim. DeCastro has failed to set forth evidence which would establish a genuine issue of material fact. Accordingly, the Court should grant summary judgment in favor of Defendants on DeCastro's civil conspiracy claim.

### 5.   DeCastro's Abuse of Process Claim Fails as a Matter of Law (Fourteenth COA)

Defendants hereby incorporate the legal standards and arguments set forth in the Motion regarding DeCastro's abuse of process claim. In the Motion, Defendants provided the relevant elements of an abuse of process claim and explained how DeCastro's pleadings were wholly insufficient to successfully state such a claim because DeCastro does not identify in the SAC a willful act in the use of the legal process against him after the filing of criminal charges. In Opposition, DeCastro merely argues that he has met the notice pleading standard. (ECF No. 79, 30:9-17). Federal courts do not recognize a notice pleading standard, and DeCastro has neither alleged nor offered evidence to support an essential element of his

abuse of process claim. As a result, the Court should grant summary judgment on the claim in favor of Defendants.

**V.     CONCLUSION**

Based upon the above, the Defendants respectfully request that this Court grant summary judgment on DeCastro's claims in favor of Defendants.

Dated this 9th day of February, 2024.

MARQUIS AURBACH

By  /s/ Craig R. Anderson
     Craig R. Anderson, Esq.
     Nevada Bar No. 6882
     Nicholas M. Adams, Esq.
     Nevada Bar No. 15859
     10001 Park Run Drive
     Las Vegas, Nevada 89145
     Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF NO. 66)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 9th day of February, 2024.

☒      I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒      I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

 /s/ Sherri Mong
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5373738_1

# Exhibit I

1
2

**DECLARATION OF SGT. ERLAND TORREY IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

3        I, Sgt. Erland Torrey, hereby declare and say:

4        1.      I am over the age of eighteen (18) years of age and have personal knowledge

5  of the facts stated herein, except for those stated upon information and belief, and as to

6  those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7  Court of law and will so testify if called upon.

8        2.      This Declaration is brought to authenticate certain exhibits and court filings

9  on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10 cv-00580-APG-EJY.

11       3.      I am currently a Sergeant with the Las Vegas Metropolitan Police

12 Department. I have personal knowledge regarding the incident which is the subject of

13 DeCastro's Second Amended Complaint.

14       4.      I have reviewed my body worn camera footage that is attached to the

15 Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16 what my body worn camera captured on the day of the subject incident. The footage has not

17 been modified, edited, or otherwise changed.

18       5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

19 the State of Nevada that the foregoing is true and correct.

20       Dated this 7TH day of December, 2023.

21

22                                                          Erland Torrey

23

24

25

26

27

28

Page 1 of 1

MAC:14687-456 5311910_1 12/7/2023 9:50 AM

1

**DECLARATION OF OFC. BRANDON BOURQUE IN SUPPORT OF LVMPD**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED**

2

**COMPLAINT**

3    I, Ofc. Brandon Bourque, hereby declare and say:

4    1.    I am over the age of eighteen (18) years of age and have personal knowledge

5    of the facts stated herein, except for those stated upon information and belief, and as to

6    those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7    Court of law and will so testify if called upon.

8    2.    This Declaration is brought to authenticate certain exhibits and court filings

9    on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10   cv-00580-APG-EJY.

11   3.    I am currently a Police Officer with the Las Vegas Metropolitan Police

12   Department. I have personal knowledge regarding the incident which is the subject of

13   DeCastro's Second Amended Complaint.

14   4.    I have reviewed my body worn camera footage that is attached to the

15   Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16   what my body worn camera captured on the day of the subject incident. The footage has not

17   been modified, edited, or otherwise changed.

18   5.    Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

19   the State of Nevada that the foregoing is true and correct.

20   Dated this __ day of December, 2023.

21   _____

22   Brandon Bourque

23

24

25

26

27

28

MAC:14687-456 5311914_1 12/7/2023 9:54 AM

1

**DECLARATION OF OFC. CHADLY DINGLE IN SUPPORT OF LVMPD**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED**
2
**COMPLAINT**

3          I, Ofc. Chadly Dingle, hereby declare and say:

4          1.          I am over the age of eighteen (18) years of age and have personal knowledge

5   of the facts stated herein, except for those stated upon information and belief, and as to

6   those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7   Court of law and will so testify if called upon.

8          2.          This Declaration is brought to authenticate certain exhibits and court filings

9   on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10  cv-00580-APG-EJY.

11          3.          I am currently a Police Officer with the Las Vegas Metropolitan Police

12  Department. I have personal knowledge regarding the incident which is the subject of

13  DeCastro's Second Amended Complaint.

14          4.          I have reviewed my body worn camera footage that is attached to the

15  Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16  what my body worn camera captured on the day of the subject incident. I was wearing my

17  body camera upside down during the subject incident, so the footage has been inverted for

18  ease of viewing. The footage has not otherwise been modified, edited, or otherwise changed.

19          5.          Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

20  the State of Nevada that the foregoing is true and correct.

21          Dated this __ day of December, 2023.

22                                                              _____
23                                                              Chadly Dingle

24

25

26

27

28

MAC:14687-456 5311915_1 12/7/2023 9:55 AM

1
2

**DECLARATION OF OFC. CLINTON DOOLITTLE IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

3   I, Ofc. Clinton Doolittle, hereby declare and say:

4   1.   I am over the age of eighteen (18) years of age and have personal knowledge

5   of the facts stated herein, except for those stated upon information and belief, and as to

6   those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7   Court of law and will so testify if called upon.

