1  **Marquis Aurbach**
Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
Nicholas M. Adams, Esq.
3  Nevada Bar No. 15859
10001 Park Run Drive
4  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
canderson@maclaw.com
6  nadams@maclaw.com
    Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
7   Sorenson, Ofc. Sandoval and Ofc. Doolittle

8                  **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10  JOSE DECASTRO,                           Case Number:
                                              2:23-cv-00580-APG-EJY
11                        Plaintiff,

12       vs.

13  LAS VEGAS METROPOLITAN POLICE       **DEFENDANTS LVMPD, SGT.
    DEPARTMENT; STATE OF NEVADA;         TORREY, OFC. BOURQUE, OFC.
14  BRANDEN BOURQUE; JASON TORREY;       DINGLE, OFC. SORENSON, OFC.
    C. DINGLE; B. SORENSON; JESSE        SANDOVAL AND OFC. DOOLITTLE'S
15  SANDOVAL; OFFICER DOOLITTLE and      MOTION FOR SUMMARY
    DOES 1 to 50, inclusive,             JUDGMENT**
16
                          Defendants.
17

18         Defendants Las Vegas Metropolitan Police Department, Ofc. Torrey, Ofc. Bourque,

19  Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by

20  and through their attorneys of record, Marquis Aurbach, hereby file their Motion for

21  Summary Judgment.  This Motion is made and based upon the Memorandum of Points &

22  Authorities, the pleadings and papers on file herein and any oral argument allowed by

23  counsel at the time of hearing.

24              **MEMORANDUM OF POINTS & AUTHORITIES**

25  **I.      INTRODUCTION**

26         At its core, this is a § 1983 wrongful arrest and excessive force lawsuit. On March

27  15, 2023, Defendant Branden Bourque ("Ofc. Bourque") arrested Plaintiff Jose DeCastro

28  ("DeCastro") for obstructing a lawful traffic stop when he approached the detainee of the

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

traffic stop and subsequently refused to comply with Ofc. Bourque's commands to move away from the detainee. After DeCastro filed his First Amended Complaint, the Defendants moved to dismiss all DeCastro's claims, except his excessive force claim. On October 23, 2023, this Court issued its order granting in part Defendants' Motion to Dismiss and granting DeCastro leave to amend certain claims. (ECF No. 44). DeCastro amended and filed his Second Amended Complaint ("SAC") on November 11, 2023. (ECF No. 61). Discovery in this case closed on May 15, 2024. The LVMPD Defendants now move for summary judgment on each of DeCastro's claims pursuant to FRCP 56.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   FACTUAL BACKGROUND.

#### 1.   The arrest.

In support of the instant Motion, Defendants submit body worn camera ("BWC") video evidence from the perspective of the subject officers: **Exhibit A**, Bourque BWC; **Exhibit B**, Sandoval BWC; **Exhibit C**, Dingle BWC; **Exhibit D**, Sorenson BWC; **Exhibit E**, Doolittle BWC; **Exhibit F**, Torrey BWC. In addition, the Defendants submit the declarations of the Defendant Officers in support of the instant Motion, authenticating the body worn camera footage. **Exhibit G**, Officer Declarations.

Additionally, DeCastro has custody and control of a YouTube channel, and he references his videos and recording of the subject incident multiple times in the SAC. (ECF No. 61 at ¶¶36, 37, 39, 44, 52, 70-72). DeCastro's YouTube video detailing the subject incident, which is comprised of his own video footage, clips of BWC footage, and DeCastro's overlayed text commentary, is attached hereto as **Exhibit H**. A separate YouTube creator has uploaded portions of DeCastro's own videos wherein DeCastro has discussed the subject incident. In one of those videos, DeCastro repeatedly acknowledged he intended to resist Ofc. Bourque's efforts to detain him. *See* **Exhibit I**, Video of DeCastro Discussing the Subject Incident.

On March 15, 2023, at approximately 4:30 p.m., Ofc. Bourque conducted a traffic stop of a silver Hyundai Elantra. (Ex. A at T23:18:00). DeCastro approached the traffic stop

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

while recording with his phone and began talking to the traffic detainee. (Ex. A at T23:26:48; Ex. H at 0:00-0:14). When DeCastro approached, Ofc. Bourque was sitting in his LVMPD patrol vehicle. (*Id.*) As DeCastro approached the driver's side window of the detainee, Ofc. Bourque exited his vehicle and told DeCastro "Don't engage with my driver. Back up." (Ex. A at T23:27:05). DeCastro did not follow Ofc. Bourque's command, and Ofc. Bourque reiterated, "Hey, back up. Back up. You're not involved." (*Id.* at T23:27:10). DeCastro was only a few feet away from the driver's side window of the traffic detainee. (*Id.*; *see also* Ex. H at 0:00-0:14).

DeCastro backed up one or two feet, remaining in close proximity to the silver Hyundai Elantra and the driver's side window. (Ex. A at T23:27:16; *see also* Ex. H at 0:13-0:15). Ofc. Bourque clarified to DeCastro "You can film but you need to stay away from my driver. Back up." (Ex. A at T23:27:18; Ex. H at 0:16-0:19.) DeCastro did not move. (*Id.*) Ofc. Bourque then told DeCastro, "Back up or I'm going to detain you." (Ex. A at T23:27:20; *see also* Ex. H at 0:20-0:22). DeCastro replied, "You're going to detain me how?" to which Ofc. Bourque replied "For obstructing. Get away from my car stop." (Ex. A at T23:27:24; *see also* Ex. H at 0:22-0:25). DeCastro asserted he would continue to stand right there, claimed he was ten feet away, he is a constitutional law scholar, and told Ofc. Bourque his name would be on the lawsuit, implying any resistance to DeCastro's interference with the traffic stop would be met with legal action. (Ex. A at T23:27:28; *see also* Ex. H at 0:25-0:34).

Ofc. Bourque attempted to appeal to DeCastro's better nature by noting the traffic detainee deserved privacy, to which DeCastro responded "Mind your own fucking business. Mind your own business. I'm a member of the press. Go get in your car and do your job little doggy." (Ex. A at T23:27:33; *see also* Ex. H at 0:33-0:41). During the entirety of the initial interaction, DeCastro remained near the vehicle of the detained driver and refused to move. (Ex. A at T23:27:16).

In light of DeCastro's obstructive conduct and refusal to comply with officer commands, Ofc. Bourque told DeCastro "You are being detained right now," and told the

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

detained driver of the silver Hyundai Elantra that she was free to go. (Ex. A at T23:27:43; *see also* Ex. H at 0:42-0:50). As Ofc. Bourque directed his attention back to DeCastro, he began to walk backwards, exclaiming he was a journalist. (Ex. A at T23:27:47; *see also* Ex. H at 0:43-0:58). DeCastro refused to comply and moved away from Ofc. Bourque. (*Id.*) Ofc. Bourque called for additional units (Ex. A at T23:27:58) and reiterated DeCastro was detained. DeCastro demanded a supervisor. (Ex. A at T23:28:17; Ex. H at 1:11-1:30).

Ofc. Bourque then ordered DeCastro to walk over to Ofc. Bourque's patrol car, to which DeCastro verbally agreed. (Ex. A at T23:28:36). Ofc. Bourque reiterated DeCastro was being detained for obstruction and ordered DeCastro to place his phone on the hood of the patrol vehicle. (*Id.* at T23:28:38). DeCastro refused, asserting he is a "constitutional law scholar" and Ofc. Bourque could not take his phone. (*Id.* at T23:28:43). As Ofc. Bourque approached DeCastro, DeCastro extended his arm and attempted to push Ofc. Bourque away from him. (*Id.* at T23:28:49; Ex. I at 1:52-2:25). In a later video recording, DeCastro explained his resistance by admitting he had "had underhooks" on Ofc. Bourque, was "putting [him]self where he wanted to put [him]self," and was "controlling [Ofc. Bourque] with one arm." (Ex. I at 1:39-2:10).

Ofc. Bourque proceeded to grab DeCastro and escort him to the space in front of his patrol vehicle. (Ex. A at T23:28:50). At that time, Ofc. Dingle arrived on scene, and he and Ofc. Bourque placed DeCastro in handcuffs despite DeCastro's continued resistance. (*Id.* at T23:29:05; Ex. H at 2:00-2:50). DeCastro made Ofc. Bourque aware of a prior shoulder injury, and Ofc. Bourque placed DeCastro in two pairs of handcuffs to adhere to his medical needs. (ECF No. 61 at ¶51).

DeCastro claims he was patted down and struck in the groin with a closed fist. (ECF No. 61 at ¶62). Officer Dingle's BWC captured the alleged groin strike. (*See* Ex. C at T23:32:59). The video establishes Ofc. Bourque's pat-down of DeCastro was routine, harmless and Ofc. Bourque did not strike DeCastro's genitals. (*Id.*) DeCastro never flinched or complained of pain as a result of the pat-down. (*Id.*)

Shortly thereafter, Ofc. Sandoval and Ofc. Sorenson arrived on the scene. (*Id.* at T23:34:11; Ex. D at T23:34:05). After observing DeCastro's recalcitrance, Ofc. Sandoval explained to DeCastro the officers had a way to do things and DeCastro's continued refusal to obey officer commands would result in his arrest for obstruction. (Ex. D at T23:34:52). DeCastro retorted "I have a way to do things too. I sue cops all over the country. That's what I do." (*Id.* at T23:34:56). The Defendant Officers ordered DeCastro continue to face the patrol vehicle. (Ex. D at T23:35:00). DeCastro proceeded to resist and fail to comply with that order for the next several minutes, while arguing with and taunting the Defendant Officers. (Ex. D at T23:35:00; Ex. E at T23:40:26-T23:42:32).

Due to DeCastro's continued willful disobedience of the officers' orders for him to face the patrol vehicle, Ofc. Sandoval proceeded to stand behind DeCastro and hold his left arm to ensure DeCastro's compliance with the officers' orders. (Ex. E at T23:42:37). DeCastro repeatedly asserts in the SAC that Ofc. Sandoval was squeezing his arm and causing him pain. (ECF No. 61, ¶¶51-58). However, the footage clearly demonstrates Ofc. Sandoval was holding DeCastro's arm in a reasonable manner and not applying any significant force to DeCastro's arm. (Ex. D at T23:42:37-T00:06:57; Ex. E at T23:42:47-T23:55:30 and T00:02:47-T00:06:27). DeCastro repeatedly pulled away from Ofc. Sandoval, and as a result, was placed in the back of Ofc. Bourque's patrol vehicle. (Ex. D at T00:06:22; Ex. E at T00:06:22).

