**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                        Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br><br>**LVMPD DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (ECF NO. 90)** |

Defendants Las Vegas Metropolitan Police Department, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby submit their Reply to Plaintiff's Opposition to Motion for Summary Judgment.  (ECF No. 90) This Reply is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed by counsel at the time of hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

**I.    INTRODUCTION**

The Court should grant LVMPD Defendants' Motion for Summary Judgment (ECF No. 86) because Plaintiff's Opposition (ECF No. 90) fails to establish a genuine issue of material fact for trial. In LVMPD Defendants' Motion for Summary Judgment (the

MAC:14687-456 5540801_1

"Motion"), they met their initial summary judgment burden by establishing no genuine dispute of material fact exists for trial and the LVMPD Defendants are entitled to judgment as a matter of law on each of Plaintiff's causes of action.

Plaintiff Jose DeCastro ("DeCastro"), through his Opposition to Defendants' Motion for Summary Judgment and Request to Defer Matter Pending Resolution of Appeal of Criminal Conviction (ECF No. 90) (the "Opposition"), fails to meet his burden in opposing summary judgment on each claim because he has not set forth specific facts showing there is a genuine issue for trial. DeCastro attempts to avoid summary judgment by relying on inapposite legal standards and by advancing red herring arguments intended to distract the Court from the pertinent analysis. DeCastro argues summary judgment is premature, despite the fact the Motion was filed on the dispositive motion deadline in this action. DeCastro argues the Motion relies upon his criminal conviction, ignoring this Court has already made a finding in this case that the Defendant Officers had probable cause to arrest him for obstruction in connection with the subject incident. DeCastro relies upon the allegations contained in his Second Amended Complaint ("SAC") in opposing summary judgment and argues numerous times he has properly pled his claims, which is not the standard at the summary judgment stage.

In short, the LVMPD Defendants met their initial burden at summary judgment and DeCastro has failed to provide the Court with competent evidence of a genuine dispute of material fact which, if resolved in his favor, would satisfy his burden at trial. Accordingly, the Court should grant the Motion and enter summary judgment as to all of DeCastro's claims.

## II. STATEMENT OF FACTS

On April 12, 2024, the LVMPD Defendants submitted their Motion for Summary Judgment (ECF No. 36). On May 10, 2024, DeCastro filed his Response to Defendants' Motion for Summary Judgment (ECF No. 42). The LVMPD Defendants hereby incorporate the Factual Background as stated in the Motion, which DeCastro has failed to meaningfully dispute.

MAC:14687-456 5540801_1

1  In the Opposition, DeCastro attempts to establish a genuine dispute of material fact 2 by arguing with the LVMPD Defendants' characterization of the evidence. (ECF No. 90, pp. 3 9-12). DeCastro first takes issue with the LVMPD Defendants' assertion that DeCastro did 4 not follow Ofc. Bourque's command when he told DeCastro "Don't engage with my driver. 5 Back up." (ECF No. 90, p.9:6-20) (citing Ex. A at T23:27:05). DeCastro focuses on the fact 6 he did not continue to verbally engage with the driver after being ordered not to do so. (*Id.*). 7 DeCastro ignores Ofc. Bourque's command was two-pronged and while he may have 8 complied with a portion of the command, the body worn camera ("BWC") footage clearly 9 shows he did not comply with the command to back up. (*Id.*). The Court has already found 10 as much. (ECF No. 44, p.7). DeCastro fails to explain how his not continuing to engage with 11 the subject of the traffic stop has any bearing on whether the Court should grant summary 12 judgment. (*See* ECF No. 90, p.9:6-20).

13  DeCastro then contends the LVMPD Defendants mischaracterize the evidence when 14 they state DeCastro initially backed up one or two feet, but remained in close proximity to 15 the silver Hyundai Elantra and the driver's side window. (ECF No. 90, pp. 9:21-10:2). The 16 Court can review the BWC footage for itself. DeCastro backed up no more than a few feet, 17 Ofc. Bourque again told DeCastro multiple times to back up and warned him that he would 18 be detained for obstructing if he failed to do so. (Ex. A to Motion, T23:27:12). DeCastro 19 asserted he was at least ten feet away, he was a constitutional law scholar, and threatened to 20 sue Ofc. Bourque. (*Id.*). Only once Ofc. Bourque told DeCastro he was being detained did 21 DeCastro begin to substantially back away from the traffic stop. (*Id.*).

