**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>               Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>               Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**LVMPD DEFENDANTS'**<br>**SUPPLEMENTAL BRIEF** |

Defendants Las Vegas Metropolitan Police Department, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby submit their Supplemental Brief pursuant to this Court's Order (ECF No. 93).

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  INTRODUCTION

This case stems from an incident on March 15, 2023 wherein Plaintiff Jose DeCastro ("DeCastro") was detained, subsequently arrested after interfering in a lawful traffic stop and refused to obey the commands of Ofc. Bourque to step back from the traffic stop.

DeCastro initiated this action on April 17, 2023. During the pendency of this case, DeCastro: (1) was tried and convicted in the Las Vegas Justice Court for obstructing a

MAC:14687-456 5574116_1

public officer and resisting a public officer under NRS 197.190 and 199.280, respectively; (2) was sentenced to serve six months in the Clark County Detention Center; (3) appealed his conviction to the Eighth Judicial District Court; and (4) prevailed in having his conviction overturned on appeal.

Ultimately, however, DeCastro's success in having his criminal conviction overturned on appeal is of no consequence to the instant case. The LVMPD Defendants submit the only potential relevance of DeCastro's successful appeal would be in regard to the issue of whether probable cause existed for Ofc. Bourque to arrest DeCastro during the subject incident. The existence or lack of probable cause applies to two of DeCastro's claims: false arrest and First Amendment retaliation. This Court has already made a determination that probable cause to arrest DeCastro existed during the subject incident. DeCastro has failed to offer an adequate legal basis for disturbing the Court's prior ruling.

Moreover, this Court is not bound and should not be persuaded by the Nevada court's analysis in the criminal appeal. The LVMPD Defendants respectfully submit the issues analyzed in this supplemental briefing were not adequately briefed throughout the criminal proceeding. In addition, the doctrine of collateral estoppel does not preclude this Court's independent assessment of the issues here because the LVMPD Defendants were not parties to the criminal case and have not had a full and fair opportunity to litigate the issues raised therein.

As analyzed herein, DeCastro's conviction being overturned and the Nevada Court of Appeals' ruling in *Willson*[1] are of no consequence to the LVMPD Defendants' pending motions for summary judgment (ECF No. 66, ECF No. 86). The *Willson* decision only affirms Ofc. Bourque had probable cause to arrest DeCastro for obstruction under NRS 197.190. Even if this Court finds otherwise, the belief of the Defendant Officers they had probable cause to arrest DeCastro for obstruction under NRS 197.190 was reasonable and is protected by qualified immunity.

---

[1] *Willson v. First Jud. Dist. Ct. in & for Cnty. of Carson City*, 140 Nev. Adv. Op. 7, 547 P.3d 122 (Nev. App. 2024).

Accordingly, for the reasons enunciated in the motions and herein, the LVMPD Defendants respectfully request the Court grant summary judgment in their favor as to all of DeCastro's claims.

## II. STATEMENT OF FACTS AND PROCEDURAL HSITORY[2]

### A. PROCEDURAL HISTORY OF INSTANT CASE

On April 17, 2023, DeCastro filed the instant lawsuit. (ECF No. 1). On May 7, 2023, DeCastro amended his complaint ("FAC"). (ECF No. 13). On October 23, 2023, this Court issued its Order Granting in part Defendants' Motion to Dismiss. (ECF No. 44). Specifically, this Court dismissed <u>with prejudice</u> DeCastro's' claims for unreasonable search and seizure, false arrest/imprisonment, invasion of privacy and negligence-based search and seizure. (ECF No. 44 at 16). This Court also dismissed <u>without prejudice</u> DeCastro's equal protection claim, First Amendment retaliation claim, *Monell* claim, § 1981 claim, and negligence-based claim for biased policing without prejudice, DeCastro's excessive force and supervisor liability claims survived. This Court gave DeCastro leave to amend the claims dismissed without prejudice. (*Id.*)

DeCastro amended his claims and filed his Second Amended Complaint ("SAC") on November 27, 2023, which is now the operative Complaint in this case. (ECF No. 61). The SAC contains the following causes of action:

