**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>  Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>  Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING SUMMARY JUDGMENT AND THE OVERTURNING OF PLAINTIFF'S CONVICTION IN THE EIGHTH JUDICIAL DISTRICT COURT OF NEVADA (ECF NO. #96)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Response to Plaintiff's Supplemental Brief Regarding Summary Judgment and the Overturning of Plaintiff's Conviction in the Eighth Judicial District Court of Nevada (ECF No. 96) ("DeCastro's Supplemental Brief"). This Response is made and based upon the attached Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed by counsel at the time of hearing.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS & AUTHORITIES

## I.  INTRODUCTION

LVMPD Defendants have established that they are entitled to summary judgment as a matter of law with respect to each and every cause of action brought forth by Plaintiff Jose DeCastro ("DeCastro") in this action.

DeCastro's Supplemental Brief impliedly argues that this Court should defer to the analysis of the District Court in overturning DeCastro's criminal conviction. DeCastro cites no legal authority for the position that this Court is required to, or should, defer to any factual findings or legal conclusions made by the Eighth Judicial District Court of Nevada (the "District Court") in the context of parallel criminal proceedings. As explored in LVMPD Defendants' Supplemental Brief (ECF No. 95) ("LVMPD Defendants' Supplemental Brief") and expounded on herein, this Court must conduct an independent review of the evidence and the law as applies to each of DeCastro's claims. When it does so, this Court should determine that DeCastro's conduct during the subject incident was not protected by the First Amendment, and that no legal authority supports DeCastro's position that the right to film police is unfettered and allows for the obstructive conduct engaged in by DeCastro during the subject incident, specifically his willful refusal to obey lawful and reasonable orders to back up and film the traffic stop from a reasonable distance. This Court should also reject DeCastro's request that this Court rely on and defer to dicta from the District Court Order Granting Appeal (the "Order") which did not form the basis for the District Court's reversal of the criminal conviction.

DeCastro's Supplemental Brief additionally ignores the critical holding in the *Willson* case that physical conduct under NRS 197.190 includes disobeying a lawful order. LVMPD Defendants have demonstrated that *Willson* favors a probable cause determination here because the authentic video evidence in this case shows that DeCastro intended to perform the act of disobeying Ofc. Bourque's lawful order, which resulted in the hinderance, delay, and obstruction of Ofc. Bourque's carrying out official law enforcement duties. Thus,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*Willson* supports a finding that Ofc. Bourque had probable cause to detain and arrest DeCastro under NRS 197.190.

Lastly, DeCastro's Supplemental Brief fails to advance any cogent argument as to how the overturning of DeCastro's criminal conviction or the *Willson* decision impacts LVMPD Defendants' Motion for Summary Judgment (ECF No. 86). DeCastro reiterates some of his arguments from the original Opposition (ECF No. 90) relating to excessive force, but does not tie that analysis into the reversal of the criminal conviction or *Willson*. DeCastro wholly fails to argue that the overturning of DeCastro's criminal conviction or the *Willson* decision impacts this Court's summary judgment analysis as to any other claim. At best, DeCastro argues generally that summary judgment should be denied as to all claims based on the ruling of the District Court. However, seeing as DeCastro has opted not to argue the impact of his overturned criminal conviction or *Willson* as relates to his false arrest claim, his First Amendment retaliation claim, or any other claim for which LVMPD Defendants have requested summary judgment, this Court should find that DeCastro cannot establish a genuine issue of material fact for trial and that DeCastro's criminal conviction being reversed and/or the *Willson* decision are of no consequence to this Court's summary judgment analysis.

## II.    LEGAL ARGUMENT

### A.    DECASTRO HAS NOT ADVANCED A COGENT ARGUMENT THAT THIS COURT SHOULD DEFER TO THE DISTRICT COURT'S RULING

DeCastro impliedly argues that this Court should consider the findings of the District Court ruling overturning DeCastro's criminal conviction in assessing whether summary judgment is proper. Specifically, DeCastro relies on the District Court's factual findings and legal conclusions in determining that DeCastro's behavior during the subject incident was protected under the First Amendment and cites to several purported conclusions of the District Court deciding the appeal. (ECF No. 96, pp.4:11-25, 14:22-15:10). However, DeCastro offers no legal argument and points to no legal authority for the proposition that this Court is bound by or should rely on the District Court's ruling on the criminal appeal.

