**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>            Plaintiff,<br><br>       vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>            Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, SGT. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S SECOND MOTION FOR SUMMARY JUDGMENT** |

Defendants Las Vegas Metropolitan Police Department, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Second Motion for Summary Judgment. This Motion is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed by counsel at the time of hearing.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.      INTRODUCTION**

Pursuant to this Court's September 12, 2024 Order (1) Granting in Part Plaintiff's Motion for Reconsideration and (2) Granting in Part Defendants' Motion for Summary Judgment. (ECF No. 100), the LVMPD Defendants hereby bring the instant Motion seeking

1  summary judgment as to three of DeCastro's claims based in Nevada state law that had been
2  previously dismissed prior to this Court's reconsideration of its dismissal of those claims.
3  Specifically, the LVMPD Defendants request the Court grant summary judgment in their
4  favor with respect to DeCastro's state law claims for false arrest, unlawful search and
5  seizure, and invasion of privacy. As detailed herein, each of those claims fail as a matter of
6  law because the decisions of the Defendant Officers to arrest DeCastro and conduct a search
7  incident to arrest are discretionary actions entitled to discretionary function immunity
8  pursuant to NRS 41.032. Moreover, DeCastro's invasion of privacy claim fails because he
9  did not have an objectively reasonable privacy expectation in his personal effects in light of
10 his provocative and uncooperative conduct during the subject incident. For the reasons
11 illustrated herein, the LVMPD Defendants request the Court grant the instant Motion in its
12 entirety.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY

On April 17, 2023, DeCastro filed the instant lawsuit. (ECF No. 1). On May 7, 2023, DeCastro amended his complaint ("FAC"). (ECF No. 13). On October 23, 2023, this Court issued its Order Granting in part Defendants' Motion to Dismiss. (ECF No. 44). Specifically, this Court dismissed <u>with prejudice</u> DeCastro's' claims for unreasonable search and seizure, false arrest/imprisonment, invasion of privacy and negligence-based search and seizure. (ECF No. 44 at 16). This Court also dismissed <u>without prejudice</u> DeCastro's equal protection claim, First Amendment retaliation claim, *Monell* claim, § 1981 claim, and negligence-based claim for biased policing without prejudice, DeCastro's excessive force and supervisor liability claims survived. This Court gave DeCastro leave to amend the claims dismissed without prejudice. (*Id.*)

DeCastro amended his claims and filed his Second Amended Complaint ("SAC") on November 27, 2023, which is now the operative Complaint in this case. (ECF No. 61). The SAC contains the following causes of action:

First Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment and Nevada State Constitution false arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Second Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment and Nevada State Constitution illegal search and seizure claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Third Claim for Relief: 42 U.S.C. § 1983 Fourth Amendment and Nevada State Constitution excessive force against Officers Bourque and Sandoval.

Fourth Claim for Relief: Nevada state law defamation claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.

Fifth Claim for Relief: 42 U.S.C. § 1983 First Amendment and Nevada State Constitution "chilling" claim against all defendants.

Sixth Claim for Relief: 42 U.S.C. § 1983 First Amendment and Nevada State Constitution retaliation claim against all defendants.

Seventh Claim for Relief: 42 U.S.C. § 1983 *Monell* liability claim against LVMPD, Nevada, and Sgt. Torrey.

Eighth Claim for Relief: 42 U.S.C. § 1983 and Nevada State Constitution selective enforcement and inequal police action claim against all defendants.

Ninth Claim for Relief: Nevada state law battery claim against Officer Sandoval.

Tenth Claim for Relief: Nevada state law invasion of privacy claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

Eleventh Claim for Relief: Nevada state law negligence claim against all individual defendants.

Twelfth Claim for Relief: 42 U.S.C. § 1983 and Nevada State Constitution failure to intervene claim against all individual defendants.

Thirteenth Claim for Relief: Nevada state law civil conspiracy claim against all individual defendants.

Fourteenth Claim for Relief: Nevada state law abuse of process claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle.

Fifteenth Claim for Relief: 42 U.S.C. § 1983 *Monell* failure to train claim against Officer Torrey, LVMPD, and the State of Nevada. (ECF No. 61, p.19-33).

(ECF No. 61).

On December 11, 2023, the LVMPD Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment. (ECF No. 66). On February 2, 2024, DeCastro filed his Response and Opposition to Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment[1]. (ECF No. 79). On February 9, 2024, the LVMPD Defendants filed their Reply in Support of ECF No. 66. (ECF No. 80). On April 5, 2024, the LVMPD Defendants filed their Motion for Leave to File Supplemental Evidence in Support of Summary Judgment. (ECF No. 83).

