**MICHAEL MEE, ESQ.**
Nevada Bar No. 13726
400 S 4th St #500
Las Vegas, NV 89101
(702) 990-0190
mmee@defenselawyervegas.com
*Attorney for Plaintiff Jose DeCastro*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00580-APG-EJY<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** |

**Certificate:** This Brief is timely filed. *See* ECF 104.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **Procedural History.**

Plaintiff was wrongfully convicted in Las Vegas Justice Court of the underlying conduct which, likewise, formed the basis for his unlawful detention, arrest, excessive force, and other offenses, all committed by the Defendants to this action.

Defendant maintained, at trial to that proceeding, that he had a First Amendment right to do what he was doing, and therefore the entire police interaction from *Terry* stop, to verbal detention, to physical detention, to physical abuse, to physical arrest, were unlawful. Nevada declared that this, in fact, is the law, and that Plaintiff was correct.

Based upon this change, the Court permitted the parties to file supplemental briefing prior to ruling on issues of summary judgment. Following that briefing, this Court issued an Order granting relief in part to Defendants on their claims of Summary Judgment. This Court also granted leave for renewed motion filing to be made through October 4, 2024. Defendants filed a Second Motion for Summary Judgment (ECF No. 102) on that date.

II. **Summary of Issues Raised in Second Motion for Summary Judgment.**

Defendants' Second Motion for Summary Judgment raises limited arguments. Movants argue that they are entitled to summary judgment as to DeCastro's state law false arrest claim and unlawful search and seizure claim. ECF 102 at 8-9.

Defendants argue that they are immune from liability under Nevada's discretionary-function immunity statute, NRS 41.032.

The Defendants also claim that decisions regarding arrests and searches fall within this immunity because they involve discretion and public policy considerations, such as officer safety and public security.

Next, movants argue that they are entitled to summary judgment on Plaintiff's Invasion of Privacy Claim. *Id* at 11-12. First, they claim immunity under Nevada's discretionary-function immunity statute, NRS 41.032. They argue that DeCastro cannot circumvent this immunity by framing his claim as an invasion of privacy.. They argue that his provocative and uncooperative behavior, including his refusal to comply with Officer Bourque's commands, rendered any expectation of privacy unreasonable.

### III. Legal Argument.

By clearly established law, a court deciding a motion for summary judgment is required to consider all disputed facts in the light most favorable to the nonmoving party. See A. K. H., 837 F.3d at 1010; Harris v. Roderick, 126 F.3d 1189, 1192 (9th Cir. 1997) ("We state the facts, as we must on this appeal, as they are set forth in [the operative] Complaint.").

Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A material fact is one relevant to a claim or defense and capable of affecting the outcome of the suit, as determined by the substantive law governing the case. Thus, disputes over irrelevant or unnecessary facts do not prevent summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The existence of a "genuine" issue regarding a material fact can be a close call. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 further specifies that if the moving party identifies parts of the record showing no genuine issue of material fact, the nonmoving party cannot rely on mere allegations in the pleadings to prevent summary judgment. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968). Instead, the nonmoving party must provide "specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*; see also *Kaiser Cement Corp. v. Fischbach Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986). The nonmoving party cannot merely claim it will discredit the opposing evidence at trial or hope to find supporting evidence later; it must offer significant probative evidence now. *Anderson*, 477 U.S. at 256-57; *Cities Serv.*, 391 U.S. at 289-90.

To proceed to trial, Rule 56(c) does not require that the issue of material fact be conclusively resolved in favor of the party asserting its existence; only that enough evidence is presented to require a jury or judge to resolve differing versions of the truth at trial. Thus, at the summary judgment stage, the judge does not weigh conflicting evidence or make credibility determinations; such tasks are left to the factfinder at trial. If direct evidence from the nonmoving party conflicts with that from the moving party, the judge must assume the truth of the nonmoving party's evidence. Summary judgment must be denied if a rational trier of fact could find in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587; *Cities Serv.*, 391 U.S. at 289.

