1  **Marquis Aurbach**
Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
Nicholas M. Adams, Esq.
3  Nevada Bar No. 15859
10001 Park Run Drive
4  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
canderson@maclaw.com
6  nadams@maclaw.com
  Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
7  Sorenson, Ofc. Sandoval and Ofc. Doolittle

8               **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10 | JOSE DECASTRO, | Case Number: |
| 2:23-cv-00580-APG-EJY |

11               Plaintiff,

12      vs.                                    **DEFENDANTS LVMPD, SGT.
                                              TORREY, OFC. BOURQUE, OFC.
13 LAS VEGAS METROPOLITAN POLICE              DINGLE, OFC. SORENSON, OFC.
DEPARTMENT; STATE OF NEVADA;                  SANDOVAL AND OFC. DOOLITTLE'S
14 BRANDEN BOURQUE; JASON TORREY;             REPLY BRIEF IN SUPPORT OF
C. DINGLE; B. SORENSON; JESSE                 SECOND MOTION FOR SUMMARY
15 SANDOVAL; OFFICER DOOLITTLE and            JUDGMENT
DOES 1 to 50, inclusive,
16
               Defendants.
17

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

18      Defendants Las Vegas Metropolitan Police Department, Ofc. Torrey, Ofc. Bourque,

19 Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by

20 and through their attorneys of record, Marquis Aurbach, hereby file their Reply Brief in

21 Support of their Second Motion for Summary Judgment.  (ECF No. 102) This Reply is made

22 and based upon the Memorandum of Points & Authorities, the pleadings and papers on file

23 herein and any oral argument allowed by counsel at the time of hearing.

24              **MEMORANDUM OF POINTS & AUTHORITIES**

25 **I.     INTRODUCTION**

26      The Court should grant the LVMPD Defendants' Second Motion for Summary

27 Judgment (ECF No. 102) (the "Motion") in its entirety because the claims at issue in the

28

1   Motion fail as a matter of law. The LVMPD Defendants are immune from the state law

2   claims of Plaintiff Jose DeCastro ("DeCastro") pursuant to NRS 41.032(2) as the Defendant

3   Officers' arrest and related search of DeCastro was discretionary and DeCastro cannot point

4   the Court to facts which could create a genuine dispute of material fact as to DeCastro's

5   assertion the Defendant Officers arrested him in "bad faith." In addition to discretionary

6   immunity foreclosing DeCastro's invasion of privacy claim, the claim additionally fails

7   because no reasonable factfinder could conclude DeCastro had an objectively reasonable

8   expectation of privacy in his personal effects given his intentional instigation of the subject

9   incident and purposeful noncompliance with the commands of the Defendant Officers. In

10   sum, the LVMPD Defendants have met their summary judgment burden and DeCastro has

11   failed to point the Court to facts which would create genuine issues of material fact as to

12   these claims. Resultantly, the LVMPD Defendants respectfully request the Court grant the

13   Motion in its entirety.

**II.   LEGAL ARGUMENT**

14

**A.   SUMMARY JUDGMENT IS WARRANTED ON DECASTRO'S STATE LAW FALSE ARREST AND UNLAWFUL SEARCH AND SEIZURE CLAIMS.**

15

16

17   In the Motion, the LVMPD Defendants explained DeCastro's state law claims

18   premised upon allegations of false arrest and unlawful search incident to arrest fail as a

19   matter of law on account of Nevada's discretionary immunity statute, NRS 41.032. These

20   claims are based on DeCastro's assertion he should not have been arrested, however, it is

21   well-established in Nevada the decision of a police officer to effectuate an arrest is a

22   discretionary decision entitled to immunity under NRS 41.032(2). As explained herein,

23   DeCastro's arguments in opposition to the Motion are unpersuasive, and the Court should

24   grant summary judgment as to DeCastro's state law Constitutional claims based upon the

25   arrest and search.

26   In the Opposition, DeCastro argues: (1) discretionary immunity does not apply

27   because Ofc. Bourque's decision to arrest was not based on considerations of social,

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  economic, or political policy; and (2) discretionary immunity does not apply because Ofc.

