UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>        Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>        Defendants | Case No.: 2:23-cv-00580-APG-EJY<br><br>**Order Denying Defendants' Renewed Motion for Summary Judgment**<br><br>[ECF No. 102] |

Plaintiff Jose DeCastro sues the Las Vegas Metropolitan Police Department (LVMPD) and several LVMPD officers,[1] contending that the officers unreasonably searched and seized him while he was exercising his First Amendment rights to video record a police encounter and making rude comments to the arresting officer. He also alleges they used excessive force. I previously granted in part the defendants' motion for summary judgment. ECF No. 100. In that order, I also granted in part DeCastro's motion to reconsider my order dismissing several of his state law claims. *Id.* Recognizing that the defendants may not have fully briefed these previously dismissed claims for summary judgment, I granted limited leave to move for summary judgment on the reinstated claims. *Id.* at 49-51.

The defendants now move for summary judgment on DeCastro's state law claims for false arrest, unlawful search and seizure, and invasion of privacy, arguing that the officers are entitled to discretionary-act immunity. ECF No. 102. They also argue that DeCastro's invasion of privacy claim fails because he did not have a reasonable expectation of privacy. DeCastro

---

[1] The individual officers are Branden Bourque, Jason Torrey, Chadly Dingle, Brandon Sorenson, Jesse Sandoval, and Clinton Doolittle. DeCastro also sued the State of Nevada and an officer named Citco, but I dismissed those defendants for failure to timely serve them. ECF Nos. 85, 94.

responds that the officers' actions were not discretionary, their actions were made in bad faith, and he had a reasonable expectation of privacy.

The parties are familiar with the facts, so I repeat them here only as necessary to decide the motion. I deny the defendants' motion for summary judgment because I previously declined to hold that the officers had probable cause to arrest DeCastro as a matter of law. If the officers lacked probable cause, then their acts violated the federal Constitution and were not discretionary. And DeCastro has a reasonable expectation of privacy in his personal effects against illegal searches, such as a search incident to an unlawful arrest.

**I. DISCUSSION**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. False arrest and unlawful search and seizure

The defendants argue that they are immune from DeCastro's false arrest and unlawful search claims because a police officer's decision to arrest or search an individual is a discretionary function. DeCastro responds that I have already ruled on this issue and that discretionary acts made in bad faith are not protected.

Nevada officials are immune from lawsuits "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function . . . whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032(2). Nevada has adopted the United States Supreme Court's *Berkovitz-Gaubert*[2] test to determine if discretionary-function immunity applies. *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007) (en banc). For an official act to receive immunity, it must "(1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Id.* For the second element, I must consider "whether the judgment is of the kind that the discretionary-function exception was designed to shield." *Id.* at 728 (cleaned up).

A decision by police officers "as to how to accomplish a particular seizure or search is generally considered a discretionary determination under Nevada law." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007). But acts committed in bad faith are definitionally outside the actor's discretion. *Falline v. GNLV Corp.*, 823 P.2d 888, 891-92 (Nev. 1991). And government officials "do not possess discretion to violate constitutional rights." *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004) (quotation omitted); *see also Nurse v. United States*, 226 F.3d 9996, 1002 n.2 (9th Cir. 2000) (holding that "the Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply").

---

[2] *Berkovitz v. United States*, 486 U.S. 531 (1988); *United States v. Gaubert*, 499 U.S.315 (1991).

Genuine questions of material fact remain on DeCastro's state law claims for false arrest and unlawful search and seizure. I previously reconsidered my decision holding that probable cause existed as a matter of law and allowed that matter to go to the jury. If the defendants lacked probable cause to arrest DeCastro and perform a subsequent search incident to arrest, then those actions violate the Fourth Amendment of the Constitution and fall outside the officers' discretion. I therefore deny the defendants' motion for summary judgment on DeCastro's state law false arrest and unlawful search and seizure claims.

**B. Invasion of privacy**

The defendants argue that DeCastro's invasion of privacy claim fails because their search of DeCastro was a discretionary function and DeCastro had no reasonable expectation of privacy. According to the defendants, DeCastro had no reasonable expectation of privacy because he instigated the encounter with the officers and his behavior was provocative and uncooperative. DeCastro responds that his behavior was constitutionally protected, and he maintained a reasonable expectation of privacy in his personal effects.

For the tort of intrusion,[3] DeCastro must prove (1) "an intentional intrusion (physical or otherwise)," (2) on DeCastro's solitude or seclusion, (3) "that would be highly offensive to a reasonable person." *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995), *rev'd on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht*, 940 P.2d 134 (Nev. 1997). The Supreme Court of Nevada

---

[3] The Restatement (Second) of Torts describes four torts that fall under the invasion of privacy: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the name or likeness of another; (3) unreasonable publicity given to private facts; and (4) publicity unreasonably placing another in a false light before the public. *Bobby Berosini*, 895 P.2d at 1278; Restatement (Second) of Torts § 652A. Both the defendants and DeCastro appear to analyze DeCastro's claim as one arising from an unreasonable intrusion upon his seclusion.

4

noted examples of such intrusions include "the meddling conduct of eavesdroppers, the unpermitted opening of others' mail, and the making of illegal searches and seizures." *Id.* However, police acting within their powers do not intrude on any expectation of privacy protected by the law. *See Id.* at 1279.

A genuine dispute remains whether DeCastro had a reasonable expectation of privacy in his personal effects despite his provocative behavior towards the officers. DeCastro's invasion of privacy claim is specific to "the contents of his personal belongings such as vehicles, pockets, wallets, cell phones[,] and other electronic devices." ECF No. 61 at 27-28. Although DeCastro had no reasonable expectation of privacy in his public interaction and behavior, the contents of his pockets and closed containers remained private and protected from unlawful searches. *See Katz v. United States*, 389 U.S. 347, 351 (1967) (noting that "what a person knowingly exposes to the public" is not protected by the Fourth Amendment, while "what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected"). If the officers lacked probable cause to arrest and search DeCastro, then their search of his person was unlawful. Because genuine disputes remain whether the officers had probable cause, I cannot rule as a matter of law that they were acting within their discretionary authority or that DeCastro lacked a reasonable expectation of privacy protected by the law. I therefore deny the defendants' motion for summary judgment on DeCastro's invasion of privacy claim.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' renewed motion for summary judgment **(ECF No. 102) is DENIED**.

DATED this 24th day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE