**MICHAEL MEE, ESQ.**
LIBERATORS CRIMINAL DEFENSE
Bar No. 13726
400 S. 4th Street #500
Las Vegas, NV 89101
E-mail: mmee@defenselawyervegas.com
Phone: 702-990-0190
Fax: 702-442-9616
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant. | Case No 2:23-cv-00580-APG-EJY |

**PLAINTIFF'S PROPOSED TRIAL ORDER**

COMES NOW Plaintiff Jose DeCastro, through undersigned counsel, who submits the following proposed Pretrial Order in response to this Court's Order (ECF 110). Plaintiff submits his own pretrial order rather than a joint pretrial order for the following reasons. Plaintiff received Defendants proposed pretrial order and submitted his own sections and proposed changes/objections to their draft on June 20, 2025.

Nevertheless, counsel for Defendants indicated they had to leave the office at 12:00 p.m. that day and were instead submitting their own individual proposed trial Order. As such the parties were unable to reach an agreement on a Joint Proposed Order.

As such, Plaintiff likewise submits his own individual Proposed Trial Order herein.

Dated this 20th day of June, 2025.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
400 South Street #500
Las Vegas, Nevada 89101
Tel: (702) 990-0190
attorneymichaelmee@gmail.com
*Counsel for Plaintiff.*

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **NATURE OF THE ACTION.**

A. **BACKGROUND.**

Plaintiff Jose DeCastro sues the Las Vegas Metropolitan Police Department (LVMPD) and LVMPD officer Branden Bourque, Jason Torrey, Chadly Dingle, Brandon Sorenson, Jesse Sandoval, and Clinton Doolittle. DeCastro contends the officers violated his constitutional rights when they unreasonably searched and seized him because he was exercising his First Amendment rights to video record a police encounter, and thereafter unlawfully arrested him, including causing damages and pain and suffering.

B. **REMAINING PARTIES AND ISSUES FOR TRIAL.**

On September 13, 2024, this Court granted in part defendants' motion for summary judgment. ECF No. 100. In that order, this Court granted in part DeCastro's motion to reconsider the Court's order dismissing certain federal law and state law claims and ordered the parties to supplement their state law claim briefing. On April 25, 2025, the Court issued its order denying defendants' renewed motion for summary judgment. ECF No. 109. Based on these orders, the following claims issues remain for trial:

1.   State law false arrest and unlawful search and seizure.

2

2.     State law invasion of privacy.

3.     42 U.S.C. § 1983 excessive force and state law excessive force/battery.

4.     42 U.S.C. § 1983 Failure to intervene.

5.     42 U.S.C. § 1983 First Amendment and Nevada sate law free speech violation.

6.     42 U.S.C. § 1983 First Amendment retaliation.

7.     42 U.S.C. § 1983 elective enforcement.

**II.    STATEMENT OF JURISDICTION.**

Plaintiff's federal claims are brought pursuant to 42 U.S.C. §1983 and his state law claims are brought pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4).

**III.   STATEMENT OF UNCONTESTED FACTS.**

1.     On or about March 15, 2023, at approximately 4:30 PM Pacific time, Plaintiff Jose DeCastro encountered a police interaction involving a woman in a silver Hyundai Elantra and Officer Bourque of the Las Vegas Metropolitan Police Department, who was seated in a Ford police interceptor displaying the LVMPD insignia and the number 19084.

2.     Plaintiff began recording the interaction on his cell phone from a location approximately 10 feet away from the woman in the vehicle and took care not to physically place himself between Officer Bourque and the woman.

3.     Within seconds of Plaintiff beginning to film, Officer Bourque exited his patrol vehicle and instructed Plaintiff to back up. Plaintiff complied by stepping further away, increasing the distance between himself and the interaction.

4.     Officer Bourque continued issuing commands for Plaintiff to move and indicated that failure to comply would result in detention. Plaintiff verbally asserted his First Amendment rights, identified himself as a member of the press, and stated that he was more than 10 feet away.

3

5. Officer Bourque instructed the woman in the vehicle to leave and then approached Plaintiff directly

6. Plaintiff requested a supervisor be called to the scene.

7. Plaintiff was informed he was under arrest and was physically detained by officers on the scene.

8. Plaintiff informed the officers of a prior shoulder injury. In response, he was placed in two sets of handcuffs.

9. Plaintiff remained in handcuffs for an extended period and complained of pain in his elbow during the detention.

10. Plaintiff was ultimately transported to the Clark County Detention Center and released several hours later with citations, not formal charges.

11. The Eighth Judicial District Court of Nevada subsequently overturned Plaintiff's conviction, finding that officers violated his constitutional rights during the encounter and that the detention and arrest were not supported by probable cause.

## IV. STATEMENT OF CONTESTED FACTS.

1. Whether DeCastro maintained a reasonable distance and non-threatening posture throughout his recording of the police encounter, such that no reasonable officer would have perceived a threat or obstruction.

