**MICHAEL MEE, ESQ.**
LIBERATORS CRIMINAL DEFENSE
Bar No. 13726
400 S. 4th Street #500
Las Vegas, NV 89101
E-mail: mmee@defenselawyervegas.com
Phone: 702-990-0190
Fax: 702-442-9616
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant. | Case No 2:23-cv-00580-APG-EJY<br><br><br><br>__JOINT PRETRIAL ORDER__ |

## I.    NATURE OF THE ACTION

### A.    BACKGROUND

Plaintiff Jose DeCastro ("Plaintiff" or "DeCastro") sues the Las Vegas Metropolitan Police Department ("LVMPD") and LVMPD officers Branden Bourque, Jason Torrey, Chadly Dingle, Brandon Sorenson, Jesse Sandoval, and Clinton Doolittle (collectively, "Defendants"). DeCastro contends the officers violated his constitutional rights when they unreasonably searched and seized him because he was exercising his First Amendment rights to video record a police encounter, and thereafter unlawfully arrested him, including causing damages and pain and suffering.

1

B.    **REMAINING PARTIES AND ISSUES FOR TRIAL**

On September 13, 2024, this Court granted in part Defendants' motion for summary judgment. ECF No. 100. In that order, this Court granted in part DeCastro's motion to reconsider the Court's order dismissing certain federal law and state law claims and ordered the parties to supplement their state law claim briefing. On April 25, 2025, the Court issued its order denying Defendants' renewed motion for summary judgment. ECF No. 109. Based on these orders, the following claims/issues remain for trial:

1. State law false arrest and unlawful search and seizure.

2. State law invasion of privacy.

3. 42 U.S.C. § 1983 excessive force and state law excessive force/battery.

4. 42 U.S.C. § 1983 Failure to intervene.

5. 42 U.S.C. § 1983 First Amendment and Nevada state law free speech violation.

6. 42 U.S.C. § 1983 First Amendment retaliation.

7. 42 U.S.C. § 1983 selective enforcement.

## II.    STATEMENT OF JURISDICTION

Plaintiff's federal claims are brought pursuant to 42 U.S.C. §1983 and his state law claims are brought pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4).

## III.    STATEMENT OF UNCONTESTED FACTS

1. On or about March 15, 2023, Officer Branden Bourque ("Bourque") conducted a traffic stop of a woman driving a silver Hyundai Elantra ("Jane") for having an expired and suspended registration. The traffic stop took place in a shopping center's public parking lot.

2. After speaking with the driver, Bourque went to his patrol car, a Ford police interceptor displaying the LVMPD insignia and the number 19084, to conduct a background check on the driver.

3. On or about March 15, 2023, at approximately 4:30 PM, Plaintiff encountered the police interaction and approached Jane while filing on a cellphone camera. Plaintiff positioned himself about a half a parking space away from the driver and started speaking with her.

4. Bourque exited his patrol vehicle, told Plaintiff not to engage with the driver, and told Plaintiff three times to back up. Bourque also told Plaintiff he can film, but he needs to stay away from the driver. Plaintiff backed up about a foot or two.

5. Bourque twice more told Plaintiff to back up and warned him that if he did not back up, Bourque would detain him. Plaintiff did not back up and stated, "you're going to detain me how?" Bourque said for obstructing and told him to move away, but Plaintiff responded that he was "staying right here."

6. Plaintiff then backed up a step and was pointing to demonstrate the distance he was from the front of the driver's vehicle. Plaintiff stated that he was ten feet away form the vehicle and that he is a "constitutional law scholar," and he took a small step back with both feet and then pivoted and made a half step forward with his left foot.

7. Bourque told Plaintiff that the driver deserves privacy and that the traffic stop is "not his business." Bourque did not believe the driver had a legal right to privacy, but hoped this statement would encourage Plaintiff to back away. Plaintiff responded by telling Bourque that Plaintiff is "a member of the press" and "go get in your car and do your job little doggie."

