**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
    Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
    Sorenson, Ofc. Sandoval and Ofc. Doolittle

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>                           Plaintiff,<br><br>          vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                           Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS' OMNIBUS MOTION IN LIMINE** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby file their Omnibus Motion in Limine in the above-referenced matter. This Motion is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed by counsel at the time of hearing.

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**DECLARATION OF NICHOLAS M. ADAMS, ESQ. IN SUPPORT OF LVMPD DEFENDANTS' OMNIBUS MOTIONS IN LIMINE PURSUANT TO LOCAL RULE 16-3**

I, Nicholas M. Adams., do hereby declare:

1. I am an attorney at the law firm of Marquis Aurbach Coffing, counsel for the LVMPD Defendants. I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those, I believe them to be true. This Declaration is brought pursuant to LR 16-3.

2. I am duly licensed to practice law in the State of Nevada and have personal knowledge of and I am competent to testify concerning the facts herein.

3. I make this declaration in support of LVMPD Defendants' Omnibus Motion *in Limine* in the case *Jose DeCastro v. Las Vegas Metropolitan Police Department, et al.*, United States District Court, District of Nevada Case No. 2:23-cv-00580-APG-EJY.

4. I am the attorney for the Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Branden Bourque ("Bourque"), Jason Torrey ("Torrey"), Chadly Dingle ("Dingle"), Brandon Sorenson ("Sorenson"), Jesse Sandoval ("Sandoval"), and Clinton Doolittle ("Doolittle") (collectively "LVMPD Defendants") in the above-referenced matter.

5. On January 6, 2026, I emailed a draft of this Omnibus Motion in Limine to opposing counsel, Michael Mee, Esq. ("Mr. Mee") and asked him to review the motion in anticipation of our meet and confer conference.

6. On January 7, 2026, I conferred with Mr. Mee regarding the estimated time for trial in this case, as well as these motions in limine. Mr. Mee requested additional time to review the draft of the Omnibus Motion in Limine I had previously sent.

7. On January 8, 2026, Me. Mee sent me an email advising that Plaintiff was unable to stipulate to the subject motions in limine. After a good faith effort to confer, counsel was unable to come to an agreement on this matter. Based upon counsel's inability to resolve this issue, the issue is now before the court.

MAC: 14687-456 (#6172892.1)

1  I declare under penalty of perjury, and the laws of the State of Nevada (NRS 53.045),

2  that the foregoing is true and correct.

3      Dated this 12th day of January, 2026.

4                                                    /s/ Nicholas M. Adams
                                                     Nicholas M. Adams, Esq.

5

6                    **MEMORANDUM OF POINTS& AUTHORITIES**

7  **I.    INTRODUCTION**

8      This is a 42 U.S.C. §1983 lawsuit alleging excessive force, First Amendment

9  retaliation, and state law claims relating to a March 15, 2023 encounter between plaintiff Jose

10 DeCastro ("DeCastro") and officers of the LVMPD which began when DeCastro approached

11 and interrupted a traffic stop which was being conducted in a shopping center parking lot, and

12 thereafter was arrested after repeatedly refusing to comply with police orders to step away

13 from the traffic stop. The following claims remain for adjudication at trial: (1) False arrest and

14 unlawful search and seizure (State Law); (2) invasion of privacy (State Law); (3) 42 U.S.C. §

15 1983 excessive force and state law excessive force/battery; (4) 42 U.S.C. § 1983 failure to

16 intervene; (5) 42 U.S.C. § 1983 First Amendment and Nevada state law free speech violation;

17 (6) 42 U.S.C. § 1983 First Amendment retaliation; and (7) 42 U.S.C. § 1983 selective

18 enforcement.

19     This omnibus motion in limine requests the Court exclude introduction or reference to

20 the following evidence at trial:

21     1.    DeCastro's criminal proceedings resulting from his arrest and charges

22 following the subject incident;

23     2.    Any damages asserted by DeCastro not previously identified in his

24 computation of damages;

25     3.    Any damages asserted by DeCastro resulting from the prosecutor's

26 independent decision to charge him;

27     4.    Any medical damages; and

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

5.      Other incidents of alleged police misconduct.

## II.   STATEMENT OF FACTS

### A.   FACTS[1]

In March 2023, Bourque conducted a traffic stop on a driver for having an expired and suspended registration. The traffic stop took place in a shopping center's public parking lot. After speaking with the driver, Bourque went to his patrol car to conduct a background check on the driver. While Bourque was in his patrol car, DeCastro approached the driver while filming on a cellphone camera. DeCastro positioned himself about a half a parking space away from the driver and started speaking with her.

Bourque exited his patrol vehicle, told DeCastro not to engage with the driver, and told DeCastro three times to back up. Bourque also told DeCastro he can film, but he needs to stay away from the driver. DeCastro backed up about a foot or two. Bourque twice more told DeCastro to back up and warned him that if he did not back up, Bourque would detain him. DeCastro did not back up and stated, "you're going to detain me how?" Bourque said for obstructing and told him to move away, but DeCastro responded that he was "staying right here."

DeCastro then backed up a step and was pointing to demonstrate the distance he was from the front of the driver's vehicle. DeCastro stated that he was ten feet away from the vehicle and that he is a "constitutional law scholar," and he took a small step back with both feet and then pivoted and made a half step forward with his left foot. Bourque told DeCastro that the driver deserves privacy and that the traffic stop is "not his business." Bourque did not believe the driver was entitled to privacy, but he hoped this statement would encourage DeCastro to back away. DeCastro responded by telling Bourque that DeCastro is "a member of the press" and "go get in your car and do your job little doggie."

---

[1] This factual summary is an abridged version of the background facts as enunciated previously by this Court. *See* ECF No. 100.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

At that point, Bourque began to approach DeCastro and told him he was being detained. As Bourque approached, DeCastro backed away. Bourque then told the driver she was free to go. DeCastro continued to film the incident with his cellphone while Bourque told DeCastro to come over to the patrol car. DeCastro refused and moved away from Bourque when Bourque approached him. Bourque again told DeCastro to go over to the patrol car and reached out a hand toward DeCastro. DeCastro moved away and told Bourque not to put his hands on DeCastro. Bourque responded by again telling DeCastro to move over to the patrol car and that he was going to put his hands on DeCastro. DeCastro responded "No, you're not."

Bourque then called for assistance over his police radio. He told DeCastro to move over to the patrol car two more times, to which DeCastro responded, "no." Bourque again called for assistance. Bourque approached DeCastro and told him to go to the patrol car as DeCastro backed away. Bourque also stated to DeCastro, "I'm going to grab you." DeCastro responded "no, you're not." Bourque told DeCastro "you're going to go to the ground." DeCastro again responded that he would not. Bourque advised DeCastro that he was detained but DeCastro did not comply with the order to move toward the car and instead requested a supervisor respond to the scene. Bourque again called for assistance and again told DeCastro to go over to the patrol car. At that point, DeCastro turned and walked toward the patrol car while continuing to film the incident on his cellphone.

Bourque told DeCastro he was being detained for obstruction and to set the cellphone down on the car's hood. Before reaching the patrol car, DeCastro turned around to face Bourque, repeated that he was a constitutional law scholar, and objected to Bourque detaining him. Bourque repeated his command to set the phone on car's hood. Bourque then reached both hands toward DeCastro and told DeCastro he was being detained. DeCastro backed away and appears to swat or attempt to swat away Bourque's hand. Bourque stated "Now you're going to put your hands on me?" Bourque grabbed the front of DeCastro's shirt with two hands and maneuvered him to the front of the patrol car. DeCastro stated "let it roll," to which Bourque responded that he did not care about the filming. DeCastro asked why Bourque was

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  grabbing him. He also announced that he is a member of the press. Meanwhile, Bourque told

2  DeCastro to turn around four times. DeCastro did not do so.

3      At that point, other officers began to arrive on the scene. DeCastro was handcuffed

4  and patted down for weapons. DeCastro claims that he was struck in the groin. DeCastro was

5  also told to face the patrol car by officers repeatedly. When he continued to turn away, Ofc.

