**MICHAEL MEE, ESQ.**
Nevada Bar No. 13726
400 S 4th St #500
Las Vegas, NV 89101
(702) 990-0190
mmee@defenselawyervegas.com
*Attorney for Plaintiff Jose DeCastro*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00580-APG-EJY<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION IN LIMINE (ECF NO. 121).** |

**Certificate:** This Brief is timely filed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **Procedural History.**

Plaintiff was wrongfully convicted in Las Vegas Justice Court of the underlying conduct which, likewise, formed the basis for his unlawful detention, arrest, excessive force, and other offenses, all committed by the Defendants to this action.

On May 7, 2023, Plaintiff filed the First Amended Complaint. (ECF No. 13.) On June 14, 2024, LVMPD Defendants moved for summary judgment. (ECF No. 86.) On August 23, 2024, the Court denied the pending motion to dismiss as moot in light of the summary judgment record, and granted Defendants' motion for leave to file supplemental evidence. (ECF No. 97.) On September 12, 2024, the Court granted summary judgment in part and denied in part, and permitted a limited renewed summary judgment motion on identified issues. (ECF No. 100.)

On October 4, 2024, LVMPD Defendants filed a renewed, limited motion for summary judgment. (ECF No. 102.) On April 24, 2025, the Court denied Defendants' renewed motion for summary judgment. (ECF No. 109.)

On January 12, 2026 the Defendants filed their motion in limine. (ECF No. 121.) On January 21, 2026, following the trial scheduling conference, the Court issued an order confirming the calendar call and trial settings and setting deadlines for exhibit lists, proposed jury instructions, proposed voir dire, and trial briefs. (ECF Nos. 123, 124.) On January 27, 2026, the Court granted the parties' stipulation extending Plaintiff's deadline to oppose the motion in limine through January 27, 2026. (ECF Nos. 125, 126.)

II.     **Legal Argument.**

The Defendants pending Motion in Limine contains six separate motions. These motions uniformly request relief which is either contrary to law, premature, or requests a remedy which would exceed any legitimate request being made. For the below reasons, the Omnibus Motion should be denied in its entirety.

A.      **Motion in Limine #1** Prior Criminal Proceedings, Appellate Order, Requested Exclusion. In this part of their motion, the Defendants ask that this Court exclude, essentially totally, evidence that DeCastro's prior criminal conviction was overturned, and that the Supreme Court of Nevada in doing so made several relevant findings. The Defendants argue that Nevada, having found as a matter of law that the Officers' conduct was unconstitutional and unlawful, "would usurp the jury's function and violate" the Defendants right to a full and fair hearing on the merits. *See* ECF 121 at 8.

"A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Nevada law, issue preclusion applies if (1) the issue decided in the prior litigation is identical to the issue presented in the current action; (2) the initial ruling was on the merits and has become final; (3) the party against whom the judgment was asserted is the party or is in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated. *Five Star Capital Corp. v. Ruby,* 124 Nev. 1048, 194 P.3d 709, 713 (2008). *Lechner v. LVMPD,* 696 F. Supp. 3d 963, 990 (D. Nev. 2023)

Here, Defendant and Defendant Officers in their capacity as LVMPD Officers were in effective privity with the State of Nevada in both the underlying State prosecution of DeCastro as well as litigating the appeal. The State of Nevada as the party prosecuting the defendant in the State court proceedings is the same entity as the LVMPD, albeit the LVMPD is a "subdivision" of the party which prosecuted DeCastro.

This Court has recognized that LVMPD is a subdivision of the State of Nevada. <u>Belcher-Bey v. City of Las Vegas</u>, No. 2:12-CV-01829-JAD, 2014 WL 1153468, at *4 (D. Nev. Mar. 20, 2014). District courts have determined that LVMPD is a "political subdivision of the State" and have addressed similar challenges to claims under NRS § 41.036(2). *See Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-00003-RLH-PAL, 2011 WL 2690148, at *2-3, 2011 U.S. Dist. LEXIS 74945 at *6 (D. Nev. July 8, 2011); *see also Zaic v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-01814-PMP-GWF, 2011 WL 884335 at *3, 2011 U.S. Dist. LEXIS 24956 at *8 (D. Nev. Mar. 11, 2011).

