**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com

Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>    Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

**CLAIMS AND DEFENSES**[1]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is Jose DeCastro. On March 15, 2023, DeCastro was arrested for two misdemeanors in Las Vegas Nevada. The charges were obstructing a public officer and resisting arrest. DeCastro claims he did not commit those offenses because his conduct was protected by the First Amendment. The Defendants in this case are Branden Bourque, Jason Torrey, Chadly Dingle, Brandon Sorenson, Jesse Sandoval, and Clinton Doolittle, six police officers from the Las Vegas Metropolitan Police Department, and LVMPD itself.

DeCastro contends Defendants violated his rights by arresting him without probable cause, using excessive force against him, and retaliating against him based on his exercise of his First Amendment rights. DeCastro claims he suffered damages as a result. DeCastro has several different legal claims, which I will define more specifically later. DeCastro has the burden of proving these claims.

The Defendants deny they committed any wrongdoing in the course of the March 15, 2023 incident, their interactions with DeCastro and therefore deny they are liable for the claims DeCastro advances in this action.

---

[1] Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5. 6/18/24: Edited.

### **FALSE ARREST - PROBABLE CAUSE ARREST[2]**

DeCastro claims Bourque falsely arrested him under Nevada state law.

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, DeCastro must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under Nevada state law, it is a crime:

1. To willfully hinder, delay or obstruct any public officer in the discharge of official powers or duties[3]; and/or

2. For a person who, in any case or under any circumstances not otherwise specially provided for, willfully resists, delays or obstructs a public officer in discharging or attempting to discharge any legal duty of his or her office.[4]

---

[2] Ninth Circuit Manual of Model Civil Jury Instructions 9.23 (modified)

[3] Nev. Rev. Stat. § 197.190

[4] Nev. Rev. Stat. § 199.280

### **UNLAWFUL SEARCH AND SEIZURE/INVASION OF PRIVACY[5]**

DeCastro asserts Bourque invaded his privacy by unlawfully searching him and seizing his belongings after he was arrested.

In general, a search of a person is unreasonable if the search is not authorized by a search warrant. Under an exception to this rule, a search warrant is not required, and a search is reasonable if the search is incident to a lawful arrest. As I instructed you earlier, an arrest is lawful if it occurred pursuant to probable cause.

A search is "incident to" a lawful arrest if:

1. it occurs roughly contemporaneously with the arrest, that is, at the same time or shortly after the arrest and without any intervening events separating the search from the arrest; and

2. it is limited to a reasonable search of the person arrested and to the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence at the time of the search.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence this exception to the warrant requirement does not apply; that is, that the search was not incident to a lawful arrest.

If you find Bourque performed an unlawful search, you must then determine whether the search was an unreasonable invasion of DeCastro's privacy. An invasion of privacy claim exists if Bourque caused an intentional physical intrusion into a private place, conversation, or matter that would be highly offensive to a reasonable person.[6]

---

[5] Ninth Circuit Manual of Model Civil Jury Instructions 9.13 (modified); ECF No. 109 at 4-5.

[6] *People for the Ethical Treatment of Animals v. Berosini, Ltd.*, 895 P.2d 1229, 1279 (Nev. 1995).

Page 4 of 15

## **SECTION 1983 INTRODUCTORY INSTRUCTION**

### **Section 1983 Claim – Introductory Instruction**

DeCastro brings a number of his claims under the federal statute, 42 U.S.C. § 1983, which provides any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.[7]

---

[7] Ninth Circuit Manual of Model Civil Jury Instructions 9.1

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY**

In order to prevail on any of his § 1983 claims against Defendants Bourque, Torrey, Dingle, Sorenson, Sandoval, and/or Doolittle, DeCastro must prove each of the following elements by a preponderance of the evidence:

First, Bourque, Torrey, Dingle, Sorenson, Sandoval, and/or Doolittle acted under color of state law; and

Second, the acts or failures to act of Bourque, Torrey, Dingle, Sorenson, Sandoval, and/or Doolittle deprived DeCastro of particular rights under the United States Constitution as explained in later instructions; and

Third, the conduct of Bourque, Torrey, Dingle, Sorenson, Sandoval, and/or Doolittle was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle acted under color of state law.

