**MICHAEL MEE, ESQ.**
Nevada Bar No. 13726
400 S 4th St #500
Las Vegas, NV 89101
(702) 990-0190
mmee@defenselawyervegas.com
*Attorney for Plaintiff Jose DeCastro*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE DECASTRO,

Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; STATE OF NEVADA;
BRANDEN BOURQUE; JASON TORREY; C.
DINGLE; B. SORENSON; JESSE
SANDOVAL; OFFICER DOOLITTLE and
DOES 1 to 50, inclusive,

Defendants.

Case No.: 2:23-cv-00580-APG-EJY

**PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS**

1

## <u>SECTION 1983 INTRODUCTORY INSTRUCTION</u>

The plaintiff Jose DeCastro brings his claims under the federal statute, 42 U.S.C. § 1983. This statute provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States, is liable to the injured party.[1]

---

[1] Ninth Circuit Manual Model Civil Jury Instruction 9.1 (modified).

## CLAIM AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY[2]

In order to prevail on a claim under 42 U.S.C. § 1983 against an individual defendant, the plaintiff Jose DeCastro must prove each of the following elements by a preponderance of the evidence:

First, the defendant acted under color of state law;

Second, the acts or failures to act of the defendant deprived Jose DeCastro of rights secured by the United States Constitution, as explained in later instructions; and

Third, the defendant's conduct was an actual cause of the claimed injury.

A person acts under color of state law when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that each defendant in this case acted under color of state law at all relevant times.

A defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred but for that conduct, and the conduct had a sufficient connection to the result.

If you find that Jose DeCastro has proved each of these elements, and if you further find that he has proved all elements required under the instructions addressing the specific constitutional rights at issue, your verdict should be for Jose DeCastro and against that defendant.

If, however, you find that Jose DeCastro has failed to prove any one or more of these elements as to a particular defendant, your verdict should be for that defendant.

---

[2] Ninth Circuit Model Civil Jury Instruction 9.3 (modified).

### § 1983 FAILURE TO INTERVENE

DeCastro claims that Borque, Dingle, Doolittle, and Sorsenson failed to intervene to stop defendant Sandoval from engaging in conduct which violated the constitutional rights of DeCastro.

If an officer fails to intervene, the right violated by the defendant that fails to intervene is the same as the right violated by the person who performed the offending action.

An officer who fails to intervene when a colleague violate the rights of the Plaintiff is responsible for

In order to prevail on this claim DeCastro must establish, upon a preponderance of the evidence, that:

1. Sandoval engaged in conduct which violated the constitutional rights of DeCastro by use of excessive force.

2. Defendants Borque, Dingle, Doolittle, and/or Sorensen were aware of a need to intervene.

3. Those officers had a reasonable opportunity to intervene.

4. They failed to intervene.

5. This failure to intervene enabled the rights violation against DeCastro to occur or continue, constituting injury.

*Hernandez v. Hodges*, No. 20-CV-01183-AGT, 2023 WL 5336856, at *5–6 (N.D. Cal. Aug. 17, 2023).

**FIRST AMENDMENT CITIZEN'S RIGHTS[3]**

As previously explained, DeCastro bears the burden of proving that the acts of the defendant deprived him of rights secured by the United States Constitution.

Under the First Amendment, a citizen has the right to engage in protected expression, to petition the government for redress of grievances, and to access the courts. To establish that a defendant deprived DeCastro of his First Amendment rights, DeCastro must prove by a preponderance of the evidence that:

First, DeCastro was engaged in activity protected by the First Amendment.

Second, the defendant took action against DeCastro that would chill a person of ordinary firmness from continuing to engage in that protected activity.

Third, DeCastro's protected activity was a substantial or motivating factor in the defendant's conduct.

A substantial or motivating factor is a significant factor, though it need not be the only factor motivating the defendant's conduct.

