**MICHAEL MEE, ESQ.**
Nevada Bar No. 13726
400 S 4th St #500
Las Vegas, NV 89101
(702) 990-0190
mmee@defenselawyervegas.com
*Attorney for Plaintiff Jose DeCastro*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-00580-APG-EJY <br><br><br> **PLAINTIFF'S PRETRIAL BRIEF** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

This case concerns an arrest and use of force that Plaintiff contends were driven by retaliation for protected recording and speech, rather than by any legitimate law enforcement need. Plaintiff will present evidence that he recorded police activity in a public parking lot from a nonthreatening position, complied with directives to create space, and did not physically hinder any lawful police duty. Plaintiff further will present evidence that, after he was detained and handcuffed, officers applied force and pain compliance despite his cooperation and despite notice of a prior shoulder injury, including prolonged ulnar nerve pressure and a deliberate strike to the groin.

Plaintiff was operating in a capacity as an independent journalist protected by the First Amendment. Plaintiff does not seek special "press" privileges. Plaintiff will offer evidence of what he said and did, and why that conduct was lawful and protected.

II.   **CLAIMS AND ELEMENTS TO BE TRIED**

Based on the Court's prior orders, the claims for trial include: state law false arrest and unlawful search incident to arrest against Bourque; state law invasion of privacy; Section 1983 excessive force and state law battery/excessive force against Bourque and Sandoval; Section 1983 failure to intervene against Bourque, Dingle, Sorenson, and Doolittle; Section 1983 First Amendment retaliation and parallel Nevada free speech claim against Bourque and Torrey; and Section 1983 selective enforcement against Bourque and Torrey.

III.   **CORE FACT DISPUTES THE JURY MUST RESOLVE**

The central disputes are straightforward. First, probable cause. Plaintiff will present evidence that he did not willfully hinder, delay, or obstruct within the meaning of NRS 197.190, and did not physically resist arrest within NRS 199.280, and that any commands he was given

2

were either complied with or were not lawful time, place, and manner restrictions supported by the circumstances. Defendants contend Plaintiff refused lawful orders, prolonged the stop, and physically resisted. As there will be shown that probable cause did not exist, the defendants actions in all of the above respects were unlawful.

Second, retaliation. Plaintiff will present evidence that the arrest decision was substantially motivated by filming and speech, including disparate treatment as compared to other nearby individuals who were not filming or criticizing, and that the asserted "privacy" justification was pretextual in the setting of a public parking lot. Defendants contend the arrest was based on obstruction and resistance, and that probable cause defeats retaliation.

Third, Plaintiff will present evidence that once detained, surrounded by multiple officers, and handcuffed, he posed no immediate threat and did not actively resist, yet was subjected to prolonged pain compliance and a deliberate groin strike, causing pain and suffering and harming the defendant's arm and elbow, and that one or more officers had sufficient time and proximity to stop it. Defendants deny the force was excessive and contest whether any bystander officer had a meaningful opportunity to intervene.

### IV.    APPLICABLE LEGAL PRINCIPLES IN DISPUTE AT TRIAL

The First Amendment protects recording police officers performing their duties in public places, subject to reasonable time, place, and manner limitations. The constitutional right to film public officials has been firmly established by the federal courts. Although not unqualified, a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment Videotaping of public officials, including law enforcement officers, is an exercise of protected first Amendment liberties. *Glik v. Cunniffe*, 655 F.3d 78, 79 (1st Cir. 2011).

Under the First Amendment to the United States Constitution, a citizen has the right to gather news and information from any source by means that are lawful. This includes the right to observe, record, and document the actions of public officials when they are performing their duties in public places, so long as the citizen does not interfere with those duties.

The First Amendment protects the free discussion of governmental affairs and safeguards the right to gather information about what public officials do on public property. This protection extends to recording matters of public interest, including the conduct of law enforcement officers engaged in their official responsibilities in public.

A citizen's recording or observation of public officials, standing alone, does not constitute obstruction. Conduct constitutes obstruction only if it involves fighting words, physical interference, blocking an officer's lawful pathway, or fleeing from an officer. If none of these circumstances are present, the conduct does not amount to obstruction under the law. *See* Houchins v. KQED, Inc., 438 U.S. 1, 11, 98 S. Ct. 2588, 57L. Ed. 2d 553 (1978); Mills v. Alabama, 384 U.S. 214, 218, 86 S. Ct.1434, 16 L. Ed. 2d 484 (1966). Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

NRS 197.190 prohibits only physical conduct and fighting words that hinder, delay, or obstruct a public officer in the discharge of official duties or powers. As such, law enforcement has no discretion to arrest persons for protected speech or for physical conduct that is merely annoying or offensive.

NRS 171.1233(2)(a) specifically allows for filming of police activities, stating a "peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by: (a) Intentionally preventing or attempting to prevent the person from recording a law enforcement activity."

Speech that is provocative, challenging, offensive, or annoying is not, by itself, outside the protection of the First Amendment. The First Amendment protects verbal criticism, questioning, and expressive conduct directed at law enforcement officers, so long as the speech does not constitute unprotected conduct under the law.

A citizen's use of offensive or challenging language toward a police officer does not alone justify criminal liability. Such expression remains protected unless it crosses into unprotected categories such as fighting words, physical interference, or other conduct not safeguarded by the Constitution.

The First Amendment permits reasonable time, place, and manner restrictions on protected activity. In evaluating whether a restriction is lawful, you may consider the location of the interaction, the nature of the setting, the time of day, and whether the officer's lawful duties were materially hindered.

An interaction occurring in a public place, during daylight hours, and in an open area such as a parking lot, does not implicate a reasonable expectation of privacy for those involved. A citizen's recording of police activity in such a setting is protected, provided the citizen does not interfere with the officer's ability to perform lawful duties.

Dated this 3rd day of February, 2026.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
*Counsel for Plaintiff*

**CERTFICIATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Pretrial Brief was served upon those parties registered to receive electronic service in the above-captioned matter.

Dated this 3rd day of February, 2026.

**/s/ Michael Mee, Esq.**
MICHAEL MEE, ESQ.
Nevada Bar #: 13726
attorneymichaelmee@gmail.com
*Counsel for Plaintiff*