# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE DECASTRO,

     Plaintiff

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

     Defendants

Case No.: 2:23-cv-00580-APG-EJY

**Jury Instructions**



## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to
instruct you on the law that applies to this case. You may take your copy of these instructions
with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will
apply the law as I give it to you. You must follow the law as I give it to you whether you agree
with it or not. And you must not be influenced by any personal likes or dislikes, opinions,
prejudices, or sympathy. That means that you must decide the case solely on the evidence before
you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or
done that I have an opinion regarding the evidence or what your verdict should be. I have not
expressed, nor intended to express, any opinion as to which witnesses are or are not worthy of
belief, what facts are or are not established, or what inferences should be drawn from the

1  evidence.  If anything I have said or done has seemed to indicate an opinion relating to any of

2  these matters, I instruct you to disregard it.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## CLAIMS AND DEFENSES

To help you follow the remaining instructions, I will give you a summary of the parties' positions:

The plaintiff in this case is Jose DeCastro. On March 15, 2023, DeCastro was arrested for two misdemeanors: obstructing a public officer and resisting arrest. DeCastro claims he should not have been arrested because his conduct was protected by the First Amendment.

The defendants in this case are the Las Vegas Metropolitan Police Department and six of its police officers: Branden Bourque, Erland Jason Torrey, Chadly Dingle, Brandon Sorenson, Jesse Sandoval, and Clinton Doolittle. DeCastro contends the defendants arrested him without probable cause, used excessive force against him, and retaliated against him based on his exercise of his First Amendment rights. DeCastro claims he suffered damages as a result.

DeCastro asserts six kinds of claims under both federal and Nevada law: (1) state law false arrest and unlawful search and seizure, (2) state law invasion of privacy, (3) 42 U.S.C. § 1983 excessive force and state law battery, (4) 42 U.S.C. § 1983 failure to intervene, (5) 42 U.S.C. § 1983 First Amendment Retaliation and state law free speech, and (6) 42 U.S.C. § 1983 selective enforcement. DeCastro has the burden of proving these claims by a preponderance of the evidence.

The defendants deny they did anything wrong in their interactions with DeCastro and therefore deny they are liable for DeCastro's claims.

8

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

Some of DeCastro's claims are asserted against only one or two defendants and some are asserted against all of the defendants.  You must decide each claim as to each party separately.  Unless otherwise stated, these instructions apply to all parties.

1

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

2       When a party has the burden of proving a claim by a preponderance of the evidence, it

3 means you must be persuaded by the evidence that the claim is more probably true than not true.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## FALSE ARREST UNDER NEVADA LAW

DeCastro claims Bourque falsely arrested him under Nevada state law.

In general, an arrest of a person without a warrant is reasonable if the arresting officer had probable cause to believe the person has committed or was committing a crime. Thus, to prevail on his claim of false arrest, DeCastro must prove by a preponderance of the evidence that Bourque arrested him without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the person has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry of whether Bourque had probable cause for the arrest.

Under Nevada state law, it is a crime:

1. To willfully hinder, delay, or obstruct any public officer in the discharge of official powers or duties; or

2. For a person who willfully resists, delays, or obstructs a public officer in discharging or attempting to discharge any legal duty of his or her office.

UNLAWFUL SEARCH AND SEIZURE/INVASION OF PRIVACY UNDER NEVADA LAW

DeCastro claims Bourque invaded his privacy by unlawfully searching him and seizing his belongings after he was arrested.

In general, a search of a person is unreasonable if the search is not authorized by a search warrant. Under an exception to this rule, a search warrant is not required, and a search is reasonable, if the search is incident to a lawful arrest. As I instructed you earlier, an arrest is lawful if the officer had probable cause.

A search is "incident to" a lawful arrest if:

1. It occurs roughly contemporaneously with the arrest, that is, at the same time or shortly after the arrest and without any intervening events separating the search from the arrest; and

2. It is limited to a reasonable search of the person arrested and to the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence at the time of the search.

To prevail on this claim, DeCastro must prove by a preponderance of the evidence that.

1. the search was not incident to a lawful arrest; and

2. Bourque caused an intentional intrusion, physical or otherwise,

    a. Into a private place where DeCastro had a reasonable expectation of privacy,

    b. That would be highly offensive to a reasonable person.

## SECTION 1983 INTRODUCTORY INSTRUCTION

DeCastro brings some of his claims under a federal statute known as 42 U.S.C. § 1983, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Several types of claims can be brought under this statute. As I will explain next, DeCastro must prove both the elements of a § 1983 claim in general and the elements of the specific constitutional claim brought under § 1983.

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY

To prevail on any of his § 1983 claims against Bourque, Torrey, Dingle, Sorenson, Sandoval, or Doolittle, DeCastro must prove each of the following elements by a preponderance of the evidence:

First, the defendant acted under color of state law; and

Second, the defendant's acts or failures to act deprived DeCastro of particular rights secured by United States Constitution as explained in later instructions; and

Third, the defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Bourque, Torrey, Dingle, Sorenson, Sandoval, and Doolittle acted under color of state law so you must accept that as proven.