8   2.   This Declaration is brought to authenticate certain exhibits and court filings

9   on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10   cv-00580-APG-EJY.

11   3.   I am currently a Police Officer with the Las Vegas Metropolitan Police

12   Department. I have personal knowledge regarding the incident which is the subject of

13   DeCastro's Second Amended Complaint.

14   4.   I have reviewed my body worn camera footage that is attached to the

15   Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16   what my body worn camera captured on the day of the subject incident. The footage has not

17   been modified, edited, or otherwise changed.

18   5.   Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

19   the State of Nevada that the foregoing is true and correct.

20   Dated this 11th day of December, 2023.

21

22   Clinton Doolittle

23
24
25
26
27
28

Page 1 of 1

**DECLARATION OF OFC. JESSE SANDOVAL IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I, Ofc. Jesse Sandoval, hereby declare and say:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      This Declaration is brought to authenticate certain exhibits and court filings on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-cv-00580-APG-EJY.

3.      I am currently a Police Officer with the Las Vegas Metropolitan Police Department. I have personal knowledge regarding the incident which is the subject of DeCastro's Second Amended Complaint.

4.      I have reviewed my body worn camera footage that is attached to the Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of what my body worn camera captured on the day of the subject incident. The footage has not been modified, edited, or otherwise changed.

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 29th day of January, 2023.



_____

Jesse Sandoval

Page 1 of 1

1
2

**DECLARATION OF OFC. BRANDON SORENSON IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

3

I, Ofc. Brandon Sorenson, hereby declare and say:

4

1.      I am over the age of eighteen (18) years of age and have personal knowledge

5

of the facts stated herein, except for those stated upon information and belief, and as to

6

those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7

Court of law and will so testify if called upon.

8

2.      This Declaration is brought to authenticate certain exhibits and court filings

9

on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10

cv-00580-APG-EJY.

11

3.      I am currently a Police Officer with the Las Vegas Metropolitan Police

12

Department. I have personal knowledge regarding the incident which is the subject of

13

DeCastro's Second Amended Complaint.

14

4.      I have reviewed my body worn camera footage that is attached to the

15

Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16

what my body worn camera captured on the day of the subject incident. The footage has not

17

been modified, edited, or otherwise changed.

18

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

19

the State of Nevada that the foregoing is true and correct.

20

Dated this 23 day of December, 2023.

21

_____
Brandon Sorenson

22
23
24
25
26
27
28

Page 1 of 1

MAC:14687-456 5311917_1 12/7/2023 9:56 AM

Exhibit J

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
   Sorenson, Ofc. Sandoval and Ofc. Doolittle

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                              Plaintiff,<br><br>         vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                              Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS** |

        Pursuant to FRCP 26(f), Defendants Las Vegas Metropolitan Police Department

("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and

Ofc. Doolittle (collectively "LVMPD Defendants"), by and through their attorneys of

record, Marquis Aurbach, hereby provide their Initial Disclosure of Witnesses and

Documents in the above-referenced matter.

**I.    WITNESSES**

        1.        30(b)(6) Las Vegas Metropolitan Police Department
                  c/o Marquis Aurbach
                  10001 Park Run Drive
                  Las Vegas, Nevada 89145
                  (702) 382-0711

MAC:14687-456 5287327_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

This witness is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

2.      Ofc. Torrey
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

Ofc. Torrey is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

3.      Ofc. Bourque
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

Ofc. Bourque is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

4.      Ofc. Dingle
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

Ofc. Dingle is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

5.      Ofc. Sorenson
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

MAC:14687-456 5287327_1

Ofc. Sorenson is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

6.      Ofc. Sandoval
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

Ofc. Sandoval is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

7.      Ofc. Doolittle
        c/o Marquis Aurbach
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

Ofc. Doolittle is expected to testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint and any other matters relied upon at the time of arbitration or trial.

## II.   DOCUMENTS

1.      CAD Report for Event No. LLV230300064617 (LVMPD 000001 - 000004);

2.      Cad until Log by Incident Number (LVMPD 000005 - 000009);

3.      IA Statement of Complaint (LVMPD 000010 - 000015);

4.      LVMPD Incident Report (LVMPD 000016 - 000025);

5.      Citation (LVMPD 000026 - 000027);

6.      Declaration of Arrest (LVMPD 000028);

7.      Temporary Custody Record (LVMPD 000029);

8.      LVMPD Detention Services Division Booking Voucher (LVMPD 000030);

9.      IAB Complaint Form (LVMPD 000031);

10.     LVMPD Use of Force Policy 3.110 (LVMPD 000032 - 000066);

MAC:14687-456 5287327_1

11.   LVMPD Arrests Without Warrants Policy 4.102 (LVMPD 000067 - 000070)[1]; and

12.   All Body Worn Camera footage.[2]

## III.   COMPUTATION OF DAMAGES

Not applicable.   The LVMPD Defendants reserve the right to amend/supplement their computation of damages.

## IV.   INSURANCE

Not applicable.  Defendant LVMPD is self-insured.

Dated this 16th day of November, 2023.

MARQUIS AURBACH


By   */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants

### CERTIFICATE OF MAILING

I hereby certify that on the 16th day of November, 2023 I served a copy of the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
*Plaintiff Pro Se*

---

[1] LVMPD 000001 – 000070 are provided on https://www.dropbox.com/t/hs3JH3A18ErXSv9J and available for download until December 16, 2023.

[2] Due to size all BWC footage is provided on a flash drive that will be mailed to Plaintiff.

MAC:14687-456 5287327_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

_____
*s/Sherri Mong*
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5287327_1

Exhibit K

Exhibit K

Flash Drive