Shortly thereafter, Defendant Erland Jason Torrey ("Sgt. Torrey") arrived at the scene. (Ex. F at T00:06:26). Sgt. Torrey had a conversation with DeCastro in which he represented he had reviewed the BWC and believed DeCastro was clearly obstructing on account of interfering with the traffic stop and refusing to step back when commanded to do so, and when Ofc. Bourque told DeCastro he was being detained, DeCastro proceeded to resist. (Ex. F at T00:18:12). After Ofc. Bourque explained what DeCastro did wrong, DeCastro requested they work it out and not arrest him in order to avoid his bringing a lawsuit and causing LVMPD to incur substantial attorney fees in defending the lawsuit. (Ex. F at T00:22:25-T00:24:45). During the conversation, Sgt. Torrey made clear to DeCastro

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

there was no issue with him filming the traffic stop, but being up close to the car stop, ignoring officer commands, and resisting detention/arrest were the reasons he was being arrested. (Ex. F at T00:31:00). As noted in Ofc. Bourque's report, affirmed by Sgt. Torrey and the BWC, the reasons why DeCastro was arrested was for engaging with a detained driver, refusing to give an officer reasonable space to work, and refusing to obey lawful commands after being advised he was being detained. (*Id.*; ECF No. 61 at ¶68). Ofc. Bourque's report further stated DeCastro had admitted to getting in trouble numerous times in the past for the same reasons, and his habitual behavior of obstructing police officers and claiming it was justified because of his right to film the police would continue in the area if he was not cited. (**Exhibit J**, Officer Bourque's Report).

### 2. The criminal trial.

In connection with the subject incident, DeCastro was charged with: (1) Obstructing a Public Officer – NRS 197.190; and (2) Resisting a Police Officer or Resisting Arrest – NRS 199.280. (**Exhibit K**, 3/15/23 Citation). DeCastro pled not guilty and proceeded to a bench trial on the charges in the Clark County Justice Court. (**Exhibit L**, Case No. 23-CR-013015 Docket).

On March 19, 2024, DeCastro's criminal bench trial was held in front of the Honorable Ann Zimmerman. (*See id.*) DeCastro was represented by his counsel of record in this action at the criminal trial. (*Id.*) DeCastro was convicted on both charges and sentenced to six months in jail. (*Id.*)

### B. PROCEDURAL HISTORY.

On April 17, 2023, DeCastro filed the instant lawsuit. (ECF No. 1). On May 7, 2023, DeCastro amended his complaint ("FAC"). (ECF No. 13). On October 23, 2023, this Court issued its Order Granting in part Defendants' Motion to Dismiss, (ECF No. 61). Specifically, this Court dismissed <u>with prejudice</u> DeCastro's' claims for unreasonable search and seizure, false imprisonment, invasion of privacy and negligence-based search and seizure. (ECF No. 61 at 16). This Court also dismissed <u>without prejudice</u> DeCastro's equal protection claim, First Amendment retaliation claim, *Monell* claim, § 1981 claim, and

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

negligence-based claim for biased policing without prejudice, DeCastro's excessive force and supervisor liability claims survived. This Court gave DeCastro leave to amend the claims dismissed without prejudice. (*Id.*)

DeCastro then amended his claims and filed his Second Amended Complaint ("SAC") on November 27, 2023, which is now the operative Complaint in this case. (ECF No. 61). The SAC contains the following causes of action:

First Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment false arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Second Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment illegal search and seizure claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Third Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment excessive force against Officers Bourque and Sandoval.

Fourth Claim for Relief: Nevada state law defamation claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Fifth Claim for Relief: 42 U.S.C. § 1983 First Amendment "chilling" claim against all defendants

Sixth Claim for Relief: 42 U.S.C. § 1983 First Amendment retaliation claim against all defendants

Seventh Claim for Relief: 42 U.S.C. § 1983 *Monell* liability claim against LVMPD, Nevada, and Sgt. Torrey.

Eighth Claim for Relief: 42 U.S.C. § 1983 selective enforcement and inequal police action claim against all defendants.

Ninth Claim for Relief: Nevada state law battery claim against Officer Sandoval.

Tenth Claim for Relief: Nevada state law invasion of privacy claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

Eleventh Claim for Relief: Nevada state law negligence claim against all individual defendants.

Twelfth Claim for Relief: 42 U.S.C. § 1983 failure to intervene claim against all individual defendants.

Thirteenth Claim for Relief: Nevada state law civil conspiracy claim against all individual defendants.

MAC:14687-456 5493911_1

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

<u>Fourteenth Claim for Relief:</u> Nevada state law abuse of process claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

<u>Fifteenth Claim for Relief:</u> 42 U.S.C. § 1983 *Monell* failure to train claim against Officer Torrey, LVMPD, and the State of Nevada. (ECF No. 61, p.19-33).

(ECF No. 61).

On December 11, 2023, the LVMPD Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment. (ECF No. 66). On February 2, 2024, DeCastro filed his Response and Opposition to Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment[1]. (ECF No. 79). On February 9, 2024, the LVMPD Defendants filed their Reply in Support of the Motion. (ECF No. 80). On April 5, 2024, the LVMPD Defendants filed their Motion for Leave to File Supplemental Evidence in Support of Summary Judgment. (ECF No. 83). The LVMPD Defendants' Motions (ECF No. 66; ECF No. 83) are currently pending before the Court.

## III.   <u>LEGAL STANDARD</u>

### A.   <u>SUMMARY JUDGMENT LEGAL STANDARD</u>

Under Rule 56 of the Rules of Federal Procedure, "[a] party may move for summary judgment, identifying each claim or defense - - or the part of each claim or defense - - on which summary judgment is sought [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is well established that the purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).

The rule, however, is not a "procedural short cut," but a "principal tool [] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

---

[1] Plaintiff was litigating the instant case *pro se* until his counsel of record filed a notice of appearance on January 10, 2024. (ECF No. 76).

MAC:14687-456 5493911_1

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). "If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law." *Id.*

When video evidence exists, courts should rely on the video evidence if it "blatantly contradicts" the non-moving party's version of events. *Hughes v. Rodriguez*, 31 4th 1211, 1218-19 (9th Cir. 2022) (*citing Scott v. Harris*, 550 U.S. 372, 378 (2007)). And, although a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" the court need not credit facts "unsupported by the record such that no reasonably jury could believe them, [and] need not rely on those facts for purposes of ruling on the summary judgment motion." *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010) (quoting *Scott*, 550 U.S. at 378-80).

### B.    42 U.S.C. § 1983 LEGAL STANDARD

42 U.S.C. § 1983 is not itself a source of substantive rights, but merely the procedural vehicle by which to vindicate federal rights elsewhere conferred. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). To make out a prima facie case under § 1983, a plaintiff must show that a defendant: (1) acted under color of law, and (2) deprived the plaintiff of a constitutional right. *See Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1989). The Defendant Officers do not dispute that they acted under color of law. Therefore, the task of this Court is to determine whether the Defendant Officers violated the Constitution. *See Albright*, 510 U.S. at 271. In addition, the Defendant Officers have raised the affirmative defense of qualified immunity.

A defendant in a § 1983 action is entitled to qualified immunity from damages for civil liability if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has often stressed the importance of deciding qualified

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "immunity from suit rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

"In determining whether an officer is entitled to qualified immunity, [a court] consider[s] (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). Consequently, at summary judgment, a court can "only" deny an officer qualified immunity in a § 1983 action "if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood [his] conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)

## IV.   LEGAL ARGUMENT

### A.   THIS COURT HAS ALREADY DISMISSED DECASTRO'S FIRST, SECOND, TENTH, AND ELEVENTH CAUSES OF ACTION WITH PREJUDICE.

DeCastro's SAC reasserts his claims for unreasonable search and seizure based on the arrest and search (first and second cause of action), invasion of privacy (tenth cause of action), and negligence based on the arrest and search (eleventh cause of action). This Court has already dismissed these claims with prejudice. (ECF No. 44). Accordingly, Defendants request this Court strike those claims from the SAC or reaffirm their dismissal with prejudice.

### B.   LVMPD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON DECASTRO'S 42 U.S.C. § 1983 CLAIMS.

#### 1.   DeCastro's Fourth Amendment Excessive Force Claim Fails (Third COA).

##### a.   Fourth Amendment Excessive Force Legal Standards.

In evaluating a Fourth Amendment excessive force claim, a court asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Id.* at 396-97. Reasonableness "must [therefore] be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted).

To determine the reasonableness of the officers' actions, a court must "assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating 'the type and amount of force inflicted'." *Glenn v. Washington Cty.*, 673 F.3d 864, 871 (9th Cir. 2011) (quoting *Espinosa v. City & Cty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010)). Even in cases "where some force is justified, the amount actually used may be excessive." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (citation omitted).

### b. The Defendant Officers Used Reasonable Force to Detain DeCastro.

The first step in the qualified immunity analysis is to determine whether the officers violated a constitutional right; i.e., whether the officers' use of force was objectively reasonable under the totality of the circumstances. *Graham*, 490 U.S. at 396. DeCastro is alleging the officers used excessive force while detaining him – namely Ofc. Borque intentionally punched DeCastro's genitals during the pat down and Ofc. Sandoval excessively pinched his arm tightly.

First, Ofc. Borque used reasonable force in detaining the admittedly resisting and obstructive DeCastro. The video shows DeCastro attempting to avoid Ofc. Borque and even attempting to push him away, i.e., active resistance. DeCastro's subsequent commentary concerning the subject incident on his online media platform(s) confirms that DeCastro was intentionally resisting Ofc. Bourque's commands and efforts to detain him. Ex. I. In response, the only force used by Ofc. Borque was basic empty-hand tactics to designed to control DeCastro and counter his resistance. This force was clearly reasonable. *See Graham*, 490 U.S. at 396 ("Our Fourth Amendment jurisprudence has long recognized that the right

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) ("Shafer's primary argument on appeal is that Deputy Padilla … had no basis for using *any* force whatsoever. We disagree . . . Deputy Padilla had probable cause to use *some* degree of force."). Thus, the video clearly establishes that Ofc. Borque's empty hand techniques to control the resisting DeCastro were reasonable.

Similarly, DeCastro's claim Ofc. Sandoval excessively squeezed his arm is refuted by the video evidence. The videos clearly show Ofc. Sandoval maintained a grip on DeCastro's arm due to the fact DeCastro continued to move, twist, and slightly resist after handcuffing. As explained to DeCastro by Ofc. Sandoval during the subject incident, because DeCastro was handcuffed and lacked the use of his hands, Ofc. Sandoval needed to maintain control of DeCastro so he did not fall and injure himself. This is objectively reasonable.

During discovery, DeCastro did not identify any experts, treating physicians, or provide any admissible evidence he suffered any injuries. Although not dispositive, lack of injury may be considered in deciding an excessive force claim. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("Arpin's claim of injury is equally unsupported as she does not provide any medical records to support her claim that she suffered injury as a result of being handcuffed."); *see also*, *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (9th Cir. 1990).

Finally, DeCastro's allegation Ofc. Borque intentionally struck him in the groin is refuted by the video evidence. Admittedly, it would be excessive for an officer to gratuitously strike a restrained suspect in the groin. The video confirms this did not happen. It shows Ofc. Borque performed a routine pat down for weapons and he never struck DeCastro. Indeed, the video shows DeCastro never even flinched or reacted to the alleged "strike." "Not every push or shove . . . violate[s] the Fourth Amendment." *Graham*, 490 U.S. at 396. Thus, DeCastro's allegation that Ofc. Borque gratuitously struck his genitals is "blatantly contradicted" by the video evidence. *See Hughes v. Rodriguez*, 31 F.4th 1211,

MAC:14687-456 5493911_1

1219 (9th Cir. 2022) (inmate's allegations could be ignored as they were blatantly contradicted by the video evidence).