22  Next, DeCastro takes issue with the LVMPD Defendants' statement DeCastro 23 informed Ofc. Bourque of a prior shoulder injury and Ofc. Bourque placed DeCastro in two 24 pairs of handcuffs to adhere to his medical needs (ECF No. 90, pp. 10:25-11:6). DeCastro 25 complains Ofc. Bourque is not a medical expert and whether the procedure of placing 26 DeCastro in two pairs of handcuffs adhered to DeCastro's medical needs is a question for 27 the jury. (*Id.*). However, it would have been DeCastro's burden to produce a medical expert 28 and prove such a procedure failed to adhere to his medical needs. DeCastro has not

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

produced one iota of evidence in this case to indicate two sets of handcuffs were insufficient to adhere to his medical needs, nor did he assert as much to the Defendant Officers at the time.

DeCastro then contests the LVMPD Defendants' assertion DeCastro proceeded to resist and failed to comply with the orders of the Defendant Officers after being arrested, while arguing with and taunting the Defendant Officers. (ECF No. 90, p.11:7-26). DeCastro argues about the level of force, conduct prior to his arrest, and whether the initial conduct was unlawful. (*Id.*). None of those contentions have any bearing on the fact DeCastro clearly did resist and fail to comply with direct orders while arguing with and taunting the Defendant Officers. The BWC footage clearly shows as much. (Ex. D to Motion, T23:35:00; Ex. E to Motion, T:23:40:26).

DeCastro goes on to argue the BWC footage does not clearly show Ofc. Sandoval did not apply significant force to DeCastro's arm. (ECF No. 90, pp. 11:26-12:13). Again, the Court can review the BWC footage and come to its own conclusion. The LVMPD Defendants contend the footage is clear, no reasonable factfinder could review the footage and determine Ofc. Sandoval was exerting significant force to DeCastro's arm. (Ex. D to Motion, T23:42:37-T00:06:57; Ex. E to Motion, T23:42:47- T23:55:30 and T00:02:47-T00:06:27).

Lastly, DeCastro contends the reasons noted in Ofc. Bourque's report and reiterated by Sgt. Torrey for his arrest were not the actual reasons for his arrest because Ofc. Bourque made contrary statements at DeCastro's criminal trial. (ECF No. 90, p.12:14-26). DeCastro does not cite to any portion of the transcript supporting his contention Ofc. Bourque lied to him about the basis for his arrest. (*Id.*). Moreover, Ofc. Bourque's report cites to DeCastro's engaging with the detained driver as one of the reasons for the arrest. (*See* Ex. J to Motion). As such, it is unclear what basis DeCastro has for claiming that he was lied to about the reasons for his arrest, or what relevancy it would have to the instant Motion.

In summary, DeCastro's complaints about the LVMPD Defendants' summation of the facts are unsupported and largely irrelevant. Critically, DeCastro has failed to provide

MAC:14687-456 5540801_1

the Court with countervailing evidence that would establish any genuine dispute of material fact for trial.

## III. LEGAL ARGUMENT

### A. DECASTRO'S SECOND AMENDED COMPLAINT IS NOT TESTIMONY AND SEVERAL ALLEGATIONS IN THE SAC ARE BLATANTLY CONTRADICTED BY THE BWC FOOTAGE.

DeCastro's Opposition is replete with citations to his SAC, and representations he will testify to the allegations of his SAC at the time of trial. DeCastro does not provide a declaration to that effect, or any other competent testimony. DeCastro cannot overcome summary judgment by relying on the self-serving allegations of his SAC. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [can] not rest on his allegations… without any significant probative evidence tending to support the complaint.") (citation and quotation omitted). Moreover, this Court may reject a non-movant's account of events at summary judgment and find that no reasonable jury could find for the non-movant because video evidence blatantly contradicts the non-movant's account. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, the Court should reject DeCastro's reliance on the allegations of his SAC as a basis for overcoming summary judgment, especially where the SAC's allegations are blatantly contradicted by the BWC evidence.