> <u>First Claim for Relief</u>: 42 U.S.C. § 1983 Fourth Amendment false arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.
>
> <u>Second Claim for Relief</u>: 42 U.S.C. § 1983 Fourth Amendment illegal search and seizure claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.
>
> <u>Third Claim for Relief</u>: 42 U.S.C. § 1983 Fourth Amendment excessive force against Officers Bourque and Sandoval.
>
> <u>Fourth Claim for Relief</u>: Nevada state law defamation claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

---

[2] The LVMPD Defendants hereby incorporate the Statements of Facts as stated in their Motion for Summary Judgment (ECF No. 86) and their Reply Brief in support thereof (ECF No. 91).

Fifth Claim for Relief: 42 U.S.C. § 1983 First Amendment "chilling" claim against all defendants

Sixth Claim for Relief: 42 U.S.C. § 1983 First Amendment retaliation claim against all defendants

Seventh Claim for Relief: 42 U.S.C. § 1983 *Monell* liability claim against LVMPD, Nevada, and Sgt. Torrey.

Eighth Claim for Relief: 42 U.S.C. § 1983 selective enforcement and inequal police action claim against all defendants.

Ninth Claim for Relief: Nevada state law battery claim against Officer Sandoval.

Tenth Claim for Relief: Nevada state law invasion of privacy claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

Eleventh Claim for Relief: Nevada state law negligence claim against all individual defendants.

Twelfth Claim for Relief: 42 U.S.C. § 1983 failure to intervene claim against all individual defendants.

Thirteenth Claim for Relief: Nevada state law civil conspiracy claim against all individual defendants.
Fourteenth Claim for Relief: Nevada state law abuse of process claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

Fifteenth Claim for Relief: 42 U.S.C. § 1983 *Monell* failure to train claim against Officer Torrey, LVMPD, and the State of Nevada. (ECF No. 61, p.19-33).

(ECF No. 61).

On December 11, 2023, the LVMPD Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment. (ECF No. 66). On February 2, 2024, DeCastro filed his Response and Opposition to Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment[3]. (ECF No. 79). On February 9, 2024, the LVMPD Defendants filed their Reply in Support of ECF No. 66. (ECF No. 80). On April 5,

---

[3] Plaintiff was litigating the instant case *pro se* until his counsel of record filed a notice of appearance on January 10, 2024. (ECF No. 76).

1 2024, the LVMPD Defendants filed their Motion for Leave to File Supplemental Evidence
2 in Support of Summary Judgment. (ECF No. 83). The LVMPD Defendants' Motion to
3 Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary
4 Judgment (ECF No. 66) is currently pending before the Court.

5 The deadline in this case for filing dispositive motions was June 14, 2024. (ECF No.
6 55). On June 14, 2024, the LVMPD Defendants filed their Motion for Summary Judgment.
7 (ECF No. 86). On July 8, 2024, DeCastro filed his Opposition to Defendants' Joint Motion
8 for Summary Judgment and Request to Defer Matter Pending Resolution of Appeal of
9 Criminal Conviction. (ECF No. 90). On July 22, 2024, the LVMPD Defendants filed their
10 Reply to Plaintiff's Opposition to Motion for Summary Judgment (ECF No. 91). The
11 LVMPD Defendants' Motion for Summary Judgment (ECF No. 86) is currently pending
12 before the Court.

### B. PROCEDURAL HISTORY OF CRIMINAL CASE

14 The subject incident occurred on March 15, 2023. DeCastro was charged with two
15 misdemeanors in connection with his arrest: (1) Obstructing a Public Officer – NRS
16 197.190; and (2) Resisting a Police Officer or Resisting Arrest – NRS 199.280. (**Exhibit K**
17 to Motion (ECF No. 86), 3/15/23 Citation).