MAC:14687-456 Response to Plaintiff's Supplemental Brief Regarding S(5590290.1)

(*See* ECF No. 96). As demonstrated by LVMPD Defendants in their supplemental brief and herein, this Court must independently review the evidence and apply the relevant law because LVMPD Defendants were not parties to the state criminal proceedings and did not have a full and fair opportunity to litigate the relevant issues therein.

### 1. Basic Principles of Collateral Estoppel Require That This Court Independently Analyze the Evidence and Relevant Law.

Much of DeCastro's Supplemental Brief is focused upon the District Court Order overturning DeCastro's criminal conviction. DeCastro impliedly argues that this Court should rely upon factual findings and legal conclusions reached by the District Court in overturning DeCastro's conviction. However, DeCastro cites to no legal authority or any other cogent argument in favor of his position that it would be appropriate for this Court to defer to any portion of the Order in analyzing this case. As explained by LVMPD Defendants in their supplemental brief (ECF No. 95), this Court is required to conduct an independent review of the evidence in this case and apply the relevant law to DeCastro's claims pursuant to summary judgment standards.

Collateral estoppel, also referred to as "issue preclusion," bars the re-litigation of an issue that was previously decided in a proceeding between the same parties. The Ninth Circuit has stated that in order to foreclose re-litigation of an issue, three elements must be met: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated against the party whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *See Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). Trial courts have broad discretion to determine when collateral estoppel should be applied. *See Parklane v. Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). The U.S. Supreme Court recognizes that collateral estoppel is more likely to be unfair when the estopped party is a defendant. *Id.* at 330.

Here, the issue that DeCastro seeks to foreclose further litigation over was not litigated against LVMPD Defendants in the criminal case. None of the LVMPD Defendants

were parties to the state court criminal proceedings, and thus did not have a full and fair opportunity to litigate the issues therein. DeCastro was prosecuted by the State of Nevada, acting through the Clark County District Attorney's Office. It is well-established that police officers are witnesses in criminal proceedings – not parties. *Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir. 1971). Courts routinely deny offensive collateral estoppel in §1983 cases. *See e.g., Smith v. Kelly*, 2013 WL 5770344, *9-10 (W.D. Wash. May 2, 2013); *Everett v. Perez*, 78 F.Supp.2d 1134, 1137 (E.D.Wash. 1999); *Duncan v. Clements*, 744 F.2d 48, 52 (8th Cir. 1984) (noting that the officer "had no control over the prosecutor and did not make decisions with regard to the prosecution. [His] role at the . . . hearing was simply that of a witness for the prosecution."); *Fraser v. City of New York*, 2021 WL 1338795, *4 (S.D.N.Y. Apr. 9, 2021); *Padilla v. Miller*, 143 F.Supp.2d 453, 466 (M.D. Penn. 1999) ("At the habeas corpus hearing, [the district attorney] represented the state's interest, not [the officers]. [The officer] did not have a personal stake in the outcome of [the] criminal proceedings.").

The District Court's decision does not prevent LVMPD Defendants "from asserting in this proceeding that the facts do not support a finding of a constitutional violation entitling Plaintiff to damages." *Fraser*, at *4 (*quoting Poventud v. City of New York*, 2015 WL 1062186, *6 (S.D.N.Y. Mar. 9, 2015)). Federal courts have "always independently evaluated the appropriateness of §1983 claims against individual or municipal defendants" *Fraser*, at * 4 (*citing Burge v. St. Tammany Parish*, 336 F.3d 363, 368-69 (5th Cir. 2003)).

Here, the LVMPD Defendants were not parties to DeCastro's criminal case and had no ability to raise the arguments raised in the Motion for Summary Judgment (ECF No. 86) or in these supplemental briefs during the state court criminal proceedings. Thus, the District Court's factual findings and legal conclusions have no influence on this litigation, and DeCastro must meet his burden of going beyond the pleadings and setting forth specific facts demonstrating a genuine issue for trial as to each of his claims, irrespective of any determination made by the District Court in reversing the criminal conviction.