On June 14, 2024, the LVMPD Defendants filed their Motion for Summary Judgment. (ECF No. 86). On July 8, 2024, DeCastro filed his Opposition to Defendants' Joint Motion for Summary Judgment and Request to Defer Matter Pending Resolution of Appeal of Criminal Conviction. (ECF No. 90). On July 22, 2024, the LVMPD Defendants filed their Reply to Plaintiff's Opposition to Motion for Summary Judgment (ECF No. 91).

On August 13, 2024, this Court issued its Order Granting Plaintiff's Motion for Leave to File Supplemental Briefs (ECF No. 93). On August 23, 2024, Plaintiff and Defendants filed cross briefs regarding the issues identified by the Court as requiring supplemental briefing. (ECF No. 95, ECF No. 96). The LVMPD Defendants filed a cross-response on August 30, 2024. (ECF No. 98).

On September 12, 2024, this Court issued its Order (1) Granting in Part Plaintiff's Motion for Reconsideration and (2) Granting in Part Defendants' Motion for Summary Judgment. (ECF No. 100) (the "Order"). In doing so, the Court reconsidered its ruling that Ofc. Bourque had probable cause to arrest DeCastro for obstruction as a matter of law, and therefore reconsidered its prior dismissal of DeCastro's invasion of privacy claim, Nevada constitutional claims based on the allegedly unlawful arrest and search incident to arrest, and negligence claim based on the arrest and search. The Court granted summary judgment in

---

[1] Plaintiff was litigating the instant case *pro se* until his counsel of record filed a notice of appearance on January 10, 2024. (ECF No. 76).

the LVMPD Defendants' favor as to a number of claims. Following the Court's Order, the status of DeCastro's claims is as follows:

| **First Claim for Relief** | 42 U.S.C. § 1983 Fourth Amendment false arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.<br><br>False arrest claim arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle based upon Nevada Constitution. | Summary judgment granted in favor of Defendants as to 42 U.S.C. § 1983 claim.<br><br>Prior dismissal of Nevada Constitution theory reconsidered, and the state law theory is subject to an additional summary judgment motion. |
|---|---|---|
| **Second Claim for Relief** | 42 U.S.C. § 1983 Fourth Amendment illegal search and seizure claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle.<br><br>Unlawful search claim arrest against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle based upon Nevada Constitution. | Summary judgment granted in favor of Defendants as to 42 U.S.C. § 1983 claim.<br><br>Prior dismissal of Nevada Constitution theory reconsidered, and the state law theory is subject to an additional summary judgment motion. |
| **Third Claim for Relief** | 42 U.S.C. § 1983 Fourth Amendment excessive force against Officers Bourque and Sandoval.<br><br>Excessive force claim against Officers Bourque and Sandoval based upon Nevada Constitution. | Summary judgment granted in favor of Ofc. Bourque as to force used to effectuate arrest.<br><br>Summary judgment denied as to Ofc. Bourque and Ofc. Sandoval's alleged post-arrest uses of force. |
| **Fourth Claim for Relief** | Nevada state law defamation claim against Officers Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle. | Summary judgment granted in favor of Defendants. |
| **Fifth Claim for Relief** | 42 U.S.C. § 1983 First Amendment "chilling" claim against all defendants.<br><br>Free speech violation claim against all defendants based upon Nevada Constitution. | Summary judgment granted in favor of Ofc. Doolittle, Ofc. Sorenson, Ofc. Sandoval, and Ofc. Dingle<br><br>Summary judgment denied as to Ofc. Bourque and Sgt. Torrey. |
| **Sixth Claim for Relief** | 42 U.S.C. § 1983 First Amendment retaliation claim | Summary judgment granted in favor of Ofc. Doolittle, Ofc. |