Inferences must also favor the nonmoving party. Courts may draw inferences from undisputed background or contextual facts and from contested facts that may be resolved at trial in the nonmoving party's favor. However, such inferences must be rational or reasonable within

4

the context of the substantive law. *Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587; *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680-81 (9th Cir. 1985). Without reasonable limits on these inferences, Rule 56(e)'s requirement for "specific facts" would be undermined.

The court's inquiry is thus to decide whether the "specific facts" presented by the nonmoving party, along with undisputed background or contextual facts, could allow a rational jury to return a verdict in its favor. If the nonmoving party provides direct evidence of a material fact, the court must not judge the credibility of this evidence or weigh it against conflicting evidence. However, inferences from these specific facts to other material facts are permissible only if they are reasonable in light of the undisputed background or contextual facts and are allowable under the governing law. This process ensures a "genuine" issue of material fact for the factfinder to decide at trial.

In *Sandoval v. Las Vegas Metro. Police Dep't,* 756 F.3d 1154 (9th Cir. 2014), the Ninth Circuit overturned the district court's summary judgment rulings on excessive force and qualified immunity because the district court improperly weighed conflicting evidence with respect to disputed material facts. Id. at 1166. Specifically, the court drew conclusions based upon conflicting testimony, relying upon the officers' version of events rather than the non-moving party's version. Id. "[I]n weighing the evidence in favor of the officers, rather than the Sandovals, the district court unfairly tipped the reasonableness inquiry in the officers' favor," an error that mandated reversal. Id. at 1167.

### **Defendants are not Entitled to Summary Judgment.**

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party has the initial burden of showing the absence of a genuine issue of material fact with evidence demonstrating the same and the court must view the facts and reasonable inferences in the light most favorable to the non-moving party. See Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982); see also Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Here, as an initial matter, Defendants fall well short of their burden of *showing* the absence of genuine issues of material facts. Defendants merely incorporate other factual statements (in prior pleadings and this Court's Order) by reference. This is insufficient to carry their burden of *showing* they are entitled to judgment as a matter of uncontested material fact. *See* Motion at 7:12-21.

**Discretion Function Immunity Does Not Apply to the Arrest, Seizure, or Search**

Pursuant to NRS 41.031, Nevada waives immunity as set forth therein:

> 1. The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations, except as otherwise provided in NRS 41.032 to 41.038, inclusive, 485.318, subsection 3 and any statute which expressly provides for governmental immunity, if the claimant complies with the limitations of NRS 41.010 or the limitations of NRS 41.032 to 41.036, inclusive. The State of Nevada further waives the immunity from liability and action of all political subdivisions of the State, and their liability must be determined in the same manner, except as otherwise provided in NRS 41.032 to 41.038, inclusive, subsection 3 and any statute which expressly provides for governmental immunity, if the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive.
> 2. An action may be brought under this section against the State of Nevada or any political subdivision of the State. In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit. An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City. In an action against the State of Nevada, the summons and a copy of the complaint must be served upon:

        (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and

        (b) The person serving in the office of administrative head of the named agency.

    3. The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.

The Supreme Court of Nevada has been quite clear that decisions of officers to engage in abusive conduct while engaged in "on-the-spot" decision making when dealing with suspects/citizens is not a *discretionary action involving policy* which NRS 41.032(2) applies to:

> "We also conclude that respondents were not entitled to discretionary-function immunity under NRS 41.032(2). We held in *Martinez v. Maruszczak*, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007), that discretionary-function immunity applies when (1) the alleged wrongful acts involve "an element of individual judgment or choice," and (2) the act is "based on considerations of social, economic, or political policy."
>
> **Despite respondents' arguments to the contrary, we are not persuaded that, under the specific facts of this case, Officer Miller's on-the-spot decision to use lethal force is "susceptible to policy analysis" for purposes of *Martinez*'s second prong.** See *Garcia v. United States*, 826 F.2d 806, 809 (9th Cir. 1987) ("While law enforcement involves exercise of a certain amount of discretion on the part of individual officers, such decisions do not involve the sort of generalized social, economic and political policy choices that Congress intended to exempt from tort liability."); *Caban v. United States*, 671 F.2d 1230, 1233 (2d Cir. 1982) (concluding that the INS's decision to detain someone did not implicate public policy considerations).
>
> Accordingly, we conclude that respondents were not shielded by discretionary-function immunity insofar as Lydia and Ricardo sought to hold respondents liable for Officer Miller's decision to use lethal force. We therefore reverse the district court's decision to grant summary judgment against Lydia and Ricardo on their claims. As such, we need not consider the parties' arguments regarding issue preclusion."