2  Bourque's decision to arrest DeCastro was made in bad faith. (ECF No. 105). DeCastro's

3  arguments are unavailing. The evidence shows Ofc. Bourque's decision to arrest was based

4  on policy considerations, and DeCastro has failed to submit evidence establishing a genuine

5  dispute as to that fact. Although the Court has determined a genuine dispute exists as to the

6  existence of probable cause to arrest DeCastro during the subject incident, no reasonable

7  factfinder could determine Ofc. Bourque's decision to arrest DeCastro was made in bad

8  faith. Accordingly, there is no reason for this Court to deny the LVMPD Defendants the

9  discretionary immunity that NRS 41.032(2) affords.

10          **1.      Ofc. Bourque's Decision to Arrest and Search DeCastro was a Discretionary Function Under NRS 41.032(2)**

11

12          DeCastro first argues the LVMPD Defendants are not entitled to discretionary

13  immunity as to the arrest and related search because Ofc. Bourque's arrest of DeCastro does

14  not meet the second prong of *Martinez*. DeCastro's argument is in direct contravention of

15  Nevada law – it is well-established a police officer's decision to effectuate an arrest is a

16  discretionary function to which NRS 41.032(2) applies. Moreover, the undisputed evidence

17  in this case shows this particular arrest was absolutely based on considerations of public

18  policy.

19          A person cannot maintain an action against an officer or employee of Nevada

20  "[b]ased upon the exercise or performance or the failure to exercise or perform a

21  discretionary function or duty on the part of the State or any of its agencies . . . or of any

22  officer . . . *whether or not the discretion involved is abused*." NRS 41.032(2) (emphasis

23  added). In Nevada, an act is entitled to discretionary immunity if: (1) the act involves

24  elements of judgment or choice; and (2) the act was based on considerations of public

25  policy. *Martinez v. Maruszczak*, 123 Nev. 433, 445, 168 P.3d 720, 728-29 (2007). The focus

26  of the second criterion's inquiry is not on the employee's "subjective intent in exercising the

27  discretion conferred by statute or regulation, but on the nature of the actions taken and on

28  whether they are susceptible to policy analysis." *Id.* Thus, the court need not determine that

1    a government employee made a conscious decision regarding policy considerations in order

2    to satisfy the test's second criterion. *Id.*

3         Since *Martinez*, the Nevada Supreme Court has held the decision of whether to

4    detain or arrest a suspect – a police function plainly within the purview of the Fourth

5    Amendment, *see, e.g., Terry v. Ohio*, 392 U.S. 1 (1968); *Michigan v. Summers*, 452 U.S.

6    692 (1981); *Muehler v. Mena*, 544 U.S. 93 (2005) – is a discretionary function covered by

7    Nev. Rev. Stat. §41.032. Nevada courts interpreting §41.032 agree. *Gonzalez v. Las Vegas*

8    *Metro Police Dep't.*, Docket No. 61120, 2013 WL 7158415, *3 (Order of affirmance, Nov.

9    21, 2013) ("decision to arrest or detain [suspect on a warrant] was part of a policy

10   consideration" that invoked Nev. Rev. Stat. §41.032); *See Napouk v. Las Vegas Metro.*

11   *Police Dep't*, 669 F.Supp.3d 1031, 1046-47 (D. Nev. 2023) ("how to conduct a seizure as it

12   pertains to the Fourth Amendment is also within the discretion of the officer performing the

13   seizure").

14        Other jurisdictions, also applying the same *Berkovitz-Gaubert* test to their own

15   state's discretionary immunity statute, have reasoned a police officer's discretionary

16   decision to arrest or to take some other course of action instead is entitled to discretionary

17   immunity. *Michenfelder v. City of Torrance* 28 Cal.App.3d 202, 206 [104 Cal.Rptr. 501]

18   (1972) (officer's decision whether to effectuate warrantless arrest is discretionary); *Everton*

19   *v. Willard*, 468 So. 2d 936 (Fla. 1985) ("[T]here is no distinction between the immunity

20   afforded the police officer in making a determination of whether to arrest an individual for

21   an offense and the discretionary decision of the prosecutor of whether to prosecute an

22   individual or the judge's decision of whether to release an individual on bail or to place him

23   on probation. All of these decisions are basic discretionary, judgmental decisions that are

24   inherent in enforcing the laws of the state.")