2. Whether DeCastro clearly and repeatedly asserted his First Amendment rights and identified himself as a member of the press, and whether those assertions provoked an escalation by Bourque.

3. Whether Bourque lacked reasonable suspicion or probable cause to detain DeCastro at any point during the encounter.

4. Whether DeCastro's verbal protests constituted protected speech under the First Amendment and whether officers used force in direct response to that speech.

4

5. Whether Bourque's stated justification for the arrest—protecting Jane's privacy—was pretextual and unsupported by law.

6. Whether any LVMPD officer informed DeCastro that he was under investigation or interfering with an official investigation, and whether their failure to do so undermines the legality of the detention.

7. Whether Defendants used excessive force by applying prolonged and painful pressure to DeCastro's elbow despite his repeated complaints of pain and notification of a prior shoulder injury.

8. Whether the actions of officers at the scene—including repeated physical contact, refusal to loosen restraints, and striking of the groin—were malicious, punitive, or intended to cause humiliation.

9. Whether Bourque's comments about "First Amendment Auditors" reflected a generalized animus toward press activity and contributed to an unconstitutional motive for the arrest.

10. Whether DeCastro was targeted and arrested because of his recent coverage of LVMPD in viral online videos, suggesting viewpoint discrimination and retaliatory motive.

11. Whether DeCastro was denied timely access to a supervisor or other procedural safeguards during his detention.

12. Whether DeCastro was released without any formal charges after being held for approximately five hours, and whether this prolonged detention lacked legal justification.

13. Whether the actions of the involved officers, individually or collectively, deviated from LVMPD's policies on Use of Force and Public Interactions, and whether such deviation reflects deliberate indifference.

14. Whether DeCastro suffered lasting neurological harm, including paresthesia and ongoing medical needs, as a direct result of the manner in which force was applied.

## V. STATEMENT OF CONTESTED ISSUES OF LAW.

1. Whether a reasonable officer in Bourque's position would have known that detaining or arresting a civilian for filming a police interaction in public violates clearly established First and Fourth Amendment law.

2. Whether a police officer's asserted concern for a third-party's "privacy" in public constitutes a lawful basis to detain or arrest a bystander exercising his right to record.

3. Whether the prolonged use of force, despite Plaintiff's repeated complaints of pain and notification of prior injury, constitutes a violation of clearly established rights under the Fourth Amendment.

4. Whether Sergeant Torrey may be held liable under § 1983 for supervisory liability or failure to intervene, given his alleged ratification of unconstitutional conduct and failure to remedy known violations.

5. Whether Defendants' conduct—including alleged fabrication of arrest justifications and excessive use of force—amounts to malicious prosecution in violation of the Fourth and Fourteenth Amendments.

6. Whether LVMPD's training and supervision practices, including any custom of tolerance for retaliation against press activity or use of force against First Amendment auditors, give rise to Monell liability.

7. Whether Bourque's generalized statements about "First Amendment auditors" and his targeting of DeCastro due to prior press activity reflect viewpoint-based discrimination in violation of the First Amendment.

8. Whether DeCastro's First Amendment rights to observe, record, and criticize police officers in public were clearly established at the time of the incident.

9. Whether the totality of the officers' actions—prolonged squeezing of nerves, physical humiliation, and verbal threats—constitutes a pattern of punitive or retaliatory behavior sufficient to defeat qualified immunity.

10. Whether DeCastro's public interest speech, including recording and documenting police conduct, falls within the core protections of the First Amendment, such that any retaliatory motive is constitutionally actionable.

11. Whether the combination of detention, physical force, and verbal hostility by the officers—absent any articulable suspicion of criminal activity—renders the entire encounter an unlawful seizure under the Fourth Amendment.

12. Whether the government may bar DeCastro from introducing medical evidence or damages testimony where the injuries stem directly from unconstitutional force and are observable.

## VI. **PLAINTIFF'S EXHIBITS.**

1. Plaintiff's Youtube Videos Relating to Incident

2. Photographs of Injured Elbow following Incident.

3. Doctor Bills and notes relating to incident.

4. Plaintiff's Responses to Defendants' Interrogatories and Requests for Productions of Documents.

5. ECF 1 to 110 filed in this case no. 2:23-cv-00580-APG-EJY.

6. All Materials Disclosed by Defendants and listed below incorporated by reference, including but not limited to:

a. CAD Report for Event No. LLV230300064617 (LVMPD 000001 - 000004)

b. Cad until Log by Incident Number (LVMPD 000005 - 000009)

c. IA Statement of Complaint (LVMPD 000010 - 000015)

d. LVMPD Incident Report (LVMPD 000016 - 000025)

e. Citation (LVMPD 000026 - 000027)

f. Declaration of Arrest (LVMPD 000028)