8. At that point, Bourque began to approach Plaintiff and told him he was being detained. As Bourque approached, Plaintiff backed away. Bourque instructed the woman in the vehicle to leave and then approached Plaintiff directly. Plaintiff continued to film the incident with his cellphone while Bourque told Plaintiff to come over to the patrol car. Plaintiff refused and moved away from Bourque when Bourque approached him.

9. Bourque again told Plaintiff to go over to the patrol car and reached out a hand toward Plaintiff. Plaintiff moved away and told Bourque not to put his hands on Plaintiff. Bourque responded again by telling Plaintiff to move over to the patrol car and that he was going to put his hands on Plaintiff. Plaintiff responded "No, you're not."

10. Bourque then called for assistance over his police radio. He told Plaintiff to move over to the patrol car two more times, to which Plaintiff responded, "no." Bourque again called for assistance. Bourque approached Plaintiff and told him to go to the patrol car as Plaintiff backed away. Bourque also stated to Plaintiff, "I'm going to grab you." Plaintiff responded "no, you're not." Bourque told Plaintiff "you're going to go to the ground." Plaintiff again responded that he would not.Bourque advised Plaintiff that he was detained but Plaintiff did not comply with the order to move toward the car and instead Plaintiff requested a supervisor be called to the scene. Bourque again called for assistance and again told Plaintiff to go over to the patrol car. At that point, Plaintiff turned and walked toward the patrol car while continuing to film the incident on his cellphone.

11. Bourque told Plaintiff he was being detained for obstruction and to set the cellphone down on the car's hood. Before reaching the patrol car, Plaintiff turned around to face

Bourque, repeated that he was a constitutional law scholar, and objected to Bourque detaining him. Bourque repeated his command to set the phone on the car's hood.

12. Bourque then reached both hands towards Plaintiff and told Plaintiff he was being detained. Plaintiff backed away and swatted or attempted to swat away Bourque's hand. Bourque stated "Now you're going to put your hands on me?" Bourque grabbed the front of Plaintiff's shirt with two hands and maneuvered him to the front of the patrol car. Plaintiff stated "let it roll," to which Bourque responded that he did not care about the filming. Plaintiff asked why Bourque was grabbing him and announced that he is a member of the press. Meanwhile, Bourque told Plaintiff to turn around four times. Plaintiff did not do so.

13. Officer Chadly Dingle ("Dingle") arrived on the scene and took hold of Plaintiff's right arm. Bourque had a grip on Plaintiff's left wrist. Plaintiff asked Dingle if his camera was on, and Dingle responded that it was. Bourque ordered Plaintiff to put his hands behind his back, but Plaintiff said "no." Plaintiff did not submit to Dingle and Bourque's efforts to move his hands behind his back and in response to Bourque's continued orders to put his hands behind his back, he asked "why," asserted that he had done nothing wrong, and stated that he would not put his hands behind his back. Bourque again ordered Plaintiff to turn around and Dingle advised him that it is policy to handcuff behind the back and not in the front.

14. Bourque advised Plaintiff that as of that moment, he was getting a ticket but if he did not put his hands behind his back, he was going to jail. Plaintiff responded "for what?" but still did not put his hands behind his back. Bourque again ordered him to put his

hands behind his back, to which Plaintiff responded by asking if he could turn his camera around to face himself. Bourque said no and said he did not know if Plaintiff had any weapons. Plaintiff denied he had weapons. Plaintiff repeated that he was a constitutional law scholar and Bourque again told Plaintiff to put his hands behind his back or he was going to jail, and that Bourque was placing Plaintiff in handcuffs. When Bourque again told him to turn around, Plaintiff said "for officer safety, right?" and Bourque said yes. At that point, Plaintiff started to turn around to face the patrol car, but then he turned back to Bourque and stated the camera was still running. Bourque and Dingle maneuvered Plaintiff to again face the front of the car and Bourque ordered him to put his hands behind his back. Plaintiff then informed the officers of a prior shoulder injury. In response, he was placed in two sets of handcuffs.