6  Sandoval took hold of DeCastro's left arm. DeCastro protested and used verbally abusive

7  language directed at Sandoval. Sandoval stated he was holding DeCastro's arm because he

8  was continually moving around and pulling away from him. DeCastro made comments to the

9  officer that Sandoval was squeezing his arm and hurting him. Sandoval denied he was hurting

10 DeCastro and stated he was ensuring that DeCastro did not move for fall down.

11     Due to DeCastro's request to speak to a supervisor, Torrey arrived on the scene and

12 spoke to DeCastro while DeCastro was seated in the back of Bourque's patrol car. DeCastro

13 told Torrey that his rights were violated and that Sandoval "tortured" him. Torrey responded

14 that he looked at the BWC and DeCastro was "clearly obstructing," refused to obey numerous

15 commands to step back, and then resisted detainment. Torrey also told DeCastro it was fine

16 for him to film, but he could not get in the middle of a traffic stop. Based on this incident,

17 DeCastro sued LVMPD and all the officers involved on a variety of state and federal claims.

18     **B.    RELEVANT PROCEDURAL FACTS**

19     The subject incident occurred on March 15, 2023. DeCastro was charged with two

20 misdemeanors in connection with his arrest: (1) Obstructing a Public Officer – NRS 197.190;

21 and (2) Resisting a Police Officer or Resisting Arrest – NRS 199.280. **Exhibit A**, March 15,

22 2023 Citation.

23     DeCastro pled not guilty and proceeded to a bench trial on the charges in the Clark

24 County Justice Court. **Exhibit B**, Case No. 23-CR-013015 Docket. On March 19, 2024,

25 DeCastro's criminal bench trial was held in front of the Honorable Ann Zimmerman. *See id.*

26 DeCastro was represented by his counsel of record in this action at the criminal trial. *Id.*

27

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

DeCastro was convicted on both charges and sentenced to six months in jail, three months on each charge to run consecutively. *Id.*

DeCastro appealed his conviction. His appeal proceeded in Clark County's Eighth Judicial District Court. On July 10, 2024, DeCastro's appeal was heard by the Honorable Michelle Leavitt of Department 22 of the District Court. **Exhibit C**, Order Granting Appeal. The District Court granted the appeal and overturned DeCastro's convictions based upon his conduct on March 15, 2023 being First Amendment protected conduct. *See id.*

### III.    MOTION IN LIMINE LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Nevada's local rules require the filing of motions in limine at least thirty (30) days before trial. *See* LR 16-3. The Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 at n.4 (1984). A motion in limine is a request for the court's guidance concerning an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Motions in limine are intended to save "time, costs, effort and preparation, if the Court is better situated to assess the value and utility of evidence than a lay jury." *Wilkens v. Kmart Corp.*, 487 F.Supp. 2d 1216, 1218-19 (D. Kan. 2007).

### IV.    LEGAL ARGUMENT

#### A.    MOTION IN LIMINE NO. 1: EXCLUDE ANY EVIDENCE OR TESTIMONY REGARDING THE PRIOR CRIMINAL PROCEEDINGS, INCLUDING THE APPELLATE ORDER OVERTURNING DECASTRO'S CONVICTION, MUST BE EXCLUDED UNDER FRE 403.

This Court has already recognized the limited relevance of the state court's appellate order overturning DeCastro's criminal conviction. (ECF No. 100 at 15-16). The Court correctly noted that the criminal appeal involved different legal standards and did not resolve the question of probable cause existed for LVMPD Defendants to arrest DeCastro for violating

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

NRS 197.190 and NRS 199.280. The sole relevance of the order overturning the conviction and the records from the criminal case generally was to demonstrate that "reasonable minds could differ" as to the most sensible interpretation of the underlying facts, thus creating a jury question as to the issue of probable cause. *Id.* Allowing DeCastro to introduce the order or any other records from the criminal case would invite the jury to give the state court's decision dispositive weight, regardless of any limiting instructions. This would undoubtedly confuse the jury and severely prejudice the LVMPD Defendants by suggesting the central issue of this case has already been decided by another court.

### 1.    Rule 403

Federal Rule of Evidence 403 states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* FRE 403.

### 2.    The overturning of DeCastro's criminal conviction should not impact the jury's independent analysis of whether LVMPD Defendants had probable cause to arrest DeCastro.

DeCastro may attempt to introduce the Nevada district court's order overturning his criminal conviction to support his contention that the LVMPD Defendants lacked probable cause to arrest him during the subject incident. This evidence must be excluded. The LVMPD Defendants were not parties to the criminal case and had no opportunity to litigate the issues therein. Introducing the appellate order would improperly suggest to the jury that the question of probable cause has already been decidedly adjudicated in DeCastro's favor. It is for the jury in this case, and this case alone, to determine whether the officers had probable cause to arrest DeCastro during the subject incident based on the evidence presented at this trial and the appropriate legal standard. Admitting the state court order would usurp the jury's function and violate the LVMPD Defendants' right to a full and fair hearing on the merits.

In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court analyzed the relationship between 42 U.S.C. § 1983 and collateral estoppel. Under the doctrine of

MAC: 14687-456 (#6172892.1)

collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *Id.* (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). But one general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case. *Montana, supra,* at 153; *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation, supra,* 402 U.S. 313, 328–329 (1971).

The principle of collateral estoppel is inapplicable here. The LVMPD Defendants were not parties to DeCastro's criminal case and therefore did not have a full and fair opportunity to litigate whether Officer Bourque had probable cause to arrest DeCastro for violating NRS 197.190 and NRS 199.280, or whether the arrest complied with the First Amendment. Indeed, this Court has acknowledged that a reasonable jury could find that probable cause to arrest existed because DeCastro refused to obey Bourque's orders to back up and specifically intended to disrupt Bourque's official duties during a traffic stop. (ECF No. 100 at p.16:18-23). LVMPD Defendants would be fundamentally deprived of their right to an impartial jury's independent analysis of these issues should the jury be allowed to hear that DeCastro's conviction was reversed and that the state court found that DeCastro complied with Bourque's orders and that DeCastro's conduct was wholly protected by the First Amendment.

As this Court has previously determined, the Nevada district court was not making a probable cause determination; it was acting as an appellate court reviewing whether the Justice Court erred in finding guilt beyond a reasonable doubt. (ECF No. 100 at 18, n.6). The standard for a criminal conviction - beyond a reasonable doubt - is substantially higher than the "fair probability" standard for probable cause. *See United States v. Collins*, 427 F.3d 688, 691 (9th Cir. 2005). Evidence of the criminal proceedings is therefore irrelevant under FRE 401 because DeCastro's reversed conviction has no bearing on the jury's independent analysis of the questions of fact in this case.

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

3. **The minimal probative value of the criminal case record is substantially outweighed by the danger of unfair prejudice and jury confusion.**

Even if this Court finds the state court's rulings or criminal case record have some minimal probative value, they must be excluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Those risks are exceptionally high here. Introducing the order would create a near-certainty that the jury would substitute the state court judge's conclusion for their own independent analysis of the facts and the distinct legal standards applicable in this § 1983 action.

The Supreme Court of the United States has noted that "there is no logical inconsistency between a finding of probable cause and an acquittal in a criminal proceeding." *Withrow v. Larkin*, 421 U.S. 35, 57 (1975). Even where evidence of the § 1983 plaintiff's acquittal is relevant the Ninth Circuit has cautioned that the potential prejudice to defendants in admitting such evidence is substantial and has indicated that its preference be "to exclude the evidence of acquittals altogether." *Borunda v. Richmond*, 885 F.2d 1384, 1388-89 (9th Cir. 1988). The *Borunda* Court further explained:

> The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests. The state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime. *See United States v. Moses*, 796 F.2d 281, 283 (9th Cir.1986).