Indeed, LVMPD has routinely argued it is a political subdivision of the State of Nevada: "LVMPD asserts that it is a "political subdivision of the State." (ECF No. 4). Therefore, LVMPD argues that to comply with NRS 41.036(2), Nevada law required plaintiff to present his claims to LVMPD no later than August 13, 2017, two years after the August 13, 2015 incident allegedly giving rise to plaintiff's negligence claim. *Id.* However, plaintiff did not serve LVMPD until August 18, 2017*." Mitchell v. Las Vegas Metro. Police Dep't,* No. 217CV2188JCMGWF, 2018 WL 1568670, at *3 (D. Nev. Mar. 30, 2018).

This being the case, if LVMPD is a sub-part of the entity which prosecuted DeCastro, privity must be found to exist. It is immaterial that no one individual Officer, prosecutor, agent, or

4

so on, ever controls the entire "State of Nevada" to direct the prosecution of a particular defendant, as the matter is one of entity and agency.

As it relates to the District Court's findings and holdings, it is simply incorrect to reduce them to a mere finding that the prosecution failed to establish proof beyond a reasonable doubt at the Justice Court trial, and that the Justice of the Peace lacked the legal authority, upon the evidentiary record, to convict DeCastro. The Order is not being offered for merely the inference that because the State failed to meet the beyond a reasonable doubt standard, probable cause is dispositively disproven. First, the District Court did not couch its factual findings in terms of what the state failed to prove or disprove beyond a reasonable doubt, but rather made affirmative factual findings as follows: (1) after being ordered to cease speaking to the driver by Ofc. Borque Mr. DeCastro complied; (2) Ofc. Borque claimed DeCastro did not back up but the Court found that DeCastro did back up when ordered to do so; (3) Ofc. Borque relied upon a twenty-one foot rule regarding the distance officers can be filed, and the Court found that as a matter of fact and law, no such rule exists. None of these findings has anything to do with deference to the defendant and the State's failure to meet its burden of proof, to the contrary, they were affirmative factual findings without equivocation.

Likewise, the Court found that DeCastro's conduct was "protected by the First Amendment to the U.S. Constitution. Again, this is not a finding that the State failed to prove that the conduct *was not protected beyond a reasonable doubt,* but rather was stated as an affirmative finding on a a mixed question of fact and law.

These findings do directly decide issues in this litigation which are "identical" to defenses the defendants are attempting to make in this case, and the weight of these findings is not

diminished whatsoever by the fact that trial requires proof beyond a reasonable doubt as compared to probable cause. These findings by the District Court are just as logically controlling on a probable cause analysis as they are on an ultimate finding of guilt.

Finally, even if the District Court's order did not act to establish issue preclusion or collateral estoppel, this does not support the leap to concluding the evidence is irrelevant or inadmissible under FRE 403's balancing procedure. Whatever prejudice which would be caused by the defendants is not "unfair" and therefore cannot outweigh the probative value of the order. The Defendants argument that their conduct is unlawful in light of the District Court's order and therefore they will automatically be convicted is not "unfair" prejudice. The District Court found that Officer Borque's testimony was false and erroneous on the points mentioned above, and that as a matter of law, what he observed DeCastro do *does not violate Nevada law*. This being the case, what he observed DeCastro do cannot create probable cause, because it is not a crime. Therefore the allegedly unduly prejudicial conclusion suggested by the Court's order is not *unfairly* prejudicial.

If this Court disagrees with Plaintiff and rather agrees with Defendants that these conclusions would be impermissibly drawn from the Court's order, the total exclusion requested by Defendants still has not been justified. The District Court's affirmative factual findings remain relevant to evaluate Officer Borque's credibility, to impeach Officer Borque, and to give the jury the full understanding that Officer Borque's view of Nevada law not only has no positive underlying basis, but has been squarely rejected in Nevada both on legal *and affirmatively factual* basis, including that his stated testimonial understanding of what he was doing was either mistakenly incorrect, or intentionally false, at the time it was given, but in any event was wholly

rejected by the courts of the State in which Borque is required to know the law he is purportedly enforcing.