The defendants' conduct is an actual cause of DeCastro's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find DeCastro has proved each of these elements, and if you find DeCastro has proved all the elements the plaintiff is required to prove as to any of the § 1983 claims set forth in Instruction Nos. _____, your verdict should be for DeCastro. If, on the other hand, you find DeCastro has failed to prove any one or more of these elements, your verdict should be for the Defendants.[8]

---

[8] Ninth Circuit Manual of Model Civil Jury Instructions 9.3 (modified).

# **EXCESSIVE FORCE UNDER FEDERAL LAW - INTRODUCTION[9]**

DeCastro has the burden of proving the acts of Defendants Bourque and Torrey deprived him of particular rights under the United States Constitution. In this case, DeCastro alleges Bourque and Sandoval deprived him of rights under the Fourth Amendment to the U.S. Constitution to be free from an unreasonable seizure. A seizure is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. A police officer may use force that is objectively reasonable under all of the circumstances. Therefore, to prevail, DeCastro must prove by a preponderance of the evidence Bourque and/or Sandoval used force that was not objectively reasonable against DeCastro.

Specifically, you must decide whether Bourque used excessive force when he allegedly struck DeCastro while patting him down after DeCastro had been handcuffed, and also whether Sandoval used excessive force when he allegedly squeezed DeCastro's arm and/or applied pressure to his left shoulder while DeCastro was handcuffed.

You must judge the objective reasonableness of Bourque and DeCastro's uses of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, the officer's subjective intent or motive is not relevant to your inquiry.

---

[9] Ninth Circuit Manual of Model Civil Jury Instructions 9.1

ECF No. 100 at 26-31.

## § 1983 EXCESSIVE FORCE CLAIM[10]

DeCastro claims Bourque and Sandoval used excessive force against him after he was handcuffed.[11]

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest. Therefore, to establish an unreasonable seizure in this case, DeCastro must prove by a preponderance of the evidence that Bourque and Sandoval used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Bourque and Sandoval used excessive force, you are to consider the totality of the circumstances known to the officers on the scene, including:

1. The nature of the crime or other circumstances known to the officers at the time the force was applied;

2. Whether DeCastro posed an immediate threat at the time force was applied;

3. Whether DeCastro was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of DeCastro's injuries;

---

[10] 9th Cir. J.I. 9.25 (modified).

[11] ECF No. 100 at 26-31.

1    7. Any effort made by the officers to temper or to limit the amount of force;

2    8. The availability of alternative methods to take DeCastro into custody;

3    9. The number of lives at risk and the parties' relative culpability i.e., which party created the dangerous situation, and which party is more innocent; and

10. Whether a reasonable officer would have or should have accurately perceived a mistaken fact

# BATTERY UNDER NEVADA LAW[12]

DeCastro also brings a battery claim against Bourque and Sandoval under Nevada law. In Nevada, the standard for battery by a police officer is identical to the standard for a federal Fourth Amendment excessive force claim: a police officer is liable for battery if the level of force used exceeds that which is objectively reasonable under the totality of the circumstances.[13] In other words, the same analysis will apply to the state law battery claims as to the federal excessive force claims. On the verdict form, you will answer the excessive force and battery liability questions together.

---

[12] *Estate of Brenes v. Las Vegas Metro Police Dep't.*, 136 Nev. 806, *1 (2020) (unpublished) (citing *Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996) (recognizing that a state-law excessive force is governed by same standard as a battery claim)).

[13] ECF No. 100 at 29.

## § 1983 FAILURE TO INTERVENE[14]

DeCastro claims Bourque, Dingle, Doolittle, and Sorenson failed to intervene and stop defendant Sandoval from using excessive force.

Police officers have a general duty to intervene when their fellow officers violate the constitutional rights of a suspect or other citizen. To prevail on this claim, DeCastro must prove that:

1. Defendant Sandoval used excessive force against him;
2. Defendants Bourque, Dingle, Doolittle, and/or Sorenson were aware Sandoval was using excessive force against DeCastro;
3. Defendants Bourque, Dingle, Doolittle, and/or Sorenson had a realistic opportunity to intervene;
4. Defendants Bourque, Dingle, Doolittle, and Sorenson failed to intervene and DeCastro was injured as a result.[15]

---

[14] ECF No. 100 at 13, 31-32.