If DeCastro establishes each of these elements, the burden shifts to the defendant to prove by a preponderance of the evidence that he would have taken the same action even in the absence of any retaliatory motive.

---

[3] Ninth Circuit Jury Instruction 9.11 (modified).

## **FIRST AMENDMENT RIGHTS – FILMING**

The constitutional right to film public officials has been firmly established by the federal courts.

Although not unqualified, a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment

Videotaping of public officials, including law enforcement officers, is an exercise of protected first Amendment liberties.

*Glik v. Cunniffe*, 655 F.3d 78, 79 (1st Cir. 2011).

6

## <u>FIRST AMENDMENT RIGHTS – NEWS AND MEDIA</u>

Under the First Amendment to the United States Constitution, a citizen has the right to gather news and information from any source by means that are lawful. This includes the right to observe, record, and document the actions of public officials when they are performing their duties in public places, so long as the citizen does not interfere with those duties.

The First Amendment protects the free discussion of governmental affairs and safeguards the right to gather information about what public officials do on public property. This protection extends to recording matters of public interest, including the conduct of law enforcement officers engaged in their official responsibilities in public.

A citizen's recording or observation of public officials, standing alone, does not constitute obstruction. Conduct constitutes obstruction only if it involves fighting words, physical interference, blocking an officer's lawful pathway, or fleeing from an officer. If none of these circumstances are present, the conduct does not amount to obstruction under the law.

Houchins v. KQED, Inc., 438 U.S. 1, 11, 98 S. Ct. 2588, 57L. Ed. 2d 553 (1978); Mills v. Alabama, 384 U.S. 214, 218, 86 S. Ct.1434, 16 L. Ed. 2d 484 (1966). Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

## NEVADA LAW – OBSTRUCTION – NRS 197.190;  NRS  171.1233

NRS 197.190 prohibits only physical conduct and fighting words that hinder, delay, or obstruct a public officer in the discharge of official duties or powers.

As such, law enforcement has no discretion to arrest persons for protected speech or for physical conduct that is merely annoying or offensive.

NRS 171.1233(2)(a) specifically allows for filming of police activities, stating a "peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by: (a) Intentionally preventing or attempting to prevent the person from recording a law enforcement activity."

NRS 197.190

NRS  171.1233

## **OFFENSIVE OR ANNOYING CONDUCT PROTECTED**

Speech that is provocative, challenging, offensive, or annoying is not, by itself, outside the protection of the First Amendment. The First Amendment protects verbal criticism, questioning, and expressive conduct directed at law enforcement officers, so long as the speech does not constitute unprotected conduct under the law.

A citizen's use of offensive or challenging language toward a police officer does not alone justify criminal liability. Such expression remains protected unless it crosses into unprotected categories such as fighting words, physical interference, or other conduct not safeguarded by the Constitution.

The First Amendment permits reasonable time, place, and manner restrictions on protected activity. In evaluating whether a restriction is lawful, you may consider the location of the interaction, the nature of the setting, the time of day, and whether the officer's lawful duties were materially hindered.

An interaction occurring in a public place, during daylight hours, and in an open area such as a parking lot, does not implicate a reasonable expectation of privacy for those involved. A citizen's recording of police activity in such a setting is protected, provided the citizen does not interfere with the officer's ability to perform lawful duties.

City of Houston v. Hill, 482 U.S. 451,461, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987). Glik v. Cunniffe, 655 F. 3rd 78 (2011). Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op. 7 (Nev. App. 2024).

9

Respectfully submitted this 3rd day of February, 2026.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
*Counsel for Plaintiff*

<u>**CERTFICIATE OF SERVICE**</u>

      I, the undersigned, hereby certify that a true and correct copy of the foregoing Plaintiff's Statement of the Case was served upon those parties registered to receive electronic service in the above-captioned matter.

Respectfully submitted this 3rd day of February, 2026.

<u>**/s/ Michael Mee, Esq.**</u>
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
*Counsel for Plaintiff*