A defendant's conduct is an actual cause of an injury only if the injury would not have occurred "but for" that conduct, and the conduct has a sufficient connection to the result.

If you find DeCastro has proven each of these elements, and if you further find DeCastro has proven all the elements required under the later instructions addressing the specific constitutional claims, your verdict should be for DeCastro and against that defendant. If, on the other hand, you find DeCastro has failed to prove any one or more of these elements, your verdict should be for that defendant.

## SECTION 1983 EXCESSIVE FORCE CLAIM

DeCastro alleges Bourque and Sandoval deprived him of the right under the Fourth Amendment to the U.S. Constitution to be free from an unreasonable seizure. An unreasonable seizure under the Fourth Amendment occurs if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, to establish an unreasonable seizure in this case, DeCastro must prove by a preponderance of the evidence that Bourque and Sandoval used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

You must decide whether Bourque used excessive force when he allegedly struck DeCastro while patting him down after DeCastro had been handcuffed. Separately, you must also decide whether Sandoval used excessive force when he allegedly squeezed DeCastro's arm and/or applied pressure to DeCastro's left shoulder while DeCastro was handcuffed.

In determining whether Bourque and Sandoval used excessive force, you are to consider the totality of the circumstances known to the officers on the scene, including:

1. The nature of the crime or other circumstances known to the officers at the time the force was applied;

2. Whether DeCastro posed an immediate threat at the time force was applied;

3. Whether DeCastro was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of DeCastro's injuries;

7. Any effort made by the officers to temper or to limit the amount of force;

8. The availability of alternative methods to take DeCastro into custody;

9. The number of lives at risk and the parties' relative culpability i.e., which party created the dangerous situation, and which party is more innocent; and

10. Whether a reasonable officer would have or should have accurately perceived a mistaken fact.

## BATTERY UNDER NEVADA LAW

DeCastro also brings a battery claim against Bourque and Sandoval under Nevada law. In Nevada, the standard for battery by a police officer is identical to the standard for a federal Fourth Amendment excessive force claim: a police officer is liable for battery if the level of force used exceeds that which is objectively reasonable under the totality of the circumstances. In other words, the same analysis will apply to the state law battery claims as to the federal excessive force claims. On the verdict form, you will answer the excessive force and battery questions together.

## SECTION 1983 FAILURE TO INTERVENE – EXCESSIVE FORCE

DeCastro claims Bourque, Dingle, Doolittle, and Sorenson failed to intervene and stop Sandoval from using excessive force. Police officers have a general duty to intervene when their fellow officers violate the constitutional rights of a suspect or other citizen. To prevail on this claim, DeCastro must prove by a preponderance of the evidence that:

1. Sandoval used excessive force against him;

2. Bourque, Dingle, Doolittle, and/or Sorenson were aware that Sandoval was using excessive force against DeCastro;

3. Bourque, Dingle, Doolittle, and/or Sorenson had a realistic opportunity to intervene;

4. Bourque, Dingle, Doolittle, and Sorenson failed to intervene and

5. DeCastro was injured as a result.

## SECTION 1983 FIRST AMENDMENT FREE SPEECH RETALIATION

Under the First Amendment, a citizen has the rights to free speech and expression. DeCastro alleges Bourque deprived him of the First Amendment rights to film police encounters and to criticize police by arresting him in retaliation for exercising those rights.

To establish that Bourque deprived DeCastro of his First Amendment rights, DeCastro must prove the following additional elements by a preponderance of the evidence:

1. DeCastro was engaged in an activity protected by the First Amendment;

2. Bourque's actions against DeCastro would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. DeCastro's protected activity was a substantial or motivating factor in Bourque's conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

A First Amendment retaliation claim is barred if the arresting officer had probable cause to arrest for an underlying crime unless DeCastro presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech are typically not arrested.

If DeCastro establishes each of these elements, the burden shifts to Bourque to prove by a preponderance of the evidence that he would have taken the action in question, even in the absence of any motive to retaliate against DeCastro. If you find that Bourque has proven this, you must find for Bourque. If you find that Bourque has not proven this, you must find for DeCastro.

## SECTION 1983 FIRST AMENDMENT RIGHTS – FILMING

Videotaping of public officials, including law enforcement officers, is a protected First Amendment right. However, reasonable restrictions on the exercise of the right to film may be imposed when the circumstances justify them. A police officer, while performing his duties, can impose reasonable restrictions if the individual filming is interfering, or is about to interfere, with the officer's official duties. Police officers have a legitimate interest in enforcing the law free from possible interference or interruption from bystanders.

A citizen's recording or observation of public officials, standing alone, does not constitute obstruction. Conduct constitutes obstruction only if it involves physical conduct or fighting words. However, obstruction does not require the use of force or violence. A person's action such as blocking the path of an officer or refusing to obey a lawful order may constitute physical conduct that hinders, delays, or obstructs an officer.