Finally, at a minimum, there is no clearly established law prohibiting an officer (1) from using empty hand techniques to control a suspect resisting arrest, (2) maintaining a hold of suspect's arm when the suspect is handcuffed and continuing to twist and turn and disobey clear orders; or (3) perform a routine pat down that includes contact at or near the groin area. Thus, qualified immunity is appropriate under the clearly established prong in addition to the constitutional violation prong.

## 2.    DeCastro's Failure to Intervene Claim Fails (Twelfth COA).

A failure to intervene (a/k/a failure to intercede) claim is a subpart of the Fourth Amendment right to be free of excessive force. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2003 ("police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen"). Generally, a failure to intervene claim exists when bystander officers have an opportunity to intervene, but fail to do so. *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). "[T]he constitutional right violated by the *passive* defendant is analytically the same as the right violated by the person who [uses excessive force]." *U.S. v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994) (emphasis added). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1290.

The Ninth Circuit has only recognized a claim for failing to intervene in the excessive force context. Police officers do not have a general duty to intervene in all alleged wrongdoings by a fellow officer. *Briscoe v. Madrid*, 1:17-CV-0716-DAD-SKO, 2018 WL 4586251, at *5 (E.D. Cal. Sep. 21, 2018); *Dental v. City Salem*, No. 3:13-CV-01659-MO, 2015 WL 1524476, at *5 (D. Or. Apr. 2, 2015). The duty to intercede is "clearly limited to the context of excessive force" claims under the Fourth Amendment. *Dental*, 2015 WL 1524476, at *5 (finding that the duty to intercede did not apply to the plaintiff's wrongful arrest claim); *Gillette v. Malheur Cty.*, 2:14-CV-01542 -SU, 2016 WL 3180228, *7 (D. Or.

MAC:14687-456 5493911_1

2016); *Milke v. City of Phoenix*, No. CV-15-00462-PHX-ROS, 2016 WL 5339693 (D.Az. Jan. 8, 2016) (no duty to intervene outside of excessive force context).

As stated above, this claim can only apply to DeCastro's excessive force claim. As established herein, the video evidence demonstrates clearly and convincingly the Defendant Officers did not violate DeCastro's Fourth Amendment right to be free from excessive force. DeCastro cannot establish a genuine dispute of material fact as to that issue. Further, assuming *arguendo* excessive force was used, none of the uninvolved officers were in a position to prevent the use of force or stop it. Moreover, no clearly established law exists which would prohibit any of the force used by the Defendant Officers during the subject incident. Because the law was not clearly established, it was not clear to the Defendant Officers they had a duty to intervene and stop the conduct of any of their fellow officers. As a result, the LVMPD Defendants are necessarily entitled to summary judgment on DeCastro's failure to intervene claim.

### 3.   DeCastro's First Amendment Retaliation and Selective Enforcement Claims Fail (Fifth, Sixth, and Eighth COA).

DeCastro has separately asserted claims for chilling of First Amendment rights (fifth cause of action), First Amendment retaliation (sixth cause of action), and selective enforcement (eighth cause of action). A claim for chilling of First Amendment rights is not a cognizable cause of action. Rather, the analysis of whether a defendant's actions would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity is an element of a First Amendment retaliation claim. *See, e.g., Capp v. Cnty. of San Diego*, 940 F.3d 1046 (9th Cir. 2019). Accordingly, Defendants will analyze DeCastro's fifth and sixth cause of action as a singular First Amendment retaliation cause of action. In addition, DeCastro's selective enforcement claim is closely related to this claim and, therefore, will also be analyzed in this section.

#### a.   First Amendment Retaliation and First and Fourteenth Amendment Selective Enforcement Legal Standards.

There are three elements to a First Amendment retaliation claim. A plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (citing *Pinard v. Clatskanie Sch. Dist.* 6J, 467 F.3d 755 (9th Cir.2006)). To ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). Specifically, a plaintiff must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* (quoting *Hartman*, 547 U.S. at 260). However, a plaintiff may not recover merely on the basis of a speculative "chill" due to generalized and legitimate law enforcement initiatives. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (citing *Laird v. Tatum*, 408 U.S. 1, *reh'g denied* 409 U.S. 901, (1972)).

In *Nieves*, the U.S. Supreme Court adopted the "no-probable-cause" rule in relation to retaliatory arrest claims. *Nieves*, 587 U.S. at 403-04. If the plaintiff cannot make a showing that the arrest was not supported by probable cause, a retaliatory arrest claim fails. *Id.* The *Nieves* Court, in enacting the no-probable-cause rule, noted that "the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407.

To prevail on an equal protection selective enforcement claim, the plaintiff must show "that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc) (quotation omitted). "Enforcement may be shown through a variety of actual or threatened arrests, searches and temporary seizures, citations, and other coercive conduct by the police." *Id.* A discriminatory effect may be shown if "similarly situated individuals ... were not prosecuted." *Id.* (quotation omitted). The standard for proving discriminatory effect "is a demanding one." *Lacey*, 693 F.3d at 920; *see also Freeman v. City of Santa Ana*, 68

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

F.3d 1180, 1187 (9th Cir. 1995) ("[I]t is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared."). Finally, to show discriminatory purpose, the plaintiffs must show the police decided to enforce the law against them based on the exercise of their constitutional rights. *Id.* at 922. A similar claim arises under the First Amendment where "discriminatory enforcement of a speech restriction amount[s] to viewpoint discrimination." *Menotti v. City of Seattle*, 409 F.3d 1113, 1146-47 (9th Cir. 2005); *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

### b.   The First Amendment Retaliation Claim Fails Because the Officers Had Probable Cause to Arrest DeCastro

This Court has already determined the Defendant Officers had probable cause to arrest DeCastro for obstruction. (ECF No. 44 at p.7). The video footage submitted in support of the instant Motion only further reinforces the Court's prior determination of the existence of probable cause. Moreover, because DeCastro's criminal convictions depended on the judge finding the officers had probable cause to arrest DeCastro, a finding of no probable cause in this case would "necessarily imply the invalidity of [DeCastro's] conviction[s]" and is thus barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal. . . ").

Therefore, pursuant to *Nieves*, DeCastro's first amendment retaliation claim fails as a matter of law unless DeCastro can present objective evidence he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. Here, DeCastro cannot cite to objective evidence suggesting other individuals who illegally interfered with traffic stops and refused to step back and cease interfering with traffic stops were not arrested. As such, the LVMPD Defendants are entitled to summary judgment on DeCastro's First Amendment Retaliation claim.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### c. Summary Judgment is Warranted on DeCastro's Selective Enforcement Claim.

DeCastro also asserts a selective enforcement claim, asserting Defendants selectively enforce laws against people with white lips, brown skin, people that expressed criticism towards law enforcement those recording police interactions, and those publicizing information on police misconduct. (ECF No. 61 at ¶112). However, DeCastro cannot offer evidence to support his conclusory statements.

It remains undisputed DeCastro interfered in a traffic stop, willfully and actively disobeyed lawful commands, resisted the efforts of the officers to effectuate his detention, and taunted and demeaned the officers. DeCastro's behavior as demonstrated in the video exhibits gave the officers reasonable cause to believe the violation which DeCastro was arrested for would continue in the area if DeCastro was not arrested. (*See* ECF No. 61 at ¶24). In sum, DeCastro cannot present evidence to support the notion that individuals who engaged in substantially similar conduct were not arrested for obstruction. As a result, DeCastro cannot meet his burden at trial of proving a discriminatory effect, and the LVMPD Defendants are entitled to summary judgment on DeCastro's selective enforcement claim.

Similarly, the video evidence in this case shows the Defendant Officers were not motivated by a discriminatory purpose and did not decide to enforce the law against DeCastro based on his exercise of his constitutional rights. DeCastro was told by numerous officers throughout the encounter, including Ofc. Bourque and Sgt. Torrey, the problem was not his filming, but rather his interference with a traffic stop and subsequent refusal to comply with lawful orders to stand back. DeCastro cannot present evidence to support the notion the Defendant Officers arrested him or took any action against him as a result of his exercise of his First Amendment rights. Thus, DeCastro cannot meet his burden at trial of proving a discriminatory purpose, and the LVMPD Defendants are entitled to summary judgment on DeCastro's selective enforcement claim.

MAC:14687-456 5493911_1

d. **There Is No Clearly Established Law Preventing Officers from Arresting an Individual for Obstruction Under These Facts.**

The second prong of the qualified immunity analysis asks whether the law regarding the constitutional violation was clearly established. *Lal*, 746 F.3d at 1116. "It is the plaintiff who bears the burden of showing that the rights allegedly violated were clearly established," *Shafer*, 868 F.3d at 1118 (internal quotation marks and citation omitted), and he must provide a case that demonstrates the unconstitutionality of the action "in light of the specific context of [this] case." *See Mullenix*, 136 S.Ct. at 308.

There is no clearly established law that an officer arresting an individual for obstruction under these facts constitutes a First Amendment violation. Specifically, DeCastro interfered in a traffic stop, willfully and actively disobeyed lawful commands to stand back from the traffic stop and resisted the efforts of the officers to effectuate his detention, all while repeatedly asserting that he was in the right and demonstrating no contrition for his actions. Defendants are not aware of any case in which arresting an individual for obstruction under similar factual circumstances was found to be a First or Fourteenth Amendment violation. Accordingly, there is no clearly established law, and the Defendant Officers are entitled to qualified immunity on DeCastro's First Amendment Retaliation claims and First and Fourteenth Amendment selective enforcement claim.

C. **SUMMARY JUDGMENT IS WARRANTED AS TO DECASTRO'S *MONELL* CLAIMS.**

DeCastro alleges two causes of action which he identifies as *Monell* claims. DeCastro alleges a claim for *Monell* supervisor liability based on the subject incident (seventh cause of action), as well as a *Monell* failure to train claim (fifteenth cause of action). Because both claims are brought against Defendant LVMPD pursuant to *Monell*, defendants will analyze the claims in conjunction.

1. ***Monell* Legal Standard.**

In *Monell*, the Court held that when a municipal policy of some nature is the cause of the unconstitutional actions taken by municipal employees, the municipality itself will be

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

liable. *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Liability only exists where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by municipal officers, or where the constitutional deprivation is visited pursuant to governmental "custom" even though such a "custom" has not received formal approval. *Id.* at 690-91. The Court defined "custom" as "persistent and widespread discriminatory practices by state officials." *Id.* at 691 (citing *Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 167-68 (1970)).

The doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 claims against municipalities. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (citing *Monell*, 436 U.S. at 691). In other words, municipal liability is not established merely by showing that a municipal employee committed a constitutional tort while within the scope of employment. *Id.* at 478-79. For liability to attach to a municipality, a plaintiff must establish that the wrongful act complained of was somehow caused by the municipality. *Monell*, 436 U.S. at 691-95. Such liability can be imposed only for injuries inflicted pursuant to a governmental "policy or custom." *Monell*, 436 U.S. at 694. In addition, there must be shown to be an affirmative link between the policy or custom and the particular constitutional violation alleged. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). The alleged policy or custom must be the "moving force" for the constitutional violation in order to establish liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694). Causation must be specific to the violation alleged, meaning that merely proving an unconstitutional policy, practice, or custom however loathsome, will not establish liability unless the specific injury alleged relates to the specific unconstitutional policy proved. *Board of County Comm'rs of Bryan City, Oklahoma vs. Brown*, 520 U.S. 397, 404 (1997). Once each of these elements are met, a plaintiff must further prove that the unconstitutional policy that caused his injury was the result of something more than mere negligence on the part of the municipality, and was instead the result of "deliberate indifference" - a state of mind that requires a heightened level of culpability, even more than mere "indifference." *Id.* at 411. In fact, the *Monell* standard for municipal liability has been

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

interpreted as more restrictive than "common law restrict[ions] [on] private employers' liability for punitive damages." *See* David Jacks Achtenburg, *Taking History Seriously: Municipal Liability Under 42 U.S.C. § 1983 and the Debate Over Respondeat Superior*, 73 Fordham L. Rev. 2183, 2191 (2005). Proof of a single incident is insufficient to establish a custom or policy. *Tuttle*, 471 U.S. at 821.

To prevail on *Monell* claim against LVMPD, DeCastro must (1) identify the challenged policy or custom; (2) show how the policy or custom is deficient; (3) prove how the policy or custom caused the plaintiff harm; and (4) demonstrate how the policy or custom amounted to deliberate indifference, i.e., show how the deficiency involved was obvious and the constitutional injury was likely to occur. *See Harvey v. City of South Lake Tahoe*, 2012 WL 1232420 (E.D. Cal. April 12, 2012). An actionable policy or custom is demonstrated by: (1) an "express policy that, when enforced, causes a constitutional deprivation." *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled to constitute a 'custom or usage' with the force of law;" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915 (1988) (plurality opinion); or (3) constitutional injury caused by a person with "final policymaking authority." *Id.* at 123.

### 2. Summary Judgment is Warranted as to DeCastro's *Monell* Claims Against LVMPD (Seventh and Fifteenth COA).

In the instant case, DeCastro pled a conclusory wish-list of unconstitutional customs, policies, or practices relating to LVMPD's methods of effectuating arrests, use of force, searches and seizures, hiring and training practices, and more. (ECF No. 61 at ¶¶106, 151). However, there is no identification of a policy, that when enforced, caused the alleged constitutional violation. *See Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). Ironically, the only identification of actual policies are DeCastro's identification of policies which when enforced, uphold and protect the constitutional rights of the citizenry. (ECF No. 61 at ¶¶21-27).

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Because DeCastro has not raised triable issues as to whether the officers violated his constitutional rights, his §1983 *Monell* claims fail as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point").

In addition, DeCastro cannot identify facts demonstrating any of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled to constitute a 'custom or usage' with the force of law; or (3) constitutional injury caused by a person with "final policymaking authority." Moreover, DeCastro cannot present evidence in support of deliberate indifference. Accordingly, DeCastro cannot meet his burden at trial of proving his *Monell* claims, and LVMPD Defendants are entitled to summary judgment on DeCastro's *Monell* claims.

### D.   SUMMARY JUDGMENT IS WARRANTED AS TO DECASTRO'S STATE LAW CLAIMS.

#### 1.   <u>DeCastro Cannot Establish a Genuine Dispute of Material Fact as to his Defamation Claim (Fourth COA).</u>

To prevail on a defamation under Nevada law, a plaintiff must establish "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel). With respect to a claim of defamation arising from a police report, such an instrument may form the basis of such a claim; however, there must be a specific statement contained in the police report that plaintiff states is false. *See Sykes v. Las Vegas Metropolitan Police Department*, Case No. 2:21-cv-01479-RFB-DJA, 2021 WL 5799381, at *4 (D. Nev. December 3, 2021).

Here, DeCastro alleged the Defendant Officers shared false police reports with third parties. (ECF No. 61 at ¶91). However, the authentic video evidence demonstrates the police reports do not contain any false statement. (*Id.* at ¶¶68-69). Moreover, DeCastro cannot

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

identify evidence to support the element the police report was "published" to a third person in the absence of privilege. In the absence of a false and defamatory statement or an unprivileged publication, DeCastro's defamation claim fails as a matter of law. Further, DeCastro has published numerous videos describing the incident and showing his videos. Thus, any claim he has been "defamed" is nonsense as he knowingly provoked the incident to gain internet fame.

### 2. DeCastro Cannot Establish a Genuine Dispute of Material Fact as to his Battery Claim (Ninth COA).

This district has long recognized that the standard for battery by a police officer under Nevada law is the same as under a 42 U.S.C. § 1983 claim. *See, e.g., Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996) ("The standard for common-law assault and battery by a police officer thus mirrors the federal civil rights law standard: Liability attaches at the point at which the level of force used by a peace officer exceeds that which is objectively reasonable under the circumstances.") Because summary judgment is warranted in relation to DeCastro's excessive force under § 1983, summary judgment is also warranted for DeCastro's state law battery claim.

### 3. DeCastro Cannot Establish a Genuine Dispute of Material Fact as to his Negligence Claim (Eleventh COA).

DeCastro's negligence claim has been dismissed with prejudice as to all theories besides his theory of excessive force. (ECF No. 44 at p.14). A claim for negligence requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages. *Turner v. Mandalay Sports Entertainment, LLC*, 124 Nev. 213, 217 (2008).

A plaintiff's negligence claim cannot be based on an intentional act. *See* Restatement (Second) of Torts § 282 (1965), cmt. d (stating that negligence "excludes conduct which creates liability because of the actor's intention to invade a legally protected interest of the person injured or a third person"). Consequently, as a matter of law, there is no cause of action against a law enforcement officer for a negligent, unjustified use of excessive force. *See City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. Dist. Ct. App. 1996) ("Hence, we

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

come to the inescapable conclusion that it is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional tort.'); *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018) (a plaintiff "cannot assert a negligence claim based solely on an officer's intentional use of physical force" because there is no cognizable claim for "negligent use of intentionally inflicted force."); *Liberti v. City of Scottsdale*, 816 F.App'x. 89, 91 (9th Cir. 2020) (applying *Napier* to Arizona wrongful death actions); *Scales v. District of Columbia*, 973 A.2d 722, 731 (D.C. 2009) ("[I]f, in a case involving the intentional use of force by police officers, a negligence count is to be submitted to the jury, that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care"). Therefore, in a police officer excessive force case, a plaintiff can only have a valid negligence claim if the plaintiff establishes negligence divorced from the actual force. *See Wells v. City of Las Vegas*, 2024 WL 2028007, *16 (D. Nev. 2024) (predicting the Nevada Supreme Court would not recognize a negligence cause of action for an intentional tort).

Here, DeCastro's negligence claim is based entirely upon the officers' intentional use of force and, therefore, fails as a matter of law. Moreover, DeCastro cannot adduce facts in support of a negligence claim. Even if DeCastro could rely on a theory of intentional force to support a negligence claim, DeCastro lacks competent evidence of breach of any duty of care, causation, or damages. Accordingly, summary judgment on DeCastro's negligence claim based on the Defendant Officers' use of force is warranted.

### 4.   **DeCastro Cannot Establish a Genuine Dispute of Material Fact as to his Civil Conspiracy Claim (Thirteenth COA).**

DeCastro's SAC alleges a claim for civil conspiracy based on a theory the Defendant Officers agreed to violate his civil rights, they acted according to a common plan and committed overt acts in furtherance of the conspiracy.  (ECF No. 61 at ¶141).

In order to prevail on a claim for civil conspiracy in Nevada, a plaintiff must establish two prongs: (1) two or more persons acting in concert intending to accomplish an

MAC:14687-456 5493911_1

unlawful objective for the purpose of harming the plaintiff; and (2) the plaintiff sustained damages as a result of that action. *See Sutherland v. Gross*, 105 Nev. 192, 772 P.2d 1287, 1290 (Nev. 1989).

Here, DeCastro alleges in a conclusory fashion the Defendant Officers conspired to violate his civil rights and cause him harm. (ECF No. 61 at ¶¶141-143). However, DeCastro has failed to adduce evidence in support of such a theory. DeCastro cannot present evidence which would establish that a conspiracy existed, nor the Defendant Officers acted with the purpose of harming him. Because DeCastro cannot offer competent evidence to establish the elements of a civil conspiracy claim, summary judgment in favor of the LVMPD Defendants is warranted as to the civil conspiracy cause of action.

In addition, even if DeCastro could present evidence to support a plausible civil conspiracy claim, the claim would still fail as a matter of law under the intra-corporate conspiracy doctrine. In *Collins v. Union Fed. Sav. & Loan Ass'n,* 99 Nev. 284, 662 P.2d 610, 622 (1983)  the Nevada Supreme Court held "Agents and employees of a corporation cannot conspire with their corporate principal or employer when they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *See also, Conleys Creek Ltd. P'ship. V. Smoky MountainCountry Club Prop. Owners Ass'n, Inc.*, 805 S.Ed.2d 147, 156 (N.C. App. 2017); *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 770-71 (1984) (applying the doctrine in an antitrust context holding that a parent corporation and its wholly owned subsidiary are incapable of conspiring under Section 1 of the Sherman Act); *Renner v. Wurdeman,* 231 Neb. 8, 434 N.W.2d 536, 542 (1989) ("'A corporation cannot conspire with an agent when that agent is *acting within the scope of his authority.*' " (citation omitted) (emphasis in original)); *Gray v. Marshall County Bd. of Educ.,* 179 W.Va. 282, 367 S.E.2d 751, 752 (1988) ("A corporation, as a single business entity, acts with one "mind" and the unilateral acts of a corporation will not satisfy the requirement of a [conspiracy].").

Resultantly, summary judgment on DeCastro's civil conspiracy claim is warranted.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### 5. **DeCastro Cannot Establish a Genuine Dispute of Material Fact as to his Abuse of Process Claim (Fourteenth COA).**

DeCastro's SAC alleges a claim for abuse of process based on his being arrested and charged with obstruction as a result of the subject incident. (ECF No. 61 at ¶¶146-148).

Under Nevada law, a plaintiff must establish two elements to prevail on an abuse of process claim: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (citation omitted). However, the filing of a criminal complaint cannot be the willful act, a plaintiff must allege a willful act after filing to satisfy the second element. *Laxalt v. McClatchy*, 622 F.Supp. 737, 751-52 (D. Nev. 1985); *Childs v. Selznick*, 281 P.3d 1161 (Nev. 2009) (noting that "'the mere filing of [a] complaint is insufficient to establish the tort of abuse of process'") (quoting *Laxalt*, 622 F.Supp. at 752)) (unpublished).

DeCastro cannot identify evidence which could meet his burden at trial on this abuse of process claim. To prevail, DeCastro must identify a willful act *after* the filing of the criminal charges. No such act occurred, nor can DeCastro offer evidence to support the theory Defendants used the legal process to accomplish a goal other than for what it was created. *See, e.g., Donahoe v. Arpaio*, 869 F.Supp.2d 1020, 1060 (D. Ariz. 2012) (dismissing § 1983 abuse of process claim under Arizona law, which requires the same elements as Nevada, where the plaintiffs alleged their arrests and prosecutions were improper, but they did not allege that any specific judicial process was employed for a purpose other than for what it was designed.) For these reasons, DeCastro's abuse of process claim fails as a matter of law and summary judgment in favor of the LVMPD Defendants is warranted.

/ / /

/ / /

/ / /

**MARQUIS AURBACH**

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5493911_1

**V.    CONCLUSION**

Based on the foregoing, the LVMPD Defendants respectfully request this Court grant their Motion for Summary Judgment.

Dated this 14th day of June, 2024.

MARQUIS AURBACH

By  /s/ Craig R. Anderson
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 14th day of June, 2024.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

 /s/ Sherri Mong
an employee of Marquis Aurbach

MAC:14687-456 5493911_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**DECLARATION OF CRAIG R. ANDERSON, ESQ. IN SUPPORT OF
DEFENDANTS LVMPD, SGT. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC.
SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S MOTION FOR
SUMMARY JUDGMENT**

I, Craig R. Anderson, Esq., hereby declares as follows:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      I am counsel for Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants") in the case of *DeCastro v. LVMPD, et al*., Case No. 2:23-cv-00580-APG-EJY.

3.      This Declaration is submitted to the Court to authenticate exhibits attached to the LVMPD Defendants' Motion for Summary Judgment.

4.      Attached as Exhibit A is the body worn camera footage of Ofc. Bourque. It is authenticated in the declaration of Ofc. Bourque attached as Exhibit G.

5.      Attached as Exhibit B is the body worn camera footage of Ofc. Sandoval.  It is authenticated in the declaration of Ofc. Sandoval attached as Exhibit G.

6.      Attached as Exhibit C is the body worn camera footage of Ofc. Dingle.  It is authenticated in the declaration of Ofc. Dingle attached as Exhibit G.

7.      Attached as Exhibit D is the body worn camera footage of Ofc. Sorenson.  It is authenticated in the declaration of Ofc. Sorenson attached as Exhibit G.

8.      Attached as Exhibit E is the body worn camera footage of Ofc. Doolittle.  It is authenticated in the declaration of Ofc. Doolittle attached as Exhibit G.

9.      Attached as Exhibit F is the body worn camera footage of Sgt. Torrey.  It is authenticated in the declaration of Sgt. Torrey attached as Exhibit G.

10.     Attached as Exhibit G are the declarations of Ofc. Bourque, Ofc. Sandoval, Ofc. Dingle, Ofc. Sorenson, Ofc. Doolittle, and Sgt. Torrey, authenticating the body worn

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5507740_1 6/14/2024 10:44 AM

camera footage. The signed declarations of Ofc. Bourque, Ofc. Sandoval, Ofc. Sorenson, Ofc. Doolittle, and Sgt. Torrey were previously attached as an exhibit to LVMPD Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 66).

11.     Attached as Exhibit H is DeCastro's YouTube video detailing the subject incident, which is comprised of his own video footage, clips of BWC footage, and DeCastro's overlayed text commentary.  It is a true and accurate copy of DeCastro's YouTube video and its authenticity is not in dispute.

12.     Attached as Exhibit I is a YouTube video uploaded by another YouTube creator who has uploaded portions of DeCastro's own videos wherein DeCastro has discussed the subject incident.  It is a true and accurate copy of the subject YouTube video and the authenticity of DeCastro's own statements is not in dispute.

13.     Attached as Exhibit J is Ofc. Bourque's Blue Team Report. It is an authentic public record prepared by Ofc. Bourque contemporaneous with and immediately after the subject incident and arrest of Plaintiff.

14.     Attached as Exhibit K is DeCastro's March 15, 2023 citation. It is a public record and is authenticated by the signatures of Ofc. Bourque and Plaintiff.

15.     Attached as Exhibit L is Case No. 23-CR-013015 Register of Actions.  It is the docket for Plaintiff's criminal case stemming from the incident which is the subject of this action. Exhibit L is an authentic public record prepared by the Clark County Justice Court.

16.     Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 14th day of June, 2024.

s/Craig R. Anderson
Craig R. Anderson

MAC:14687-456 5507740_1 6/14/2024 10:44 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# Exhibit A – F
# Flash Drive Containing Body Worn Camera Video Evidence of Defendant Officers

Exhibit G
Declarations of Defendant
Officers Authenticating Body
Worn Camera Footage

**DECLARATION OF OFC. BRANDON BOURQUE IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I, Ofc. Brandon Bourque, hereby declare and say:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      This Declaration is brought to authenticate certain exhibits and court filings on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-cv-00580-APG-EJY.

3.      I am currently a Police Officer with the Las Vegas Metropolitan Police Department. I have personal knowledge regarding the incident which is the subject of DeCastro's Second Amended Complaint.

4.      I have reviewed my body worn camera footage that is attached to the Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of what my body worn camera captured on the day of the subject incident. The footage has not been modified, edited, or otherwise changed.

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this __ day of December, 2023.

_____
Brandon Bourque

Page 1 of 1

DocuSign Envelope ID: 6928AC2B-7AC0-425A-B243-22B20302F84A

**DECLARATION OF OFC. JESSE SANDOVAL IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I, Ofc. Jesse Sandoval, hereby declare and say:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      This Declaration is brought to authenticate certain exhibits and court filings on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al*., Case No. 2:23-cv-00580-APG-EJY.

3.      I am currently a Police Officer with the Las Vegas Metropolitan Police Department. I have personal knowledge regarding the incident which is the subject of DeCastro's Second Amended Complaint.

4.      I have reviewed my body worn camera footage that is attached to the Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of what my body worn camera captured on the day of the subject incident. The footage has not been modified, edited, or otherwise changed.

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 29th day of January, 2023.



Jesse Sandoval

MAC:14687-456 5311918_1 1/29/2024 3:46 PM

**<u>DECLARATION OF OFC. CHADLY DINGLE IN SUPPORT OF LVMPD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

I, Ofc. Chadly Dingle, hereby declare and say:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      This Declaration is brought to authenticate certain exhibits and court filings on behalf of the LVMPD Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-cv-00580-APG-EJY.

3.      I am currently a Police Officer with the Las Vegas Metropolitan Police Department. I have personal knowledge regarding the incident which is the subject of DeCastro's Second Amended Complaint.

4.      I have reviewed my body worn camera footage that is attached to the LVMPD Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of what my body worn camera captured on the day of the subject incident. I was wearing my body camera upside down during the subject incident, so the footage has been inverted for ease of viewing. The footage has not otherwise been modified, edited, or otherwise changed.

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 13 day of June, 2024.

_____
Chadly Dingle

Page 1 of 1

1

2

**DECLARATION OF OFC. BRANDON SORENSON IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

3   I, Ofc. Brandon Sorenson, hereby declare and say:

4   1.     I am over the age of eighteen (18) years of age and have personal knowledge

5   of the facts stated herein, except for those stated upon information and belief, and as to

6   those, I believe them to be true.  I am competent to testify as to the facts stated herein in a

7   Court of law and will so testify if called upon.

8   2.     This Declaration is brought to authenticate certain exhibits and court filings

9   on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-

10   cv-00580-APG-EJY.

11   3.     I am currently a Police Officer with the Las Vegas Metropolitan Police

12   Department. I have personal knowledge regarding the incident which is the subject of

13   DeCastro's Second Amended Complaint.

14   4.     I have reviewed my body worn camera footage that is attached to the

15   Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of

16   what my body worn camera captured on the day of the subject incident. The footage has not

17   been modified, edited, or otherwise changed.

18   5.     Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of

19   the State of Nevada that the foregoing is true and correct.

20   Dated this 23 day of December, 2023.

21

22   Brandon Sorenson

23

24

25

26

27

28

Page 1 of 1

MAC:14687-456 5311917_1 12/7/2023 9:56 AM

1
2

**DECLARATION OF OFC. CLINTON DOOLITTLE IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

3   I, Ofc. Clinton Doolittle, hereby declare and say:

4   1.   I am over the age of eighteen (18) years of age and have personal knowledge
5   of the facts stated herein, except for those stated upon information and belief, and as to
6   those, I believe them to be true.  I am competent to testify as to the facts stated herein in a
7   Court of law and will so testify if called upon.

8   2.   This Declaration is brought to authenticate certain exhibits and court filings
9   on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-
10   cv-00580-APG-EJY.

11   3.   I am currently a Police Officer with the Las Vegas Metropolitan Police
12   Department. I have personal knowledge regarding the incident which is the subject of
13   DeCastro's Second Amended Complaint.

14   4.   I have reviewed my body worn camera footage that is attached to the
15   Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of
16   what my body worn camera captured on the day of the subject incident. The footage has not
17   been modified, edited, or otherwise changed.

18   5.   Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of
19   the State of Nevada that the foregoing is true and correct.

20   Dated this 11th day of December, 2023.

21

22   Clinton Doolittle

23
24
25
26
27
28

Page 1 of 1

MAC:14687-456 5311920_1 12/7/2023 9:57 AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF SGT. ERLAND TORREY IN SUPPORT OF LVMPD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I, Sgt. Erland Torrey, hereby declare and say:

1.      I am over the age of eighteen (18) years of age and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a Court of law and will so testify if called upon.

2.      This Declaration is brought to authenticate certain exhibits and court filings on behalf of the Defendants in the case of *Jose DeCastro v. LVMPD, et al.*, Case No. 2:23-cv-00580-APG-EJY.

3.      I am currently a Sergeant with the Las Vegas Metropolitan Police Department. I have personal knowledge regarding the incident which is the subject of DeCastro's Second Amended Complaint.

4.      I have reviewed my body worn camera footage that is attached to the Defendants' current Motion. I can confirm that it is a true, accurate, and complete copy of what my body worn camera captured on the day of the subject incident. The footage has not been modified, edited, or otherwise changed.

5.      Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 7ᵀᴴ day of December, 2023.

_____
Erland Torrey

Page 1 of 1

MAC:14687-456 5311910_1 12/7/2023 9:50 AM

# Exhibits H and I

Flash Drive containing (1) DeCastro's YouTube video dealing with the subject incident, which is comprised of his own video footage, clips of BWC footage, and DeCastro's overlayed text commentary; and (2) Separate YouTube creator with uploaded portions of DeCastro's own videos discussing the subject incident

# Exhibit J

# Ofc. Bourque's Report

Case No:

**Involved citizen:**

  Josh  Risley

  Linked phone(s):
  

**Employees involved:**

  **PO II (FTEP) Branden C Bourque [15725]**

    **Employee current info:**

    Division:  West Community Policing
    Bureau:  Summerlin Area Command
    Section:

    **Snapshot - employee information at time of incident:**

    P Number:  15725
    Division:  West Community Policing
    Bureau:  Summerlin Area Command
    Section:
    Shift:  3
    Rank/title: PO II
    Age: 30   Years of employment: 7   Years with unit: 0
    Off duty: Unk   Off duty employed: Unk

    Allegations:

    5.100-Search and Seizure
       Apr 12, 2023 - No Policy Violation

**Employee witnesses:**

  **PO I Chadly E Dingle [19359]**

    **Employee current info:**
    Division:  Tourist Safety
    Bureau:  Convention Center Area Command
    Section:
  **PO SGT (FTEP) Erland J Torrey [9804]**

    **Employee current info:**
    Division:  West Community Policing
    Bureau:  Summerlin Area Command
    Section:

**Summary:**

COM stated the he watched the Youtube video and stated that officer arrested the person who was just standing there filming even when he
was 15 ft away.  COM states the officer made contact with the  filmer and escalated the situation and then detained him.

**Investigative tasks:**

Due dt        Done dt        Type

Mar 26, 2023    Mar 16, 2023    Preliminary Case Notes

 Assigned To: PO-2 JAYSON OSBORNE

*****************Summary of Complaint*********************


COM stated that he watched the Youtube video and stated that the officer arrested the person who was just standing there filming even when he was 15 ft away.  COM stated the officer made contact with the  filmer and escalated the situation and then detained him.


*****************CAD Review/Research*********************


IAB located an incident on March 15, 2023, at approximately 1617 hours under LVMPD Event Number LLV230300064617. The details are as follows:

03/15/2023 16:17:54 Incident Created (Field Initiated)
03/15/2023 16:17:54 TARGET
03/15/2023 16:29:10 3R1/ REQ ANOTHER UNIT SUBJ TRYING TO PULL AWAY C/RED 3R1/NEG C/RED CHAN CL
03/15/2023 16:39:35 NAM/DECASTRO,J0SE M SEX/M RAC/U POB/CA DOB/██████ HGT/507 WGT/165 EYE/BR0 HAI/BR0 FBI/80486VA7 FPC/P0PIP0221918P0181819 SOC/556332535
03/15/2023 16:45:29 NAM/ DECASTRO,JOSE MARIA DOB/██████ SOC/██████ SID/ FBI/ 80486VA7 OLN/ SEX/ M RAC/ U HGT/ 508 WGT/ 168 HAI/ BRO EYE/ GRN SKN/ ETN/ H AGE/ 48
03/15/2023 16:59:15 3R13TV/ REQ ANI CONT DOG TERRIER SMALL
03/15/2023 17:00:40 SMALL DOG LEFT UNATTENDED IN VEHICLE PARKING LOT ORIG: LVM290Q3 LVM19356 CJIS:RQ 03/15/2023-16:56:46 RESP: NLETS ( NV004C962711 ) NLETS:RR 03/15/2023-16:56:47 RR.CALIC0000. 16:56 03/15/2023 35957 16:56 03/15/2023 19639 NV00290Q3 *NV56EF99D7 TXT NLETS TEXT RESPONSE DATE: 03/15/23 TIME: 16:56 INSURANCE INFORMATION UNKNOWN REG VALID FROM: 11/24/22 TO 11/24/23 LIC#:8TTE796 YRMD:21 MAKE:HOND BTM :SV VIN :5FNRL6H76MB008484 R/O :DECASTRO JOSE MARIA,                    :19 ZIP#:██████ SOLD:00/00/20 RCID:12/07/22 OCID:12/07/22 LOCD:Z L/O :CERTIFIED FCU,██████████████         ZIP :██████
03/15/2023 17:00:42 CHARGES: 1) OBSTRUCTING PUBLIC OFFICER - SUBJECT WAS UNRELATED TO 467 AND WALKED UP TO THE DETAINED DRIVER'S WINDOW IN THE PARKING LOT. THE SUBJECT BEGAN ENGAGING WITH THE SUBJECT AND WAS ORDERED TO BACK AWAY FROM THE CAR STOP FOR THE DRIVER'S PRIVACY. THE SUBJECT REFUSED MULTIPLE COMMANDS TO DISENGAGE, BUT WAS ALSO TOLD THAT HE COULD CONTINUE VIDEO RECORDING AS LONG AS HE BACKED UP. THE SUBJECT REFUSED AND WAS TOLD THAT HE WAS DETAINED FOR OBSTRUCTING THE ORIGINAL VEHICLE STOP. 2) AFTER ADVISING THE SUBJECT THAT HE WAS BEING DETAINED AND WAS ORDERED TO STEP IN FRONT OF THE MARKED PATROL VEHICLE HE REFUSED MULTIPLE TIMES. OFFICERS GRABBED TOWARD THE SUBJECT'S ARMS TO ESCORT HIM BACK TO THE PATROL VEHICLE AND HE PHYSICALLY PULLED AWAY AND RESISTED. BWC AVAILABLE. WHILE RESISTING ARREST THE SUBJECT HIT THE POWER BUTTON TO MY BWC WHICH KNOCKED IT TO THE OFF POSITION. THAT PORTION SHOULD BE VISIBLE FROM THE ORIGINAL 467 BWC. INTENT IS NOT BELIEVED TO BE COMBATIVE WITH OFFICERS, BUT TO RESIST ARREST.
03/15/2023 17:13:10 7R11: SUBJECT WAS INFORMED MULTIPLE TIME TO FACE THE PATROL VEHICLE, AT WHICH TIME THE SUBJECT AFTER DUE NOTICE FACED AWAY FROM THE VEHICLE. SUBJECT WAS OBSERVED TO HAVE DIALATED PUPILS, DRIED LIPS, AND ERATIC SPEECH WHICH ARE ALL OBSERVED TO BE CONSISTANT WITH A PERSON UNDER THE INFLENCE OF A NARCOTIC. SUBJECT TOLD ME TO SUCK HIS "COCK" AND "PENIS" AT WHICH TIME HE WAS GRABBED BY HIS LEFT ARM TO PREVENT THE SUBJECT FROM FALLING AND HURTING HIMSELF WHILE IN HANDCUFFS.
03/15/2023 17:53:48 DECASTRO STATED THAT THIS IS WHAT HE DOES, THAT HE GOES AROUND THE COUNRTY SUING POLICE DEPARTMENTS. IT APPEARS FROM THE BODY CAM THAT DECASTRO WAS TRYING TO BAIT OFFICERS IN HOPING A CONFRONTATION WOULD ENSUE. DECASTRO GOT TO WITHIN 5 FEET OF THE DRIVERS SIDE DOOR OF THE DRIVER. HE WAS INFORMED BY THE OFFICER THAT HE WAS INTERFERING WITH HIS CAR STOP AND THAT HE COULD FILM BUT HAD TO GET BACK. DECASTRO REFUSED TO MOVE AND AFTER SEVERAL COMMANDS WAS TOLD THAT HE WAS BEING DETAINED FOR OBSTRUCTING. DECASTRO CAN THEN BE SEEN RESISTING AND PULLING AWAY FROM OFFICERS AND CONTINUED TO REFUSE COMMANDS. DECASTRO TOLD ME THAT HE WANTED TO HAVE A SIT DOWN WITH THE DEPARTMENT TO DISCUSS WHAT WAS ALLOWED. I INFORMED HIM THAT ALL HE HAS TO DO IS NOT GET INVOLVED IN A STOP BY PUTTING HIMSELF IN THE MIDDLE AND WHEN TOLD TO MOVE BACK SO THAT THE OFFICER CAN CONDUCT THE STOP THEN LISTEN TO COMMANDS. DECASTRO WAS SO CLOSE THAT OFFICER BOURQUE WOULD HAVE GIVEN HIS BACK TO DECASTRO IN ORDER TO APPROACH THE DRIVER BECAUSE HE REFUSED TO MOVE. DECASTRO THEN CLAIMED THAT OFFICER SANDOVAL WAS TORTURING HIM BY SQUEEZING HIS ARM. I REVIEWED BODY CAMERA AND SANDOVAL IS FOLLOWING POLICY AND IS HOLDING ONTO HIM WITH ONE ARM AS DECASTRO CONTINUES TO TURN TOWARDS HIM AND NOT LISTEN TO COMMANDS. DECASTRO REQUESTED THAT HIS NEPHEW COME AND GET HIS DOG AS IT WAS LEFT IN HIS VEHICLE. THE DOG WAS RELEASED TO HIS NEPHEW MASON.
03/15/2023 19:18:46 CLASS 2 CITATION - ECITATION # LVM1148005
03/15/2023 21:22:20 BRAZOS STOP DATA COMPLETED FOR ORIGINAL TRAFFIC STOP
03/15/2023 21:22:46 DISPO D:CLASS II CITATION

A Body Worn Camera breakdown was completed and attached to IAPro under the video link.

*******************IAB contact w/ COM**********************

*****Summary of Investigation w/ preliminary recommendations*****

On March 15, 2023, at approximately 1617 hours, Officer B. Bourque P#15725, conducted a vehicle stop under LVMPD Event Number LLV230300064617 at ████████████████████████████7.

During the stop, while Officer Bourque was conducting a record check, an unknown male who was not associated with the initial stop, later identified as Jose Maria DeCastro, approached the driver of the vehicle stopped by Officer Bourque. Officer Bourque exited his vehicle and told the male not to engage with the driver and to back away.  DeCastro was immediately confrontational and stated he was only 10 feet away and was recording. Officer Bourque told DeCastro that he was allowed to record but directed him to move away from the driver to give her privacy. DeCastro refused and stated he was a Constitutional Law Scholar and a member of the press. He then told Officer Bourque that his name would be on a lawsuit. DeCastro told Officer Bourque, "Mind your own fucking business" and "Go get in your car and do your job, little doggy."  Officer Bourque told DeCastro he was being detained.

Officer Bourque told the vehicle's driver she was free to leave and then asked for additional units due to DeCastro refusing to obey his lawful commands. Officer Bourque told DeCastro he was being detained and instructed him to the front of the patrol vehicle. DeCastro refused and told Officer Bourque not to touch him. DeCastro eventually agreed to walk to the patrol vehicle after Officer Bourque instructed him to do so multiple times. Officer Bourque then instructed DeCastro to place his phone on the hood of the patrol vehicle, which DeCastro refused to do. DeCastro stopped walking to the patrol vehicle, and as Officer Bourque attempted to turn DeCastro around by placing a hand on his shoulder, DeCastro pushed Officer Bourque's arm away. Officer Bourque stated, "Oh, now you're going to put your hands on me?" He then grabbed DeCastro and escorted him to the front of the vehicle.

Officer C. Dingle P#19359 arrived to assist Officer Bourque. DeCastro refused to turn around and face the patrol vehicle and continually pulled his hands away while officers attempted to gain control of him. While officers placed DeCastro in handcuffs, he complained about his shoulder. Officers accommodated DeCastro by putting him in two sets of handcuffs.

After being detained, officers asked DeCastro for his identifying information, which DeCastro initially refused but eventually gave. While in custody, DeCastro stated that he sued cops all over the country. While speaking with officers, DeCastro continually attempted to bait them. DeCastro was placed in the patrol vehicle and waited for a supervisor.

Sergeant T. Erland P#9804 arrived and spoke with DeCastro. Sergeant Erland explained to DeCastro why he was detained. DeCastro alleged he was tortured by Officer Bourque for 20 minutes and was placed in "torture cuffs" for no reason. DeCastro stated he should not be arrested and asked Sergeant Erland if they could work something out where he would go free. DeCastro told Sergeant Erland he had five lawsuits filed against officers and did not want to make it six, but he would if he had to. Sergeant Erland explained that he did not think a simple citation would fix the problem. Sergeant Erland explained that DeCastro was in his right to record, but he needed to obey the officer's commands to move and give other people privacy. DeCastro was taken to CCDC on a class two citation.

IAB reviewed BWC of the incident.

Officer Bourque acted professionally throughout the entirety of the incident. Officer Bourque gave DeCastro lawful orders to move away from the vehicle he stopped, but DeCastro refused. Officer Bourque informed DeCastro he was allowed to film but needed to do so elsewhere.

DeCastro was less than 10 feet away from the driver's door of the vehicle Officer Bourque stopped. If Officer Bourque had allowed DeCastro to stay where he was, Office Bourque would be in a dangerous position.

Officer Bourque correctly addressed the situation and gave DeCastro ample instruction and warning. Officer Bourque did not go hands-on with DeCastro until DeCastro pushed Officer Bourque's hand away. Officer Bourque then physically grabbed DeCastro by his shirt and escorted him to the front of the patrol vehicle. Officer Bourque used an appropriate level of force to control DeCastro. DeCastro was obstructive the entire time he was in contact with officers. While being placed in handcuffs, DeCastro claimed he had an injury to his left

DeCastro was trying to bait officers into a confrontation with comments he was making and how he was resisting. DeCastro also stated, "What I do is I sue cops. That's what I do."

Officer Bourque acted within policy.

Mar 26, 2023    Mar 23, 2023    Preliminary Sergeant Review/Rec

 Assigned To: SGT THEODORE WEIRAUCH

03/14/23 –

I Sgt. Weirauch have reviewed this SOC and the preliminary investigation conducted by Det. Osborne.
The COM alleged the following:

•      COM stated the he watched the Youtube video and stated that the officer arrested the person who was just standing there filming even when he was 15 ft away.
•      COM stated the officer contacted the person filming and escalated the situation and then detained him.
Det Osbourne reviewed TCR, BWC, ICR, and CAD.

Det. Osbourne observed on BWC that the Officer told the person filming that he was allowed to keep filming but needed to back up.  He explained that the person he had stopped needed some privacy.  The male recording stated that "I am at least 10 feet away, Officer... I am a constitutional law scholar."

The person filming then said "Mind your own fucking business. Mind your business... I'm a member of the press. Go get in your car and do your job, little doggie!"

This action, and not moving back like instructed to do so, hindered, and delayed the Officer's traffic stop.

Now investigating the crime of obstructing, the Officer can be seen on BWC instructing the person filming numerous times to follow his instructions. Eventually the Person filming pushes the officer's hands away.  With the help of another officer the male is taken into custody.

Det Osbourne determined that the Officer who made the arrest had P/C for both Obstructing and resisting Arrest.

After also reviewing the case I concur with Det Osbourne's investigation. It should also be noted that the male was clearly

There was NPV. I recommend close on SOC – No Policy Violation. T7465W
 T7465W

Jun 14, 2023    Mar 16, 2023    Case Notes

 Assigned To: PO-2 JAYSON OSBORNE

3/16/23
Prelim completed. BWC completed. J13148O
attempted to call COM at approximately 1600 hours. No answer. VM left. J13148O

Jun 14, 2023    Apr 12, 2023    Dispo Rpt / email to Chain

 Assigned To: SR LAW ENF SUPPORT TECH NANCY FOX

SE and chain NPV; closed on SOC

Jun 14, 2023    Apr 07, 2023    Lieutenant Review/Decision

 Assigned To: PO LT (A-2) Joshua Younger

I reviewed the preliminary investigation completed by Detective Osborne and the review by Sergeant Weirauch. I agree with closing this NPV based on their investigation. J12997Y.

Jun 14, 2023    Apr 12, 2023    Letter to Complainant (Dispo)

Assigned To: SR LAW ENF SUPPORT TECH NANCY FOX

No address for COM, dispo not sent


Jun 14, 2023    Mar 16, 2023    BWC Review

Assigned To: PO-2 JAYSON OSBORNE

attached to IAPro.


**When/where:**

Date/time occurred: Mar 15, 2023

Incident Location:  Flamingo / Grand Canyon  Las Vegas NV 89147


**Linked files:**
**SE Dispo NPV Letter - Branden Bourque   (docx)**
**CADIncidentRecall - 2023-03-16T110856_373   (pdf)**
**DOAR   (pdf)**
**ICR   (pdf)**
**Jose Decastro - Scope   (pdf)**
**LLV230300064617 - Citation   (pdf)**
**Officer Bourque - BWC Breakdown   (pdf)**
**Officer Bourque P#15725 - BWC   ()**
**Officer Chadly Dingle P#1935 - BWC   ()**
**Officer Dingle - BWC Breakdown   (pdf)**
**Register of Actions   (pdf)**
**Sergeant Erland P#9804 - BWC   ()**
**Sgt_ Erland - BWC Breakdown   (pdf)**
**TBA2023-0253   (pdf)**
**TCR   (pdf)**
**YouTube Video   (mp4)**


**Associated Case Nos:**
TBA2023-0253    TBA Number
LLV230300064617    LVMPD Event Number

**Status/assignment information:**

Status: Completed    Priority: Low

Opened: 03/16/2023    Assigned: 03/16/2023    Due: 06/14/2023      Completed: 04/12/2023

Disposition: Closed on SOC


Unit assigned: IAB Team 8
Handled at field/unit level: No
Investigator assign: PO-2 JAYSON OSBORNE
Supervisor assign: SGT PAUL WOJCIK
Source of information: Phone

**Organizational component(s):**

Division: West Community Policing
Bureau: Summerlin Area Command
Squad: SU32
Shift: 3

**Entered by:  LAW ENF SUPPORT TECH KESHA MCMAHON on Mar 16, 2023 at 09:43**

# Exhibit K

# DeCastro's 3/15/23 citation

Case # **230300064617**

Citation # **LVM1148005**

## State of Nevada

☐ Arrest

**LAS VEGAS METRO POLICE DEPARTMENT**

Violation Date/Time: **03/15/2023 1629**

Issue Date/Time: **03/15/2023 1629**

**CRIMINAL**

In the Justice/Municipal Court  **LAS VEGAS JUSTICE COURT**

### VIOLATION(S)

| 1) | MUNI/NRS **197.190** | NOC **57040** |
|---|---|---|

**CITATION : Obstructing a Public Officer**

TO WIT

**DID WILLFULLY HINDER, DELAY OR OBSTRUCT A PUBLIC OFFICER, OFFICER B. BOURQUE P#15725 WITH THE LVMPD, IN THE LAWFUL DISCHARGE OF HIS OFFICIAL DUTIES INVESTIGATING A TRAFFIC VIOLATION ON A TRAFFIC STOP BY WALKING UP TO AND ENGAGING WITH THE DRIVER WHO HE HAD NO INVOLVEMENT WITH. ADDITIONALLY, DECASTRO WAS WARNED TO BACK AWAY FROM THE STOP AND REFUSED SEVERAL TIMES AFTER IT WAS EXPLAINED THAT HE WOULD OTHERWISE BE DETAINED FOR OBSTRUCTING.**

| 2) | MUNI/NRS **199.280** | NOC **52990** |
|---|---|---|

**CITATION : Resist a Police Officer or Resist Arrest**

TO WIT

**DID WILLFULLY RESIST A PUBLIC OFFICER, B. BOURQUE P#15725 WITH THE LVMPD, IN THE LAWFUL DISCHARGE OF HIS/HER DUTIES INVESTIGATING A TRAFFIC STOP ON A TRAFFIC VIOLATION, BY TENSING UP HIS ARMS AND BODY AFTER BEING DETAINED. DECASTRO WAS GIVEN SEVERAL OPPORTUNITIES TO FOLLOW LAWFUL COMMANDS BUT HE REFUSED AND RESISTED OFFICERS WHILE THEY ATTEMPTED TO DETAIN HIM IN HANDCUFFS.**

**Failure to comply with this complaint or future dates relating to this complaint will constitute a separate offense**

Court: **LAS VEGAS JUSTICE COURT**

Address: **200 Lewis Avenue First Floor, Las Vegas, NV 89101**

**Same as Physical**

Phone: **702-671-3444**

**https://www.lasvegasjusticecourt.us/**

You are hereby ordered to appear to answer the above charges on the day and time

## VOID

☐ Court Mandatory     ☐ Interpreter needed     Language:

Juvenile: **No**

Type: **NON TRAFFIC**

☐ School Zone
Grant: **NONE**

☐ Radar
Confirm:
Mile Marker:

### PEDESTRIAN

| LAST NAME **DECASTRO** | FIRST **JOSE** | MIDDLE |
|---|---|---|

| RESIDENCE ADDRESS ▓▓▓▓▓▓▓ | | PHONE |
|---|---|---|

| CITY ▓▓▓▓▓ | STATE **NV** | ZIP CODE **89074** |
|---|---|---|

| DRIVER LICENSE NUMBER ▓▓▓▓**1** | DL CLASS **C** | DL STATE **NV** | CDL **No** |
|---|---|---|---|

| DOB ▓▓▓▓ | AGE **48** | SEX **M** | RACE **W** | HEIGHT **509** | WEIGHT **180** | EYE **GRN** | HAIR **BRO** |
|---|---|---|---|---|---|---|---|

| RESTRICTIONS **None** | ENDORSEMENTS **None/Not Applicable** |
|---|---|

### VEHICLE INFORMATION

| LICENSE PLATE | STATE **NV** | REG. EXP. | COLOR |
|---|---|---|---|

| MAKE | MODEL | TYPE |
|---|---|---|

| VIN | YEAR | CMV **No** | HAZMAT **No** |
|---|---|---|---|

| TRAILER PLATE | TRAILER STATE **NV** | VEH IS TRAILER **No** | US DOT# |
|---|---|---|---|

| CURRENT PROOF OF INSURANCE? **No** | INS. CARD EXP. DATE: |
|---|---|

### REGISTERED OWNER

SAME AS SUS?: **NO**

NAME

ADDRESS
**NV**

### LOCATION

**4155 S GRAND CANYON DR**

---

CITY/SPEED LIMIT DEPARTMENT (MPH)  ACCIDENT NO.

CASE NO.
**230300064617**

| CONSTR. ZONE **No** | SCHOOL ZONE **No** | ACCIDENT **No** | |
|---|---|---|---|

| DIR OF TRAV | BEAT/AREA **R3** | COND/WEATHER **Clear** | TRAFFIC |
|---|---|---|---|

| SPEED DETERMINED | | ROAD **Dry** |
|---|---|---|

### ADDITIONAL INFORMATION

NAME

| ADDRESS | | PHONE |
|---|---|---|

| CITY | STATE **NV** | ZIP CODE |
|---|---|---|

### OFFICER INFORMATION

**B. BOURQUE  15725**

UNIT

I certify (or Declare) under penalty of perjury under the laws of the state of Nevada that I have reasonable grounds/probable cause to believe and do believe that above named person committed the above offense(s) contrary to law.

Officer Signature: _[signature]_____

Complainant Signature: _____

Without admitting having committed the above offense(s), I hereby promise to respond as directed on this notice and waive my right to be taken immediately before a magistrate (NRS 484.799 and NRS 484.803)

Defendant Signature: _[signature]_____

**Officer Notes:**

| | | |
|---|---|---|
| **Radar (Mov/Sta):** | | **Lidar #:** |
| **Stop Type:** NON TRAFFIC | | **Radar #:** |
| **Trailer Tag:** | | **Have Insurance:** No |
| **Trailer State:** | | **Insurance Exp:** |
| **HazMat Vehicle:** Yes | | **Turning:** |
| **Workers Present:** No | | **Insp Exp (MMYY):** |
| **Suspension Date:** | | **Accident:** No |
| **Unit:** | | **Void Citation:** Yes |
| **Phone:** | | **Evidence Involved:** Yes |
| **# of Occ:** | | **Work Phone:** |
| **Hwy Type:** | | **DL Exp:** 09/11/2003 |
| **HBD:** | | **Wgt:** 180 |
| **Result %:** | | **Beat:** *NONE |
| **Drug Susp.:** No | | **Test Type:** |
| **Attitude:** Complaining | | **Towed:** No |
| **> 16 Pass:** | | **Ped Safety Zone:** No |
| **Perm Phone:** | | **Tint %:** |
| **Void Reason:** CHAIN OF COMMAND NCF | | |

**Business Name:**
**Business Addr.:**
**Address Type:** Business
**Business City:**                    **State:** NV          **Zip:**

**Compl. Name:**
**Compl. Phone:**
**Compl. Address:**
**Compl. City:**                       **State:** NV          **Zip:**

---

**Stop Info**

**Create Racial Profiling Info:** Yes
**Companion Case/Cite #:**
**Ethnicity:** H
**Driver Search Conducted:** Incident to Arrest
**Vehicle Search Conducted:** *NONE
**Contraband:** None, , ,
**Arrest:** No
**Arrest Due to Contraband:** No

---

# Exhibit L

# Case No. 23-CR-013015 Docket

6/14/24, 9:21 AM    lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=14039208

Skip to Main Content Logout My Account Search Menu New Criminal Search Refine Search  Back    Location : Justice Court   Help

# REGISTER OF ACTIONS
## CASE NO. 23-CR-013015

| | | |
|---|---|---|
| State of Nevada vs. DECASTRO, JOSE | § § § § § | Case Type: **Misdemeanor CR** <br> Date Filed: **03/15/2023** <br> Location: **JC Department 8** |

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **DECASTRO, JOSE** <br> Other Agency Numbers <br> 1669561 Justice Court Scope ID Subject <br> Identifier | **Michael Mee** <br> *Retained* <br> 702-308-6363(W) |
| **State of Nevada** | **State of Nevada** | |

| Charges: DECASTRO, JOSE | Statute | Level | Date |
|---|---|---|---|
| 1. False stmt to/obstruct pub off [52312] | 197.190 | Misdemeanor | 03/15/2023 |
| 2. Resist public officer [52990] | 199.280.3 | Misdemeanor | 03/15/2023 |

| | **DISPOSITIONS** |
|---|---|
| 03/19/2024 | **Disposition** (Judicial Officer: Zimmerman, Ann E.) <br> 1. False stmt to/obstruct pub off [52312] <br>        Guilty as Charged <br> 2. Resist public officer [52990] <br>        Guilty as Charged |
| 03/19/2024 | **Misdemeanor Sentence** (Judicial Officer: Zimmerman, Ann E.) <br> 1. False stmt to/obstruct pub off [52312] |
| 03/19/2024 | **Misdemeanor Sentence** (Judicial Officer: Zimmerman, Ann E.) <br> 2. Resist public officer [52990] |

| | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 03/15/2023 | **Original Track Assignment JC08** |
| 03/15/2023 | **Case Assignment Sent** <br> *Case Assignment Sent* |
| 03/15/2023 | **DA Request for Prosecution** <br> *Request for Prosecution Sent to DA* |
| 03/29/2023 | **Case Assignment Sent** <br> *Case Assignment Sent* |
| 03/29/2023 | **Citation Image** |
| 03/29/2023 | **Supplemental Documentation Submitted with Citation** |
| 03/30/2023 | **Media Request for Electronic Coverage** <br> *of Court proceedings filed.* |
| 04/03/2023 | **Media Request for Electronic Coverage Granted** |
| 04/03/2023 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 06/12/2023 | **Notice of Appearance** <br> *Notice of Appearance of Defense Counsel* |
| 06/13/2023 | **Arraignment** (8:00 AM) (Judicial Officer Zimmerman, Ann E.) <br> *NO BAIL POSTED* <br> Result: Matter Heard |
| 06/13/2023 | **Counsel Confirms as Attorney of Record** <br> *M. Mee, Esq.* |
| 06/13/2023 | **Arraignment Completed** <br> *Defense advised of Charges on Criminal Complaint, Waives Reading of Criminal Complaint* |
| 06/13/2023 | **Discovery Given to Counsel in Open Court** |
| 06/13/2023 | **Early offer received in open court** <br> *Continued for negotiations* |
| 06/13/2023 | **Minute Order - Department 08** |
| 06/27/2023 | **Negotiations** (8:00 AM) (Judicial Officer Zimmerman, Ann E.) <br> *NO BAIL POSTED* <br> Result: Matter Heard |
| 06/27/2023 | **Defendant Rejected the State's Offer** |
| 06/27/2023 | **Plea of Not Guilty Entered** <br> *by Defense* |
| 06/27/2023 | **Minute Order - Department 08** |
| 09/01/2023 | **Motion** |

|  |  |
|---|---|
|  | *Motion for Production of Discovery* |
| 09/06/2023 | **Motion** (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *NO BAIL POSTED* |
|  | Result: Matter Heard |
| 09/06/2023 | **Motion to Continue - Defense** |
|  | *by Defense for production of discovery no objection by State- granted* |
| 09/06/2023 | **Future Court Date Stands** |
|  | *09/12/2023 at 9:30am for Bench Trial* |
| 09/06/2023 | **Minute Order - Department 08** |
| 09/12/2023 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *No bail posted* |
|  | Result: Matter Heard |
| 09/12/2023 | **Motion to Continue - Defense** |
|  | *to review additional discovery - No objection by State - Granted* |
| 09/12/2023 | **Bench Trial Date Reset** |
| 09/12/2023 | **Minute Order - Department 08** |
| 11/28/2023 | **Motion** |
|  | *Renewed Motion for Discovery* |
| 11/30/2023 | **Motion** (8:00 AM) (Judicial Officers Pro Tempore, Judge, Jansen, William D.) |
|  | *No bail posted* |
|  | Result: Matter Heard |
| 11/30/2023 | **Motion** |
|  | *by Defense for Discovery - State represents all discovery in their possession has been turned over - Denied* |
| 11/30/2023 | **Comment** |
|  | *State represents they will be filing a Hill Motion to Continue the Bench Trial as the lead officer is unavailable.* |
| 11/30/2023 | **Future Court Date Stands** |
|  | *12/6/23 at 9:30 am for Bench Trial* |
| 11/30/2023 | **Minute Order - Department 08** |
| 11/30/2023 | **Notice of Motion** |
|  | *State's Notice of Motion and Motion to Continue* |
| 12/06/2023 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *No bail posted* |
|  | Result: Matter Heard |
| 12/06/2023 | **Hill Motion by State to Continue - Granted** |
|  | *Witness unavailable until after the start of the year.* |
| 12/06/2023 | **Bench Trial Date Reset** |
| 12/06/2023 | **Minute Order - Department 08** |
| 01/23/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *No Bail Posted* |
|  | Result: Matter Continued |
| 01/23/2024 | **Motion to Continue - Defense** |
|  | *Due to medical reasons. No objection by State - Granted* |
| 01/23/2024 | **Bench Trial Date Reset** |
|  | *Firm Setting.* |
| 01/23/2024 | **Minute Order - Department 08** |
| 01/24/2024 | **Media Request for Electronic Coverage** |
|  | *of Court proceedings filed.* |
| 01/24/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 02/26/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *No Bail Posted* |
|  | Result: Matter Heard |
| 02/26/2024 | **Remote Appearance by** |
|  | *Defendant via Zoom* |
| 02/26/2024 | **Motion to Continue - Defense** |
|  | *Counsel is in Trial - No objection by State - Granted* |
| 02/26/2024 | **Bench Trial Date Reset** |
| 02/26/2024 | **Minute Order - Department 08** |
| 03/18/2024 | **Motion** |
|  | *DEFENDANTS REQUEST TO CONVERT COUNSEL TO STANDBY COUNSEL* |
| 03/18/2024 | **Miscellaneous Filing** |
|  | *Bench Memorandum* |
| 03/19/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
|  | *No bail posted* |
|  | Result: Matter Heard |
| 03/19/2024 | **Bench Trial Held** |
|  | *Motion to Exclude Witnesses by State - Motion Granted States Witnesses: 1. Branden Bourque - Witness Identified Defendant State Rests. Defense Witnesses: 1. Jose Decastro Sworn In and Testified. Defense Rests Motion to Dismiss and Argument In Favor of Said Motion by Defense Argument Against Said Motion by State Thereupon the Court Found the Defendant Guilty. Arguments made by parties regarding sentencing.* |
| 03/19/2024 | **Judgment Entered** |
| 03/19/2024 | **Remand - Cash or Surety** |
|  | *Counts: 001; 002 - $0.00/$0.00 Total Bail* |
| 03/19/2024 | **Case Closed - Court Order** |
| 03/19/2024 | **Minute Order - Department 08** |
| 03/19/2024 | **Comment** |
|  | *Both (2) of Defendant's cell phones where returned to his counsel and is in M. Mee, Esq. possession.* |
| 03/19/2024 | **Notice** |
|  | *Notice of Appeal* |
| 03/20/2024 | **Notice of Disposition and Judgment** |
| 03/20/2024 | **Temporary Custody Record** |
|  | *Remand 3/19/24* |
| 03/20/2024 | **Appeal from LVJC - Appearances** |
| 03/26/2024 | **Motion** |
|  | *Motion for Bail, or in the Alternative, for Own Recognizance Release* |
| 03/28/2024 | **Media Request for Electronic Coverage** |

|            | *of Court proceedings filed.* |
|------------|-------------------------------|
| 04/01/2024 | **Motion**  (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
|            | *In custody* |
|            | Result: Matter Heard |
| 04/01/2024 | **Media Request for Electronic Coverage** |
|            | *of Court proceedings filed - LV Review Journal* |
| 04/01/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 04/01/2024 | **Media Request for Electronic Coverage Granted** |
|            | *Las Vegas Review Journal* |
| 04/01/2024 | **Media Request for Electronic Coverage Granted** |
|            | *DALI TALK* |
| 04/01/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
|            | *DALI TALK* |
| 04/01/2024 | **Motion** |
|            | *by Defense, for O/R or Bail - Objection by State - Motion Denied* |
| 04/01/2024 | **Custody Comment** |
|            | *Case Closed Stands* |
| 04/01/2024 | **Remand - Cash or Surety** |
|            | *Counts: 001; 002 - $0.00/$0.00 Total Bail* |
| 04/01/2024 | **Minute Order - Department 08** |