### B. THE LVMPD DEFENDANTS HAVE MET THEIR INITIAL BURDEN FOR SUMMARY JUDGMENT.

In the Motion, the LVMPD Defendants met their burden of establishing an absence of any genuine issue of material fact that would necessitate a trial in this case. The LVMPD Defendants met their burden on each of DeCastro's claims by citing to the admissible evidence in the case and demonstrating DeCastro's claims fail as a matter of law, and based on the available evidence, no reasonable jury could find in favor of DeCastro as to necessary elements of the claims.

With respect to DeCastro's 42 U.S.C. § 1983 excessive force claim, the LVMPD

MAC:14687-456 5540801_1

1. Defendants relied on the undisputed video evidence and showed the only force used by Ofc.
2. Borque in effectuating the arrest was basic empty-hand tactics to designed to control
3. DeCastro and counter his resistance. (ECF No. 86, pp. 11:20-12:6). As to DeCastro's arm-
4. squeezing theory, it is likewise refuted by the video evidence. The videos show Ofc.
5. Sandoval maintained a slight grip on DeCastro's arm due to DeCastro's refusal to stand still
6. and insistence on moving, twisting, and resisting orders from the Defendant Officers to face
7. forward. (Ex. D to Motion, T23:42:37-T00:06:57; Ex. E to Motion, T23:42:47- T23:55:30
8. and T00:02:47-T00:06:27). If Ofc. Sandoval's grip on DeCastro's arm amounted to
9. excessive force, the BWC footage would have demonstrated as much. Lastly, the BWC
10. footage shows DeCastro's allegation he was struck in the groin is downright false. (Ex. C to
11. Motion, T23:32:59). DeCastro has not identified any experts, treating physicians, or any
12. admissible evidence of damage suffered as a result of the alleged excessive force. Lastly, no
13. clearly established law would have prohibited the conduct of the Defendant Officers and
14. thus the Defendant Officers are entitled to qualified immunity. Resultantly, the LVMPD
15. Defendants met their initial burden of showing summary judgment is warranted on
16. DeCastro's 42 U.S.C. § 1983 excessive force claim and by extension, his failure to intervene
17. claim.
18.       Looking to DeCastro's First Amendment retaliation, selective enforcement, and
19. *Monell* claims, the LVMPD Defendants met their initial summary judgment burden by
20. pointing to DeCastro's complete lack of evidence to support those claims. The Court has
21. previously determined the Defendant Officers had probable cause to arrest DeCastro, and
22. DeCastro has submitted no evidence to establish the subject laws were enforced differently
23. with respect to a similarly situated class. Moreover, the LVMPD Defendants pointed to the
24. absence of any clearly established law preventing officers from arresting an individual for
25. obstruction under these facts. The LVMPD Defendants met their initial summary judgment
26. burden as to DeCastro's *Monell* claim by pointing to DeCastro's failure to identify evidence
27. which could establish a single element of the claim. Accordingly, the LVMPD Defendants
28. met their initial burden of showing that summary judgment is warranted as to DeCastro's

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

First Amendment retaliation, selective enforcement, and *Monell* claims.

The LVMPD Defendants also met their initial burden of demonstrating summary judgment is appropriate as to DeCastro's state law claims. With regard to defamation, the LVMPD Defendants argued DeCastro could not identify evidence to support the police report contained a false statement, nor that it was published to a third person in the absence of privilege. The LVMPD Defendants met their burden regarding DeCastro's battery claim for the same reasons discussed above in relation to 42 U.S.C. § 1983 excessive force claim. DeCastro's negligence claim fails as a matter of law on account of its reliance upon an intentional use of force, not a negligent use of force. DeCastro's civil conspiracy claim and abuse of process claims are ripe for summary judgment because DeCastro failed to adduce evidence in support of those claims.

For the reasons outlined in the Motion and herein, the LVMPD Defendants met their burden of establishing an absence of any genuine issue of material fact that would necessitate a trial in this case for each any every claim asserted by DeCastro.

### C. DECASTRO HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING A GENUINE ISSUE OF MATERIAL FACT FOR TRIAL ON ANY OF HIS FEDERAL CLAIMS.

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*citing* Fed. R. Civ. P. 56(c)). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

Here, the LVMPD Defendants' Motion demonstrates an absence of any **genuine** issue of **material** fact which would necessitate a trial in this case, and the LVMPD

MAC:14687-456 5540801_1

1  Defendants are entitled to judgment as a matter of law as to each of DeCastro's federal
2  claims. Thus, the burden shifted to DeCastro to set forth specific facts showing there are
3  genuine issues of material fact precluding summary judgment and DeCastro's establishing
4  those issues could satisfy his burden at trial as to each federal claim.  *See* Fed. R. Civ. P.
5  56(c)(1). DeCastro has wholly failed to identify any such evidence in the Opposition.
6  DeCastro's reliance on his own pleadings, unreasonable and self-serving interpretations of
7  the BWC evidence, and citations to the transcript of his criminal trial are wholly insufficient
8  to overcome summary judgment. Resultantly, DeCastro has failed to establish a genuine
9  issue of material fact which would necessitate a trial in this case as to any of his federal
10 claims.

### 1.      **Excessive Force (Third COA)**

12         In opposing summary judgment, DeCastro contends the allegations within his SAC
13 are sufficient to establish that a genuine dispute of material fact for trial on his excessive
14 force claim. (ECF No. 90, pp.5-8). DeCastro argues he has properly plead his excessive
15 force claims and the pleadings establish factors the Ninth Circuit relies upon in analyzing
16 excessive force favor DeCastro. (*Id.* at pp.6-7). DeCastro also falsely asserts the LVMPD
17 Defendants are claiming they were "required to squeeze Plaintiff's ulnar nerve" to maintain
18 control of DeCastro. (*Id.* at p.7:14-23). DeCastro further argues he validly plead he was
19 struck in the groin. (*Id.* at p.7:24-26). Lastly, DeCastro contends his pleadings and the
20 testimony he expects to offer in this case are sufficient to establish a genuine dispute of
21 material fact regarding events which were plainly captured in BWC footage. (*Id.* at p.8:5-
22 26).

23         DeCastro's arguments are unavailing. As this Court well knows, DeCastro cannot
24 overcome summary judgment by relying on the self-serving allegations of his SAC.
25 *Anderson*, 477 U.S. 242. In support of the Motion, the LVMPD Defendants have provided
26 the Court with BWC footage, declarations, DeCastro's own statements made within his
27 videos, a police report, the criminal citation, and the docket from the criminal action
28 resulting from the subject incident. (*See* ECF No. 86). In opposing summary judgment,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5540801_1

1   DeCastro relies only upon the SAC and the transcript of his criminal trial. (*See* ECF No. 90).
2   DeCastro's contentions his pleadings indicate excessive force are entirely irrelevant at this
3   stage, and when the Court considers the evidence before it, it should determine no
4   reasonable factfinder could find in DeCastro's favor that a constitutional violation occurred.
5   Furthermore, no clearly established law exists which proscribes any of the conduct of the
6   Defendant Officers during the subject incident.

7   Next, DeCastro falsely claims the LVMPD Defendants have taken the position the
8   Defendant Officers were "required to squeeze Plaintiff's ulnar nerve." (ECF No. 90, p.7:14).
9   The LVMPD Defendants have taken no such position. DeCastro is not a physician, has not
10  identified or disclosed any medical experts or treating physicians, and has presented
11  absolutely no evidence to substantiate his claim Ofc. Sandoval squeezed his ulnar nerve or
12  otherwise utilized excessive force against him. The LVMPD Defendants explained in the
13  Motion that what the BWC footage shows is DeCastro continuing to move, twist, and
14  slightly resist after handcuffing despite numerous clear orders from the Defendant Officers
15  for him to stand facing the patrol car and to remain still. Ofc. Sandoval states in the BWC
16  footage he had to maintain control of DeCastro so he did not fall and injure himself, which
17  is objectively reasonable. Even if Ofc. Sandoval was maintaining control of DeCastro's arm
18  to deter his continued resistance, that would also have been objectively reasonable.

19  DeCastro further argues the BWC footage cannot justify summary judgment because
20  events could have occurred which were not captured by BWC. (ECF No. 90, p. 8:5-20).
21  DeCastro is mistaken. The BWC footage attached to the Motion captures all of the relevant
22  events – there is no period of time during which excessive force is alleged that was not
23  captured by at least one Defendant Officers' BWC. *See* ECF No. 86, Exhibits A-F. DeCastro
24  offers no evidence to bring into question the completeness of the BWC footage. While the
25  footage does not capture every possible angle, it is sufficient here to establish DeCastro's
26  disputes about the material facts as relate to excessive force are not "genuine," that is, a
27  reasonable jury could not return a verdict for DeCastro finding the Defendant Officers used
28  excessive force based upon the evidence adduced in this action. *See Anderson*, 477 U.S. at

MAC:14687-456 5540801_1

248 (holding that a dispute of material fact is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party).

Lastly, DeCastro offers no meaningful argument that clearly established law exists prohibiting the force utilized by any of the Defendant Officers during the subject incident. DeCastro contends the right to film law enforcement is clearly established. (ECF No. 90, p.15:11-26). That is not the issue before this Court in determining whether clearly established law prohibited any use of force by the Defendant Officers. The evidence neither indicates DeCastro was arrested for filming, nor any connection exists between his filming and the force used against him. The LVMPD Defendants correctly noted in the Motion no clearly established law prohibits police officers from: (1) using empty hand techniques to control a suspect resisting arrest; (2) maintaining a hold of suspect's arm when the suspect is handcuffed and continuing to twist and turn and disobey clear orders; or (3) performing a routine pat down incident to arrest that includes contact at or near the groin area. (ECF No. 86, p.13:3-8). DeCastro has failed to present any legal precedent which would have put the Defendant Officers on notice the complained-of use of force was excessive, and thus he has failed to identify clearly established law. For this reason alone, the LVMPD Defendants are entitled to summary judgment on DeCastro's excessive force claim.

For the foregoing reasons and the reasons outlined in the Motion, DeCastro has not identified a genuine issue of material fact for trial on his excessive force claim and the claim fails as a matter of law. Summary judgment in favor of the LVMPD Defendants is warranted.

### 2.     Failure to Intervene (Twelfth COA)

As explained in the Motion, a failure to intervene (a/k/a failure to intercede) claim is a subpart of the Fourth Amendment right to be free of excessive force and the Ninth Circuit has only recognized a claim for failing to intervene in the excessive force context. (ECF No. 86, p.13:20-27). For the reasons outlined above, and in the Motion the BWC footage demonstrates clearly and convincingly the Defendant Officers did not violate DeCastro's Fourth Amendment right to be free from excessive force. Moreover, because no clearly

established law exists which would prohibit any of the force used by the Defendant Officers during the subject incident, it would not have been clear to the Defendant Officers they had a duty to intervene and stop the conduct of any of their fellow officers. DeCastro's Opposition also does not contest the LVMPD Defendants' assertion summary judgment is warranted as to this claim, further justifying summary judgment. (*See* ECF No. 90); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.1993) ("Where a plaintiff fails to oppose a motion for summary judgment, the court may grant summary judgment if the defendant has supported the motion with sufficient papers that on their face do not reveal there is a genuine issue of material fact.") As a result, DeCastro's failure to intervene claim fails as a matter of law and summary judgment is warranted.

### 3. First Amendment Retaliation and Selective Enforcement (Fifth, Sixth, and Eighth COA)

In opposing summary judgment as to these claims, DeCastro relies on conclusory assertions that his arrest was an act of retaliation by the Defendant Officers due to his exercise of his First Amendment right to film. (ECF No. 90, pp. 9:15-17, 11:18-26). DeCastro also argues probable cause was not established by his conviction because the conviction is on appeal[1], and because the conviction is not inconsistent with a lack of probable cause. (*Id.* at pp. 14:22-15:10).

DeCastro cannot overcome summary judgment by relying on his self-serving allegations his arrest was motivated by an intent of the Defendant Officers to retaliate against him for his exercise of his First Amendment rights. The evidence in this case demonstrates the Defendant Officers notified DeCastro numerous times he was permitted to film, but he was arrested for failing to comply with lawful orders to back up to a reasonable distance. (Ex. A to Motion, T:27:27:18; Ex. F to Motion, T00:31:00). With no evidence to support his allegation of retaliatory animus, specifically the Defendant Officers had a

---

[1] It is the understanding of the LVMPD Defendants that DeCastro's conviction was overturned on appeal. As a result, the LVMPD Defendants' arguments in the Motion regarding *Heck* are withdrawn. However, probable cause did exist to arrest as previously determined by this Court. (ECF No. 44 at p.7). Accordingly, the successful appeal is not relevant to the Court's summary judgment analysis.

MAC:14687-456 5540801_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  retaliatory animus that was a but-for cause of his arrest, DeCastro's First Amendment
2  retaliation claim fails as a matter of law.

3        With respect to probable cause, it has already been determined in this case the
4  Defendant Officers had probable cause to arrest DeCastro for obstruction. (ECF No. 44 at
5  p.7) ("Although DeCastro obeyed Bourque's first command to back up, Bourque told
6  DeCastro to back up further and threatened to detain DeCastro for obstructing, but DeCastro
7  refused to do so. Bourque thus had probable cause to believe after due notice, DeCastro was
8  hindering, delaying, or obstructing Bourque in the discharge of his duties."). While the
9  LVMPD Defendants cited to DeCastro's criminal conviction in the Motion and that
10 conviction has now been overturned the Court has already determined probable cause to
11 arrest existed at the time of the arrest. (*Id.*). Thus, DeCastro's argument the appeal from the
12 criminal conviction can save this claim is mistaken. Probable cause to arrest did exist, and
13 DeCastro has pointed to no objective evidence he was arrested when other similarly situated
14 individuals not engaged in the same sort of protected First Amendment conduct had not
15 been. Resultantly, the claim fails as a matter of law pursuant to the U.S. Supreme Court
16 holding in *Nieves v. Bartlett*, 587 U.S. 391 (2019).

17       Lastly, the selective enforcement claim fails for similar reasons. DeCastro did not
18 oppose summary judgment as to this claim, which taken with the evidence submitted by
19 LVMPD Defendants, is a sufficient basis for summary judgment. (*See* ECF No. 90); *see also*
20 *Henry*, 983 F.2d at 950. Substantively, DeCastro cannot present evidence to support the
21 notion the Defendant Officers arrested him or took any action against him as a result of his
22 exercise of his First Amendment rights. Thus, DeCastro cannot meet his burden at trial of
23 proving a discriminatory purpose, and the LVMPD Defendants are entitled to summary
24 judgment on DeCastro's selective enforcement claim.

25       Again, DeCastro presents no case law indicating that his arrest violated clearly
26 established law. Even assuming *ad arguendo* that a constitutional violation occurred, the
27 Defendant Officers are entitled to qualified immunity. While DeCastro attempts to simplify
28 the clearly established analysis to whether a clearly established right to film exists (it clearly

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1 does), the actual question is whether a citizen has a clearly established right to film in close
2 proximity to a traffic stop or other police activity, and to refuse the orders of officers to step
3 back from the police activity. Neither the U.S. Supreme Court nor the Ninth Circuit have
4 ever established such a rule. It is common-sense while citizens have the right to film, law
5 enforcement officers must also be allowed some level of control over areas in which they
6 conduct legitimate law enforcement activity. There is no clearly established right to refuse
7 the orders of law enforcement officials to stand back from a traffic stop in order to continue
8 filming police activity. As a result, the Defendant Officers are entitled to qualified immunity
9 with respect to these claims.

10 In sum, DeCastro has not identified a genuine issue of material fact for trial on his
11 First Amendment retaliation claim or his selective enforcement claim, and thus the claims
12 fail as a matter of law. Summary judgment in favor of LVMPD Defendants is warranted.

### 4. *Monell* **(Seventh and Fifteenth COA)**

14 DeCastro argues his *Monell* claims are supported by his own allegations, by
15 testimony, and by video evidence. (ECF No. 90, p.16). DeCastro relies primarily on
16 testimony of Ofc. Bourque from DeCastro's criminal trial. (*Id.*) Specifically, he contends
17 Ofc. Bourque's testimony he was taught in the academy that 21-feet was a safe for a person
18 to be from law enforcement, and therefore LVMPD must have training policies which
19 encourage violations of the First Amendment. (*Id.*).

20 DeCastro's arguments miss the mark. First, DeCastro has not raised triable issues as
21 to whether the officers violated his constitutional rights, and therefore his §1983 *Monell*
22 claims fail as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).
23 Second, DeCastro's evidence fails to establish the alleged custom LVMPD officers require
24 citizens filming police activity to stand 21-feet away actually exists and is so permanent and
25 well settled as to constitute a "custom or usage" with the force of law. Third, DeCastro has
26 not shown how the alleged custom is deficient. Fourth, DeCastro cannot show how the
27 alleged custom caused him harm. Fifth, DeCastro has wholly failed to provide the Court
28 with argument or evidence which could demonstrate the alleged custom amounted to

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  deliberate indifference, i.e., how the deficiency was obvious and constitutional injury was
2  likely to occur. DeCastro's Opposition reveals he cannot meet his burden at trial of proving
3  his *Monell* claims, and the Court should therefore grant summary judgment on DeCastro's
4  *Monell* claims.

5  DeCastro has not identified a genuine issue of material fact for trial on his *Monell*
6  claims. Summary judgment in favor of LVMPD Defendants is warranted.

### D. DECASTRO HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING A GENUINE ISSUE OF MATERIAL FACT FOR TRIAL ON ANY OF HIS STATE LAW CLAIMS.

As with the federal claims, the LVMPD Defendants' Motion demonstrates an absence of any genuine issue of material fact which would necessitate a trial in this case as to any of DeCastro's state law claims. Thus, the burden shifted to DeCastro to set forth specific facts showing there are genuine issues of material fact precluding summary judgment and DeCastro's establishing those issues could satisfy his burden at trial. *See* Fed. R. Civ. P. 56(c)(1). DeCastro has wholly failed to identify any such evidence in the Opposition. Resultantly, DeCastro has failed to establish a genuine issue of material fact which would necessitate a trial in this case as to any of his state law claims.

#### 1. Defamation (Fourth COA)

In the Motion, the LVMPD Defendants asserted summary judgment is warranted on DeCastro's defamation claim because there is neither evidence the police report at issue contained any false statement, nor evidence the police report was published to a third person in the absence of privilege. (ECF No. 86, pp.21:26-22:6). DeCastro argues in the Opposition his evidence of a false statement being published is the Motion itself. (ECF No. 90, p.17:12-18).

DeCastro's argument is absurd. As this Court knows, statements made by parties and/or their attorneys in the course of litigation cannot serve as the basis for liability in a defamation action and are entitled to an absolute privilege – the litigation privilege. In Nevada, statements made in the context of a judicial proceeding are entitled to the litigation privilege when: (1) the judicial proceeding is contemplated in good faith and under serious

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

consideration, and (2) the communication is related to the litigation. *See, e.g., Jacobs v. Adelson*, 130 Nev. 408, 413 (2014). Here, the LVMPD Defendants are defending against DeCastro's claims in good faith and with serious consideration, and the Motion is a communication to the Court directly related to the litigation. Accordingly, DeCastro cannot rely on the Motion as a basis for liability with respect to his defamation claim.

DeCastro has not provided any other meaningful argument he has produced evidence sufficient to create a genuine issue of material fact for trial on his defamation claim. He has produced no evidence demonstrating the police report contains a false statement, nor that the report was published to a third person in the absence of privilege, nor that fault amounting to at least negligence exists, nor that he has sustained reputational harm or some other damage as a result of the police report. In the absence of evidence supporting any element of defamation under Nevada law, the claim fails as a matter of law and the Court should grant summary judgment to the LVMPD Defendants on DeCastro's defamation claim.

### 2.  **Battery (Ninth COA)**

DeCastro's Opposition offers no additional analysis with respect to this claim. (*See* ECF No. 90). The LVMPD Defendants reassert the standard for battery by a police officer under Nevada law is the same as under a 42 U.S.C. § 1983 claim. *See, e.g., Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996) ("The standard for common-law assault and battery by a police officer thus mirrors the federal civil rights law standard: Liability attaches at the point at which the level of force used by a peace officer exceeds that which is objectively reasonable under the circumstances.") Because summary judgment is warranted in relation to DeCastro's excessive force under § 1983, summary judgment is also warranted for DeCastro's state law battery claim.

### 3.  **Negligence (Eleventh COA)**

In the Motion, the LVMPD Defendants noted DeCastro's allegations in support of his negligence claim are predicated entirely upon the Defendant Officers' allegedly intentional use of force. Because the Ninth Circuit has made clear the intentional use of force cannot serve as the basis for liability for negligence, the claim fails as a matter of law.

1 Even if DeCastro could rely on a theory of intentional force to support a negligence claim,
2 DeCastro lacks competent evidence of breach of any duty of care, causation, or damages.
3 In his Opposition, DeCastro does not offer any counterargument. Accordingly, the
4 Court should find he has acquiesced summary judgment is proper as to his negligence claim.
5 *See Henry*, 983 F.2d at 950. The Court should grant summary judgment as to DeCastro's
6 negligence claim.

### 4. Civil Conspiracy (Thirteenth COA)

In the Motion, the LVMPD Defendants argued DeCastro's conclusory allegations of a civil conspiracy have not been supported by any evidence in this case. Without evidence it would create a genuine issue of material fact the Defendant Officers acted in concert intending to accomplish an unlawful objective for the purpose of harming DeCastro, summary judgment is warranted. The LVMPD Defendants also noted the claim also fails as a matter of law under the intra-corporate conspiracy doctrine.

In the Opposition, DeCastro does not provide any evidence or argument this claim should survive summary judgment. The Opposition fails to respond to the LVMPD Defendants' arguments. Resultantly, DeCastro has effectively acknowledged summary judgment on his civil conspiracy claim is warranted. *See Henry*, 983 F.2d at 950. The Court should grant summary judgment as to DeCastro's civil conspiracy claim.

### 5. Abuse of Process (Fourteenth COA)

DeCastro's SAC alleged a claim for abuse of process based on his being arrested and charged with obstruction as a result of the subject incident. (ECF No. 61 at ¶¶146-148). In the Motion, the LVMPD Defendants argued DeCastro cannot identify evidence which could meet his burden of trial on his abuse of process claim because: (1) he cannot identify a willful act by the LVMPD Defendants after the filing of criminal charges, and (2) he cannot offer evidence to support his theory the LVMPD Defendants used the legal process to accomplish a goal other than for what it was created.

In the Opposition, DeCastro does not provide any evidence or argument this claim should survive summary judgment. The Opposition fails to respond to the LVMPD

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  Defendants' arguments. Resultantly, DeCastro has acknowledged summary judgment on his
2  civil conspiracy claim is warranted. *See Henry*, 983 F.2d at 950. Accordingly, summary
3  judgment is warranted as to DeCastro's abuse of process claim.

### E.  THE COURT SHOULD DENY DECASTRO'S REQUEST FOR LEAVE TO SUPPLEMENT.

In the Opposition, DeCastro briefly asks the Court not rule on this matter, and provide DeCastro with free leave to supplement, upon resolution of his appeal. (ECF No. 90, p.17:23-26). The purported basis for a supplementary response is it would aid the Court in resolving the present Motion as relates to arguments which depend upon the underlying conviction. (*Id.*).

As explained briefly above, it is the understanding of the LVMPD Defendants that DeCastro's conviction was overturned on appeal. However, DeCastro's reliance upon the outcome of his criminal appeal is a red herring. The Court has previously ruled on the probable cause issue and determined Ofc. Bourque had probable cause to arrest DeCastro for obstruction. (ECF No. 44, p.7). Because the overturning of DeCastro's criminal conviction does not disturb this Court's prior determination that probable cause to arrest exists in this case, no supplementary briefing from DeCastro is necessary.

To the extent this Court is inclined to grant DeCastro's request for leave to supplement based upon the outcome of the criminal appeal, the LVMPD Defendants request they be granted leave to reply to any supplemental briefing.

### IV.  CONCLUSION

Based on the foregoing, the LVMPD Defendants respectfully request this Court grant their Motion for Summary Judgment in its entirety.

Dated this 22nd day of July, 2024.

        MARQUIS AURBACH

        By  */s/ Craig R. Anderson*
           Craig R. Anderson, Esq.
           Nevada Bar No. 6882
           10001 Park Run Drive
           Las Vegas, Nevada 89145
           Attorneys for Defendants

MAC:14687-456 5540801_1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (ECF NO. 90)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 22nd day of July, 2024.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

 */s/ Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-456 5540801_1