18 DeCastro pled not guilty and proceeded to a bench trial on the charges in the Clark
19 County Justice Court ("Justice Court"). (**Exhibit L** to Motion (ECF No. 86), Case No. 23-
20 CR-013015 Docket). On March 19, 2024, DeCastro's criminal bench trial was held in front
21 of the Honorable Ann Zimmerman. (*See id.*) DeCastro was represented by his counsel of
22 record in this action at the criminal trial. (*Id.*) DeCastro was convicted on both charges and
23 sentenced to six months in jail, three months on each charge to run consecutively. (*Id.*)

24 DeCastro appealed his conviction. His appeal proceeded in Clark County's Eighth
25 Judicial District Court ("District Court"). DeCastro filed his opening brief on May 6, 2024.
26 (**Exhibit A**, Appellant's Opening Brief). The State filed its answering brief on June 5, 2024.
27 (**Exhibit B**, Respondent's Answering Brief). DeCastro filed his reply brief on June 18, 2024.
28 (**Exhibit C**, Appellant's Reply Brief).

MAC:14687-456 5574116_1

On July 10, 2024, DeCastro's appeal was heard by the Honorable Michelle Leavitt of Department 22 of the District Court. (**Exhibit D**, Order Granting Appeal). The District Court granted the appeal and overturned DeCastro's convictions based upon his conduct on March 15, 2023 being First Amendment protected conduct. (*Id.*)

## III. LEGAL ARGUMENT

### A. THE OVERTURNING OF DECASTRO'S CONVICTION HAS NO IMPACT ON THIS CASE.

In the LVMPD Defendants' Motion for Summary Judgment (ECF No. 86) (the "Motion"), they advanced a singular argument relying upon DeCastro's criminal conviction, namely that this Court could not determine probable cause was lacking to arrest DeCastro without implying the invalidity of DeCastro's convictions, thus barring the claim for First Amendment Retaliation under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The LVMPD Defendants advanced other arguments in favor of summary judgment as to that claim, namely this Court has already determined the Defendant Officers had probable cause to arrest DeCastro for obstruction (ECF No. 44, pp.7-14), DeCastro could not bring forward evidence of a discriminatory effect or discriminatory motive, and no clearly established law provided such an arrest would constitute a First Amendment violation. (ECF No. 86, pp. 14-18). At the time the LVMPD Defendants filed their Reply brief (ECF No. 91), they were aware DeCastro's criminal conviction had been overturned and therefore withdrew their *Heck* argument. (ECF No. 91, fn.1). Resultantly, not a single argument in the LVMPD Defendants' pending Motion relies upon DeCastro's criminal conviction.

In DeCastro's Opposition to Defendants' Motion for Summary Judgment, DeCastro requested supplemental briefing in the event the appeal of his criminal conviction was successful. (ECF No. 90, p.17:23-26). Specifically, he argued a supplement would aid this Court in resolving the Motion as to those arguments which depend upon the underlying conviction. (*Id.*) After DeCastro succeeded in overturning his criminal conviction, he moved for leave to set a supplemental briefing schedule, arguing that the reversal of the conviction is relevant to whether estoppel or res judicata bars DeCastro pursuing certain claims. (ECF

1 No. 92, p.2). DeCastro also argues the District Court made it clear Ofc. Bourque's actions were unlawful, though the District Court's Order Granting Appeal makes no such finding. (*See id.*; *compare to* **Ex. D**).

Ultimately, the only issue in this case which the overturning of DeCastro's criminal conviction could have any potential impact on is the issue of whether the Defendant Officers had probable cause to arrest DeCastro under NRS 197.190 during the subject incident. The only argument advanced by the LVMPD Defendants in the Motion relating to the existence of probable cause was in relation to DeCastro's First Amendment retaliation claim (sixth cause of action), because the U.S. Supreme Court has adopted a "no-probable-cause" rule in relation to retaliatory arrest claims – if a plaintiff cannot show the arrest was unsupported by probable cause, the claim fails. *Nieves v. Bartlett*, 587 U.S. 391, 403-04 (2019). (ECF No. 86, pp.15-16). The LVMPD Defendants also requested the Court strike or reaffirm its dismissal with prejudice of the false arrest claim (first cause of action) because the Court has already determined the claim fails due to the existence of probable cause. (ECF No. 86, p.10:15-22; *see also* ECF No. 44, p.13).

This Court has previously determined the Defendant Officers had probable cause to arrest DeCastro for obstruction under NRS 197.190. (ECF No. 44 at pp.7-13). "Probable cause exists when, at the time of arrest, the [officers] know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924-25 (9th Cir. 2001) (quotation omitted). "[E]ven if the officers were mistaken that probable cause to arrest existed, they are nonetheless immune from liability if their mistake was reasonable." *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 969 (9th Cir. 2010) (simplified). The undisputed BWC video footage submitted in support of the LVMPD Defendants' Motion for Summary Judgment makes abundantly clear DeCastro willfully disobeyed Ofc. Bourque's command to step back from the traffic stop. (**Exhibit A** to Motion at T23:27:05-T23:27:28). As explored further below, the Nevada Court of Appeals' 2024 *Willson* decision actually supports the LVMPD Defendants' contention

MAC:14687-456 5574116_1

1 probable cause existed to arrest DeCastro for obstruction under NRS 197.190. Moreover, 2 *Willson* is a 2024 decision and would have had no impact on the existence of probable cause 3 to arrest DeCastro in March of 2023. Even if the officers were mistaken in believing 4 probable cause existed, such a mistake would have necessarily been reasonable as *Willson* 5 was not decided until almost a year after the subject incident. Accordingly, the LVMPD 6 Defendants contend the overturning of DeCastro's criminal conviction is of no consequence 7 to his civil claims, and request this Court reaffirm its determination the Defendant Officers 8 had probable cause to arrest DeCastro for obstruction under NRS 197.190.

9 If the Court is inclined to renew its probable cause analysis based on the overturning 10 of DeCastro's criminal conviction and the *Willson* case, only two claims are potentially 11 affected. First, with respect to the false arrest claim, it is the position of the LVMPD 12 Defendants this issue has already been adjudicated and this Court's prior analysis was sound 13 and correct. To the extent the Court is inclined to revisit the issue based on the overturning 14 of DeCastro's criminal conviction and the *Willson* case, the LVMPD Defendants explain 15 herein why this Court's prior determination that probable cause to arrest DeCastro for 16 obstruction under NRS 197.190 did exist, and why the Court's prior ruling was the correct 17 one. Second, as to the First Amendment retaliation claim, while the existence of probable 18 cause is one reason the claim should fail, DeCastro has also failed to submit evidence which 19 could meet his burden at trial that the Defendant Officers' enforcement of NRS 197.190 20 against him had a discriminatory effect or was motivated by a discriminatory purpose. 21 Specifically, no evidence was adduced in this case or in the criminal case demonstrating 22 Ofc. Bourque or any other Defendant officer was motivated by an intent to prevent DeCastro 23 from recording a law enforcement activity. Rather, the evidence submitted to the Court in 24 this case proves dispositively DeCastro's filming was never the issue for the Defendant 25 Officers during the subject incident. The sole issue as identified by Ofc. Bourque at the time 26 of the arrest and in his subsequent report, as well as by the supervising officer Sgt. Torrey, 27 was always DeCastro's close proximity to an active traffic stop and his refusal to step back
28

MAC:14687-456 5574116_1

1  and film from a reasonable distance when issued a lawful order to do so. (**Ex. A** to Motion at

2  T23:27:18, **Ex. F** to Motion at T00:31:00, **Ex. J** to Motion).

3      Based on the LVMPD Defendants' withdrawal of their *Heck* argument and this

4  Court's prior ruling the Defendant Officers had probable cause to arrest DeCastro under

5  NRS 197.190, the overturning of DeCastro's criminal conviction on appeal is of no

6  consequence to this Court's analysis of the LVMPD Defendants' Motion for Summary

7  Judgment (ECF No. 86).

### B. THE *WILLSON* DECISION SUPPORTS A FINDING THAT OFC. BOURQUE HAD PROBABLE CAUSE TO ARREST DECASTRO.

    If this Court is inclined to revisit its prior determination the Defendant Officers had probable cause to arrest DeCastro for obstruction under NRS 197.190 based upon the overturning of his criminal conviction and the Court of Appeals of Nevada's 2024 *Willson* decision, the Court should first conclude it is not collaterally estopped from independently reviewing the issue as the LVMPD Defendants have not yet had a full and fair opportunity to litigate the matter and the issue was inadequately briefed in the criminal proceedings. When this Court reviews the *Willson* decision in light of the facts in this case, it should find *Willson* supports the LVMPD Defendants' assertion the Defendant Officers has probable cause to arrest DeCastro for obstruction under NRS 197.190 based on his refusal to obey lawful orders during the subject incident.

#### 1. This Court Should Conduct an Independent Analysis of the Impact of the *Willson* Decision in This Case.

    The LVMPD Defendants anticipate DeCastro will argue this Court is bound by, or should defer to, the District Court's analysis of *Willson v. First Jud. Dist. Ct. in & for Cnty. of Carson City*, 140 Nev. Adv. Op. 7, 547 P.3d 122 (Nev. App. 2024) as relates to this case. However, it would be patently unfair and prejudicial to the LVMPD Defendants for this Court not to conduct its own independent analysis of this issue. Basic principles of collateral estoppel provide the LVMPD Defendants should be allowed an opportunity to litigate this issue. In addition, the impact of *Willson* was not adequately briefed throughout the criminal proceedings. Accordingly, if this Court believes the *Willson* decision is relevant to deciding

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1 the LVMPD Defendants' pending motion(s), this Court should conduct its own independent
2 review of the impact of *Willson* in this case.

3 In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court analyzed
4 the relationship between 42 U.S.C. § 1983 and collateral estoppel. Under the doctrine of
5 collateral estoppel, once a court has decided an issue of fact or law necessary to its
6 judgment, that decision may preclude re-litigation of the issue in a suit on a different cause
7 of action involving a party to the first case. *Id.* (citing *Montana v. United States*, 440 U.S.
8 147, 153 (1979)). But one general limitation the Court has repeatedly recognized is that the
9 concept of collateral estoppel cannot apply when the party against whom the earlier decision
10 is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case.
11 *Montana, supra*, at 153; *Blonder–Tongue Laboratories, Inc. v. University of Illinois*
12 *Foundation, supra*, 402 U.S. 313, 328–329 (1971).

13 Here, this Court is not bound by the District Court's findings as relate to *Willson* and
14 whether Ofc. Bourque had probable cause to arrest DeCastro for obstruction under NRS
15 197.190. The Court should conduct its own independent analysis, as the LVMPD
16 Defendants were not a party to the criminal case and have not had a full and fair opportunity
17 to litigate the issues raised therein, including the proper interpretation of *Willson* decision.
18 For that reason alone, this Court is obliged to independently analyze the significance of
19 *Willson* as applies to DeCastro's claims, rather than relying on any legal conclusions
20 reached by the District Court in ruling on DeCastro's criminal appeal.

21 Further, it is sensible this Court should conduct an independent review of the impact
22 of *Willson* here because the issue was not adequately briefed in the criminal case. *Willson*
23 was not raised at any time during the Justice Court proceedings despite the fact the decision
24 was issued prior to the time of DeCastro's trial. *Willson* was not raised in DeCastro's
25 opening brief during the appeal. (*See* **Ex. A**). *Willson* was mentioned briefly in the State's
26 responsive brief and in DeCastro's reply brief, but in the view of the LVMPD Defendants,
27 its relevance to the subject incident was not adequately briefed during the criminal
28 proceedings. (*See* **Ex. B**; *see also* **Ex. C**).

MAC:14687-456 5574116_1

Due to the fact the LVMPD Defendants have not yet had a full and fair opportunity to litigate the impact of *Willson* on whether Ofc. Bourque had probable cause to arrest DeCastro for obstruction in connection with the subject incident, and the lack of adequate briefing on the impact of *Willson* during the criminal proceedings, this Court should conduct an independent analysis of the impact of *Willson* on DeCastro's claims in this action if it believes such an analysis would be relevant to DeCastro's claims and the LVMPD Defendants' pending motion(s).

### 2. *Willson* favors the LVMPD Defendants' contention DeCastro's conduct violated NRS 197.190

In *Willson*, Nevada's Court of Appeals considered the constitutionality of NRS 197.190. *Willson*, 547 P.3d 122 at 127 (Nev. App. 2024). The *Willson* Court ultimately clarified and narrowed the scope of NRS 197.190 while determining that the statute was constitutional. *Id.* In doing so, the *Willson* Court concluded that certain conduct, such as refusing to obey a lawful order, constitutes physical conduct which delays, hinders, or obstructs an offer. *Id.* at 135. In other words, intentionally refusing to obey a lawful order does constitute obstruction under the *Willson* Court's interpretation of NRS 197.190. In this case, DeCastro intended to and did disobey a lawful order. Accordingly, his conduct during the subject incident was a violation of NRS 197.190 under *Willson*.

In *Willson*, the Carson City Sheriff's Office responded to a call indicating a juvenile was contemplating suicide. *Id.* at 127. The juvenile pressed the knife into his body a couple of times and one officer communicated with him from a distance, attempting to build rapport and prevent the juvenile form committing suicide. *Id.* Other officers arrived and attempted to deescalate and control the scene. *Id.* During that time, Willson, who lived next door to where the incident was taking place, starting yelling at the officers and the juvenile from the middle of her front lawn. *Id.* Officers directed her to stop yelling, but she continued. *Id.* Officers testified that Willson's yelling was loud and disruptive and delayed their attempts to get the juvenile to drop the knife by interfering with their ability to build rapport. *Id.* at 128.

MAC:14687-456 5574116_1

1 The State charged Willson with obstructing a public officer in violation of NRS 197.190, and Willson was convicted after a bench trial in Carson City Justice Court. *Id.* Willson appealed her conviction to the district court, arguing that NRS 197.190 was unconstitutionally overbroad and vague. *Id.* The district court denied the appeal, and Willson then filed a petition for a writ of certiorari to the Court of Appeals of Nevada. *Id.*

In analyzing the statute, the *Willson* Court determined that the phrase "willfully hinder, delay or obstruct any public officer" within NRS 197.190 requires a specific intent, as interpreting otherwise would criminalize constitutionally protected activity and raise vagueness concerns. *Id.* at 130-32. The Court of Appeals also determined that NRS 197.190 applies only to physical conduct and fighting words based on the canon of constitutional avoidance. *Id.* at 132-34. However, in doing so, it explicitly noted that with respect to physical conduct which violates NRS 197.190:

> We note that NRS 197.190 ***does not require the use of force or violence, and that a person's action*** (e.g., blocking the path of an officer) ***or inaction (e.g., refusing to obey a lawful order) may constitute physical conduct that hinders, delays, or obstructs an officer***. *See State v. Hudson*, 56 Wash.App. 490, 784 P.2d 533, 537 (1990) (recognizing that "nonaggressive behavior" may hinder, delay, or obstruct an officer just as "assaultive conduct"); *see also* Christopher Hall, Annotation, *What Constitutes Obstructing or Resisting Officer, in Absence of Actual Force*, 66 A.L.R.5th 397 (1999) (collecting cases where courts have determined what constitutes obstructing an officer in the absence of actual force). Of course, whether a person's physical conduct actually hinders, delays, or obstructs a public officer is a question to be resolved by the trier of fact in a given case.

*Id.* at 134 (emphasis added). The Court of Appeals of Nevada ultimately determined NRS 197.190 was not unconstitutional as applied to Willson, and instructed the district court to reconsider Willson's direct appeal for the purpose of addressing whether, under the *Willson* Court's ruling regarding the scope of statute, sufficient evidence supported the conviction. *Id.* at 137-138.

As applied to this case, DeCastro refused to back away from the traffic stop when issued a lawful order by Ofc. Bourque to do so. (**Ex. A** to Motion (ECF No. 86), T23:26:48-TT23:27:43). DeCastro interfered in a traffic stop and willfully and actively disobeyed lawful commands to step back and cease interfering. Such conduct unambiguously

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5574116_1

1 constitutes physical conduct amounting to obstruction under NRS 197.190 under the *Willson*
2 decision. The irrefutable and authentic BWC footage demonstrates DeCastro's willful
3 disobeying of Ofc. Bourque's order to back up.[4] When Ofc. Bourque first engaged DeCastro
4 and told him to back up, DeCastro was only a few feet away from the driver's side window
5 of the traffic detainee. (**Ex. A** to Motion (ECF No. 86), T23:27:05). DeCastro backed up one
6 or two feet, remaining in close proximity to the traffic stop. Ofc. Bourque clarified and
7 reiterated "You can film but you need to stay away from my driver. Back up. Back up or I'm
8 going to detain you." (*Id.* at T23:27:18). DeCastro did not move and asserted he was ten feet
9 away and would continue to stand right there. (*Id.* at T23:27:20-T23:27:28). DeCastro's
10 conduct constituted a specific intent to disobey a lawful order, and therefore qualifies as
11 physical conduct amounting to obstruction under NRS 197.190. Resultantly, the *Willson*
12 decision favors the LVMPD Defendants' contention the detention and arrest were supported
13 by probable cause.

14 The only argument DeCastro can reasonably proffer in arguing that he did not have
15 the specific intent to refuse to obey a lawful order is the order itself was not lawful.
16 DeCastro's criminal appeal prevailed in large part by asserting his conduct was protected by
17 the First Amendment right to film police activity. The criminal appeal briefing, the District
18 Court's Order Granting Appeal and overturning the criminal conviction focused heavily on
19 the right to film police activities as protected by the First Amendment. (*See* **Ex. A**; *see also*
20 **Ex. C**, *see also* **Ex. D**).

21 However, neither in this case nor in the criminal case has DeCastro identified legal
22 authority to support the notion the First Amendment protected conduct of filming police
23 activities is unfettered, includes a right to stand and film in close proximity to an active
24 traffic stop and disobey police orders to film from a greater distance. The tension between
25 law enforcement's need to control the scene to afford sufficient time, space, and distance to
26 safely conduct legitimate law enforcement activity and the First Amendment right of

---

[4] *See Scott v. Harris*, 550 U.S. 372 (2007) (court can ignore plaintiff's version of events if video evidence "blatantly contradicts" representation).

MAC:14687-456 5574116_1

1 citizens to film those law enforcement activities is at the crux of this case. In an effort to
2 draw clearer boundaries, some states have enacted statutes setting specific distances which
3 citizens must stand back to when ordered to do so.[5] Nevada is not one of those states.
4 Nevertheless, federal courts in this Circuit analyzing similar factual circumstances have
5 found that probable cause of obstruction does exist where a filming citizen refuses a police
6 order to back up to a reasonable distance while police perform their duties. *See Gonzalez v.*
7 *City of Newport Beach*, No. 820CV00142JLSADS, 2021 WL 6618757 (C.D. Cal. Oct. 13,
8 2021) (probable cause of obstruction existed where police asked plaintiffs to film from the
9 sidewalk 20-25 feet away from the traffic stop to afford officers sufficient time, space, and
10 distance to safely conduct their ongoing criminal investigation while still affording plaintiffs
11 a clear and unobstructed view of law enforcement activities).

12 In this case, Ofc. Bourque had a legitimate law enforcement purpose for ordering
13 DeCastro to back up more than a few steps away from the active traffic stop in order to film.
14 The order was a lawful one. DeCastro's refusal to back up leaves no room for ambiguity –
15 he had a specific intent to disobey Ofc. Bourque's order. Even pursuant to the more
16 restrictive interpretation of NRS 197.190 prescribed by *Willson*, DeCastro's conduct during
17 the subject incident amounted to DeCastro's specific intent to engage in physical conduct
18 which hindered, delayed, or obstructed Ofc. Bourque – a violation of NRS 197.190.

19 Based on the foregoing, the *Willson* decision only supports the contention of the
20 LVMPD Defendants that Ofc. Bourque had probable cause to arrest DeCastro for
21 obstruction under NRS 197.190 based on his conduct during the subject incident.

### 3. *Willson* Was Not Clearly Established Law at the Time of the Subject Incident.

Lastly, even if the Court concludes it is estopped from reviewing the issue or ruling contrary to the District Court, or DeCastro's conduct during the subject incident does not

---

[5] When Police Say 'Stand Back,' These States Say How Far, NPR (August 13, 2024), available at https://www.npr.org/2024/08/10/nx-s1-5064654/when-police-say-stand-back-these-states-say-how-far.

MAC:14687-456 5574116_1

1 amount to obstruction under NRS 197.190 in light of the *Willson* decision, the Defendant
2 Officers are protected by qualified immunity.

3       A defendant in a § 1983 action is entitled to qualified immunity from damages for
4 civil liability if his conduct did not violate clearly established statutory or constitutional
5 rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800,
6 818 (1982). "In determining whether an officer is entitled to qualified immunity, [a court]
7 consider[s] (1) whether there has been a violation of a constitutional right; and (2) whether
8 that right was clearly established at the time of the officer's alleged misconduct." *Lal v.*
9 *California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). Consequently, at
10 summary judgment, a court can "only" deny an officer qualified immunity in a § 1983
11 action "if (1) the facts alleged, taken in the light most favorable to the party asserting injury,
12 show that the officer's conduct violated a constitutional right, and (2) the right at issue was
13 clearly established at the time of the incident such that a reasonable officer would have
14 understood [his] conduct to be unlawful in that situation." *Torres v. City of Madera*, 648
15 F.3d 1119, 1123 (9th Cir. 2011).

16       If the Court were to determine probable cause was lacking to arrest DeCastro for
17 obstruction based on *Willson*, the Defendant Officers would nevertheless be entitled to
18 qualified immunity as to DeCastro's federal § 1983 claims which rely upon a lack of
19 probable cause to arrest. DeCastro bears the burden of showing the right allegedly violated
20 was clearly established. *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir.
21 2017) (internal quotation marks and citation omitted), and he must provide a case that
22 demonstrates the unconstitutionality of the action "in light of the specific context of [this]
23 case." *See Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

24       Here, *Willson* was not decided until February 2024, almost a year after the date of
25 the subject incident, March 15, 2023. Even if this Court finds DeCastro's conduct did not
26 violate NRS 197.190 in light of the *Willson* decision, it is ultimately of no import because
27 *Willson* was not clearly established law in Nevada at the time of the subject incident.
28 Additionally, there was no clearly established law in Nevada or the Ninth Circuit at the time

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5574116_1

of the subject incident holding that an officer arresting an individual for obstruction under similar facts amounts to a constitutional violation. Specifically, DeCastro interfered in a traffic stop, willfully and actively disobeyed commands to back up from the traffic stop and resisted the efforts of the officers to effectuate his detention. The LVMPD Defendants are not aware of any case in which arresting an individual for obstruction under similar factual circumstances was found to be a First, Fourth, or Fourteenth Amendment violation. Accordingly, there was no clearly established law at the time of the subject incident such that reasonable officers would have understood their conduct to be unlawful.

Based on the foregoing, the Defendant Officers are protected by qualified immunity with respect to DeCastro's federal § 1983 claims which rely upon a lack of probable cause to arrest.

## IV. CONCLUSION

Based on the foregoing, the LVMPD Defendants respectfully request the Court grant its Motion for Summary Judgment (ECF No. 86) in its entirety.

Dated this 23rd day of August, 2024.

        MARQUIS AURBACH

        By  */s/ Craig R. Anderson*
           Craig R. Anderson, Esq.
           Nevada Bar No. 6882
           10001 Park Run Drive
           Las Vegas, Nevada 89145
           Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' SUPPLEMENTAL BRIEF** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 23rd day of August, 2024.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

        */s/ Sherri Mong*
        an employee of Marquis Aurbach

MAC:14687-456 5574116_1