### 2. The District Court's Ruling Should not Persuade this Court.

LVMPD Defendants maintain that the District Court's ruling should be set aside altogether and not considered by this Court as it has no relevance to DeCastro's ability to meet his burden in opposing summary judgment. Whether the State of Nevada met its burden of proving that DeCastro committed the subject misdemeanors beyond a reasonable doubt is of no consequence to whether DeCastro can meet his burden at summary judgment on his § 1983 and state law claims in this case. However, if the Court is inclined to consider the District Court's ruling in conducting its own analysis, LVMPD Defendants respectfully submit that the ruling should not persuade this Court to agree with any of its conclusions.

#### a. The District Court's First Amendment Ruling.

The basis for the District Court's overturning DeCastro's criminal conviction was its determination that DeCastro's conduct during the subject incident was protected by the First Amendment. That was the reasoning provided by the District Court from the bench. (**Ex. E**, Video of Appeal Hearing, 45:02).[1] DeCastro's criminal appeal relied heavily on *Glik v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011), in which the First Circuit affirmed the right to film government officials under the First Amendment, though noted that the right is not without limitation. (*See* **Ex. A** to LVMPD Defendants' Supplemental Brief, *supra*). The State argued that *Glik* was distinguishable and not applicable to DeCastro's case because Glik filmed from a distance and did not speak to or bother the officers in any way, whereas DeCastro actively interfered in the traffic stop and refused to back up when ordered to do so. (**Ex. B** to LVMPD Defendants' Supplemental Brief, pp.8:15-9:15). The District Court agreed with DeCastro and cited to *Glik* five times in its Order. (**Ex. D** to LVMPD Defendants' Supplemental Brief).

LVMPD Defendants submit that this Federal Court is in a much better position to analyze whether DeCastro's conduct during the subject incident was protected by the First

---

[1] The appeal hearing was video recorded by Our Nevada Judges, Inc., a non-profit corporation under NRS Chapter 82 and IRS Section 501(c)(3), in accordance with Nevada Supreme Court Rules 229-246.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1 Amendment under the mandatory authority of this Circuit, not the First Circuit. When this
2 Court conducts that analysis, it will see that federal courts within the Ninth Circuit and
3 throughout the United States have routinely determined that reasonable time, place, and
4 manner restrictions exist which limit the scope of a citizen's First Amendment right to film
5 law enforcement, particularly when the citizen is filming in close proximity to legitimate
6 law enforcement conduct and refusing orders from law enforcement to back away and film
7 from a reasonable distance.

8 One case highly analogous to the instant case is *Gonzalez v. City of Newport Beach*,
9 No. 820CV00142JLSADS, 2021 WL 6618757 (C.D. Cal. Oct. 13, 2021), which LVMPD
10 Defendants cited in their Supplemental Brief. In *Gonzalez*, law enforcement affected a
11 traffic stop on a suspected drunk driver who pulled his vehicle into a parking lot area. *Id.* at
12 *1. While one officer sat in his vehicle conducting the investigation, another officer
13 observed the plaintiffs walking towards the parking lot. *Id.* The plaintiffs walked towards the
14 patrol vehicle knowing that the officers were engaged in a traffic stop. *Id.* The officers were
15 concerned for several reasons, including the plaintiffs' unknown motivation for approaching
16 the investigation, and the fact that the officers knew that an individual could close a distance
17 as short as ten feet within a fraction of a second. *See id.* at *2. The officers asked the
18 plaintiffs to back up multiple times to the sidewalk approximately 20-25 feet from the traffic
19 stop with an unobstructed view of the officers' activities. *See id.* One plaintiff verbally
20 refused and stated that he was clearly far enough. *Id.* The officers informed that plaintiff that
21 he could continue to record, but needed to step back to the sidewalk. See i*d.* That plaintiff
22 again refused and stated that the officers needed to learn the law. *See id.* The officers
23 requested an additional unit and informed that plaintiff that he would be arrested for
24 obstructing if he did not back up. *See id.* The plaintiff again refused to back up. *Id.* The
25 plaintiffs and officers engaged in additional dialogue during which the officers again
26 ordered them to back up to the sidewalk. *See id.* at *3. When they did not, they were arrested
27 under California's obstruction statute. *See id.* The plaintiffs were never ordered by any
28 officer to put their camera away or turn off their video cameras and were never told they

could not film the incident, nor were they threatened with arrest for filming. *Id.* The *Gonzalez* Court granted summary judgment for the officers on plaintiffs' 1983 claims of Fourth Amendment false arrest and First Amendment retaliation. *See id.* at *4-6. The Court found that the plaintiffs knew that the officers were engaged in the performance of their duties and that plaintiffs refused repeated requests to film from a reasonable distance in order to allow the officers to carry out their duties. *See id.* Under such facts, the Court reasoned that the officers had probable cause to arrest the plaintiffs for obstruction and that the officers were not motivated by a retaliatory desire to stop the plaintiffs from filming. *Id.* The Court also determined that plaintiffs did not establish that the officers violated any clearly established law, and had pointed to no controlling case from the Supreme Court or Ninth Circuit where officers acting under similar circumstances were held to have violated any constitutional right. *See id.* at *7 (quotation and citation omitted).

LVMPD Defendants are not aware of any controlling Supreme Court or Ninth Circuit case which addresses circumstances similar to those in the instant case. However, federal courts have generally found that no constitutional violation occurs where a citizen filming law enforcement activity is arrested for obstruction after refusing lawful orders to film from a distance which provides law enforcement a reasonable space in which to conduct legitimate law enforcement activity. *See, e.g., Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022) (arrest of filming citizen for obstruction was supported by probable cause where citizen refused repeated, unambiguous orders to film from a greater distance); *Hulbert v. Pope*, 70 F.4th 726 (4th Cir.), *cert. denied*, 144 S. Ct. 494, 217 L. Ed. 2d 259 (2023) (officer's order for picketer to move backwards while filming arrest of other picketers did not violate clearly established law); *Basinski v. City of New York et al.*, No. 14-CV-1057 (LTS) (DCF), 2016 WL 3264126, at *5–6 (S.D.N.Y. June 14, 2016) ("Courts within this Circuit have recognized that in cases where the right to record police activity has been recognized by our sister circuits, it appears that the protected conduct has typically involved using a handheld device to photograph or videotape at a certain distance from, and without interfering with, the police activity at issue." (quotation omitted)).

1    LVMPD Defendants submit that the other federal courts have analyzed this issue correctly. Where a filing citizen such as DeCastro refuses lawful orders to provide law enforcement a reasonable space in which to perform their duties, probable cause of obstruction exists and the officers do not violate clearly established law by effectuating an arrest for obstruction. Furthermore, the similarities between this case and *Gonzalez* are striking. Like the plaintiffs in *Gonzalez*, DeCastro approached an active traffic stop with a motivation unknown to Ofc. Bourque, filmed in close proximity to the traffic stop, was ordered multiple times to back up to a greater distance, refused to meaningfully back up, demonstrated hostility by abrasively arguing about the applicable law with the officer, was informed that he would be detained for obstructing if he did not back up, and was ultimately detained and arrested for refusing lawful orders to back up. Moreover, like in *Gonazlez*, Ofc. Bourque informed DeCastro that his filming was not the issue, and never ordered DeCastro to put his camera away or stop filming, nor did Ofc. Bourque threaten him with arrest for filming. Resultantly, DeCastro cannot demonstrate a genuine issue of material fact – Ofc. Bourque had probable cause to arrest him under NRS 197.190 and no evidence of a retaliatory motive exists here. Neither DeCastro's Fourth Amendment right to be free from unreasonable seizures nor his First Amendment right to film public law enforcement activity were violated. Moreover, like in *Gonzalez*, DeCastro has failed to direct this Court to a single controlling case from the Supreme Court or Ninth Circuit where officers acting under similar circumstances were held to have violated any constitutional right. Thus, the Defendant Officers are entitled to qualified immunity as a matter of law.

Based on the foregoing, this Court's independent analysis of the First Amendment right to film law enforcement activity in the context of this case should result in a finding that DeCastro's First Amendment right was not infringed upon when he was arrested for refusing to back up and film the traffic stop from a greater distance. At the very least, the actions of the Defendant Officers in arresting DeCastro for obstruction under NRS 197.190 cannot be said to have violated clearly established law.

        **b.**      **Other Purported Factual Findings and Legal Conclusions.**

The District Court reversed DeCastro's convictions based upon a finding that his conduct during the subject incident was First Amendment protected conduct. This Court can review the appellate hearing in its entirety and hear the District Court's reasoning itself. (**Ex. E**). Nevertheless, the Order itself includes legal analysis and factual conclusions outside the scope of the District Court's ruling from the bench, which should be understood by this Court as mere dicta. The dicta within the District Court order should not persuade this Court in its analysis whatsoever.

"A statement in a case is dictum when it is unnecessary to a determination of the questions involved." *City of Oakland v. Desert Outdoor Advertising, Inc.*, 267 P.3d 48, 52 (Nev. 2011) (internal quotations omitted). Dictum is not controlling. *See Camacho v. State*, 119 Nev. 395, 398 n. 7, 75 P.3d 370, 373 n. 7 (Nev. 2003). Although persuasive Supreme Court dicta are usually heeded by lower courts, dicta ought not to control the judgment in a subsequent suit, when the very point is presented for decision. *See United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017), *vacated on other grounds*, 584 U.S. 381, 138 S. Ct. 1532, 200 L. Ed. 2d 792 (2018).

The Rules of Practice for the Eighth Judicial District Court of the State of Nevada ("EDCR") provide that prevailing parties are to prepare proposed orders and submit those proposed orders to chambers to be approved by the Court. EDCR §7.21; EDCR §5.515, EDCR §5.706. Therefore, after ruling that DeCastro's conviction was reversed based on the conduct amounting to First Amendment protected activity, the District Court requested that DeCastro's criminal appellate counsel prepare the order reversing the conviction, and DeCastro's criminal appellate counsel did so. Because the Court does not write its own orders, it is not uncommon for parties to include factual findings or legal conclusions in a proposed order which go beyond the scope of the reasoning stated by the Court on the record. It is the responsibility of the other party in the case to object to a proposed order, and to submit a competing order if a consensus cannot be reached. LVMPD Defendants were not parties to the criminal proceedings and thus had no input as to whether the Order accurately

reflected the Court's reasoning as stated during the appellate hearing. LVMPD Defendants contend that some portions of the Order are outside of the Court's stated reasoning for granting the appeal and reversing the conviction.

Specifically, the Order includes numerous factual findings which are at odds with the determination of the trial court as to key facts. In Nevada, a trial court's factual findings "are given deference and will not be set aside unless they are clearly erroneous or not supported by substantial evidence." *Canarelli v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 136 Nev. 247, 464 P.3d 114 (Nev. 2020). Here, DeCastro attempts to argue that the District Court made factual findings in deciding the criminal appeal which create genuine issues of material fact for trial in this case. (ECF No. 96, pp.5:18-7:6, 14:22-16:8). However, appellate courts generally do not make factual findings, and if they do, they must clearly rule that the trial court's factual findings are clearly erroneous or not supported by substantial evidence. The District Court made no such finding, either from the bench or in its Order. The District Court's sole stated basis for reversing the conviction was its determination that DeCastro's conduct was protected by the First Amendment. Thus, the purported factual findings relied upon by DeCastro are mere dicta prepared by DeCastro's criminal appeal counsel and should not be given weight by this Court.

Similarly, the Order includes legal analysis which is clearly dictum. The Order provides an analysis of the *Willson* case that goes beyond any ruling the Court made from the bench. The District Court Judge ruled from the bench that the reversal of the convictions was based upon First Amendment conduct, which the Order accurately reflects. If the District Court intended to reverse the convictions based upon DeCastro's conduct not constituting obstruction under NRS 197.190 in light of the *Willson* case, it would have said so. Given that *Willson* was not relied on by the Court in determining that DeCastro's conduct was protected by the First Amendment, the portion of the Order relating to *Willson* and NRS 197.190 is dictum with no relevance to the District Court's ultimate ruling. Accordingly, this Court should give no weight to that portion of the Order.

1        Based on the foregoing, if this Court does choose to analyze the Order and whether it has significance to DeCastro's claims in the instant case, it should conclude that all purported factual findings and legal conclusions unrelated to the District Court's ultimate ruling are dicta which should not influence this Court's analysis.

### B. DECASTRO'S ANALYSIS OF *WILLSON* IGNORES THE MOST RELEVANT PORTION OF THE RULING AS RELATES TO THIS CASE.

DeCastro's analysis of the significance of the *Willson* case as relates to the subject incident and his arrest for obstruction under NRS 197.190 is incomplete. LVMPD Defendants agree with DeCastro that the "willfulness" requirement requires only that a person intend to perform an act that resulted in the hinderance, delay, or obstruction of a public officer. DeCastro correctly states that in order to render the statute constitutional, Nevada's Court of Appeals determined that NRS 197.190 only applies to physical conduct and fighting words (not protected speech). (ECF No. 96, p.10:18-23). However, DeCastro leaves out the portion of *Willson* most relevant to the instant case, the *Willson* Court's determination that inaction such as refusing to obey a lawful order may constitute physical conduct that hinders, delays, or obstructs and officer under NRS 197.190. *See Willson v. First Jud. Dist. Ct. in & for Cnty. of Carson City*, 140 Nev. Adv. Op. 7, 547 P.3d 122, 134 (Nev. App. 2024).

LVMPD Defendants maintain that their analysis as contained in their Supplemental Brief (ECF No. 95) is correct. Ofc. Bourque issued a lawful order for DeCastro to back up, and DeCastro willfully refused to obey that order. Resultantly, the *Willson* decision favors the LVMPD Defendants' contention the detention and arrest for obstruction under NRS 197.190 were supported by probable cause because DeCastro's conduct during the subject incident amounted to DeCastro's specific intent to engage in physical conduct which hindered, delayed, or obstructed Ofc. Bourque – a violation of NRS 197.190. DeCastro's Supplemental Brief fails to advance any argument to the contrary. (*See* ECF No. 96).

### C. DECASTRO HAS FAILED TO GO BEYOND THE PLEADINGS AND SET FORTH SPECIFIC FACTS DEMONSTRATING THERE IS A GENUINE ISSUE FOR TRIAL.

DeCastro argues that summary judgment should not be granted and that genuine issues of material fact remain and necessitate a trial. In doing so, DeCastro entirely relies upon: (1) the District Court Order; and (2) DeCastro's own pleadings. LVMPD Defendants have explained above why the District Court Order is of no significance here and cannot create a genuine issue of material fact for trial. Furthermore, it is black-letter law that at the summary judgment stage, DeCastro cannot rely on his own pleadings and must go beyond his pleadings in demonstrating a genuine issue for trial. Accordingly, even when given the opportunity to supply supplemental briefing, DeCastro has wholly failed to make a showing that a genuine issue remains for trial as to any of his claims. LVMPD Defendants therefore respectfully submit that summary judgment should be granted as to all claims.

Both in the Opposition to LVMPD Defendants' Motion for Summary Judgment (ECF No. 90) and in DeCastro's Supplemental Brief (ECF No. 96), DeCastro cites to his own Second Amended Complaint (ECF No. 61) and claims that his operative complaint sets forth facts which preclude summary judgment. However, once LVMPD Defendants met their initial burden of demonstrating the absence of genuine disputes of material fact, the burden then shifted to the DeCastro ***to go beyond the pleadings*** and set forth specific facts demonstrating there is a genuine issue for trial. *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (emphasis added); FRCP 56(e). "If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law." *Id.*

The entirety of DeCastro's argument against summary judgment in his Supplemental Brief (ECF No. 96) relates to DeCastro's third claim for relief, a § 1983 Fourth Amendment excessive force claim against Ofc. Bourque and Ofc. Sandoval. These arguments are outside the scope of supplemental briefing as DeCastro's excessive force claim has no connection to his conviction being overturned or the Nevada Court of Appeals' ruling in *Willson*, the topics which the Court permitted supplemental briefing on. (*See* ECF No. 92). LVMPD Defendants reincorporate their arguments from their Motion for Summary Judgment (ECF

1 No. 86) and subsequently Reply (ECF No. 91) that summary judgment is warranted as to
2 DeCastro's excessive force claim. DeCastro's insistence that he has sufficiently pled
3 excessive force is of no consequence at the summary judgment stage. The authentic BWC
4 footage dispositively shows that Ofc. Bourque used reasonable force when he utilized basic
5 empty-hand tactics in detaining DeCastro in light of his obstruction and active resistance.
6 Likewise, DeCastro's claim that Ofc. Sandoval excessively squeezed his arm is refuted by
7 the video evidence. DeCastro has presented absolutely no evidence from which a reasonable
8 finder of fact could determine that Ofc. Sandoval excessively squeezed his arm or otherwise
9 utilized excessive force against him. Therefore, the force used by the Defendant Officers
10 was objectively reasonable and they are entitled to summary judgment because no
11 reasonable jury could return a verdict for DeCastro and find that the officers used excessive
12 force based on the evidence adduced in this case. Further, DeCastro wholly fails to show
13 that clearly established law exists which would prohibit the force utilized by any of the
14 Defendant Officers during the subject incident. In short, DeCastro's allegations within his
15 Second Amended Complaint are wholly insufficient to overcome summary judgment, and
16 the Court should grant summary judgment in favor of Ofc. Bourque and Ofc. Sandoval as to
17 DeCastro's excessive force claim.

18 Seeing as DeCastro has not advanced an argument that the overturning of DeCastro's
19 criminal conviction precludes summary judgment as to any claim besides excessive force, it
20 appears that DeCastro agrees with LVMPD Defendants that the overturning of his criminal
21 conviction and the Nevada Court of Appeals' ruling in *Willson* have no bearing on his false
22 arrest claim, his First Amendment retaliation claim, or any other claim for which LVMPD
23 Defendants have requested summary judgment. Because DeCastro has not advanced any
24 such arguments, and is represented by competent counsel, the Court should not manufacture
25 arguments for DeCastro which he himself has not made. *Agarwal v. Oregon Mut. Ins. Co.*,
26 2013 WL 211093 (D. Nev. Jan. 18, 2013) ("[I]t is not the responsibility of the judiciary to
27 sift through scattered papers in order to manufacture arguments for the parties." (citation
28 omitted)). Thus, DeCastro's Supplemental Brief is a tacit admission that regardless of the

1 overturning of his criminal conviction, he cannot meet his burden of setting forth specific facts as to those claims demonstrating there is a genuine issue for trial. Accordingly, this Court should find that DeCastro's criminal conviction and the *Willson* decision are of no consequence to its summary judgment analysis, and that DeCastro cannot meet his burden at summary judgment of showing a genuine issue of material fact for trial as to any of his claims.

## III. CONCLUSION

Based on the foregoing, LVMPD Defendants respectfully request that the Court grant their Motion for Summary Judgment (ECF No. 86) in its entirety.

Dated this 30th day of August, 2024.

MARQUIS AURBACH

By */s/ Craig R. Anderson*
  Craig R. Anderson, Esq.
  Nevada Bar No. 6882
  Nicholas M. Adams, Esq.
  Nevada Bar No. 15859
  10001 Park Run Drive
  Las Vegas, Nevada 89145
  Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING SUMMARY JUDGMENT AND THE OVERTURNING OF PLAINTIFF'S CONVICTION IN THE EIGHTH JUDICIAL DISTRICT COURT OF NEVADA (ECF NO. #96)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 30th day of August, 2024.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

  */s/ Sherri Mong*
  an employee of Marquis Aurbach

Exhibit E - Video of Appeal Hearing, 45:02