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

| | | |
|---|---|---|
| | against all defendants.<br><br>Free speech violation claim against all defendants based upon Nevada Constitution. | Sorenson, Ofc. Sandoval, and Ofc. Dingle<br><br>Summary judgment denied as to Ofc. Bourque and Sgt. Torrey. |
| **Seventh Claim for Relief** | 42 U.S.C. § 1983 *Monell* liability claim against LVMPD, Nevada, and Sgt. Torrey. | Summary judgment granted in favor of Defendants. |
| **Eighth Claim for Relief** | 42 U.S.C. § 1983 selective enforcement and inequal police action claim against all defendants. | Summary judgment granted in favor of all Defendants based on the color of DeCastro's skin or lips, and summary judgment granted in favor of Ofc. Dingle, Ofc. Doolittle, Ofc. Sorenson, and Ofc. Sandoval as to theory of selective arrest based upon exercise of constitutional rights.<br><br>Summary judgment denied as to Ofc. Bourque and Sgt. Torrey as to theory of selective arrest based upon exercise of constitutional rights. |
| **Ninth Claim for Relief** | Nevada state law battery claim against Officer Sandoval. | Summary judgment denied as to Ofc. Bourque[2] and Ofc. Sandoval. |
| **Tenth Claim for Relief** | Nevada state law invasion of privacy claim against Officers Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle. | Prior dismissal of this claim is reconsidered, and this claim is subject to an additional summary judgment motion. |
| **Eleventh Claim for Relief** | Nevada state law negligence claim against all individual defendants. | Summary judgment granted in favor of Defendants. |
| **Twelfth Claim for Relief** | 42 U.S.C. § 1983 failure to intervene claim against all individual defendants. | Summary judgment granted in favor of Sgt. Torrey.<br><br>Summary judgment denied as to Ofc. Bourque, Ofc. Dingle, Ofc. Doolittle, and Ofc. Sorenson. |
| **Thirteenth Claim for Relief** | Nevada state law civil conspiracy claim against all individual defendants. | Summary judgment granted in favor of Defendants. |
| **Fourteenth Claim for Relief** | Nevada state law abuse of process claim against Officers | Summary judgment granted in favor of Defendants. |

---

[2] In Plaintiff's SAC (ECF No. 61), Plaintiff brought the state law battery claim solely against Ofc. Sandoval. The LVMPD Defendants request the Court clarify the pending battery claim is solely against Ofc. Sandoval.

|  |  |  |
|---|---|---|
|  | Bourque, Sandoval, Torrey, Dingle, Sorenson, and Doolittle. |  |
| **Fifteenth Claim for Relief** | 42 U.S.C. § 1983 *Monell* failure to train claim against Officer Torrey, LVMPD, and the State of Nevada. | Summary judgment granted in favor of Defendants. |

*See* ECF No. 100.

The Court has permitted the LVMPD Defendants to bring a second motion for summary judgment as relates to: (1) DeCastro's false arrest claim based upon the Nevada Constitution; (2) DeCastro's unlawful search incident to arrest claim based upon the Nevada Constitution; (3) DeCastro's invasion of privacy claim; and (4) whether LVMPD is vicariously liable for the officers' various actions. Accordingly, this Motion addresses these issues.

**B.    FACTUAL BACKGROUND.**

The factual background underlying the subject incident has been thoroughly briefed in prior summary judgment motion practice. In addition, the Court has adopted factual findings through its recent Order (ECF No. 100). The LVMPD Defendants hereby incorporate the Factual Background as stated in their Motion for Summary Judgment (ECF No. 86), their Reply to Plaintiff's Opposition to Motino for Summary Judgment (ECF No. 91), their Supplemental Brief (ECF No. 95), and the factual findings made by this Court in its Order (ECF No. 100). The LVMPD Defendants additionally incorporate the Exhibits filed in support of their Motion for Summary Judgment. (*See* ECF No. 86, *see also* ECF No. 101).

**III.    LEGAL STANDARD**

Under Rule 56 of the Rules of Federal Procedure, "[a] party may move for summary judgment, identifying each claim or defense - - or the part of each claim or defense - - on which summary judgment is sought [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is well established that the

1  purpose of summary judgment "is to isolate and dispose of factually unsupported claims."
2  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).

3  The rule, however, is not a "procedural short cut," but a "principal tool [] by which
4  factually insufficient claims or defenses [can] be isolated and prevented from going to trial
5  with the attendant unwarranted consumption of public and private resources." *Id.* at 327.
6  The moving party bears the initial burden of demonstrating the absence of a genuine dispute
7  as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The
8  burden then shifts to the non-moving party to go beyond the pleadings and set forth specific
9  facts demonstrating there is a genuine issue for trial. *Far Out Prods., Inc. v. Oskar*, 247 F.3d
10 986, 997 (9th Cir. 2001). "If the non-moving party fails to make this showing, the moving
11 party is entitled to judgment as a matter of law." *Id.*

## IV.  LEGAL ARGUMENT

### A.  SUMMARY JUDGMENT IS WARRANTED ON DECASTRO'S STATE LAW FALSE ARREST AND UNLAWFUL SEARCH AND SEIZURE CLAIMS.

The Court should grant summary judgment in the LVMPD Defendants' favor with respect to DeCastro's claims for false arrest and unlawful search incident to arrest based upon the Nevada Constitution because the LVMPD Defendants are entitled to discretionary immunity under NRS 41.032(2) with respect to those claims. Although the Court has found there are factual disputes precluding the Court from determining the Defendant Officers had probable cause to arrest DeCastro as a matter of law, an officer's decision to arrest is a discretionary function under Nevada law. The search incident to arrest is similarly a result of the Defendant Officers utilizing their discretion. Therefore, summary judgment is warranted as to these claims based on alleged violations of the Nevada Constitution.

The LVMPD Defendants are immune from liability as to these claims pursuant to the doctrine of discretionary-function immunity as embodied in Nevada's NRS 41.032. A person cannot maintain an action against an officer or employee of Nevada "[b]ased upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies . . . or of any officer . . . ***whether or not***

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  *the discretion involved is abused*." NRS 41.032(2) (emphasis added). Nevada's discretionary-function statute mirrors the Federal Tort Claims Act ("FTCA"), so Nevada law looks to federal law relating to the FTCA for guidance on what type of conduct is protected by NRS 41.032. *Martinez v. Maruszczak*, 123 Nev. 433, 168 P.3d 720 (Nev. 2007). In *Berkovitz* and *Gaubert*, the United States Supreme Court proffered a two-part test to guide courts in determining whether actors have discretionary immunity from FTCA claims. *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988); *United States v. Gaubert*, 499 U.S. 315, 322 (1991). In *Martinez*, the Nevada Supreme Court explicitly adopted that test as relates to Nevada's discretionary-function immunity statute NRS 41.032. *Martinez*, 123 Nev. at 445, 168 P.3d at 728-29. Under the *Berkovitz-Gaubert* test, an act is entitled to discretionary immunity if: (1) the act involves elements of judgment or choice; and (2) the act is based on considerations of public policy. *Id.* Federal courts applying the *Berkovitz-Gaubert* test assess cases on their merits, keeping in mind Congress' purpose in enacting the exception, which was to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 433, 168 P.3d at 729 (internal quotation marks omitted).

Nevada's discretionary-function immunity exception protects state agency decisions concerning the scope and manner in which state agencies conduct various acts. *See Shafer v. City of Boulder*, 896 F.Supp.2d 915, 938 (D. Nev. 2012) (citation omitted). A court does not ask whether the official abused his or her discretion; *see* NRS 41.032(2), but only whether the acts concerned a matter in which the official had discretion. In other words, the immunity is not infinitely broad, but once it is determined that the acts involved judgment or choice on social, economic, or political policy considerations, the immunity applies even to abuses of discretion. *Belch v. Las Vegas Metro Police Dep't.*, No. 2:10-CV-00201-GMN, 2011 WL 1070175, at *4 (D Nev. 2011).

In Nevada, the decision of a police officer to effectuate an arrest is a discretionary decision entitled to immunity under NRS 41.032(2). In *Ortega*, the Supreme Court of Nevada concluded that no civil liability attached to a state trooper's decision to arrest a

driver for allegedly refusing to sign a traffic ticket because the decision to do so was a discretionary decision requiring personal deliberation and judgment and thus entitled to immunity under NRS 41.032(2)). *Ortega v. Reyna*, 114 Nev. 55, 62, 953 P.2d 18, 23 (Nev. 1998). An officer's decision as to how to accomplish a particular seizure or search is considered a discretionary determination under Nevada law, and officers are therefore immune from suit as to state law claims arising therefrom in most cases. *See id.*

This Court has affirmed on numerous occasions that police officers in Nevada are entitled to discretionary function immunity under NRS 41.032 in conducting an investigation and effectuating an arrest so long as the officer does not violate a mandatory directive in doing so. *See, e.g., Sandoval v. Las Vegas Metro. Police Dep't*, 854 F. Supp. 2d 860 (D. Nev. 2012), *aff'd in part, rev'd in part*, 756 F.3d 1154 (9th Cir. 2014); *see also Napouk v. Las Vegas Metro. Police Dep't*, 669 F. Supp. 3d 1031 (D. Nev. 2023) (whether to detain or arrest a suspect and how to do so are discretionary functions of the police department); *see also Mitchell v. Las Vegas Metro Police Dep't.,* No. 217CV2188JCMGWF, 2018 WL 1568670 (D. Nev. 2018) (finding that officer's decision to arrest met the two factors of the discretionary immunity test).

Here, the Defendant Officers are immune from liability with respect to their discretionary decision to arrest DeCastro and to conduct a search incident to arrest. It is well-settled an officer's decision to arrest is discretionary because it involves elements of judgment or choice and is based on considerations of public policy. Likewise, the Defendant Officers' decision to conduct a search incident to arrest here was discretionary because it involves an element of judgment or choice and is based on considerations of public policy, namely the need to adduce whether DeCastro was armed or otherwise posed a threat to officer safety.

Based on the foregoing, the LVMPD Defendants respectfully request the Court grant summary judgment in their favor as to DeCastro's state law claims based on the arrest and search incident.

### B. SUMMARY JUDGMENT IS WARRANTED ON DECASTRO'S INVASION OF PRIVACY CLAIM.

DeCastro's invasion of privacy claim is premised upon a theory his being searched incident to his arrest amounted to a commission of the tort of invasion of privacy. Summary judgment is warranted as to DeCastro's invasion of privacy claim for two separate reasons. First, as discussed above, the search incident to arrest was a discretionary act for which the LVMPD Defendants are immune under NRS 41.032. Second, Nevada does not recognize an invasion of privacy claim where a party's expectation of privacy is objectively unreasonable. DeCastro did not have an objectively reasonable expectation of privacy in his personal effects during the event because of his provocative and uncooperative conduct during the subject incident, namely his insistence on willfully disobeying the commands of Ofc. Bourque prior to his arrest. Resultantly, the Court should grant summary judgment to that claim.

"Nevada's common law recognizes the tort of invasion of privacy for unreasonable intrusion upon the seclusion of another. The purpose of the tort is to provide redress for intrusion into a person's reasonable expectation of privacy . . ." *Clark Cty. School Dist. V. Las Vegas Review-Journal*, 429 P.3d 313, 320 (Nev. 2018). The tort of invasion of privacy embraces four different tort actions: "(a) unreasonable intrusion upon the seclusion of another; or (b) appropriation of the other's name or likeness; or (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Restatement (Second) of Torts § 652A (1977); *PETA v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1278 (Nev. 1995). Here, DeCastro's claim is undoubtedly based upon an allegedly unreasonable intrusion upon his seclusion, as the other possible recognized bases for the tort do not apply to the facts of the instant case.

In *M & R Investment Co. v. Mandarino*, the Nevada Supreme Court faced the question of whether appellant, "a twenty-two year old man, disguised in dark glasses, a false mustache and slicked down hair, who by virtue of his skill at counting cards, [won] a great deal of money in a short period of time" had stated a cognizable claim for intrusion against

1 the casino personnel who confiscated his winnings, had him arrested, photographed him, and 2 distributed his photograph to other casinos. 103 Nev. 711 at 719, 748 P.2d 488 at 493 (Nev. 3 1987). The Nevada Supreme Court answered that question with an emphatic "No," noting 4 that the appellant, so conspicuously attired, could have had no subjective expectation that 5 "casino personnel [would] turn a blind eye to his presence." *See id.* The Nevada Supreme 6 Court held that even viewing the facts in the light most favorable to the appellant, such an 7 expectation was patently unreasonable and would thus not give rise to a tort action. *Id.* at 8 719, 748 P.2d at 493.

9 Here, summary judgment as to DeCastro's invasion of privacy claim based on the 10 search incident to arrest is warranted for two independently sufficient reasons. First, as 11 discussed above, the LVMPD Defendants are entitled to discretionary immunity for the 12 search incident to arrest pursuant to NRS 41.032. DeCastro cannot overcome the protections 13 provided to the LVMPD Defendants by Nevada's discretionary-function immunity statute 14 through an invasion of privacy claim. Second, the undisputed facts demonstrate DeCastro 15 initiated the subject incident, acted in a pugnacious and indignant manner towards the 16 Defendant Officers and refusing multiple direct orders from Ofc. Bourque to back up from 17 an active traffic stop. DeCastro could not have had a reasonable expectation the Defendant 18 Officers would turn a blind eye to his presence and behavior. Viewing the facts in the light 19 most favorable to DeCastro, any subjective expectation of privacy he had in the items on his 20 person was patently unreasonable on account of his behavior during the subject incident.

21 Based on the foregoing, the LVMPD Defendants respectfully request the Court grant 22 summary judgment in their favor with respect to DeCastro's state law claim for invasion of 23 privacy.

24 / / /

25

26 / / /

27

28 / / /

## V. CONCLUSION

Based on the foregoing, the LVMPD Defendants respectfully request this Court grant the instant Motion for Summary Judgment in its entirety.

Dated this 4th day of October, 2024.

MARQUIS AURBACH

By */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S SECOND MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 4th day of October, 2024.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

*/s/ Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-456 Second Motion for Summary Judgment(5615095.1)