*Estate of Brenes v. Las Vegas Metro. Police Dep't*, No. 78272, at *2-3 (Nev. July 24, 2020)(emphasis added).

An "on-the-spot" decision to execute an arrest, or search, will often not implicate considerations of policy which render the decision *discretionary in relation to public policy* was required by Nevada law in

To counter this view, Defendants cite first *Oretga v. Reyna*. Defendants claim that this holding supports the belief that the decision to arrest someone is discretionary and protected by NRS 41.032(2). *See* Motion at 9-10 citing to *Ortega v. Reyna*, 114 Nev. 55, 62, 953 P.2d 18, 23 (Nev. 1998). *Ortega* applied the following analysis prior to granting immunity:

> "The state waives its immunity under NRS 41.031, but retains immunity under NRS 41.032 for officials exercising discretion. A "discretionary act" is one which requires "exercise of personal deliberation, decision and judgment." *Travelers Hotel v. City of Reno*, 103 Nev. 343, 345-46, 741 P.2d 1353, 1354 (1987). The record shows that the trooper used his judgment in stopping appellant, in concluding that appellant refused to sign the traffic citation, and in taking appellant to jail after arresting her. *See Maturi v. Las Vegas Metro. Police Dep't*, 110 Nev. 307, 871 P.2d 932 (1994) (arresting officers' decision to handcuff behind the prisoner's back rather than in the front is discretionary and affords officers immunity). Accordingly, we conclude that the trooper is entitled to immunity with respect to the state law claims against him, and that the district court properly entered summary judgment in his favor."

*Ortega v. Reyna*, 114 Nev. 55, 62 (Nev. 1998)

Defendants fail to identify that *Ortega* was in fact overruled (or at minimum clarified to the extent that the rule utilized in *Ortega* has been rendered obsolete in Nevada) in *Martinez v. Maruszcak*.[1] As can be seen, the above analysis wholly omits the second-prong of the test adopted in *Martinez*, which calls the Court's attention to:

> "We therefore adopt the *Berkovitz-Gaubert* approach and clarify that to fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment. or choice and (2) **be based on considerations of social, economic, or political policy.** In this, we

---

[1] Undersigned counsel notes that, per Casetext, *Ortega v. Reyna* is noted as having "negative treatment," the first result for which is "**Overruled by *Martinez v. Maruszcak*,**" and should not be relied upon by the Defendants nor this Court.

> clarify that decisions at all levels of government, including frequent or routine decisions, may be protected by discretionary-act immunity, if the decisions require analysis of government policy concerns. However, discretionary decisions that fail to meet the second criterion of this test remain unprotected by NRS 41.032(2)'s discretionary-act immunity."
>
> *Martinez v. Maruszczak*, 123 Nev. 433, 446-47 (Nev. 2007)(emphasis added).

As *Ortega* predated the above decision, the Court did not perceive the need to analyze this second-prong of the analysis, and indeed, did not do so. It is for this basis *Ortega* is overturned by *Martinez*, or at least "clarified" to render the fact-based analysis applied to that case as being obsolete, to the extent it omits factual inquiry into the policy-relatedness of the particular discretion identified.

In the most recent relevant decision identified above, that being *Estate of Brenes*, the Supreme Court of Nevada relied upon federal case law calling into question the policy-relatedness of most on-the-spot law enforcement decision-making. *Estate of Brenes v. Las Vegas Metro. Police Dep't*, No. 78272, at *3 (Nev. July 24, 2020)(citing *Garcia v. United States*, 826 F.2d 806, 809 (9th Cir. 1987) ("While law enforcement involves exercise of a certain amount of discretion on the part of individual officers, such decisions do not involve the sort of generalized social, economic and political policy choices that Congress intended to exempt from tort liability.").

Again, it is movant's burden to *show facts* entitling it to relief. In its argument, movant only makes the following appeal to the facts of this case:

> "Here, the Defendant Officers are immune from liability with respect to their discretionary decision to arrest DeCastro and to conduct a search incident to arrest. It is well-settled an officer's decision to arrest is discretionary because it involves elements of judgment or choice and is based on considerations of public policy. Likewise, the Defendant Officers' decision to conduct a search incident to arrest here was discretionary because it involves an element of judgment or choice and is based on considerations of public policy, namely the need to adduce

whether DeCastro was armed or otherwise posed a threat to officer safety." *See* Motion at 10.

This brief statement is not a factual showing whatsoever, and the claim that the movant need-not pin down this analysis in more specificity because "an officer's decision to arrest […] is based upon considerations of public policy" is belied by the applicable most recent case law, as well as common sense. Some decisions to arrest may be based on policy considerations, others may be split-second reactions or retaliations or actions of bad faith, all of which require an inquiry into the specific facts of the case. Furthermore *Martinez v. Maruszczak,* as followed by the Nevada Supreme Court's reluctance to render any split-second law enforcement decision one of public policy as explained in *Estate of Brenes v. Las Vegas Metro. Police Dep't,* casts doubt on the State of Nevada's desire to afford *blanket* immunity to these case-by-case officer decisions.

### **Non-Policy Discretion and Bad Faith**

Indeed, the federal case law cited by the Defendants contains the following qualification: "It is only when officers act in bad faith or in disregard for a citizen's rights that they lose discretionary-function immunity." *See* NRS 41.032; *Jones v. LVMPD*, 873 F.3d 1123, 1133 (9th Cir. 2017)." *Napouk v. Las Vegas Metro. Police Dep't*, 669 F. Supp. 3d 1031, 1047 (D. Nev. 2023).

This Court has already held, as it relates to the point of bad faith, that: "Because a reasonable jury could find that Bourque lacked probable cause or that he engaged in First Amendment retaliation (as discussed below), a reasonable jury may also find that the arrest and search incident to arrest were in bad faith or violated the Constitution.

Discretionary immunity therefore does not apply." *See* ECF 100 at 26. This being the case, the Court should not now reverse course and grant discretionary function immunity before letting the jury decide whether Bourque was acting "in bad faith" in reference to "arrest and search."

*Napouk v. Las Vegas Metro. Police Dep't*, 669 F. Supp. 3d 1031, 1047 (D. Nev. 2023)(discussing the loss of discretionary function where there is evidence of bad faith).

If this Court disagrees and believes Plaintiff must go to the evidence to respond, there exist general contests of material fact which should preclude summary judgment on this point. To establish the existence of a genuine factual dispute, the non-moving party need not establish a material issue of fact conclusively in its favor but show the factual dispute requires a jury or judge to resolve the differing versions of the truth at trial. See *Schuster v. Bannister*, Case No. 3:11-cv-00081-HDM (WGC), 2012 WL 6917787 at *2 (D. Nev. Dec. 7, 2012).

To survive summary judgment (assuming *arguendo* this Court were to find that the moving party has met its initial burden), Plaintiff need only identify facts or contested facts which could entitle the jury to find that the Defendants' actions were not *policy-related* discretionary acts, or that they were done in bad faith. This Court has already observed (or taken as true for the purposes of summary judgment) the following[2]:

- DeCastro has presented evidence that he was engaged in protected First Amendment activity by filming the police and making comments to Bourque.
- DeCastro's general right to film and to hurl insults at Bourque or verbally challenge Bourque's conduct were clearly established First Amendment rights.
- Arresting a person for exercising those rights would chill the First Amendment activities of a person of ordinary firmness.
- A reasonable jury could find there was a substantial causal relationship between the arrest and DeCastro's filming and speech.

---

[2] *See* ECF 100 at p. 35-36.

- If the jury finds there was no probable cause, they may conclude that the arrest was motivated by retaliatory animus rather than probable cause.

- Although Bourque told DeCastro he could continue filming, viewing the facts in the light most favorable to DeCastro, a reasonable jury could find that Bourque released the driver and turned his attention to DeCastro because DeCastro was filming the incident and insulted Bourque and verbally challenged his authority.

- Additionally, three other individuals came close to and walked through the area where DeCastro was being detained who were not filming or making disparaging comments, and they were neither warned to move nor arrested. That difference in treatment may support a finding that Bourque treated DeCastro differently because he was filming and commenting.

This being the case, the Court has already correctly found that the evidence would support a theory that Officer Bourque's on-the-spot decision to arrest Plaintiff was not tied to public policy considerations, but rather was motivated by bad faith, retaliation, or merely being annoyed by Plaintiff's filming and comments.

This being the case, especially given the fact movant has not identified the absence of material factual disputes on these issues, the Court cannot conclude as a matter of law that the (1) Defendants' actions were public-policy-related discretion; (2) *and* not done in bad faith, both of which would be required to apply discretionary function immunity.

Indeed, the evidence at trial will establish that Bourque's decision to arrest Plaintiff was not related to public policy discretion, and indeed was done in bad faith. As this Court is already aware, Bourque's actions can be reasonably interpreted as contradicting his stated reasons for arresting DeCastro. Bourque did not interfere with other individuals meandering through the scene.

Bourque admittedly lied in telling DeCastro that the driver was entitled to privacy, but at trial he claimed he only said this as, essentially, a ruse to get DeCastro to back away. Bourque did not decide to arrest DeCastro until DeCastro continued filming and used insulting language, both of which give rise to an inference that the arrest was motivated by retaliation rather than legitimate public policy. Under these circumstances, application of the discretionary function immunity, *as understood by Nevada*, would be wholly inappropriate. The Motion (ECF 102) must be denied.

### **Summary Judgment is not Appropriate as to Invasion of Privacy**

Next, Defendants argue that the invasion of privacy claim must also be dismissed for multiple reasons. The first reason is that the invasion of privacy was discretionary for the same reasons argued above. However, as Plaintiff has rebutted the Defendants' argument above, and again the movant cites no facts whatsoever in support of this proposition, they have not met their burden and this part of the argument must be rejected. *See* Motion at 11.

Next, Defendants argue that "DeCastro did not have an objectively reasonable expectation of privacy in his personal effects during the event because of his provocative and uncooperative conduct during the subject incident, namely his insistence on willfully disobeying the commands of Ofc. Bourque prior to his arrest. Resultantly, the Court should grant summary judgment to that claim." *Id* at 11.

This argument must be rejected. This argument is essentially that, even if a juror would be entitled to find that DeCastro was exercising his constitutional rights, and that his arrest and search (and therefore invasion of privacy) was retaliatory, DeCastro could not reasonably expect Officers not to break the law and retaliate against him, because he was being "provocative and uncooperative during the subject incident." This would mean that citizens cannot reasonably expect privacy so-long as they are well aware of the fact that law enforcement officers might routinely respond to provocation by breaking the law. This principle should not be ratified by this

Court, as it would mean that state agents defeat a right of privacy merely by making it well-known that they are predisposed to do something, even something unlawful, in response to First Amendment filming or the hurling of insults. This is not a reasonable application of the law.

Citizens in Nevada are entitled to have a subjective expectation that their rights and privacy will be carefully guarded so-long as their conduct is lawful, even if their conduct is provocative. Provocative lawful conduct does not, or should not, erase a person's constitutional or common law protections, such as privacy. Indeed, provocative individuals are often the ones most in need of those rights.

The Motion (ECF 102) must be denied.

Dated this 1st day of November, 2024.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
400 South Street #500
Las Vegas, Nevada 89101
Tel: (702) 990-0190
attorneymichaelmee@gmail.com
*Counsel for Appellant*

**CERTFICIATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appendix was served upon those parties registered to receive electronic service in the above-captioned matter.

Dated this 1st day of November, 2024.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
400 South Street #500
Las Vegas, Nevada 89101
Tel: (702) 990-0190
attorneymichaelmee@gmail.com
*Counsel for Appellant*