25        Here, the evidence clearly establishes the Defendant Officers made the decision to

26   arrest DeCastro based on considerations of public policy. While DeCastro argues that not

27   every arrest is a discretionary function, this Court need not reach that issue because the

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#5697605.1)

1   specific facts of this case demonstrate the specific actions taken by Ofc. Bourque and Sgt.

2   Torrey are susceptible to a policy analysis. Ofc. Bourque made a judgment call to arrest

3   DeCastro because of his willful noncompliance with direct and lawful orders. (*See* Exhibits

4   A, J to ECF No. 86). Ofc. Bourque affirmed in his report he arrested DeCastro rather than

5   citing and releasing him because DeCastro admitted to being in trouble numerous times in

6   the past for similar reasons and would not even allow officers to explain to him why he was

7   detained or placed in handcuffs. (Exhibit J to ECF No. 86). As a result of DeCastro's

8   actions, Ofc. Bourque made a considered judgment DeCastro's criminal behavior would

9   continue in the area if DeCastro was not arrested. (*Id.*). After Sgt. Torrey arrived on scene,

10  he expressed his concern absent an arrest for the obstruction, DeCastro would be back on the

11  street and engaged in the same obstructive conduct which prevented Ofc. Bourque from

12  doing his job during the original traffic stop. (Exhibit F to ECF No. 86, 00:24:12-00:24:31).

13  These undisputed facts are sufficient for the LVMPD Defendants to meet their burden of

14  establishing no genuine dispute of material fact exists as to this issue – all evidence indicates

15  the LVMPD Defendants made a decision to arrest and search DeCastro utilizing their

16  judgment and choice and based upon public policy considerations.

17       DeCastro has not met his burden of going beyond the pleadings and setting forth

18  specific facts demonstrating a genuine issue. Instead, DeCastro points to a red herring lethal

19  force case wherein this Court determined an officer's on-the-spot decision to use lethal force

20  is not susceptible to policy analysis for purposes of the *Berkovitz-Gaubert* analysis. (ECF

21  No. 105, p.9). Clearly, the well-reasoned decision of the officers in this case to arrest

22  DeCastro, and not to cite and release him, is not comparable to an officer's on-the-spot

23  decision to use lethal force. A split-second decision to use lethal force typically does not

24  allow policy considerations to enter the picture. However, the LVMPD Defendants' decision

25  to arrest DeCastro was made over a time period that allowed for the officers to consider

26  policy and included the input of a supervising officer explicitly regarding policy.

27       Ultimately, DeCastro's argument the LVMPD Defendants' arrest of DeCastro does

28

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC: 14687-456 (#5697605.1)

1    not meet the second prong of the *Berkovitz-Gaubert* test adopted by Nevada in *Martinez* is

2    unavailing. The decision of a police officer to effectuate an arrest is a discretionary function.

3    Regardless of whether some arrests may be ministerial, or based on split-second decisions,

4    the LVMPD Defendants in this case arrested DeCastro expressly because of public policy

5    considerations, namely DeCastro's instigations and intentional obstruction of police officers

6    carrying out their official duties would continue in the area absent arrest. DeCastro has

7    failed to meet his burden of going beyond the pleadings and pointing the Court to any facts

8    which would create a genuine dispute as to that issue.

**2.**    **<u>Ofc. Bourque's Decision to Arrest DeCastro was not Made in Bad Faith.</u>**

9

10    DeCastro also argues discretionary immunity does not apply here because a genuine

11 dispute of material fact exists as to whether the LVMPD Defendants' arrest of DeCastro is

12 attributable to bad faith. DeCastro cites to the Court's prior order and inaccurately asserts

13 the Court has already determined a genuine dispute of material fact exists as to the existence

14 of bad faith in this case. As set forth herein, bad faith pursuant to a discretionary immunity

15 analysis involves a wholly different standard than any issue the Court has previously ruled

16 on, and DeCastro is unable to set forth any facts which would create a genuine dispute as to

17 his allegation of bad faith. The LVMPD Defendants are entitled as a matter of law to a

18 determination there was no bad faith on the part of the LVMPD Defendants in arresting and

19 searching DeCastro. As a result, discretionary immunity attaches to the Defendant Officers'

20 decision to arrest and search DeCastro in connection with the subject incident.

21    As a general matter, under Nevada Revised Statute (NRS) 41.032 "no action may be

22 brought' against any public officer based upon 'the failure to exercise or perform a

23 discretionary function ... ***whether or not the discretion involved is abused***." *See Martinez*,

24 123 Nev. at 445, 168 P.3d at 728-29. However, where an officer's actions are "attributable

25 to bad faith, immunity does not apply whether an act is discretionary or not." *Falline v.*

26 *GNLV Corp.*, 107 Nev. 1004, 1009, 823 P.2d 888 (Nev. 1991).

27

28

Page 6 of 12

<b>MARQUIS AURBACH</b><br>
10001 Park Run Drive<br>
Las Vegas, Nevada 89145<br>
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  NRS 41.032(2) provides immunity to contractors, officers, employees, agents and

2  political subdivisions of the State for the performance or non-performance of discretionary

3  acts "whether or not the discretion involved is abused." *Davis v. City of Las Vegas*, 478 F.3d

4  1048, 1059-60 (9th Cir. 2007) (*citing Falline v. GNLV Corp.*, 107 Nev. 1004, 1009, 823

5  P.2d 888 (Nev.1991)). However, an abuse of discretion necessarily involves at least two

6  factors: (1) the authority to exercise judgment or discretion in acting or refusing to act on a

7  given matter; and (2) a lack of justification for the act or inaction decided upon. *Id.* at 1060.

8  Bad faith, on the other hand, involves an implemented attitude that completely transcends

9  the circumference of authority granted the individual or entity. *Id.* In other words, an abuse

10 of discretion occurs within the circumference of authority, and an act or omission of bad

11 faith occurs outside the circumference of authority. *Id.* Stated otherwise, an abuse of

12 discretion is characterized by an application of unreasonable judgment to a decision that is

13 within the actor's rightful prerogatives, whereas ***an act of bad faith has no relationship to a***

14 ***rightful prerogative*** even if the result is ostensibly within the actor's ambit of authority. *Id.*

15 (emphasis added).

16  Thus, where an officer arrests a citizen in an abusive manner not as the result of the

17 exercise of poor judgment as to the force required to make an arrest, but instead because of

18 hostility toward a suspect or a particular class of suspects (such as members of racial

19 minority groups) or because of a willful or deliberate disregard for the rights of a particular

20 citizen or citizens, the officer's actions are the result of bad faith and he is not immune from

21 suit. *Id.* No officer has the "rightful prerogative" to engage in a malicious battery of a

22 handcuffed citizen who is neither actively resisting arrest nor seeking to flee. Such an action,

23 motivated by hostility or willful disregard for the law, is without the officer's

24 "circumference of authority," even if "ostensibly within [his] ambit of authority." *Id.*

25  DeCastro contends his arrest and search was motivated by bad faith and therefore the

26 Defendant Officers are not entitled to discretionary immunity. In support of that argument,

27 DeCastro claims the Court has already found a genuine dispute of material fact as to this

28

MAC: 14687-456 (#5697605.1)

1    issue (it has not), and points to no portion of the record that could establish a genuine

2    dispute of material fact as to bad faith. This Court determined a genuine dispute of material

3    fact exists as to whether the Defendant Officers had probable cause to arrest DeCastro, and

4    whether he was "treated differently than similar situated individuals because he spewed

5    venom at Bourque and filmed the traffic stop." (ECF No. 100). Although the Court

6    reconsidered its prior determination the Defendant Officers had probable cause to arrest

7    DeCastro as a matter of law based upon these facts (ECF No. 44 at p.7; ECF No. 100 at

8    p.16), none of the facts in this case could allow a reasonable fact-finder to determine the

9    Defendant Officers arrested or searched DeCastro based upon hostility towards a protected

10   class or willful or deliberate disregard for the rights of DeCastro. The Defendant Officers

11   had a rightful prerogative to arrest DeCastro for what they reasonably understood to be

12   obstruction and resisting under Nevada law.

13       DeCastro asserts Ofc. Bourque lied about his stated reasons for arresting DeCastro

14   but does not identify any evidence which supports that contention. (ECF No. 105, 12:24-

15   13:7). Specifically, DeCastro makes the preposterous argument that because Ofc. Bourque

16   told DeCastro the driver was entitled to privacy during the subject incident, and Ofc.

17   Bourque did not decide to arrest DeCastro until later on during the subject incident (after

18   DeCastro had refused to comply with multiple lawful orders), Ofc. Bourque was somehow

19   motivated by a willful or deliberate disregard of DeCastro's rights. Contrary to DeCastro's

20   theory, the actual facts in this case - body worn camera footage of multiple officers, the

21   citation, and Ofc. Bourque's report - all demonstrate the Defendant Officers had a good faith

22   belief they had probable cause to arrest DeCastro for the subject offenses and they had no

23   intention of inhibiting DeCastro's civil rights. (*See* Exhibits A-K to ECF No. 86).

24   DeCastro's own self-serving narrative of the subject events, without more, is not sufficient

25   to meet his burden of going beyond the pleadings and pointing the Court to facts in the

26   record which would create a genuine dispute as to his contention the Defendant Officers

27   were motivated by bad faith.

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 8 of 12

1    In sum, DeCastro is wholly incorrect in asserting the Court's prior ruling genuine

2  issues of material fact preclude summary judgment as to some of DeCastro's federal claims

3  necessitates a finding a genuine issue of material fact exists as to DeCastro's bad faith

4  argument. The Defendant Officers arrested DeCastro pursuant to a genuine law enforcement

5  prerogative, and no reasonable factfinder could determine based on these facts the

6  Defendant Officers' conduct amounted to bad faith.

7    **3.    LVMPD Defendants Met Their Summary Judgment Burden.**

8    In the Opposition, DeCastro argues the LVMPD Defendants have not met their

9  burden at summary judgment because the LVMPD Defendants have not shown the absence

10  of a genuine dispute of material fact. (ECF No. 105, 5:26-6:12). On the contrary, the

11  LVMPD Defendants have shown as a matter of law, NRS 41.032(2) confers discretionary

12  immunity on the Defendant Officers for the arrest and search. As a result, the LVMPD

13  Defendants are immune from DeCastro's state law claims based upon the allegedly false

14  arrest and unlawful search incident to arrest.

15    Under Rule 56 of the Rules of Federal Procedure, "[a] party may move for summary

16  judgment, identifying each claim or defense - - or the part of each claim or defense - - on

17  which summary judgment is sought [and] [t]he court shall grant summary judgment if the

18  movant shows that there is no genuine dispute as to any material fact and the movant is

19  entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

20    When video evidence exists, courts should rely on the video evidence if it "blatantly

21  contradicts" the non-moving party's version of events. *Hughes v. Rodriguez*, 31 4th 1211,

22  1218-19 (9th Cir. 2022) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). And, although a

23  court must "view the facts and draw reasonable inferences 'in the light most favorable to the

24  party opposing the [summary judgment] motion,'" the court need not credit facts

25  "unsupported by the record such that no reasonably jury could believe them, [and] need not

26  rely on those facts for purposes of ruling on the summary judgment motion." *Wilkinson v.*

27  *Torres*, 610 F.3d 546, 550 (9th Cir. 2010) (*quoting Scott*, 550 U.S. at 378-80).

28

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1    In this case, DeCastro has presented no evidence whatsoever to the Court to rebut the

2  version of events clearly captured on body worn camera and by DeCastro's own cell phone.

3  (*See* Exhibits A-H to ECF No. 86). Although the Court has determined that reasonable

4  minds could differ as to how some of the relevant facts could be interpreted by a reasonable

5  fact-finder (ECF No. 100), DeCastro is entirely incorrect in his assertion the LVMPD

6  Defendants have failed to demonstrate the lack of a genuine dispute of material fact with

7  respect to the discretionary immunity analysis. The facts in this case are well-established

8  and DeCastro has not submitted evidence to suggest to the Court that any genuine dispute of

9  material fact exists.

10    Accordingly, the LVMPD Defendants met their summary judgment burden as to

11 DeCastro's state law claims premised upon allegations of false arrest and unlawful search

12 incident to arrest. DeCastro has failed to meet his burden of going beyond the pleadings and

13 pointing the Court to facts which would establish a genuine dispute of material fact as to the

14 Defendant Officers' discretionary immunity in connection with the arrest and search.

15 Therefore, the LVMPD Defendants are entitled to summary judgment on these claims.

16      **B.      SUMMARY JUDGMENT IS WARRANTED ON DECASTRO'S
               INVASION OF PRIVACY CLAIM.**

17    The LVMPD Defendants are also entitled to summary judgment as to DeCastro's

18 invasion of privacy claim. As explained in the Motion, this claim is premised upon the

19 Defendant Officers' search of DeCastro incident to his arrest, and the claim fails because the

20 search was a discretionary act pursuant to which the LVMPD Defendants are immune under

21 NRS 41.032, and because Nevada does not recognize an invasion of privacy claim where the

22 person's expectation of privacy is objectively unreasonable.

23    In the Opposition, DeCastro contends discretionary immunity does not apply and

24 DeCastro did have an objectively reasonable expectation of privacy because DeCastro's

25 intentionally provocative conduct towards police officers is constitutionally protected.

26    DeCastro's arguments miss the mark. No reasonable jury could determine DeCastro

27 had an objectively reasonable expectation of privacy in his personal effects where the

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711   FAX: (702) 382-5816

MAC: 14687-456 (#5697605.1)

1   undisputed video evidence demonstrates DeCastro intentionally created a confrontation with

2   Ofc. Bourque and subsequently refused to comply with Ofc. Bourque's orders, before

3   ultimately resisting Ofc. Bourque's efforts to detain him. DeCastro's Opposition fails to

4   explain why this Court should distinguish this case from the case cited by the LVMPD

5   Defendants in the Motion, *M & R Investment Co. v. Mandarino*, wherein the Nevada

6   Supreme Court found a conspicuously dressed card-counter did not have a ***reasonable***

7   expectation that casino personnel would turn a blind eye to his presence. *See* 103 Nev. 711,

8   719, 748 P.2d 488, 493 (Nev. 1987). Similarly here, no reasonable jury could find DeCastro

9   had a ***reasonable*** expectation of privacy when he intentionally confronted police officers in

10  the course and scope of their jobs, interrupted a traffic stop, attempted to antagonize the

11  police officers, refused to obey police orders, and then posted videos of the encounter on

12  YouTube. The notion DeCastro even has a subjective expectation of privacy when he enters

13  into these confrontations with an intent to post video of them online is a patent absurdity.

14        For the reasons addressed in the Motion and herein, the LVMPD Defendants are

15  entitled to summary judgment as to DeCastro's invasion of privacy claim.

16  **III.    CONCLUSION**

17        Based on the foregoing, the LVMPD Defendants respectfully request this Court

18  grant their Second Motion for Summary Judgment in its entirety.

19        Dated this 16th day of December, 2024.

20                                  MARQUIS AURBACH

21                                  By  */s/ Craig R. Anderson*
22                                      Craig R. Anderson, Esq.
                                        Nevada Bar No. 6882
23                                      Nicholas M. Adams, Esq.
                                        Nevada Bar No. 15859
24                                      10001 Park Run Drive
                                        Las Vegas, Nevada 89145
25                                      Attorneys for Defendants

26

27

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#5697605.1)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX:  (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 16th day of December, 2024.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

 /s/ Sherri Mong
an employee of Marquis Aurbach

MAC: 14687-456 (#5697605.1)