g. Temporary Custody Record (LVMPD 000029)

h. LVMPD Detention Services Division Booking Voucher (LVMPD 000030)

i. IAB Complaint Form (LVMPD 000031)

j. LVMPD Use of Force Policy 3.110 (LVMPD 000032 - 000066)

k. LVMPD Arrests Without Warrants Policy 4.102 (LVMPD 000067 - 000070)

l. Body Worn Camera footage of subject event from the defendant officers

m. LVMPD Lesson Plans dated December 2015 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 6.13, 8.05, 8.24 and 13.08 (LVMPD 000071 - 000527)

n. LVMPD Lesson Plans dated February 2016 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 8.05, 8.24, 8.26, 13.08 and 16.19 (LVMPD 000528 – 000893)

o. LVMPD Lesson Plans dated February 2022 regarding Policies 3.02, 3.04, 3.09, 3.16, 4.05, 6.01, 8.18, 10.08, 13.08 and 16.05 (LVMPD 000894 - 001321)

p. Radio Dispatch Calls

q. DeCastro's YouTube Video - *Let's File My Lawsuit Against the Las Vegas Tyrant Cops From My Unlawful Arrest. #audit #court #popo* – April 17, 2023

r. DeCastro's YouTube Video - *The Las Vegas Metro Police Dept Lawsuit: 12:30PM PST* – April 18, 2023

s. DeCastro's YouTube Video - *LAWSUIT FILED! DELETELAWZ IS ARRESTED FOR FILMING COPS BY LAS VEGAS METRO P!G BRENDEN BORK* – May 16, 2023

t. DeCastro's YouTube Video - *#AUDIT #Arrested Las Vegas PD, Lawsuit filed, LVMPD has been Served: Body Cam of Sandoval, NEVADA* – April 29, 2023

u. DeCastro's YouTube Video - *TEAM DLZ FOLLOWS A RIGID SET OF POLICIES,*

*PROCEDURES & PROTOCOLS* – February 4, 2024

v. DeCastro's YouTube Video - *WE DONT STOP* – September 17, 2024

w. *Our Nevada Judges, Inc.* Video - *The State of Nevada vs Jose "Chille" DeCastro* – March 19, 2024

## VII. ELECTRONIC EVIDENCE.

Plaintiff agrees the parties may present electronic evidence to wit Plaintiff intends to present electronic evidence including Body Worn Camera, Plaintiff's Youtube Videos, and other disclosed recordings set forth herein for the purposes of jury deliberations.

## VIII. DEPOSITIONS.

Unless witnesses are unable, Plaintiff does not intend to offer depositions other than for purposes of impeachment.

## IX. WITNESSES.

Plaintiff intends to call the following witnesses at the time of trial:

1. Jose DeCastro
   c/o Attorney Michael Mee, Esq .
   400 S. 4th Street #500
   Las Vegas NV 89101

2. Sgt. Torrey
   c/o Marquis Aurbach
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   (702) 382-0711

3. Ofc. Bourque
   c/o Marquis Aurbach
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   (702) 382-0711

4. Ofc. Dingle
   c/o Marquis Aurbach

9

        10001 Park Run Drive
        Las Vegas, Nevada 89145
        (702) 382-0711

5.    Ofc. Sorenson
      c/o Marquis Aurbach
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      (702) 382-0711

6.    Ofc. Sandoval
      c/o Marquis Aurbach
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      (702) 382-0711

7.    Ofc. Doolittle
      c/o Marquis Aurbach
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      (702) 382-0711

8.    Officer Citco # 17673,
      address unknown

    9.    PO-2 Jason Osborne,
       address unknown

    10.    PO LT Theodore Weirauch,
       address unknown

    11.    PO LT Joshua Younger,
       address unknown

**X.**    **TRIAL DATES.**

    Counsel for Plaintiff are likewise available for trial along the proposed time frame of January 2026 and February 2026.

It is expressly understood by the undersigned the Court will set the trial of this matter on one (1) of the agreed upon dates if possible, if not, the trial will be set at the convenience of the court's calendar.

XI.   **TIME FOR TRIAL.**

It is estimated by counsel for Plaintiff that trial will take 5 days.

Dated this 20th day of June, 2025.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
400 South Street #500
Las Vegas, Nevada 89101
Tel: (702) 990-0190
attorneymichaelmee@gmail.com
*Counsel for Plaintiff.*

**XII. ACTION BY THE COURT.**

    (a)    This case is set down for court/jury trial on the fixed/stacked calendar on _____; Calendar call shall be held on _____.

    (b)    An original and two (2) copies of each trial brief shall be submitted to the clerk on or before _____.

    (c)    Jury trials:

        (1)    An original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before _____.

    (d)    Court trials:

Proposed findings of fact and conclusions of law shall be filed on or before _____.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

_____
UNITED STATES DISTRICT JUDGE

DATED: _____