15. Plaintiff remained in handcuffs for an extended period and complained of pain in his elbow during the detention.

16. Plaintiff was ultimately transported to the Clark County Detention Center and released several hours later.

17. Plaintiff was convicted of obstruction of a public officer and resisting a public officer in March of 2024 after a bench trial in the Las Vegas Township Justice Court. The Eighth Judicial District Court of Nevada subsequently overturned Plaintiff's conviction.

## IV.    STATEMENT OF CONTESTED FACTS

1. Whether DeCastro maintained a reasonable distance and non-threatening posture throughout his recording of the police encounter, such that no reasonable officer would have perceived a threat or obstruction.

2.  Whether DeCastro clearly and repeatedly asserted his First Amendment rights and identified himself as a member of the press, and whether those assertions provoked an escalation by Bourque.

3.  Whether Bourque lacked reasonable suspicion or probable cause to detain DeCastro at any point during the encounter.

4.  Whether DeCastro's verbal protests constituted protected speech under the First Amendment and if so, whether officers used force in direct response to that speech.

5.  Whether any LVMPD officer informed DeCastro that he was under investigation or interfering with an official investigation, and whether their failure to do so undermines the legality of the detention.

6.  Whether Defendants used excessive force by applying prolonged and painful pressure to DeCastro's elbow despite his repeated complaints of pain and notification of a prior shoulder injury.

7.  Whether the actions of officers at the scene included repeated physical contact, refusal to loosen restraints, and striking of the groin, and if so, if the officers' actionswere malicious, punitive, or intended to cause humiliation.

8.  Whether Bourque's comments about "First Amendment Auditors" reflected a generalized animus toward press activity and contributed to an unconstitutional motive for the arrest.

9.  Whether DeCastro was targeted and arrested because of his recent coverage of LVMPD in viral online videos, and if so, whether the officers' arrest of DeCastro was motivated by viewpoint discrimination and a retaliatory motive.

10. Whether DeCastro was denied timely access to a supervisor or other procedural safeguards during his detention.

11. Whether DeCastro was released without any formal charges after being held for approximately five hours, and whether this prolonged detention lacked legal justification.

12. Whether the actions of the involved officers, individually or collectively, deviated from LVMPD's policies on Use of Force and Public Interactions, and whether such deviation reflects deliberate indifference.

13. Whether DeCastro suffered lasting neurological harm, including paresthesia and ongoing medical needs, as a direct result of the manner in which force was applied.

14. Whether DeCastro's complied with Bourque's order to back up and move a safe distance from the traffic stop.

15. Whether DeCastro resisted Bourque's attempts to detain him.

16. Whether the officers' actions unlawfully invaded DeCastro's privacy by going through his personal items *if they lacked probable cause*.

17. Whether Bourque purposefully struck DeCastro's genitals.

18. Whether Sandoval unreasonably applied force to DeCastro's arm.

19. Whether defendants Bourque, Dingle, Doolittle, and Sorenson had an opportunity to intervene if Sandoval was unreasonably applying force to DeCastro's arm.

20. Whether Bourque's arrest of DeCastro was the result of retaliatory animus towards his filming and speech.

21. Whether Sgt. Torrey, because he watched the body worn camera, failed to prevent Bourque's retaliatory arrest and participated in the retaliatory arrest.

22. Whether Bourque and/or Sgt Torrey selectively enforced the law against DeCastro due to his exercising of his First Amendment rights.

23. Whether DeCastro was physically injured in the incident.

24. Whether DeCastro can introduce evidence of his alleged physical injuries.

## V.    STATEMENT OF CONTESTED ISSUES OF LAW

1. Whether a reasonable officer in Bourque's position would have known that detaining or arresting a civilian for filming a police interaction in public violates clearly established First and Fourth Amendment law.

2. Whether a police officer's asserted concern for a third-party's "privacy" in public constitutes a lawful basis to detain or arrest a bystander exercising his right to record.

3. Whether the prolonged use of force, despite Plaintiff's repeated complaints of pain and notification of prior injury, constitutes a violation of clearly established rights under the Fourth Amendment.

4. Whether Sergeant Torrey may be held liable under § 1983 for supervisory liability or failure to intervene, given his alleged ratification of unconstitutional conduct and failure to remedy known violations.

5. Whether Defendants' conduct—including alleged fabrication of arrest justifications and excessive use of force—amounts to malicious prosecution in violation of the Fourth and Fourteenth Amendments.

6. Whether LVMPD's training and supervision practices, including any custom of tolerance for retaliation against press activity or use of force against First Amendment auditors, give rise to Monell liability.

7. Whether Bourque's generalized statements about "First Amendment auditors" and his targeting of DeCastro due to prior press activity reflect viewpoint-based discrimination in violation of the First Amendment.

8. Whether DeCastro's First Amendment rights to observe, record, and criticize police officers in public were clearly established at the time of the incident.

9. Whether the totality of the officers' actions—prolonged squeezing of nerves, physical humiliation, and verbal threats—constitutes a pattern of punitive or retaliatory behavior sufficient to defeat qualified immunity.

10. Whether DeCastro's public interest speech, including recording and documenting police conduct, falls within the core protections of the First Amendment, such that any retaliatory motive is constitutionally actionable.

11. Whether the combination of detention, physical force, and verbal hostility by the officers—absent any articulable suspicion of criminal activity—renders the entire encounter an unlawful seizure under the Fourth Amendment.

12. Whether the government may bar DeCastro from introducing medical evidence or damages testimony where the injuries stem directly from unconstitutional force and are observable.

13. Whether the officers had probable cause to arrest DeCastro.

14. Whether DeCastro can generate sufficient evidence supporting his invasion of privacy claim.

15. Whether DeCastro's evidence is sufficient to support and excessive force claim.

16. Whether DeCastro's evidence is sufficient to support his claim of retaliatory animus against him for exercising his First Amendment rights.

17. Whether DeCastro can introduce evidence of any alleged physical injury when he failed to comply with Rule 26 disclosure requirements and failed to identify any expert witnesses.

18. Whether DeCastro can introduce any evidence of special damages when he failed to comply with Rule 26.

19. Whether the officers are protected by qualified immunity on DeCastro's 42 U.S.C. § 1983 claims.

## VI.    **EXHIBITS**

### A. PLAINTIFF'S EXHIBITS

1. Case No. C-24-381730-A Order Granting Appeal

2. Las Vegas Justice Court 23-CR-013015 Reporter's Transcript of Proceedings March 19, 2024

3. Case No. C-24-381730-A Motion for Bail, or in the Alternative, for Own Recognizance Release - March 26, 2024

4. Case No. C-24-381730-A Motion for Bail, or in the Alternative, for Own Recognizance Release - April 04, 2024

5. Case No. C-24-381730-A Reporter's Transcript of Proceeding - Bail Motion - April 1, 2024

6. ECF No. 2 – 04/17/2023 – COMPLAINT against Branden Bourque, C Dingle, Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson, State of Nevada, Jason Torrey by Jose DeCastro.

7. ECF No. 13 – 05/07/2023 – AMENDED COMPLAINT with Jury Demand by Jose DeCastro.

8. ECF No. 33 – 07/06/2023 – ANSWER to 13 Amended Complaint filed by Las Vegas Metropolitan Police Department.

9. ECF No. 100 – 09/12/2024 – ORDER granting in part Defendants' Motion for Summary Judgment (ECF No. 86).

10. ECF No. 109 – 04/24/2025 – ORDER Denying 102 Defendants' Renewed Motion for Summary Judgment.

11. CAD Report for Event No. LLV230300064617 (LVMPD 000001 - 000004);

12. Cad until Log by Incident Number (LVMPD 000005 - 000009);

13. IA Statement of Complaint (LVMPD 000010 - 000015);

14. LVMPD Incident Report (LVMPD 000016 - 000025);

15. Citation (LVMPD 000026 - 000027);

16. Declaration of Arrest (LVMPD 000028);

17. Temporary Custody Record (LVMPD 000029);

18. LVMPD Detention Services Division Booking Voucher (LVMPD 000030);

19. IAB Complaint Form (LVMPD 000031);

20. LVMPD Use of Force Policy 3.110 (LVMPD 000032 - 000066);

21. LVMPD Arrests Without Warrants Policy 4.102 (LVMPD 000067 – 000070);

22. Body Worn Camera footage of subject event from the defendant officers;

23. Plaintiff's YouTube Videos Relating to Incident

24. Photographs of Injured Elbow following Incident.

25. Plaintiff's Responses to Defendants' Interrogatories and Requests for Production of Documents

**B. DEFENDANTS' EXHIBITS**

**1. Exhibits Defendants Intend to Introduce at Trial.**

A. CAD Report for Event No. LLV230300064617 (LVMPD 000001 - 000004);

B. Cad until Log by Incident Number (LVMPD 000005 - 000009);

C. IA Statement of Complaint (LVMPD 000010 - 000015);

D. LVMPD Incident Report (LVMPD 000016 - 000025);

E. Citation (LVMPD 000026 - 000027);

F. Declaration of Arrest (LVMPD 000028);

G. Temporary Custody Record (LVMPD 000029);

H. LVMPD Detention Services Division Booking Voucher (LVMPD 000030);

I. IAB Complaint Form (LVMPD 000031);

**2. Exhibits Defendants May Introduce at Trial if the Need Arises.**

J. LVMPD Use of Force Policy 3.110 (LVMPD 000032 - 000066);

K. LVMPD Arrests Without Warrants Policy 4.102 (LVMPD 000067 – 000070);

L.  Body Worn Camera footage of subject event from the defendant officers;

M.  LVMPD Lesson Plans dated December 2015 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 6.13, 8.05, 8.24 and 13.08 (LVMPD 000071 - 000527)

N.  LVMPD Lesson Plans dated February 2016 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 8.05, 8.24, 8.26, 13.08 and 16.19 (LVMPD 000528 – 000893);

O.  LVMPD Lesson Plans dated February 2022 regarding Policies 3.02, 3.04, 3.09, 3.16, 4.05, 6.01, 8.18, 10.08, 13.08 and 16.05 (LVMPD 000894 - 001321); and

P.  Radio Disptach Calls.

Q.  DeCastro's Youtube Video - Let's File My Lawsuit Against the Las Vegas Tyrant Cops From My Unlawful Arrest. #audit #court #popo – April 17, 2023

R.  DeCastro's YouTube Video - The Las Vegas Metro Police Dept Lawsuit: 12:30PM PST – April 18, 2023

S.  DeCastro's YouTube Video - LAWSUIT FILED! DELETELAWZ IS ARRESTED FOR FILMING COPS BY LAS VEGAS METRO P!G BRENDEN BORK – May 16, 2023

T.  DeCastro's YouTube Video - #AUDIT #Arrested Las Vegas PD, Lawsuit filed, LVMPD has been Served: Body Cam of Sandoval, NEVADA – April 29, 2023

U.  DeCastro's YouTube Video - TEAM DLZ FOLLOWS A RIGID SET OF POLICIES, PROCEDURES & PROTOCOLS – February 4, 2024

V.  DeCastro's YouTube Video - WE DONT STOP – September 17, 2024

W.  Our Nevada Judges, Inc. Video - The State of Nevada vs Jose "Chille" DeCastro, March 19, 2024 – March 19, 2024

## C. AS TO THE FOLLOWING EXHIBITS, THE PARTY AGAINST WHOM THE SAME WILL BE OFFERED OBJECTS TO THEIR ADMISSIONS UPON THE GROUNDS STATED.

1. **Plaintiff's Objections to Defendants' Exhibits:**

Plaintiff objects to the following documents listed as Defendants' Exhibits on the grounds set forth below. The number that coordinates with the objection will be placed in the objection column.

1. Authenticity
2. Relevance
3. Prejudice, Confusion, or Waste of Time
4. Hearsay
5. Foundation
6. Competency
7. Proposed Exhibit Lacks Sufficient Description to Enable Defendants to Identify and Properly Object

|   | DOCUMENT | BATES NO. | OBJECTIONS |
|---|---|---|---|
| A | CAD Report for Event No. LLV230300064617 | (LVMPD 000001 - 000004) | 2,3 |
| B | Cad until Log by Incident Number | (LVMPD 000005 - 000009); | 2,3 |
| C | IA Statement of Complaint | (LVMPD 000010 - 000015); | 2,3 |
| D | LVMPD Incident Report | (LVMPD 000016 - 000025); | 4 |
| E | Citation | (LVMPD 000026 - 000027); | 2,3,4 |
| F | Declaration of Arrest | (LVMPD 000028); | 4 |
| G | Temporary Custody Record | (LVMPD 000029); | 2, 3, 4 |
| H | LVMPD Detention Services Division Booking Voucher | (LVMPD 000030); | 2, 3, 4 |
| I | IAB Complaint Form | LVMPD 000031); | 2, 3, 4,5 |

| J | LVMPD Use of Force Policy 3.110 | (LVMPD 000032 - 000066); | 4,5,6 |
|---|---|---|---|
| K | LVMPD Arrests Without Warrants Policy 4.102 | (LVMPD 000067 – 000070); | 4,5,6 |
| L | Body Warn Camera footage of subject event from the defendant officers; | N/A | 4 |
| M | LVMPD Lesson Plans dated December 2015 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 6.13, 8.05, 8.24 and 13.08 | (LVMPD 000071 - 000527) | 4,5,6 |
| N | LVMPD Lesson Plans dated February 2016 regarding Policies 3.02, 3.04, 3.19, 3.20, 4.05, 8.05, 8.24, 8.26, 13.08 and 16.19 | (LVMPD 000528 – 000893); | 4,5,6 |
| O | LVMPD Lesson Plans dated February 2022 regarding Policies 3.02, 3.04, 3.09, 3.16, 4.05, 6.01, 8.18, 10.08, 13.08 and 16.05 | LVMPD 000894 - 001321); | 4,5,6 |
| P | Radio Disptach Calls. | N/A | 4,5 |
| Q | DeCastro's Youtube Video - Let's File My Lawsuit Against the Las Vegas Tyrant Cops From My Unlawful Arrest | N/A | 2,3,5 |
| R | DeCastro's YouTube Video - The Las Vegas Metro Police Dept Lawsuit: 12:30PM PST – April 18, 2023 | N/A | 2,3,5 |
| S | DeCastro's YouTube Video - LAWSUIT FILED! DELETELAWZ IS ARRESTED FOR FILMING COPS BY LAS VEGAS METRO P!G BRENDEN BORK – May 16, 2023 | N/A | 2,3,5 |
| T | DeCastro's YouTube Video - #AUDIT #Arrested Las Vegas PD, Lawsuit filed, LVMPD has been Served: Body Cam of Sandoval, NEVADA – April 29, 2023 | N/A | 2,3,5 |

| U | DeCastro's YouTube Video - TEAM DLZ FOLLOWS A RIGID SET OF POLICIES, PROCEDURES & PROTOCOLS – February 4, 2024 | N/A | 2,3,5 |
|---|---|---|---|
| V | DeCastro's YouTube Video - WE DONT STOP – September 17, 2024 | N/A | 2,3,5 |
| W | Our Nevada Judges, Inc. Video - The State of Nevada vs Jose "Chille" DeCastro, March 19, 2024 – March 19, 2024 | N/A | 1-7 |

2.  **LVMPD Defendants' Objections to Plaintiffs' Exhibits:**

Defendants object to the following documents listed as Plaintiff's Exhibits on the grounds set forth below. The number that coordinates with the objection will be placed in the objection column.

1.  Authenticity
2.  Relevance
3.  Prejudice, Confusion, or Waste of Time
4.  Hearsay
5.  Foundation
6.  Untimely Disclosure / Never Disclosed
7.  Competency
8.  Proposed Exhibit Lacks Sufficient Description to Enable Defendants to Identify and Properly Object

| | **DOCUMENT** | **BATES NO.** | **OBJECTIONS** |
|---|---|---|---|
| 1. | Case No. C-24-381730-A Order Granting Appeal | None. | 2, 3, 4, 5, 6 |
| 2. | Las Vegas Justice Court 23-CR-013015 Reporter's Transcript of Proceedings March 19, 2024 | None. | 1, 2, 3, 4, 5, 6 |
| 3. | Case No. C-24-381730-A Motion for Bail, or in the Alternative, for Own Recognizance Release - March 26, 2024 | None. | 1, 2, 3, 4, 5, 6 |

| | | | |
|---|---|---|---|
| 4. | Case No. C-24-381730-A Motion for Bail, or in the Alternative, for Own Recognizance Release - April 04, 2024 | None. | 1, 2, 3, 4, 5, 6 |
| 5. | Case No. C-24-381730-A Reporter's Transcript of Proceeding - Bail Motion - April 1, 2024 | None. | 1, 2, 3, 4, 5, 6 |
| 6. | ECF No. 2 – 04/17/2023 – COMPLAINT against Branden Bourque, C Dingle, Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson, State of Nevada, Jason Torrey by Jose DeCastro. | None. | 2, 3, 4 |
| 7. | ECF No. 13 – 05/07/2023 – AMENDED COMPLAINT with Jury Demand by Jose DeCastro. | None. | 2, 3, 4 |
| 8. | ECF No. 33 – 07/06/2023 – ANSWER to 13 Amended Complaint filed by Las Vegas Metropolitan Police Department. | None. | 2, 3, 4 |
| 9. | ECF No. 100 – 09/12/2024 – ORDER granting in part Defendants' Motion for Summary Judgment (ECF No. 86). | None | 2, 3, 4 |
| 10. | ECF No. 109 – 04/24/2025 – ORDER Denying 102 Defendants' Renewed Motion for Summary Judgment. | None | 2, 3, 4 |
| 11. | CAD Report for Event No. LLV230300064617 | LVMPD 000001 - 000004 | |
| 12. | CAD Unit Log by Incident Number | LVMPD 000005 - 000009 | |
| 13. | IA Statement of Complaint | LVMPD 000010 - 000015 | |
| 14. | LVMPD Incident Report | LVMPD 000016 - 000025 | |
| 15. | Citation | LVMPD 000026 - 000027 | |
| 16. | Declaration of Arrest | LVMPD 000028 | |
| 17. | Temporary Custody Record | LVMPD 000029 | |
| 18. | LVMPD Detention Services Division Booking Voucher | LVMPD 000030 | |
| 19. | IAB Complaint Form | LVMPD 000031 | |
| 20. | LVMPD Use of Force Policy 3.110 | LVMPD 000032 - 000066 | |
| 21. | LVMPD Arrests Without Warrants Policy 4.102 | LVMPD 000067 - 000070 | |
| 22. | Body Worn Camera footage of subject event from the defendant officers | Unknown | 8 |

| 23. | Plaintiff's YouTube Videos Relating to Incident | None | 1, 2, 3, 4, 5, 6, 8 |
|-----|------------------------------------------------|------|---------------------|
| 24. | Photographs of Injured Elbow following Incident | None | 1, 2, 3, 4, 5, 6, 8 |
| 25. | Plaintiff's Responses to Defendants' Interrogatories and Requests for Production of Documents | None | 2, 3, 4, 5, 6 |

## VII.   ELECTRONIC EVIDENCE

The parties intend to present electronic evidence including Body Worn Camera footage for the purpose of jury deliberations.

## VIII.   DEPOSITIONS

Unless witnesses are unavailable, Plaintiff does not intend to offer depositions other than for purposes of impeachment.

## IX.   WITNESSES

### A.   PLAINTIFF'S WITNESSES.

1. **Jose DeCastro**,
   c/o Attorney Michael Mee, Esq.,
   400 S. 4th Street #500,
   Las Vegas, NV 89101

2. **Sgt. Torrey**,
   c/o Marquis Aurbach,
   10001 Park Run Drive,
   Las Vegas,
   Nevada 89145

3. **Ofc. Bourque**,
   c/o Marquis Aurbach,
   10001 Park Run Drive,
   Las Vegas, Nevada 89145

4. **Ofc. Dingle**,
   c/o Marquis Aurbach,
    10001 Park Run Drive,
   Las Vegas, Nevada 89145

5. **Ofc. Sorenson**
   c/o Marquis Aurbach,
   10001 Park Run Drive,
   Las Vegas, Nevada 89145

6. **Ofc. Sandoval**,
   c/o Marquis Aurbach,
   10001 Park Run Drive,
   Las Vegas, Nevada 89145

7. **Ofc. Doolittle**
   c/o Marquis Aurbach,
   10001 Park Run Drive,
   Las Vegas, Nevada 89145

8. **Officer Citco #17673**, address unknown

9. **PO-2 Jason Osborne**, address unknown

10. **PO LT Theodore Weirauch**, address unknown

11. **PO LT Joshua Younger**, address unknown

## B.    LVMPD DEFENDANTS' WITNESSES

1. **Sgt. Torrey**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

2. **Ofc. Bourque**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

3. **Ofc. Dingle**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

4. **Ofc. Sorenson**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

5.  **Ofc. Sandoval**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

6.  **Ofc. Doolittle**, c/o Marquis Aurbach, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711

7.  **Jose DeCastro**, c/o Attorney Michael Mee, Esq., 400 S. 4th Street #500, Las Vegas, Nevada 89101.

## X.    <u>TRIAL DATES</u>

Counsel for LVMPD Defendants and counsel for Plaintiff have met and hereby submit a list of three (3) agreed upon trial dates: Any week of January 2026; (2) any week of February 2026 besides the week of February 16, 2026; (3) any week of March 2026.

It is expressly understood by the undersigned the Court will set the trial of this matter on one (1) of the agreed upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## XI.   <u>TIME FOR TRIAL</u>

It is estimated the trial will take a total of 5 days.

**APPROVED AS TO FORM AND CONTENT:**

Dated this 14th day of July, 2025

MARQUIS AURBACH                              MICHAEL MEE, ESQ.

By: *<u>/s/ Nicholas M. Adams, Esq.</u>*           By**:** *<u>/s/ Michael Mee, Esq.</u>*
    Craig R. Anderson, Esq.                    Michael Mee, Esq.
    Nevada Bar No. 6882                        Nevada Bar No. 13726
    Nicholas M. Adams, Esq.                    400 South Fourth Street, #500
    Nevada Bar No. 15859                       Las Vegas, Nevada 89101
    10001 Park Run Drive                       Attorney for Plaintiff
    Las Vegas, Nevada 89145
    Attorneys for Defendants

ORDER

This case is set down for jury trial on the stacked calendar on February 9, 2026 at 9:00 a.m.; Calendar call shall be held on February 3, 2026 at 9:00 a.m. All in LV Courtroom 6C.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

DATED: July 15, 2025