*Id.* at 1389. Ultimately, the district court's admitting the evidence of the acquittal in *Borunda* was upheld due to its relevance to plaintiffs' damages and the district courts' broad discretion in applying Rule 403. *See id.* at 1388. However, following the *Borunda* decision, some district courts in this circuit have shown reluctance to admit acquittal evidence in subsequent § 1983 civil litigation. *See Luna v. Cnty. of Los Angeles*, No. CV0704715SJOJCX, 2008 WL 11410093 at *3 (C.D. Cal. Sept. 25, 2008) (evidence of plaintiff's acquittal excluded based

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

on risks of unfair prejudice against the defendants, misleading the jury, and confusion of the issues substantially outweighed the minimal probative value of the evidence).

In this case, the danger of unfair prejudice to LVMPD Defendants is manifest. Admitting evidence that the state court overturned DeCastro's conviction would invite the jury to decide the case on an improper basis - namely, by deferring to the prior judicial outcome rather than evaluating the evidence presented at trial. A jury is likely to give the state court's decision undue weight, effectively treating it as a dispositive finding on the lawfulness of DeCastro's conduct. This would improperly bypass the jury's role as the factfinder on the central issues of probable cause and reasonableness, which must be judged from the perspective of an officer on the scene, not with the benefit of appellate review under a different legal standard. Moreover, unlike in *Borunda*, where the evidence of plaintiffs' acquittal was admitted, DeCastro has no legitimate basis for introducing evidence of the overturned conviction in this case. As set forth in LVMPD Defendants' Motion in Limine No. 3, the prosecutor's independent decision to charge DeCastro cuts off the liability from LVMPD Defendants from that point forward. Therefore, evidence of the reversed conviction is neither relevant to damages nor liability and would only serve to unfairly prejudice LVMPD Defendants.

Furthermore, admitting the order or other records from the criminal matter would inevitably confuse the issues and mislead the jury. The legal question before the state appellate court - whether the evidence supported a finding of DeCastro's guilt beyond a reasonable doubt - is fundamentally different from the question before this jury, whether the officers had probable cause to arrest. Explaining this distinction would require a confusing and time-consuming mini trial on criminal procedure and standards of proof, distracting the jury from the core issues of this civil case. The jury would be asked to navigate these complex, differing standards, creating a significant risk that they will conflate the two and incorrectly conclude that the reversal of the conviction equates to a lack of probable cause.

MAC: 14687-456 (#6172892.1)

1    Because the minimal probative value of the state court criminal case records is

2    substantially outweighed by the high risk of unfair prejudice and jury confusion, LVMPD

3    Defendants respectfully request that the Court exclude any evidence, testimony, or argument

4    related to the reversal of DeCastro's criminal conviction.

**B.    MOTION IN LIMINE NO. 2: DECASTRO'S ASSERTED DAMAGES MUST BE LIMITED TO THOSE DAMAGES IDENTIFIED WITHIN HIS COMPUTATION OF DAMAGES.**

**1.    Relevant Law.**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to include in his or her initial disclosures "a computation of each category of damages claimed" and to "make available for inspection and copying. . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]"Fed. R. Civ. P. 26(e)(1) requires a party to supplement his or her Rule 26(a) disclosures "in a timely manner" if two conditions are met: (1) "the party learns that in some material respect the disclosure. . . is incomplete or incorrect"; and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"

Fed. R. Civ. P. 37(c) empowers the Court to sanction parties that fail to follow these rules. In relevant part, it provides as follows:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A)    may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B)    may inform the jury of the party's failure; and
> (C)    may impose other appropriate sanctions . . .

Fed R. Civ. P. 37(c)(1).

Rule 26(a)(1)(A)(iii) does not require a computation of general damages for pain and suffering or emotional distress because such damages are subjective and do not lend themselves

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 12 of 21

to computation. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). Nevertheless, a plaintiff's failure to disclose a computation of special damages does preclude that plaintiff from introducing evidence of special damages at trial. *See Dubric v. A Cab, LLC*, No. 2:15–cv–2136–RCJ–CWH, 2017 WL 662487 (D. Nev. Feb. 17, 2017).

### 2. DeCastro's Damages Must Be Limited to Those Asserted in His Computation of Damages.

DeCastro in this case served his initial disclosures and production of documents on December 4, 2023, and has never filed a supplement to those disclosures. **Exhibit D**, December 4, 2023 Plaintiff's Rule 26(a) Initial Disclosures. In the section entitled "Computation of Damages," DeCastro included the following as his computation of damages:

> 1. Loss of use of property: $20 (no receipt in my possession, for ride to vehicle, will follow)
> 2. 3/20/2023 urgent care visit for ulnar nerve damage: $150
> 3. Second visit to urgent care for ulnar never damage: $150 (no receipt in my possession, will follow)
> 4. $7,500 (average cost of ulnar nerve release surgery in California according to sidecar)
> 5. $992,180 pain and suffering and loss of quality of life (based on $90,000 median and $4.5M max jury award for ulnar nerve compression injury according to jury award data with Lexis Nexis, damages of $1,000,000 minus the monetary costs)

**Ex. D**.

Courts in the District of Nevada routinely exclude damages claims that are not timely disclosed pursuant to Rule 26. *See, e.g.*, *Montilla v. Wal-Mart Stores, Inc.*, 2:13-cv-2348-GMN-VCF, 2015 WL 5458781 (D. Nev. Sept. 16, 2015); *Smith v. Wal-Mart Stores, Inc.*, No. 2:13-cv-1597-MMD-VCF, 2014 WL 3548206, at *3 (D. Nev. July 16, 2014); *Patton v. Wal–Mart Stores, Inc.*, No. 2:12-cv-2142-GMN-VCF, 2013 WL 6158461 (D. Nev. Nov. 20, 2013); *Rios v. Wal-Mart Stores, Inc.*, No. 2:11-cv-1592-KJD-GWF (D. Nev. Dec. 11, 2013); *Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1064-MMD-PAL (D. Nev. July 8, 2013); *Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-cv-0997-KJD-CWH (D. Nev. Aug. 7, 2012); *Baltodano v. Wal-Mart Stores, Inc.*, No. 2:10-cv-2062- JCM-RJJ (D. Nev. Aug. 31, 2011).

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

To the extent DeCastro intends to introduce evidence of damages at trial beyond what is included within his computation of damages, DeCastro cannot justify his failure to disclose and such failure is not harmless. DeCastro's failure to provide a computation including any additional damages requires this Court to prohibit DeCastro from introducing any evidence of damages, beyond what is already included in his computation of damages, at the time of trial. The public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of excluding surprise damages evidence at trial. Under Rule 26(a)(1)(A)(iii), DeCastro was required to provide a complete computation within his disclosures. DeCastro provided his initial disclosure on December 4, 2023 and never provided a supplemental a damage calculation. **Ex. D**. Allowing DeCastro to provide either a new category or theory of damages would likely require reopening discovery and setting a new briefing schedule on summary judgment motions related to damages.

Should DeCastro be allowed to introduce new categories or theories of damages at trial, the risk of prejudice to LVMPD is substantial. The parties have spent nearly three years litigating this case. Requiring LVMPD Defendants to proceed to trial without an understanding of what damages DeCastro is seeking or how those damages were calculated is trial by ambush. *See Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-CV-01064-MMD-PAL, 2013 WL 6498898, at *4 (D. Nev. Dec. 10, 2013) ("[A]lthough there is a public policy to hear cases on their merits, there is also a public policy against trial by ambush."). Thus, this Court should preclude DeCastro from introducing new categories or theories of damages beyond what is included in his December 4, 2023 Plaintiff's Rule 26(a) Initial Disclosures.

**C.      MOTION IN LIMINE NO. 3: THE PROSECUTOR'S INDEPENDENT DECISION TO PROSECUTE DECASTRO CUTS OFF LIABILITY FROM THE TIME THE DECISION TO CHARGE DECASTRO WAS MADE.**

In order to prevail on his Section 1983 action, DeCastro must also show that the alleged misconduct was both a but-for and proximate cause of his constitutional injury. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "[L]iability may not attach if an intervening decision of an informed, neutral decision-maker breaks the chain of

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

causation, meaning that the harm to the plaintiff can be traced more directly to an intervening actor." *Stoot v. City of Everett*, 582 F.3d 910, 926 (9th Cir. 2009). Police officers are insulated from Section 1983 liability for any deprivation of liberty resulting from their misconduct by the intervening acts of other participants in the criminal justice system. *See Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008) ("Put in traditional tort terms, the prosecutor's independent decision can be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution."). A prosecutor's decision is generally "independent" unless a Section 1983 plaintiff offers "proof that officials have 'deliberately or recklessly misled' a prosecutor [or jury]." *See id*, 527 F.3d at 867.

The Ninth Circuit has long recognized that "[f]iling a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981). The plaintiff bears the burden of producing evidence to rebut such presumption. *Newman v. County of Orange*, 457 F.3d 991, 993–995 (9th Cir.2006). To overcome the presumption of independent judgment, a plaintiff must show that the prosecutor was subjected to unreasonable pressure by the investigating officer, or that the officer knowingly withheld relevant information with the intent to harm the plaintiff, or that the officer knowingly supplied false information. *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986).

Here, the prosecutor's independent decision to charge DeCastro constitutes a superseding cause that breaks the chain of causation for any damages he incurred after the criminal complaint was filed. DeCastro will likely seek to recover damages related to his criminal prosecution, conviction, and subsequent incarceration. However, the decision to prosecute rested solely with the Clark County District Attorney's Office, an independent entity that is presumed to have exercised its own judgment. DeCastro bears the burden of rebutting this presumption, but he has produced no evidence to suggest that the prosecutor

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

was pressured or that any LVMPD Defendant knowingly provided false information to prosecutors. To the contrary, the prosecutor had access to all the body-worn camera footage of the incident, which provides an objective basis for the charging decision. Because the prosecutor's action was an intervening cause, the LVMPD Defendants cannot be held liable for damages flowing from the prosecution itself. Accordingly, DeCastro must be precluded from introducing evidence of, or arguing for, any damages incurred by him after the criminal complaint was filed on March 15, 2023, including attorney's fees for his criminal defense, emotional distress from the prosecution, and any damages related to his incarceration. This Court should preclude DeCastro from introducing at trial evidence of general or special damages resulting from his being prosecuted or incarcerated by the State of Nevada.

### D.     MOTION IN LIMINE NO. 4: DECASTRO MUST BE PRECLUDED FROM OFFERING EVIDENCE OF MEDICAL DAMAGES.

It is anticipated DeCastro will claim he suffered ulnar nerve damage, paresthesia, and other physical harm because of the force used by LVMPD Defendants, including an alleged groin strike by Officer Bourque and alleged nerve pressure applied by Officer Sandoval. During discovery DeCastro never identified any medical providers or medical experts as witnesses, nor did he identify any in the Joint Pretrial Order. (*See* ECF N. 116 at pp.19-20.) Because DeCastro never disclosed any medical experts or treating physicians he must be prohibited from offer any testimony regarding any alleged medical injuries as such testimony is expert testimony.

#### 1.     Legal standards.

##### a.     Expert disclosure under rule 26(a)(2)

A party must disclose the identity of any witness it may use at trial to present expert testimony.  See Fed.R.Civ.P. 26(a)(2)(A).  Federal Rule of Civil Procedure 26 requires parties to disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  Fed.R.Civ.P. 26(a)(2)(A).  The federal rules contemplate two different classes of experts:  Those retained or specifically employed to give expert testimony in a case, and witnesses who are not retained or specifically employed but,

Page 16 of 21

nevertheless, may provide expert testimony. *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997)).

For experts, "retained or specifically employed to provide expert testimony," the disclosure must be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefore; (2) the data or other information considered by the witness informing the opinions; (3) any exhibits to be used as summary of or support for the opinion; (4) the qualifications of the witness, including a list of all publications authorized by the witness within the proceeding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witnesses testified as an expert at trial or by deposition within the preceding four years. Fed.R.Civ.P. 26(a)(2)(B). An expert report must be "detailed and complete." *Elgas*, 179 F.R.D. at 300. Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources." *Id*. at 299.

The 2010 Amendments to the Federal Rules of Civil Procedure made significant changes to Rules 26(a)(2) and (b)(4) to address concerns about expert discovery. *Langermann v. Prop. & Cas. Ins. Co. of Hartford*, 2015 WL 4724512, at *2 (D. Nev. Aug. 10, 2015). The Amendments require disclosure of expected expert testimony of those witnesses not required to provide expert reports. *Id*. However, disclosures are limited to opinions to be offered by the expert witness and facts supporting those opinions. *Id*. These disclosure obligations are "considerably less extensive" then the expert report information required by Rule 26(a)(2)(b). *See* Advisory Committee Notes to 2010 Amendments.

The 2010 Amendments to Rule 26(a)(2) now mandate non-retained experts, like treating medical providers who offer opinions based on their "knowledge, skill, experience, training or education" under Fed.R.Evid. 702, 703 or 705 make the disclosures required by Rule 26(a)(2)(C). *See* Fed.R.Civ.P. 26(a)(2)(C). Rule 26(a)(2)(C) requires disclosure of "the subject matter on which the written witness is expected to present evidence under FRE. 702,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

703 or 705;" and "a summary of facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(ii). "The 26(a)(2)(C) disclosure obligation does not apply to facts unrelated to the expert opinions the witness will present." Advisory Committee Notes (2010).

**b.    Exclusion of expert testimony under Rule 37.**

"A district court has wide discretion in controlling discovery." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). The Ninth Circuit "gives particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Id.*, 768 F.3d at 859 (citing *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or harmless.

Fed.R.Civ.P. 37(c)(l). Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier*, 768 F.3d at 861. Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples, the Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) (applying Rule 37(c)(1) to a failure to disclose an expert report as required by Rule 26(a)(2)(B)). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of showing a bad faith or willfulness. *Yeti by Molly*, 259 F.3d at 1106.

**2.    DeCastro cannot offer evidence or testimony regarding his alleged physical injuries.**

DeCastro's failure to timely disclose any expert or treating physician information as

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

required by Rule 26(a)(2) triggers the mandator and self-executing exclusionary sanction of Rule 37(c)(1).   As such, defendants request that the court order DeCastro cannot offer testimony or testify he suffered the injuries he claims and he be limited to discussing his alleged pain and suffering.

DeCastro's failure to comply with his disclosure obligations under Fed.R.Civ.P. 26(a)(2) is neither harmless nor substantially justified.  DeCastro had plenty of time to retain and designate experts.  Thus, DeCastro's failure to disclose his treating physicians or medical experts is not substantially justified.  DeCastro's failure to comply with Fed.R.Civ.P. 26(a) is also not harmless.  LVMPD Defendants will be severely prejudiced if DeCastro is allowed to offer medical evidence from lay witnesses.  LVMPD Defendants would also be unfairly surprised at trial and would not be able to adequately defend themselves against the uncertain testimonies and evidence.  *See Langermann v. Prop. & Cas. Ins. Co. of Hartford*, 2015 WL 4724512, at *5 (D. Nev. Aug. 10, 2015) (the purpose of the expert witness disclosure is to prevent unfair surprise).

### E.    MOTION IN LIMINE NO. 5: DECASTRO MUST BE PRECLUDED FROM REFERENCING OTHER INCIDENTS OF ALLEGED POLICE MISCONDUCT.

This motion in limine involves Rules 403 and 404 of the Federal Rules of Evidence. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of accumulative evidence. Fed. R. Evid. 403. Rule 404(b) of the Federal Rule of Evidence states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith." Fed. R. Evid. 404(b).  To admit other crimes, wrongs, or acts under Rule 404(b), the proponent must provide a clear and logical connection between the unrelated offense or misconduct, and the case being tried.  A party introducing Rule 404(b) evidence must show that: (1) the evidence is introduced for a proper purpose; (2) the evidence is relevant; (3) the evidence has probative value that is not

MAC: 14687-456 (#6172892.1)

substantially outweighed by the potential for unfair prejudice; and (4) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

LVMPD Defendants believe that DeCastro intends to testify and/or introduce evidence at trial regarding other interactions between himself (or others) and law enforcement, completely distinct from the subject incident. This case is not about DeCastro's experiences with law enforcement more broadly, nor is it about any interaction between himself and LVMPD officers other than the subject incident on March 15, 2023. DeCastro cannot offer evidence of prior complaints, internal affairs investigations, civil suits, or unrelated allegations to prove the liability of LVMPD Defendants under Rule 404(b). Further, admitting evidence regarding other incidents and unrelated acts would have little to no probative value, and any probative value would be substantially outweighed by the danger of unfair prejudice to LVMPD Defendants under Rule 403.

A trial court judge maintains broad discretion in the admission of evidence and a ruling upon a motion in limine to ensure that the trial is just and fair. LVMPD Defendants are requesting that the Court ensure that this trial remains focused on the relevant issues and not bogged down by testimony relating to separate incidents or DeCastro's grievances with law enforcement generally. The conduct of DeCastro and LVMPD Defendants must be judged by the jury on their acts in this particular circumstance alone.

## V.    **CONCLUSION**

Based on the foregoing, LVMPD Defendants request the following order(s):

1.    DeCastro is prohibited from introducing any evidence regarding the criminal proceedings resulting from his arrest and charges following the subject incident;

2.    DeCastro is prohibited from introducing any damages asserted by DeCastro not previously identified in his computation of damages;

3.    DeCastro's damages are cut off after the prosecutor's independent decision to charge him;

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6172892.1)

4.     DeCastro is prohibited from introducing any medical damages; and

5.     DeCastro is prohibited from introducing evidence of any other incidents of alleged police misconduct.

Dated this 12th day of January, 2026.

MARQUIS AURBACH

By:     /s/ Nicholas M. Adams
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANTS' OMNIBUS MOTION IN LIMINE was submitted electronically for filing and/or service with the United States District Court on the 12th day of January, 2026. Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:

Michael Mee, Esq.
Liberators Criminal Defense
Attorney for Plaintiff

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: n/a

_s/Sherri Mong_
An employee of Marquis Aurbach

MAC: 14687-456 (#6172892.1)

Exhibit A - March 15, 2023 Citation

Case # **230300064617**

☐ Arrest

# State of Nevada

Citation # **LVM1148005**

Accident #

**LAS VEGAS METRO POLICE DEPARTMENT**

Violation Date/Time: **03/15/2023 1629**

Issue Date/Time: **03/15/2023 1629**

In the Justice/Municipal Court  **LAS VEGAS JUSTICE COURT**

# CRIMINAL

## VIOLATION(S)

| 1) | MUNI/NRS **197.190** | NOC **57040** |
|---|---|---|

**CITATION : Obstructing a Public Officer**

TO WIT

**DID WILLFULLY HINDER, DELAY OR OBSTRUCT A PUBLIC OFFICER, OFFICER B. BOURQUE P#15725 WITH THE LVMPD, IN THE LAWFUL DISCHARGE OF HIS OFFICIAL DUTIES INVESTIGATING A TRAFFIC VIOLATION ON A TRAFFIC STOP BY WALKING UP TO AND ENGAGING WITH THE DRIVER WHO HE HAD NO INVOLVEMENT WITH. ADDITIONALLY, DECASTRO WAS WARNED TO BACK AWAY FROM THE STOP AND REFUSED SEVERAL TIMES AFTER IT WAS EXPLAINED THAT HE WOULD OTHERWISE BE DETAINED FOR OBSTRUCTING.**

| 2) | MUNI/NRS **199.280** | NOC **52990** |
|---|---|---|

**CITATION : Resist a Police Officer or Resist Arrest**

TO WIT

**DID WILLFULLY RESIST A PUBLIC OFFICER, B. BOURQUE P#15725 WITH THE LVMPD, IN THE LAWFUL DISCHARGE OF HIS/HER DUTIES INVESTIGATING A TRAFFIC STOP ON A TRAFFIC VIOLATION, BY TENSING UP HIS ARMS AND BODY AFTER BEING DETAINED. DECASTRO WAS GIVEN SEVERAL OPPORTUNITIES TO FOLLOW LAWFUL COMMANDS BUT HE REFUSED AND RESISTED OFFICERS WHILE THEY ATTEMPTED TO DETAIN HIM IN HANDCUFFS.**

**Failure to comply with this complaint or future dates relating to this complaint will constitute a separate offense**

Court: **LAS VEGAS JUSTICE COURT**

Address: **200 Lewis Avenue First Floor, Las Vegas, NV 89101**
  **Same as Physical**

Phone: **702-671-3444**
  **https://www.lasvegasjusticecourt.us/**

You are hereby ordered to appear to answer the above charges on the day and time

## VOID

☐ Court Mandatory   ☐ Interpreter needed   Language:

Juvenile: **No**

Type: **NON TRAFFIC**   Grant: **NONE**

☐ School Zone

☐ Radar
Confirm:
Mile Marker:

## PEDESTRIAN

| LAST NAME **DECASTRO** | FIRST **JOSE** | MIDDLE |
|---|---|---|

| RESIDENCE ADDRESS ██████████ | PHONE |
|---|---|

| CITY **HENDERSON** | STATE **NV** | ZIP CODE **89074** |
|---|---|---|

| DRIVER LICENSE NUMBER ██████ | DL CLASS **C** | DL STATE **NV** | CDL **No** |
|---|---|---|---|

| DOB ██████ | AGE **48** | SEX **M** | RACE **W** | HEIGHT **509** | WEIGHT **180** | EYE **GRN** | HAIR **BRO** |
|---|---|---|---|---|---|---|---|

| RESTRICTIONS **None** | ENDORSEMENTS **None/Not Applicable** |
|---|---|

## VEHICLE INFORMATION

| LICENSE PLATE | STATE **NV** | REG. EXP. | COLOR |
|---|---|---|---|
| MAKE | MODEL | | TYPE |
| VIN | YEAR | CMV **No** | HAZMAT **No** |
| TRAILER PLATE | TRAILER STATE **NV** | VEH IS TRAILER **No** | US DOT# |

| CURRENT PROOF OF INSURANCE? **No** | INS. CARD EXP. DATE: |
|---|---|

## REGISTERED OWNER

SAME AS SUS?: **NO**

NAME

ADDRESS
**NV**

## LOCATION

**4155 S GRAND CANYON DR**

---

| CIT/SPEED (Posted/ISD/MPH) | | AREA/BEAT/TRACT/VASE NO. **230300064617** |
|---|---|---|

| CONSTR. ZONE **No** | SCHOOL ZONE **No** | ACCIDENT **No** | |
|---|---|---|---|

| DIR OF TRAV | BEAT/AREA **R3** | COND/WEATHER **Clear** | | TRAFFIC |
|---|---|---|---|---|

| SPEED DETERMINED | | ROAD **Dry** |
|---|---|---|

## ADDITIONAL INFORMATION

NAME

| ADDRESS | | PHONE |
|---|---|---|

| CITY | STATE **NV** | ZIP CODE |
|---|---|---|

## OFFICER INFORMATION

**B. BOURQUE  15725**

UNIT

I certify (or Declare) under penalty of perjury under the laws of the state of Nevada that I have reasonable grounds/probable cause to believe and do believe that above named person committed the above offense(s) contrary to law.

Officer Signature: _____

Complainant Signature: _____

Without admitting having committed the above offense(s), I hereby promise to respond as directed on this notice and waive my right to be taken immediately before a magistrate (NRS 484.799 and NRS 484.803)

Defendant Signature: _____

LVMPD 000026

**Officer Notes:**

| | | | |
|---|---|---|---|
| **Radar (Mov/Sta):** | | **Lidar #:** | |
| **Stop Type:** NON TRAFFIC | | **Radar #:** | |
| **Trailer Tag:** | | **Have Insurance:** No | |
| **Trailer State:** | | **Insurance Exp:** | |
| **HazMat Vehicle:** Yes | | **Turning:** | |
| **Workers Present:** No | | **Insp Exp (MMYY):** | |
| **Suspension Date:** | | **Accident:** No | |
| **Unit:** | | **Void Citation:** Yes | |
| **Phone:** | | **Evidence Involved:** Yes | |
| **# of Occ:** | | **Work Phone:** | |
| **Hwy Type:** | | **DL Exp:** 09/11/2003 | |
| **HBD:** | | **Wgt:** 180 | |
| **Result %:** | | **Beat:** *NONE | |
| **Drug Susp.:** No | | **Test Type:** | |
| **Attitude:** Complaining | | **Towed:** No | |
| **> 16 Pass:** | | **Ped Safety Zone:** No | |
| **Perm Phone:** | | **Tint %:** | |
| **Void Reason:** CHAIN OF COMMAND NCF | | | |

**Business Name:**
**Business Addr.:**
**Address Type:** Business
**Business City:**                    **State:** NV                **Zip:**

**Compl. Name:**
**Compl. Phone:**
**Compl. Address:**
**Compl. City:**                      **State:** NV                **Zip:**

---

**Stop Info**

**Create Racial Profiling Info:** Yes
**Companion Case/Cite #:**
**Ethnicity:** H
**Driver Search Conducted:** Incident to Arrest
**Vehicle Search Conducted:** *NONE
**Contraband:** None, , ,
**Arrest:** No
**Arrest Due to Contraband:** No

---

LVMPD 000027

# Exhibit B - Case No. 23-CR-013015 Docket

# REGISTER OF ACTIONS
## CASE NO. 23-CR-013015

| | | | |
|---|---|---|---|
| State of Nevada vs. DECASTRO, JOSE | §<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location: | **Misdemeanor CR**<br>**03/15/2023**<br>**JC Department 8** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | **DECASTRO, JOSE**<br>Other Agency Numbers<br>1669561 Justice Court Scope ID Subject<br>Identifier | **Michael Mee**<br>*Retained*<br>702-990-0190(W) |
| **State of Nevada** | **State of Nevada** | |

---

### CHARGE INFORMATION

| Charges: DECASTRO, JOSE | Statute | Level | Date |
|---|---|---|---|
| 1.  False stmt to/obstruct pub off [52312] | 197.190 | Misdemeanor | 03/15/2023 |
| 2.  Resist public officer [52990] | 199.280.3 | Misdemeanor | 03/15/2023 |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 03/19/2024 | **Disposition** (Judicial Officer: Zimmerman, Ann E.)<br>1. False stmt to/obstruct pub off [52312]<br>      Guilty as Charged<br>2. Resist public officer [52990]<br>      Guilty as Charged |
| 03/19/2024 | **Misdemeanor Sentence** (Judicial Officer: Zimmerman, Ann E.)<br>1. False stmt to/obstruct pub off [52312] |
| 03/19/2024 | **Misdemeanor Sentence** (Judicial Officer: Zimmerman, Ann E.)<br>2. Resist public officer [52990] |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/15/2023 | **Original Track Assignment JC08** |
| 03/15/2023 | **Case Assignment Sent**<br>*Case Assignment Sent* |
| 03/15/2023 | **DA Request for Prosecution**<br>*Request for Prosecution Sent to DA* |
| 03/29/2023 | **Case Assignment Sent**<br>*Case Assignment Sent* |
| 03/29/2023 | **Citation Image** |
| 03/29/2023 | **Supplemental Documentation Submitted with Citation** |
| 03/30/2023 | **Media Request for Electronic Coverage**<br>*of Court proceedings filed.* |
| 04/03/2023 | **Media Request for Electronic Coverage Granted** |
| 04/03/2023 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 06/12/2023 | **Notice of Appearance**<br>*Notice of Appearance of Defense Counsel* |
| 06/13/2023 | **Arraignment**  (8:00 AM) (Judicial Officer Zimmerman, Ann E.)<br>*NO BAIL POSTED*<br>Result: Matter Heard |
| 06/13/2023 | **Counsel Confirms as Attorney of Record**<br>*M. Mee, Esq.* |
| 06/13/2023 | **Arraignment Completed**<br>*Defense advised of Charges on Criminal Complaint, Waives Reading of Criminal Complaint* |
| 06/13/2023 | **Discovery Given to Counsel in Open Court** |
| 06/13/2023 | **Early offer received in open court**<br>*Continued for negotiations* |
| 06/13/2023 | **Minute Order - Department 08** |
| 06/27/2023 | **Negotiations**  (8:00 AM) (Judicial Officer Zimmerman, Ann E.)<br>*NO BAIL POSTED*<br>Result: Matter Heard |
| 06/27/2023 | **Defendant Rejected the State's Offer** |
| 06/27/2023 | **Plea of Not Guilty Entered**<br>*by Defense* |
| 06/27/2023 | **Minute Order - Department 08** |
| 09/01/2023 | **Motion** |

| Date | Event |
|---|---|
| | *Motion for Production of Discovery* |
| 09/06/2023 | **Motion** (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *NO BAIL POSTED* |
| | Result: Matter Heard |
| 09/06/2023 | **Motion to Continue - Defense** |
| | *by Defense for production of discovery no objection by State- granted* |
| 09/06/2023 | **Future Court Date Stands** |
| | *09/12/2023 at 9:30am for Bench Trial* |
| 09/06/2023 | **Minute Order - Department 08** |
| 09/12/2023 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No bail posted* |
| | Result: Matter Heard |
| 09/12/2023 | **Motion to Continue - Defense** |
| | *to review additional discovery - No objection by State - Granted* |
| 09/12/2023 | **Bench Trial Date Reset** |
| 09/12/2023 | **Minute Order - Department 08** |
| 11/28/2023 | **Motion** |
| | *Renewed Motion for Discovery* |
| 11/30/2023 | **Motion** (8:00 AM) (Judicial Officers Pro Tempore, Judge, Jansen, William D.) |
| | *No bail posted* |
| | Result: Matter Heard |
| 11/30/2023 | **Motion** |
| | *by Defense for Discovery - State represents all discovery in their possession has been turned over - Denied* |
| 11/30/2023 | **Comment** |
| | *State represents they will be filing a Hill Motion to Continue the Bench Trial as the lead officer is unavailable.* |
| 11/30/2023 | **Future Court Date Stands** |
| | *12/6/23 at 9:30 am for Bench Trial* |
| 11/30/2023 | **Minute Order - Department 08** |
| 11/30/2023 | **Notice of Motion** |
| | *State's Notice of Motion and Motion to Continue* |
| 12/06/2023 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No bail posted* |
| | Result: Matter Heard |
| 12/06/2023 | **Hill Motion by State to Continue - Granted** |
| | *Witness unavailable until after the start of the year.* |
| 12/06/2023 | **Bench Trial Date Reset** |
| 12/06/2023 | **Minute Order - Department 08** |
| 01/23/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No Bail Posted* |
| | Result: Matter Continued |
| 01/23/2024 | **Motion to Continue - Defense** |
| | *Due to medical reasons. No objection by State - Granted* |
| 01/23/2024 | **Bench Trial Date Reset** |
| | *Firm Setting.* |
| 01/23/2024 | **Minute Order - Department 08** |
| 01/24/2024 | **Media Request for Electronic Coverage** |
| | *of Court proceedings filed.* |
| 01/24/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 02/26/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No Bail Posted* |
| | Result: Matter Heard |
| 02/26/2024 | **Remote Appearance by** |
| | *Defendant via Zoom* |
| 02/26/2024 | **Motion to Continue - Defense** |
| | *Counsel is in Trial - No objection by State - Granted* |
| 02/26/2024 | **Bench Trial Date Reset** |
| 02/26/2024 | **Minute Order - Department 08** |
| 03/18/2024 | **Motion** |
| | *DEFENDANTS REQUEST TO CONVERT COUNSEL TO STANDBY COUNSEL* |
| 03/18/2024 | **Miscellaneous Filing** |
| | *Bench Memorandum* |
| 03/19/2024 | **Bench Trial** (9:30 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *No bail posted* |
| | Result: Matter Heard |
| 03/19/2024 | **Bench Trial Held** |
| | *Motion to Exclude Witnesses by State - Motion Granted States Witnesses: 1. Branden Bourque - Witness Identified Defendant State Rests. Defense Witnesses: 1. Jose Decastro Sworn In and Testified. Defense Rests Motion to Dismiss and Argument In Favor of Said Motion by Defense Argument Against Said Motion by State Thereupon the Court Found the Defendant Guilty. Arguments made by parties regarding sentencing.* |
| 03/19/2024 | **Judgment Entered** |
| 03/19/2024 | **Remand - Cash or Surety** |
| | *Counts: 001; 002 - $0.00/$0.00 Total Bail* |
| 03/19/2024 | **Case Closed - Court Order** |
| 03/19/2024 | **Minute Order - Department 08** |
| 03/19/2024 | **Comment** |
| | *Both (2) of Defendant's cell phones where returned to his counsel and is in M. Mee, Esq. possession.* |
| 03/19/2024 | **Notice** |
| | *Notice of Appeal* |
| 03/20/2024 | **Notice of Disposition and Judgment** |
| 03/20/2024 | **Temporary Custody Record** |
| | *Remand 3/19/24* |
| 03/20/2024 | **Appeal from LVJC - Appearances** |
| 03/26/2024 | **Motion** |
| | *Motion for Bail, or in the Alternative, for Own Recognizance Release* |
| 03/28/2024 | **Media Request for Electronic Coverage** |

| | |
|---|---|
| | *of Court proceedings filed.* |
| 04/01/2024 | **Motion** (8:00 AM) (Judicial Officer Zimmerman, Ann E.) |
| | *In custody* |
| | Result: Matter Heard |
| 04/01/2024 | **Media Request for Electronic Coverage** |
| | *of Court proceedings filed - LV Review Journal* |
| 04/01/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
| 04/01/2024 | **Media Request for Electronic Coverage Granted** |
| | *Las Vegas Review Journal* |
| 04/01/2024 | **Media Request for Electronic Coverage Granted** |
| | *DALI TALK* |
| 04/01/2024 | **Order Regarding Media Request for Electronic Coverage Filed** |
| | *DALI TALK* |
| 04/01/2024 | **Motion** |
| | *by Defense, for O/R or Bail - Objection by State - Motion Denied* |
| 04/01/2024 | **Custody Comment** |
| | *Case Closed Stands* |
| 04/01/2024 | **Remand - Cash or Surety** |
| | *Counts: 001; 002 - $0.00/$0.00 Total Bail* |
| 04/01/2024 | **Minute Order - Department 08** |

# Exhibit C - Order Granting Appeal

1  **ORDG**

2

3                          **DISTRICT COURT**
                   **CLARK COUNTY, NEVADA**

                              )
4                             )
   JOSE DECASTRO,             )      CASE NO.: C-24-381730-A
5                             )             23-CR-013015
              Appellant,      )
6                             )      Dept: XII
        vs.                   )
7                             )      **ORDER GRANTING APPEAL**
   STATE OF NEVADA,           )
8                             )
              Respondent.     )
                              )
                              )

9

10                            **DECISION**

11          This is an appeal from a judgment of conviction, pursuant to a bench trial of two

12   misdemeanor violations, one (1) count of Obstructing a Public Officer NRS 197.190 and one (1)

13   count of Resisting a Public Officer NRS 199.280.3. (Las Vegas Township Justice Court, Clark

14   County; Ann E. Zimmerman, Judge).

15          Appellant Jose DeCastro was charged with two (2) misdemeanor violation counts

16   relating to obstructing and resisting a public officer regarding the filming of a traffic stop that

17   occurred in a commercial parking lot. Mr. DeCastro was sentenced to one hundred and eighty

18   (180) days in the Clark County Detention Center. Mr. DeCastro asserts four (4) claims on

19   appeal. The Court having heard the matter on July 10th, 2024, rules as follows.

20          **I.      Relevant Facts and Procedural History**

21          On March 15, 2023, Ofc. Branden Bourque conducted a vehicle stop on a Hyundai in a

22   parking lot at 4155 S, Grand Canyon Drive, Las Vegas, Nevada. During the vehicle stop, Mr.

23   DeCastro began filming the police encounter. Ofc. Bourque testified that he instructed Mr.

24   DeCastro to back up. Mr. DeCastro testified that he did back up. At trial, Ofc. Bourque

     referenced a "twenty-one foot" rule. The Court found that Ofc. Bourque did not vocalize that

Mr. DeCastro should back up to twenty-one feet away from the Officer. Ofc. Bourque detained

Mr. DeCastro and cited him for Obstructing a Public Officer and Resisting Arrest.

## II.    Applicable Law

The First Amendment provides: "Congress shall make no law respecting an

establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of

speech, or of the press; or the right of the people peacefully to assemble, and to petition the

Government for a redress of grievances".

The constitutional right to film public officials has been firmly established by the federal

courts. In Glik v. Cunniffe, the court summarized the issue as, "although not unqualified, a

citizen's right to film government officials, including law enforcement officers, in the discharge

of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the

First Amendment. Glik v. Cunniffe, 655 F.3d 78, 79 (1st Cir. 2011). "In line with

these principles, we have previously recognized that the videotaping of public officials is an

exercise of First Amendment liberties." Id at 83.

On February 22, 2024, the Nevada Court of Appeals carefully examined NRS 197.190.

Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op.7 (Nev. App. 2024).

In Wilson, the Court of Appeals reasoned:

> As construed by this court, NRS 197.190 prohibits only physical
> conduct and fighting words that hinder, delay, or obstruct a public
> officer in the discharge of official duties or powers. As such, law
> enforcement has no discretion to arrest persons for protected speech or
> for physical conduct that is merely annoying or offensive.

Id at 23.

The Court of Appeals determined that specific intent to hinder, delay or obstruct is a

requirement of the statute. Id. The Court of Appeals further held "therefore, we interpret NRS

197.190 as applying only to physical conduct and fighting words". Id at 18. The Court of

Appeals further explained that "blocking the path of an officer" may amount to obstruction. Id. The court also cited Washington v. Hudson, 784 P.2d533, 537 (Wash. Ct. App. 1990) where non-aggressive behavior may cause obstruction.

In Wilson, the court determined that the real issue was whether there was sufficient evidence to convict Wilson of the obstruction charge and whether the district court had properly considered the issue on appeal. Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op.7 (Nev. App. 2024). The Court explained:

> The district court did not have the benefit of our interpretation of NRS 197.190 as being limited to physical conduct and fighting words, and it therefore did not consider whether there was sufficient evidence that Wilson engaged in physical conduct, or uttered fighting words so as to support her conviction of violating NRS 197.190.

Id at 25.

### III.  Analysis

This Court is tasked with deciding whether the District Court erred when it convicted Mr. DeCastro of obstructing and resisting a public officer when he was recording a police interaction during a traffic stop.

This Court recognizes that State and Federal law permits the filming of police activities. NRS 171.1233(2)(a) specifically allows for filming of police activities, stating a "peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by: (a) Intentionally preventing or attempting to prevent the person from recording a law enforcement activity."

The right to film police activities is further supported by the precedent set in Glik, which establishes that individuals are permitted to film police activities. Glik v. Cunniffe, 655 F. 3rd 78 (2011). This precedent was relied upon by both the prosecution and defense on appeal.

Additionally, Houchins v. KQED, Inc. establishes that there is a right to gather news from any source by means within the law. Houchins v. KQED, Inc., 438 U.S. 1, 11, 98 S. Ct.

2588, 57L. Ed. 2d 553 (1978) (quoting <u>Branzburg v. Hayes</u>, 408 U.S. 665, 681-82, 92 S. Ct. 2646 (1972)). <u>Mills v. Alabama</u> established that there is a right to film government officials engaged in their duties in a public place, including police officers performing their responsibilities and serves as a cardinal First Amendment interest in protecting and promoting "the free discussion of governmental affairs." <u>Mills v. Alabama</u>, 384 U.S. 214, 218, 86 S. Ct.1434, 16 L. Ed. 2d 484 (1966). The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest. <u>Smith v. City of Cumming</u>, 212 F.3d 1332, 1333 (11th Cir. 2000). *See also* <u>Fordyce v. City of Seattle</u>, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest").

 This Court carefully considered the decision in <u>Wilson.</u> The Trial Court did not consider the <u>Wilson</u> decision[1]. The <u>Wilson</u> decision establishes fighting words, physical conduct, obstructing the pathway, or fleeing an officer as standards that apply to obstruction. <u>Wilson v. First Judicial Dist. Court</u>, 140 Nev. Adv. Op. 7 (Nev. App. 2024). This Court found that none of the criteria for obstruction, as defined in <u>Wilson</u>, were met in the present case.

 Furthermore, this Court reviews the <u>Wilson</u> Court decision that determined specific intent to hinder, delay or obstruct is a requirement of NRS. 171.1233(2)(a). <u>Id</u>. The Nevada Court of Appeals held, "therefore, we interpret NRS 197.190 as applying only to physical conduct and fighting words" <u>Id</u> at 18.

 This Court found that after being ordered to cease speaking to the driver by Ofc. Bourque Mr. DeCastro complied, and on direct appeal the State agreed with that assessment.

---

[1] This Court acknowledges that the <u>Wilson</u> decision was rendered less than a month before Mr. DeCastro's trial. Additionally, the Defense failed to file a pre-trial motion litigating this issue and citing the <u>Wilson</u> decision.

1  This Court takes notice that, at trial, Officer Bourque claimed Mr. DeCastro did not back up.

2  However, this Court concluded that Mr. DeCastro did in fact back up when ordered to do so.

3  This Court recognized that there is no "twenty-one foot" rule regarding the distance officers can

4  be filmed while performing police activities.

5        This Court found that Mr. DeCastro utilized provocative and challenging language that

6  could be described as offensive and annoying but, ultimately, the behavior was protected by the

7  First Amendment to the U.S. Constitution. City of Houston v. Hill, 482 U.S. 451,461, 107 S. Ct.

8  2502, 96 L. Ed. 2d 398 (1987). Glik v. Cunniffe, 655 F. 3rd 78 (2011). Wilson v. First Judicial

9  Dist. Court, 140 Nev. Adv. Op. 7 (Nev. App. 2024).

10       The State attempted to argue time, place, and manner restrictions on First Amendment

11  activities supported Mr. DeCastro's convictions. This Court observed that the interaction

12  between Mr. DeCastro and Ofc. Bourque transpired in a sizable parking lot, in the course of a

13  traffic stop, during daylight hours. This Court recognized that the driver of the vehicle had no

14  right to privacy in that setting. Furthermore, this Court found that Ofc. Bourque was not

15  hindered in his ability to issue the driver a citation. Ofc. Bourque chose to let the driver go in

16  order to concentrate his attention on Mr. DeCastro while Mr. DeCastro was practicing his

17  constitutionally protected right to film.

18       This Court finds that Mr. DeCastro did not Obstruct Ofc. Bourque nor did Mr. DeCastro

19  resist arrest. This Court grants the appeal and reverses the convictions based upon First

20  Amendment Protected Conduct.

21  ///

22  ///

23  ///

24  ///

5

IV.     **Conclusion**

Having reviewed the record and considered the issues raised on appeal, this Court concludes that reversal is warranted. The Court therefore grants Mr. DeCastro his appeal and reverses the convictions of Count One (1) and Count Two (2).


Dated this ___ day of _____, 20___.

Dated this 19th day of July, 2024

MICHELLE LEAVITT
41E B85 6F03 2C41
DISTRICT COURT JUDGE
Michelle Leavitt
District Court Judge

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

|  |  |
|---|---|
| Jose Decastro, Appellant(s) | CASE NO: C-24-381730-A |
| vs | DEPT. NO.  Department 12 |
| State of Nevada, Respondent(s) | |

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 7/19/2024

| | |
|---|---|
| Brittany Falconi | media@ournevadajudges.com |
| Christopher Oram | contact@christopheroramlaw.com |
| Agnes Botelho | Agnes.Botelho@clarkcountyda.com |

# Exhibit D - December 4, 2023 Plaintiff's Rule 26(a) Initial Disclosures

Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO | ) Case No.: 2:23-CV-00580 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAS VEGAS METROPOLITAN POLICE, et all, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**PLAINTIFF JOSE MARIA DECASTRO'S RULE 26(a) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 16.3(2), "Plaintiff" Jose Maria DeCastro makes the following initial disclosures:

**A. Witnesses**

The following individuals are likely to have discoverable information that Plaintiff may use to support its claims or defenses:

1. PO-2 Branden Bourque, address unknown
   <u>Subject</u>: eyewitness to civil rights violations of Plaintiff
2. Jesse Sandoval, address unknown
   <u>Subject</u>: eyewitness to civil rights violations of Plaintiff
3. PO SGT Erland Torrey, address unknown
   <u>Subject</u>: eyewitness to civil rights violations of Plaintiff
4. PO-1 Chadly Dingle, address unknown
   <u>Subject</u>: eyewitness to civil rights violations of Plaintiff
5. Brandon Sorenson, address unknown

1

Subject: eyewitness to civil rights violations of Plaintiff
6. Clinton Doolittle, address unknown
   Subject: eyewitness to civil rights violations of Plaintiff
7. Officer Citco # 17673, address unknown
   Subject: eyewitness to civil rights violations of Plaintiff
8. Jane Doe, address unknown
   Subject: eyewitness to civil rights violations of Plaintiff (driver of Hyundai)
9. PO-2 Jason Osborne, address unknown
   Subject: Internal Affairs investigator for incident
10. PO LT Theodore Weirauch, address unknown
    Subject: Internal Affairs investigator for incident
11. PO LT Joshua Younger, address unknown
    Subject: Internal Affairs investigator for incident

**B. Documents and Tangible Things**

The following is a description by category and location of all documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support its claims or defenses:

1. YouTube videos relating to the incidents
2. Photos of injured elbow after the incident
3. Doctor bills and notes

**C. Computation of Damages**

The following is a computation of each category of damages claimed by Plaintiff. Documents supporting each claim are attached hereto as Exhibit 1.

1. Loss of use of property: $20 (no receipt in my possession, for ride to vehicle, will follow)
2. 3/20/2023 urgent care visit for ulnar nerve damage: $150
3. Second visit to urgent care for ulnar never damage: $150 (no receipt in my possession, will follow)
4. $7,500 (average cost of ulnar nerve release surgery in California according to sidecar)
5. $992,180 pain and suffering and loss of quality of life (based on $90,000 median and $4.5M max jury award for ulnar nerve compression injury according to jury award data with Lexis Nexis, damages of $1,000,000 minus the monetary costs)

Total damages claim: $1,00,000

**D. Insurance**

Plaintiff held no insurance to cover his ride or his insurance deductibles.

1    DATED: December 4, 2023

2                                                  Jose DeCastro
                                                   1258 Franklin St.
3                                                  Santa Monica, CA 90404
                                                   chille@situationcreator.com
4                                                  (310) 963-2445
                                                   *Pro Se*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

3

1

# EXHIBIT 1

2

3

**Transaction details**                                    ☒

4

5

Posting date
Mar 20, 2023

6

Description
BEST URGENT CARE LLC 03/17 PURCHASE LAS                    ✎
VEGAS NV

7

| Type | Debit Card |
|------|-----------|

8

| Status | Cleared |
|--------|---------|

9

| Amount | -$150.00 |
|--------|---------|

10

| Purchaser | JOSE M DECASTRO |
|-----------|-----------------|

11

| Description | BEST URGENT CARE LLC 03/17 PURCHASE |
| | LAS VEGAS NV |

12

13

| Merchant category | Doctors - not elsewhere classified |
|-------------------|-----------------------------------|

14

| Merchant category code | 8011 |
|------------------------|------|

15

| Merchant information | LAS VEGAS, NV |
|----------------------|---------------|

16

| Merchant name | BEST URGENT CARE LLC ✎ |
|---------------|------------------------|

17

| Transaction category | Health: Healthcare/Medical ✎ |
|----------------------|-------------------------------|

18

Print transaction details  🖶

19

20

21

22

23

4