   **B.**  **Motion in Limine #2 and #4** - Defendants' Motion to Exclude or Limit Proof of Damages at the Time of Trial and Defendant Request for an Order Limiting Proof at Trial for Medical Damages.

   The Defendants seek to improperly prevent Plaintiff from testifying or otherwise presenting evidence to entire categories of damages, nearly covering every potential category of damages which is identified in the Complaint which is to be prosecuted at the time of trial in this matter. Such a request would deprive Plaintiff of a fair opportunity to litigate this case, is overbroad and excessive, is not justified by the matters set forth by the Defendants, and does not find support in the jury law system which affords Plaintiff a right to present his case to the jury.

   Defendants' request to limit damages must be rejected. Plaintiff disclosed categories of damages and their factual basis throughout this proceeding. General damages such as pain, suffering, emotional distress, humiliation, and loss of liberty are not subject to precise computation and need not be numerically itemized under Rule 26(a)(1)(A)(iii). Defendants concede this principle but nevertheless seek to use Rule 26 as a vehicle to restrict Plaintiff's proof at trial to bar Plaintiff from proving his damages by excluding the very evidence which would prove those damages in the eyes of the jury.

   Second, Defendants seek to exclude all evidence of medical injury on the theory that any discussion of injury constitutes expert testimony. That position is an overstatement of the law which does not support totally precluding such damages merely because there is not an expert

medical witness. A Plaintiff may, for example, testify to his own symptoms, pain, physical limitations, and treatment he personally received.

Even if Defendants' argument might support limiting expert causation opinions or future medical projections or prohibit evidence beyond the personal knowledge of a testifying witness, or to exclude testimonial or other evidence on a case by case basis, it may make those motions at the time such evidence is offered within the context of trial. There has been no showing that a pretrial blanket exclusion of damages evidence across these broad hosts of categories is justified by any applicable legal standard.

If Defendants object to specific testimony exceeding the scope of lay or treating-provider testimony, they may raise those objections at trial. To the extent Plaintiff seeks to present evidence consistent with disclosed categories, exclusion is wholly improper. Defendants identify no specific undisclosed category they claim Plaintiff intends to introduce. This aspect of the Motion is without merit and must be denied. If Defendants believe Plaintiff attempts to offer genuinely undisclosed special damages, they may object at trial. Preemptive exclusion is not justified.

As to the claim that computations of damages have not been sufficiently been provided, DeCastro specifically plead the damages he was seeking at the time of the Complaint, as well as disclosed damages which are subject to mathematical calculation whenever they became available. Indeed a table of damages is identified by the Defendants in their motion as having previously been provided. In addition to the damages plead in Plaintiff's Complaint and set forth numerically, the nature of certain categories of damages being difficult to objectively quantify is not grounds to prevent proof of those damages at the time of trial. Defendants has failed to demonstrate that they are entitled to relief.

Furthermore, to the extent the Defendants seek to exclude testimony and evidence which would preclude DeCastro offering "testimony that he suffered injuries" and suffered "pain and suffering" is not supported by any law cited by the Defendants. These types of requests are routinely denied. Miraflor v. Peachstate Health Mgmt., LLC, No. 17CV02046DSFSPX, 2020 WL 3841047, at *4 (C.D. Cal. Feb. 11, 2020)(denying motion in limine to exclude testimony regarding damages merely because medical professionals do not testify, permitting other evidence to be presented, including emotional damages, pain and suffering).

C. **Motion in Limine #3** - Defendants' Motion Regarding Prosecutor's Decision to Prosecute DeCastro Cuts Off Liability from the Time the Decision to Charge DeCastro was Made.

The Defendants improperly attempt to wholly exclude themselves from liability for harm and damages foreseeably done to the Plaintiff as a result of their conduct as to him personally in violating his constitutional rights at the time of arrest.

First, even Defendants' case law cited in their Motion at this juncture indicates that this would at most support a *presumption* against their further liability. *See* ECF 121 at 15. They cite law indicating that Plaintiff could overcome this presumption as follows: "The plaintiff bears the burden of producing evidence to rebut such presumption. *Newman v. County of Orange*, 457 F.3d 991, 993–995 (9th Cir.2006). To overcome the presumption of independent judgment, a plaintiff must show that the prosecutor was subjected to unreasonable pressure by the investigating officer, or that the officer knowingly withheld relevant information with the intent to harm the plaintiff, or that the officer knowingly supplied false information. *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986)."

This being the case law they rely upon, the remedy they request exceeds the law they use to support it. Even if this is Plaintiff's burden to prove (and to overcome a presumption), if true, cannot support excluding DeCastro from presenting evidence in an attempt to rebut the presumption. Logically, even under this reasoning, the remedy is to consider the Plaintiff's evidence at the time it is offered, not to prevent him from "rebutting" this purported presumption prior to trial even beginning.

Second, LVMPD and Officer Borque's involvement was not limited to arresting DeCastro. Officer Borque testified at trial. Officer Borque testified under oath, in an effort to convict DeCastro (which would inherently cause him further harm), that Borque erroneously testified that DeCastro did not back up, but DeCastro did back up. Further, Borque testified that he arrested DeCastro in this manner, which was later found to violate his rights, because of a "twenty-one-foot" rule which does not exist, and therefore which he had no legitimate basis to cite in his testimony in an attempt to convict DeCastro. For all of these reasons, there is a prima facie case that Officer Borque testified either in error, or intentionally falsely, in an effort to make an ongoing effort to convict DeCastro above and beyond the initial interaction.

For all of these reasons, Motion in Limine #3 should be denied.

**D.     Motion in Limine #5, Requesting an Order Precluding DeCastro from Referencing Other Incidents of Alleged Police Misconduct.**

The Defendants' fifth Motion in Limine is without Merit. LVMPD first states that it believes "DeCastro intends to testify and/or introduce evidence at trial regarding other interactions between himself (or others) and law enforcement) distinct from the subject incident. *See* ECF 121 at 20. Defendants offer no citation in support of this belief.

It is premature to exclude any and all evidence which might touch upon other experiences with law enforcement. Prior or other interactions are plausibly relevant, and could be shown to be relevant within the context of trial in a multitude of ways, included but not limited to: (1) whether prior interactions were known to these specific Officers at the time of their interactions with DeCastro in this event; (2) whether prior incidents involving LVMPD and/or these officers specifically were known to these officers, relating to First Amendment auditors, which relate to their state of mind on the date in question; (3) whether any training these LVMPD officers received prior to the date in question, relating to past incidents involving DeCastro or other individuals, were known to or had been provided to Officers prior to the date in question, relating to their state of mind. These are merely illustrative examples. Proposed evidence must be evaluated within the context of trial both for its probative value and potential unfair prejudice.

The Defendants are not entitled to an Order which would act as a blanket exclusion to an entire host of potential evidence which is likely to be, or even could be, relevant and admissible under FRE 403-404 within the context of trial.

Finally, even if there is a concern over unfair prejudice relating to any such evidence, total exclusion is not the immediate remedy, and the Court could first consider limiting instructions to the jury.

## CONCLUSION

For the reasons stated herein, the Motions in Limine should be denied. To the extent any exclusion of evidence is contemplated, any orders should be without prejudice, to be determined within the context of trial.

Dated this 27th day of January, 2026.

/s/ Michael Mee, Esq.
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
attorneymichaelmee@gmail.com
*Counsel for Appellant*

## CERTFICIATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Response in Opposition to Omnibus Motion in Limine was served upon those parties registered to receive electronic service in the above-captioned matter.

Dated this 27th day of January, 2026.

/s/ Michael Mee, Esq.
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
attorneymichaelmee@gmail.com
*Counsel for Appellant*