[15] *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Hernandez v. Hodges*, 2023 WL 5336856, *5 (N.D. Aug. 17, 2023) (upholding a similar jury instruction as "[c]onsistent with . . . well-settled law.")

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### § 1983 FIRST AMENDMENT CITIZEN FREE SPEECH[16]

DeCastro alleges Bourque deprived him of rights under the First Amendment right to film police encounters in public.

Under the First Amendment, a citizen has the right to free speech and expression. To establish the Bourque deprived him of this First Amendment right, DeCastro must prove the following additional elements by a preponderance of the evidence:

1. DeCastro was engaged in a constitutionally protected activity;
2. Bourque's actions against the DeCastro would chill a person of ordinary firmness from continuing to engage in the protected activity; and
3. DeCastro's protected activity was a substantial or motivating factor in the Bourque's conduct.

Filming the police is generally a constitutionally protected activity. However, reasonable restrictions on the exercise of the right to film may be imposed when the circumstances justify them.[17] A police officer, while performing his duties, can impose reasonable restrictions if the individual filming is interfering, or is about to interfere, with the officer's official duties[18] and police officers have a legitimate interest in enforcing the law free from possible interference or interruption from bystanders.[19]

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

A First Amendment retaliation claim is barred if the arresting officer had probable cause to arrest for an underlying crime unless the DeCastro presents objective evidence that

---

[16] 9th Cir. J.I. 9.11 (modified).

[17] *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011).

[18] *Gericke v. Begin*, 753 F.3d 1, 8 (1st Cir. 2014).

[19] *Colten v. Kentucky*, 407 U.S. 104, 109 (1972); *see also Stubbs v. Las Vegas Metro Police Dep't.*, 792 F. App'x 441 (9th Cir. 2019) (probable cause existed to arrest lawyer who refused orders to stand reasonable distance away from lawful traffic stop of his client).

1 he was arrested when otherwise similarly situated individuals not engaged in the same sort of
2 protected speech had not been arrested.[20]
3    If DeCastro establishes each of the foregoing elements, the burden shifts to Bourque
4 to prove by a preponderance of the evidence that he would have taken the action(s) in question,
5 even in the absence of any motive to retaliate against the DeCastro. If you find that Bourque
6 is able to demonstrate this, you must find for the officer. If you find that Bourque is not able
7 to demonstrate this, you must find for DeCastro.

---

[20] *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022); ECF No. 100 at 35.

## **FREE SPEECH UNDER NEVADA LAW**[21]

DeCastro also brings a free speech claim under Nevada law. In Nevada, the standard for violation of a Free Speech right by a police officer is identical to the standard for a federal First Amendment free speech claim: In other words, the same analysis will apply to the state law free speech claims as to the federal free speech claims. On the verdict form, you will answer the free speech claims liability questions together.

---

[21] ECF No. 100 at 34-35.

**SECTION 1983 EQUAL PROTECTION/SELECTIVE ENFORCEMENT**[22]

DeCastro claims Bourque and Torrey selectively enforced the law again him.

To prevail on an equal protection selective enforcement claim, the plaintiff must show that the defendants Bourque and Torrey:

1. Took action that had a discriminatory effect on DeCastro,
2. were motivated by a discriminatory purpose, and
3. did not subject similarly situation individuals to similar enforcement action.[23]

In this case, DeCastro asserts he was selectively arrested due to his exercising of his First Amendment rights to use offensive language against the officers and film them. [24]

To show discriminatory purpose, DeCastro must show defendants Bourque and Torrey enforced the law against him based on the exercise of his constitutional rights and other individuals exercising their First Amendment rights were not subjected to arrest.

If DeCastro establishes each of the foregoing elements, the burden shifts to the Defendants to prove by a preponderance of the evidence the Defendants would have taken the actions in question, even in the absence of any motive to selectively enforce the relevant laws against DeCastro. If you find the Defendants are able to demonstrate this, you must find for the Defendants. If you find the Defendants are not able to demonstrate this, you must find for the Plaintiff.

---

[22] ECF No. 100 at 42

[23] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 917 (9th Cir. 2012).

[24] ECF No. 100 at 42.