<u>SECTION 1983 FIRST AMENDMENT RIGHTS – OFFENSIVE OR ANNOYING CONDUCT</u>

<u>PROTECTED</u>

The First Amendment protects verbal criticism, questioning, and expressive conduct directed at law enforcement officers, so long as the speech does not constitute unprotected conduct under the law.  Thus, speech that is provocative, challenging, offensive, or annoying is not, by itself, outside the protection of the First Amendment.

## FREE SPEECH UNDER NEVADA LAW

DeCastro also brings a free speech claim under Nevada law.  In Nevada, the standard for violation of a free speech right by a police officer is identical to the standard for a federal First Amendment free speech claim.  In other words, the same analysis will apply to the state law free speech claims as to the federal free speech claims.  On the verdict form, you will answer the free speech claims questions together.

Nevada law states that a "peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by. . . [i]ntentionally preventing or attempting to prevent the person from recording a law enforcement activity."

## SECTION 1983 SELECTIVE ENFORCEMENT

DeCastro claims Bourque selectively enforced the law again him. Specifically, he asserts he was selectively arrested for exercising his First Amendment rights to use offensive language against the officers and to film them.

To prevail on a selective enforcement claim, DeCastro must show that Bourque:

1.  Took action that had a discriminatory effect on DeCastro,

2.  Was motivated by a discriminatory purpose, and

3.  Did not subject similarly situated individuals to similar enforcement action.

To show discriminatory purpose, DeCastro must show that Bourque enforced the law against him based on the exercise of his constitutional rights.

## SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY

DeCastro claims Torrey failed to intervene and stop Bourque from arresting DeCastro in retaliation for protected speech, and that Torrey failed to intervene and stop Bourque from selectively enforcing the law against DeCastro because he was exercising his First Amendment rights.

To prevail on his § 1983 claim against Torrey, DeCastro must prove by a preponderance of the evidence that:

1. Torrey acted under color of state law;

2. Bourque's acts deprived DeCastro of particular rights under the United States Constitution as explained in these instructions;

3. Torrey directed or ratified Bourque's acts that deprived DeCastro of these rights; and

4. Torrey's conduct was so closely related to the deprivation of DeCastro's rights as to ratify Bourque's conduct that caused the ultimate injury.

If you find DeCastro has proven each of these elements, and if you find that DeCastro has proven all the elements he is required to prove for the claims of: (1) SECTION 1983 FIRST AMENDMENT FREE SPEECH RETALIATION; or (2) SECTION 1983 SELECTIVE ENFORCEMENT, your verdict must be for DeCastro. If, on the other hand, you find that DeCastro has failed to prove any of these elements, your verdict must be for Torrey.

24

## DAMAGES

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

A party seeking damages has the burden of proving both that they did, in fact, suffer injury and the amount of damages that resulted from that injury. It is for you to determine what damages, if any, have been proven. Your award must be based upon evidence and not upon speculation, guesswork, sympathy, or conjecture. The amount of damages need not be proven with mathematical exactitude, but the party seeking damages must provide an evidentiary basis for determining a reasonably accurate amount of damages. Damages must be sufficiently concrete, and cannot be indefinite, speculative, or uncertain.

If you believe any portion of the damages sought by DeCastro is speculative, indefinite or uncertain, he is not entitled to those damages. However, absolute certainty as to the damages is not required. It is only required that DeCastro prove each item of damage by a preponderance of the evidence. If evidence establishes that DeCastro did, in fact, suffer injury, some uncertainty as to the amount of damages is permissible.

Testimony that constitutes speculation not supported by evidence is not sufficient to provide the required evidentiary basis for determining a reasonably accurate award of damage.

There can only be one recovery of damages for one wrong or injury. A plaintiff may not recover damages more than once for the same injury simply because he has multiple legal theories or asserts claims against multiple defendants.

## NOMINAL DAMAGES

If you find for DeCastro on any of his § 1983 claims, but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

<u>PUNITIVE DAMAGES</u>

If you find for DeCastro, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

DeCastro has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed DeCastro was malicious, oppressive, or in reckless disregard of his rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring DeCastro. Conduct is in reckless disregard of DeCastro's rights if, under the circumstances, it reflects complete indifference to his safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate DeCastro's rights. An act or omission is oppressive if the defendant injures or damages or otherwise violates DeCastro's rights with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness, disability, or misfortune of DeCastro.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed DeCastro was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than DeCastro in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on DeCastro.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## CLOSING INSTRUCTIONS

When you begin your deliberations, elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement, if you can. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, and discussed it fully with your fellow jurors, listening to their views.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after making your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a unanimous verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If during your deliberations you need to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing or here in open court. If you send me a question, I will

consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you until after you have reached a unanimous verdict or have been discharged.

DATED: February 12, 2026

_____

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE