**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
   Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
   Sorenson, Ofc. Sandoval and Ofc. Doolittle

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                          Plaintiff,<br><br>        vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                          Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**LVMPD DEFENDANTS' MOTION FOR ATTORNEY FEES** |

Pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988, the LVMPD Defendants, by and through their counsel of record, Marquis Aurbach, hereby move for an award of reasonable attorneys' fees and related nontaxable expenses against Plaintiff Jose DeCastro. This motion is based on the following Memorandum of Points and Authorities, the papers and pleadings on file, and any oral argument heard by this Court.

Dated this 4th day of March, 2026.

MARQUIS AURBACH

By *s/Craig R. Anderson*
      Craig R. Anderson, Esq.
      Nevada Bar No. 6882
      Attorney for LVMPD Defendants

MAC: 14687-456 (#6262373.1)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3      On March 15, 2023, plaintiff Jose DeCastro ("DeCastro") interrupted a police traffic

4  stop while livestreaming on his YouTube channel with his sole goal to get arrested so he

5  could sue the officer. After accomplishing his goal of getting arrested for obstructing and

6  resisting, DeCastro posted several YouTube videos essentially admitting to both obstructing

7  defendant Brandon Bourque ("Bourque") and resisting him. Despite his admissions, he

8  followed through on his goal of suing Bourque and other involved officers by filing this §

9  1983 lawsuit.

10     From February 9, 2026 through February 13, 2026, the parties conducted a jury trial

11  on Plaintiff's 42 U.S.C. § 1983 and state law claims against LVMPD Defendants. On

12  February 13, 2026, the jury reached a unanimous verdict in favor of the LVMPD Defendants

13  on all of Plaintiff's claims, awarding Plaintiff $0 in damages. Judgment was entered on

14  February 19, 2026. LVMPD Defendants are therefore prevailing parties in this matter.

15     Although defendants believe all of DeCastro's claims were frivolous, two of his

16  claims were particularly egregious. First, DeCastro alleged excessive force against

17  defendant Sandoval for allegedly punching him in the groin. During discovery DeCastro

18  posted numerous videos slandering Sandoval and even filed a Second Amended Complaint

19  ("SAC") under the penalty of perjury identifying Sandoval as the abuser. However, at trial

20  DeCastro admitted he lied in his SAC and his videos and now claimed Sandoval never

21  punched him in the groin, but claimed Bourque did. The jury found no one punched

22  DeCastro. Second, DeCastro alleged Bourque and defendant Torrey selectively enforced the

23  law against him. Trial revealed DeCastro never had any supporting evidence. Because

24  DeCastro knew these claims were false, yet he pursued them through the end, the

25  defendants, pursuant to 42 U.S.C. § 1988, LVMPD Defendants are therefore entitled to

26  reasonable attorneys' fees attributable to defending against these frivolous claims.

27

28

Page 2 of 14

*Left margin:*
MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## II.    PROCEDURAL POSTURE AND PREVAILING PARTY STATUS

On April 7, 2023, DeCastro filed his Complaint in this matter, which he subsequently amended on May 7, 2023, and again on November 27, 2023, when he filed his Second Amended Complaint (ECF No. 61) ("SAC"). The SAC asserted fifteen causes of action against LVMPD and the individual officers, including claims for false arrest, unreasonable search and seizure, excessive force, First Amendment retaliation, selective enforcement, and various state law claims.

The LVMPD Defendants filed a Motion for Summary Judgment on June 14, 2024 (ECF No. 86). On September 12, 2024, this Court issued its Order granting in part and denying in part LVMPD Defendants' motion (ECF No. 100). The Court dismissed numerous claims on summary judgment but allowed certain claims to proceed to trial. The LVMPD Defendants filed a Second Motion for Summary Judgment on October 4, 2024 (ECF No. 102), which was denied on April 24, 2025 (ECF No. 109).

The following claims and legal theories proceeded to trial: (1) state law false arrest under Nevada state law: (2) unlawful search and seizure under Nevada state law; (3) excessive force / battery under 42 U.S.C. § 1983 and Nevada state law against Officer Bourque (4) excessive force / battery under 42 U.S.C. § 1983 and Nevada state law against Officer Sandoval; (5) failure to intervene under 42 U.S.C. § 1983 against Officers Bourque, Dingle, Doolittle, and Sorenson; (6) First Amendment retaliation under 42 U.S.C. § 1983 and Nevada state law against Officers Bourque and Torrey; and (7) selective enforcement under 42 U.S.C. § 1983 and Nevada state law against Officers Bourque and Torrey.

The jury trial was conducted from February 9, 2026 through February 13, 2026. The jury returned a unanimous verdict in favor of the LVMPD Defendants on every claim. Plaintiff was awarded $0 in damages. Judgment in favor of LVMPD Defendants was entered on February 19, 2026. (ECF No. 158). Because LVMPD Defendants prevailed on all claims against them, they are the prevailing parties entitled to seek their attorneys' fees under 42 U.S.C. § 1988.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

III.    **LEGAL STANDARD**

    A.    **LEGAL STANDARD FOR AN AWARD OF ATTORNEYS FEES TO A PREVAILING DEFENDANT IN A § 1983 ACTION.**

According to 42 U.S.C. § 1988, a prevailing party may recover their fees in a 42 U.S.C. § 1983 case. Specifically, the statute reads:

> In any action or proceeding to enforce a provision of . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney fee as part of the cost.

A prevailing defendant in a civil rights action may recover attorney fees "when the suit is vexatious, frivolous, or brought to harass or embarrass defendants," *Hensley v. Eckerhart,* 461 U.S. 424, 429 n.2 (1983), or "unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). There are many instances in which the Ninth Circuit has upheld attorney fee awards to prevailing defendants under 42 U.S.C. § 1988 where the plaintiffs' actions were frivolous, meritless or groundless.

The following cases address issues where the plaintiff failed to produce evidence and knew their claims were not legally supported. *See Franceschi v. Schwartz,* 57 F.3d 828, 832 (9th Cir. 1995) (fee award to defendants where plaintiff "utterly failed to meet his [evidentiary] burden"); *Price v. State of Hawaii,* 939 F.2d 702, 709 (9th Cir. 1991) (fee award to defendants where plaintiffs' claims lacked factual basis); *Margolis v. Ryan,* 140 F.3d 850, 854 (9th Cir. 1998) (fee award to defendants where "reasonable inquiry into applicable facts and law would have shown insufficiency in claim as a matter of law"); *Patton v. County of Kings,* 857 F.2d 1379, 1381-82 (9th Cir. 1998) (fee award to defendants where plaintiffs' claims were frivolous and not legally supported). Courts are permitted to award attorney fees to prevailing defendants under 42 U.S.C. § 1988 only "in exceptional circumstances." *See Harris,* 631 F.3d at 971; *Barry,* 902 F.2d at 773 (9th Cir. 1990).

A defendant is entitled to "the amount of attorney fees attributable exclusively to" a plaintiff's frivolous claims. *Harris,* 631 F.3d at 971 (citations omitted). In *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055 (9th Cir.2006), the Ninth Circuit held that fees are warranted where the plaintiff "knew or should have known that [a] claim was frivolous from

MAC: 14687-456 (#6262373.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the outset of the litigation," applying this standard on a claim-by-claim basis. In applying the *Tutor-Saliba* framework, district courts have awarded fees to defendants for defending against claims which were frivolous from the outset of the litigation, even if not all of the plaintiff's claims were frivolous. *See Wal-Mart Stores, Inc. v. City of Turlock*, 483 F. Supp. 2d 1023 (E.D. Cal. 2007).

Bad faith is not a prerequisite for the Court to award attorney's fees to defendants in a 42 U.S.C. 1983 action; however, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense. *See Christiansburg*, 434 U.S. at 422.

**B.    LEGAL STANDARD FOR AN AWARD OF REASONABLE ATTORNEY'S FEES.**

To determine what qualifies as reasonable attorney's fees, the Ninth Circuit has adopted the twelve Lodestar Factors as "guidelines [and] as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees:"

(1) the time and labor required,

(2) the novelty and difficulty of the questions involved,

(3) the skill requisite to perform the legal service properly,

(4) the preclusion of other employment by the attorney due to acceptance of the case,

(5) the customary fee,

(6) whether the fee is fixed or contingent,

(7) time limitations imposed by the client or the circumstances,

(8) the amount involved and the results obtained,

(9) the experience, reputation, and ability of the attorneys,

(10) the "undesirability" of the case,

(11) the nature and length of the professional relationship with the client, and

(12) awards in similar cases.

MAC: 14687-456 (#6262373.1)

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 71 (9th Cir.1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

The lodestar method is the required starting point for determining the reasonableness of a fee award and is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (*citing Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "[T]here is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotation omitted).

## IV.    LEGAL ARGUMENT

### A.    PLAINTIFF KNEW HIS CLAIM FOR EXCESSIVE FORCE BASED UPON THE ALLEGED GROIN STRIKE AND CLAIM FOR SELECTIVE ENFORCEMENT CLAIM WERE FRIVOLOUS AND CONTINUED TO LITIGATE HIS MERITLESS CLAIMS DESPITE THIS KNOWLEDGE.

#### 1.    The Groin Strike Excessive Force Claim.

DeCastro's excessive force claim based upon an alleged groin strike was frivolous from the outset. In his Second Amended Complaint, DeCastro alleged Officer Sandoval struck him in the groin. Specifically, in paragraph 62 of the SAC, DeCastro alleged:

> Sandoval said that Plaintiff needed to be patted down again. Plaintiff protested that he'd already been patted down by two officers. Sandoval then spread Plaintiff's legs uncomfortably wide and purposely and maliciously, and with significant force, struck Plaintiff in the testicles with what felt like a closed fist. Plaintiff yelled in pain, "I can't believe you just hit me in the nuts!"

(ECF No. 61 at ¶ 62). DeCastro signed the Second Amended Complaint under penalty of perjury. (ECF No. 61 at pgs. 33-34).

There is one critical problem with DeCastro's allegation: the body worn camera footage in this case - which DeCastro had full access to at the time he filed the SAC - shows

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6262373.1)

1    this alleged groin strike by Sandoval simply did not happen. DeCastro had already been

2    patted down by Officers Bourque and Dingle. While Bourque patted DeCastro down for

3    weapons, DeCastro stated "now you just hit me in the dick," and similar comments claiming

4    that Bourque struck DeCastro in the genital area for "no reason." (ECF No. 100 at 7).

5    However, DeCastro did not flinch, and the video does not support the notion that he was

6    gratuitously hit in the groin.

7        This Court's summary judgment order allowed the excessive force claim based on

8    the alleged groin strike to proceed - but against Bourque, not Sandoval, because the video

9    shows Bourque conducting the pat-down. (ECF No. 100 at 29-31). The Court noted "the

10   video does not clearly capture the alleged groin strike such that [the Court] could rule as a

11   matter of law that the force Bourque used was reasonable." (*Id.* at 30). Yet DeCastro had

12   specifically alleged in his verified complaint Sandoval was the one who struck him - not

13   Bourque.

14       After the Court allowed the claim to proceed against Bourque, DeCastro posted a

15   YouTube video again stating it was Sandoval - not Bourque - who hit him in the genitals.

16   (*See* ECF No. 152, Exhibit 521A). At trial, DeCastro testified he had "mistakenly" identified

17   the wrong officer in his SAC, and he had actually meant to allege the groin strike against

18   Bourque. When asked if he had signed the SAC under penalty of perjury, DeCastro invoked

19   his Fifth Amendment right to remain silent.

20       DeCastro's explanation he "mistakenly" named the wrong officer is not credible.

21   The SAC's own language refutes this excuse. Paragraph 62 of the SAC specifically

22   describes a scenario where DeCastro "protested that he'd already been patted down by two

23   officers" before Sandoval allegedly spread his legs and struck him. This description

24   demonstrates DeCastro was not describing Bourque's initial pat-down - he was fabricating a

25   separate incident involving Sandoval. DeCastro knew he had already been patted down by

26   Bourque and Dingle prior to interacting with Sandoval when he wrote this allegation, and he

27

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6262373.1)

still specifically alleged Sandoval conducted another pat-down and struck him in the groin with a closed fist. That never happened.

Moreover, DeCastro had full access to the body worn camera footage at the time he filed the SAC and at the time he posted the YouTube video doubling down on his allegation that Sandoval gratuitously struck him in the genitals. The footage clearly shows who conducted the pat-down. A reasonable inquiry into the facts - or even a cursory review of the footage DeCastro himself was using to build his case - would have revealed Sandoval did not strike him in the groin during a pat-down.

In short, DeCastro fabricated an allegation against Officer Sandoval in his verified complaint, maintained that false allegation for years throughout this litigation, and then attempted to walk it back at trial by claiming he had "mistakenly" identified the wrong officer - an excuse that his own complaint refutes. This claim was frivolous from the outset, and DeCastro knew it. DeCastro either brought this claim in bad faith or failed to make a reasonable inquiry to the facts despite his having access to those facts. Accordingly, an award of attorney's fees incurred as a result of this frivolous claim is warranted.

### 2. The Selective Enforcement Claim.

DeCastro's selective enforcement claim was likewise frivolous. To prevail on his selective enforcement claim under the Fourteenth Amendment's Equal Protection Clause, DeCastro was required to prove that (1) enforcement had a discriminatory effect, and (2) the police were motivated by a discriminatory purpose. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012). To prove a discriminatory effect, the plaintiff "must show that similarly situated individuals . . . were not" subject to the enforcement action. *Id.*

DeCastro alleged in his SAC that LVMPD Defendants "selectively enforced laws against people with white lips, against people with brown skin, against people that expressed criticism towards law enforcement, against those recording police interactions, and against those publicizing information on Police misconduct." (ECF No. 61 at 26). He alleged "similarly situated individuals were not arrested." (*Id.*).

MAC: 14687-456 (#6262373.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    This Court granted summary judgment in favor of all defendants on DeCastro's

2    selective enforcement claim based on the color of his skin or lips, finding "DeCastro has not

3    pointed to evidence from which a reasonable jury could find the officers acted with a

4    discriminatory purpose against people 'with white lips' or 'with brown skin.'" (ECF No. 100

5    at 43). However, the Court allowed the selective enforcement claim to proceed against

6    Officers Bourque and Torrey based on the theory DeCastro was selectively arrested because

7    he was exercising his First Amendment rights. (Id. at 43-44).

8    At trial, DeCastro was required to prove that "similarly situated individuals" who

9    were not engaged in the same protected conduct (filming and criticizing police) were not

10    arrested. DeCastro was unable to present any evidence to support this essential element of

11    his claim. Instead, he relied on still images of other individuals in the parking lot during the

12    subject incident and argued the police treated him selectively by not telling these individuals

13    to back up or arresting them for obstruction.

14    However, none of these other individuals were "similarly situated" to DeCastro. To

15    be similarly situated, DeCastro was required to show at least one other individual: (1)

16    approached the detained driver or interacted with DeCastro while he was being detained; (2)

17    ignored officer commands to step back; and (3) was not arrested. DeCastro could not

18    identify a single individual who even arguably met these criteria.

19    DeCastro knew from the inception of this case he had no evidence of similarly

20    situated individuals who were treated differently. During discovery, DeCastro did not

21    identify any witnesses or evidence capable of showing a discriminatory effect. DeCastro did

22    not identify a single cogent piece of evidence to support his claim similarly situated

23    individuals were treated differently. (See ECF No. 130 at 14). Yet he continued to pursue

24    this claim through trial. DeCastro's selective enforcement claim was frivolous and without

25    evidentiary support from the outset. The Ninth Circuit has held attorneys' fees are

26    appropriate to prevailing defendants when plaintiffs "utterly fail[] to meet [their evidentiary]

27    burden." *Franceschi*, 57 F.3d at 832. That is precisely what occurred here.

28

MAC: 14687-456 (#6262373.1)

**B.    LVMPD DEFENDANTS ARE ENTITLED TO AN AWARD OF THEIR REASONABLE ATTORNEYS' FEES.**

**1.    Itemization of and description of work performed.**

LVMPD Defendants seek $18,385.45 in attorneys' fees as provided in the Declaration of Craig R. Anderson, Esq., attached hereto as **Exhibit A**. The attorneys' fees incurred by the LVMPD Defendants are reflected in monthly statements prepared by the law firm of Marquis Aurbach and are attached as **Exhibit B**.

As discussed in Mr. Anderson's declaration submitted in compliance with LR 54-16, defense counsel expended a significant amount of effort to defend against Plaintiff's claims. The defense of this matter required substantial work over an extended period, including before trial. Defense counsel's work included:

• Conducting legal research;

• Preparing and filing motions to dismiss;

• Preparing written discovery and responding to Plaintiff's discovery requests;

• Preparing and filing motions for summary judgment and related briefing;

• Preparing for and defending the Ninth Circuit appeal;

• Preparing and meeting with defendant officers throughout the litigation;

• Preparing and filing the joint pretrial order and pretrial report; and

• Trial preparation and attendance, including preparing direct and cross examinations, preparing and opposing motions in limine, preparing trial briefs and jury instructions, and post-trial briefing.

As reflected in the verdict form, Plaintiff brought seven distinct damages theories to trial: (1) false arrest; (2) illegal search/seizure; (3) excessive force (arm squeeze); (4) excessive force (groin strike); (5) failure to intervene; (6) First Amendment retaliation; and (7) selective enforcement. (ECF No. 155). Of those seven claims, two - excessive force based on the groin strike and selective enforcement - were frivolous and without evidentiary support from the outset.

MAC: 14687-456 (#6262373.1)

Nevertheless, because the litigation of these claims was intertwined, it is not practicable to segregate with precision the fees attributable solely to the frivolous claims from those attributable to the non-frivolous claims. However, LVMPD Defendants certainly have incurred fees solely by virtue of the need to defend against DeCastro's frivolous claims. Given that two of the seven claims that proceeded to trial were frivolous, Mr. Anderson attests that no less than ten percent (10%) of defense counsel's time throughout this case was spent defending against those frivolous claims. *See* **Ex. A**, ¶¶ 14-16. This figure likely understates the share of defense counsel's time solely attributable to defending against the frivolous claims addressed herein. *See id*. Accordingly, the LVMPD Defendants seek 10% of their attorneys' fees incurred defending against DeCastro's claims, which amounts to $18,385.45. This is a conservative and reasonable request, as the frivolous claims represented approximately 28.6% of DeCastro's theories of liability at trial, and the 10% figure accounts for the reality that some portion of the work would have been required regardless of the frivolous claims. The fees requested are both reasonable and appropriately limited to the fees caused by DeCastro's pursuit of frivolous claims.

   **2.    Itemization of costs.**

With respect to costs, LVMPD Defendants respectfully direct the Court's attention to the Memorandum of Costs filed and served concurrently herewith.

   **3.    Summary of work submitted pursuant to LR 54-16.**

      **a.    Results obtained**

This case involved a civil rights action stemming from a March 15, 2023 incident where DeCastro was arrested after approaching and interfering with a traffic stop being conducted by Officer Bourque. DeCastro asserted fifteen causes of action in his Second Amended Complaint, including claims under 42 U.S.C. § 1983 and Nevada state law. The jury returned a unanimous verdict in favor of the LVMPD Defendants on all claims that proceeded to trial, awarding DeCastro $0 in damages. This favorable result was obtained through the diligent efforts of defense counsel.

MAC: 14687-456 (#6262373.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**b.  Time and labor required**

Attached as **Ex. B** are Marquis Aurbach's billing statements regarding the work performed in this litigation. The billing statements establish that the legal services rendered were reasonable and necessary, as does the Declaration of Craig R. Anderson, Esq. *See* **Ex. A**, ¶ 13. LVMPD Defendants were required to prepare for and attend a jury trial, including but not limited to drafting relevant motions and preparing trial-related documents and witnesses.

**c.  Novelty and difficulty of the questions involved**

This case involved 42 U.S.C. § 1983 claims, which are specialized and require a specialized skill set to litigate. The case presented complex factual and legal issues, including claims for false arrest, excessive force, First Amendment retaliation, and selective enforcement. The factual analysis involved extensive body worn camera footage from multiple officers. Furthermore, DeCastro is a self-described "First Amendment auditor" with a substantial online presence and a history of filing lawsuits against police departments, requiring defense counsel to adapt their litigation strategy accordingly.

**d.  Requisite skill to perform the legal services**

As mentioned above, civil rights cases under § 1983 are specialized and require a specific skill set to litigate effectively. Defense counsel has extensive experience litigating civil rights cases on behalf of law enforcement agencies and officers. The skill required to handle this matter was high, given the nature of the claims asserted by the Plaintiff, coupled with the number of defendants and the various legal theories involved.

**e.  Preclusion of other employment due to acceptance of this case**

The litigation conduct exhibited by DeCastro in this case demanded a considerable amount of work by defense counsel. Because of the unique nature of this case, and the factual issues raised by DeCastro, this case demanded a significant portion of counsel's time. The time defense counsel spent defending this case precluded them from performing work for other clients for whom they could have charged higher hourly rates.

#### f.    The customary fixed fee

Pursuant to a contract with LVMPD, defense counsel's hourly rates during the majority of this litigation were $220.00-$250.00. Defense counsel's hourly rates rose to $300.00-$350.00 on or about August 2025. These hourly rates are actually low compared to the hourly rates charged to non-municipality clients. The hourly rate for other clients represented by Mr. Anderson ranges from $500.00-$550.00 per hour. Therefore, the rates charged to LVMPD are fair and reasonable rates for professional services from litigation attorneys at Marquis Aurbach, and in the legal community for attorneys with counsel's level of experience and expertise in civil rights cases.

#### g.    Experience, reputation, and ability of the attorneys

Craig R. Anderson, Esq. and Nicholas M. Adams, Esq. have extensive experience litigating civil rights cases on behalf of LVMPD and other law enforcement agencies. Mr. Anderson has been practicing civil rights law for 25 years, representing multiple government entities throughout the state of Nevada. This trial was a federal jury trial involving claims asserted under § 1983, requiring specialized knowledge and experience.

#### h.    Nature and length of the professional relationship with the client

Marquis Aurbach has represented LVMPD and its officers for many years. Counsel has an intimate knowledge regarding LVMPD's policies and procedures, and how the client desires its cases to be handled, which streamlines litigation and allows for more efficient representation.

#### i.    Similar awards

It is not uncommon for the United States District Court for the District of Nevada to issue fee awards to police defendants in similar types of cases. This case particularly warrants fees because DeCastro maintained frivolous claims he knew or should have known were without factual support, including the groin strike excessive force claim against Officer Sandoval, which was based on a fabricated allegation, and the selective enforcement claim, which was unsupported by any evidence of similarly situated individuals. LVMPD

MAC: 14687-456 (#6262373.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Defendants' instant Motion accurately describes the proceedings in this case that warrant a

2    fee award to the prevailing defendants.

3    **V.    CONCLUSION**

4        Based on the foregoing, LVMPD Defendants respectfully request the Court grant

5    their Motion for Attorney's Fees in the amount of $18,385.45.

6        Dated this 4th day of March, 2026.

7                                    MARQUIS AURBACH

8                                    By *s/Craig R. Anderson*
9                                        Craig R. Anderson, Esq.
                                         Nevada Bar No. 6882
10                                       10001 Park Run Drive
                                         Las Vegas, Nevada 89145
11                                       Attorney for LVMPD Defendants

12

13                          **CERTIFICATE OF SERVICE**

14        I hereby certify that I electronically served the foregoing **LVMPD DEFENDANTS'**

15    **MOTION FOR ATTORNEY FEES** on the 4th day of March, 2026 on all participants in

16    the case who are registered CM/ECF users.

17                                    *s/Sherri Mong*
                                     an employee of Marquis Aurbach
18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-456 (#6262373.1)

# Exhibit A – Declaration of Craig R. Anderson, Esq.

1 | **Marquis Aurbach**
Craig R. Anderson, Esq.
2 | Nevada Bar No. 6882
Nicholas M. Adams, Esq.
3 | Nevada Bar No. 15859
10001 Park Run Drive
4 | Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5 | Facsimile: (702) 382-5816
canderson@maclaw.com
6 | nadams@maclaw.com
7 |     *Attorneys for Defendants LVMPD, Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson,*
8 |     *Ofc. Sandoval and Ofc. Doolittle*

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

11 | JOSE DECASTRO,

                  Case Number:
12 |           Plaintiff,               2:23-cv-00580-APG-EJY

13 |     vs.

14 | LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; STATE OF NEVADA;
15 | BRANDEN BOURQUE; JASON TORREY;
C. DINGLE; B. SORENSON; JESSE
16 | SANDOVAL; OFFICER DOOLITTLE and
DOES 1 to 50, inclusive,
17 |
          Defendants.
18 |

                **DECLARATION OF CRAIG R.
ANDERSON, ESQ. IN SUPPORT OF
LVMPD DEFENDANTS' MOTION FOR
ATTORNEY FEES**

19 |        I, Craig R. Anderson, Esq., declare as follows:

20 |        1.     I am over the age of eighteen (18) years of age and have personal knowledge

21 | of the facts stated herein, except for those stated upon information and belief, and as to those,

22 | I believe them to be true. I am competent to testify as to the facts stated herein in a Court of

23 | law and will so testify if called upon.

24 |        2.     I am duly licensed to practice law in the State of Nevada and have personal

25 | knowledge of and am competent to testify concerning the facts herein.

26 |

27 |

MAC: 14687-456 (#6277791.1)

3.      I make this declaration in support of LVMPD Defendants' Motion for Attorney Fees in the case *Decastro v. LVMPD, et al.*, Case No. 2:23-cv-00580-APG-EJY.

4.      I am counsel for Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sgt. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle (collectively "LVMPD Defendants") in the above-referenced matter.

5.      I have litigated 42 U.S.C. § 1983 lawsuits on behalf of LVMPD and other agencies for over 25-years.

6.      This particular matter was time and labor intensive. Plaintiff Jose DeCastro ("DeCastro") brought fifteen claims against LVMPD Defendants premised upon state law and 42 U.S.C. § 1983 theories. Throughout, LVMPD Defendants attempted to prove a negative as to many of the claims: that DeCastro had no evidence LVMPD Defendants had violated his rights. This matter was a constitutional, civil rights case involving related state law claims. The factual analysis in this case was complex and involved extensive body-worn camera footage from multiple officers as well as documentary evidence. Moreover, the procedural history of this case was exceedingly complex, as DeCastro filed his original complaint shortly after the incident, and thereafter was tried and convicted in state court for misdemeanor charges stemming from the subject incident, before prevailing on appeal from that conviction after discovery in this case had closed.

7.      The skill required to handle this matter was relatively high, given the nature of the claims asserted by DeCastro, coupled with the number of Defendants. This case was very time intensive and I was required to work several late evenings and weekends getting this matter prepared for trial.

8.      My normal customary fee for non-government clients is $500.00 - $550.00/hour. The firm of Marquis Aurbach has worked as outside counsel for LVMPD for a number of years and does so at a steeply discounted rate. For the majority of this matter, my

MAC: 14687-456 (#6277791.1)

rate was $250.00/hour and Mr. Adams' billing rate was $220.00/hour.[1]

9.     The time required in this matter was significant due to the volume of claims, the body worn camera footage, DeCastro's filing of numerous motions and appeals prior to his retention of counsel, the unique procedural posture of this litigation, and the need to review DeCastro's voluminous online and social media history.

10.     At a minimum, the experience, reputation and ability of myself and my associate Mr. Adams is respectable. I am an experienced civil rights attorney and trial lawyer that has handled and litigated 42 U.S.C. § 1983 cases for more than 25 years. I have tried in excess of 15 jury trials in federal court and argued over thirty appeals in front of the Ninth Circuit Court of Appeals. I am a shareholder of and the president at Marquis Aurbach, which is one of the oldest law firms in the state of Nevada.

11.     Mr. Adams was voted as one of the "Best Up and Coming" attorneys in Nevada Business Magazine in 2024 and was voted to the "Rising Stars" Mountain States Super Lawyers list in 2025. Mr. Adams was licensed to practice law in 2021 and has represented LVMPD in civil rights cases for over three years. Mr. Adams was vital in assisting me throughout this case, and particularly in preparing this case for trial.

12.     I was, and am, the attorney responsible for reviewing the billing records in this case. In connection with this Declaration, I have reviewed all time entries issued in this matter.

13.     Attached to the exhibits supporting the Motion for Attorney Fees, to which this Declaration is attached, are the billing records with itemizations, attached as **Exhibit B**. Redactions have been made to attorney-client privileged material and/or time entries for which the Defendants are not seeking fees, including time entries associated with work unrelated to DeCastro's frivolous claims as outlined in the Motion. Prior to issuing each bill to the defendants for payment, the bills were reviewed and edited to ensure that the fees and costs

---

[1] In or about August 2025, my billing rate for this matter increased to $350.00/hour and Mr. Adams' billing rate increased to $300.00/hour.

charged were reasonable. The fees and costs charged and billed were, and are, reasonable and necessary. LVMPD Defendants have paid all of the amounts and are current.

14.     The total amount of fees and costs requested in the Motion is $18,385.45. This sum, as explained in the Motion, reflects a conservative and reasonable assessment of the fees expended by LVMPD Defendants as a direct result of the need to defend against DeCastro's frivolous claims.

15.     Because the litigation of these claims was intertwined, it is not practicable to segregate with precision the fees attributable solely to the frivolous claims from those attributable to the non-frivolous claims. However, LVMPD Defendants certainly have incurred fees solely by virtue of the need to defend against DeCastro's frivolous claims.

16.     Having reviewed the billing records and itemizations attached as **Exhibit B**, and given that two of the seven claims that proceeded to trial were frivolous, I attest no less than ten percent (10%) of defense counsel's time in this case was spent at a direct result of the need to defend against DeCastro's frivolous claims.

17.     Pursuant to NRS § 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 4th day of March, 2026.


                                        _s/Craig R. Anderson_____
                                        Craig R. Anderson

Page 4 of 4

MAC: 14687-456 (#6277791.1)

# Exhibit B - Invoice

# MARQUIS AURBACH

ATTORNEYS AT LAW

10001 PARK RUN DRIVE
LAS VEGAS. NEVADA  89145
Telephone 702-382-0711
Fax 702-382-5816

Las Vegas Metropolitan Police Department                          Invoice  409818 - 454129
Attn: Ruth Miller                                                            March 2, 2026
400 S. Martin Luther King Blvd., #B
Las Vegas, NV  89106

ID: 14687-456 - CRA

Re:RM#: L23-K608963-01CR DeCastro, Jose adv.


For Services Rendered Through March 2, 2026

████████                          ██████

Current Disbursements                      7,876.80

████████████                      ████████

**MARQUIS AURBACH CHTD.**

| | |
|---|---|
| Las Vegas Metropolitan Police Department | March 2, 2026 |
| Re: RM#: L23-K608963-01CR DeCastro, Jose adv | Invoice  409818 - |
| I.D. 14687-456 - CRA | Page  2 |

| Fees | | | | |
|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Amount** |
| ██████ | | ████████████████████████████ | ██ | ██ |
| 05/02/23 | CRA | Review complaint, all file documents, several BWC, discuss with Ruth Miller, conduct legal research on First Amendment and Fourth Amendment issues, meet with Nick Adams on research project. | 4.20 | 882.00 |
| ██████ | | ████████████████████ | ██ | ██ |
| | | ████████████████████████████ | ██ | ██ |
| 05/03/23 | NMA | Review body worn camera footage and documents within case file in anticipation of preparing motion to dismiss. | 1.90 | 332.50 |
| 05/03/23 | NMA | Conduct preliminary legal research in preparation of preparing motion to dismiss. | 0.80 | 140.00 |
| 05/04/23 | NMA | Begin conducting legal research in anticipation of preparing partial motion to dismiss. | 1.40 | 245.00 |
| 05/04/23 | NMA | Begin drafting partial motion to dismiss. | 0.80 | 140.00 |
| 05/05/23 | NMA | Continue reviewing case file and preparing motion for partial dismissal. | 1.30 | 227.50 |
| 05/08/23 | CRA | Review amended complaint and meet with Nick Adams regarding handling. | 0.70 | 147.00 |
| 05/08/23 | NMA | Assess and analyze recently filed amended complaint. | 0.50 | 87.50 |
| 05/08/23 | NMA | Compare and contrast amended complaint against former complaint; identify new allegations and claims. | 0.60 | 105.00 |
| 05/09/23 | CRA | Discuss case with Ruth begin reviewing and summarizing plaintiff's court cases and watch his youtube videos. | 2.60 | 546.00 |
| ████████████████████████████ | | | ██ | ██ |
| ████████████████████████████████ | | | ██ | ██ |
| ████████████████████████ | | | ██ | ██ |
| ████████████████████████████ | | | ██ | ██ |
| ██████████████████████████████ | | | ██ | ██ |
| ████████████████████████ | | | ██ | ██ |
| ██████████████████████ | | | ██ | ██ |
| ██████████████████████████ | | | ██ | ██ |
| ████████████████ | | | | |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 3

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| ████ | | ██████████████████████████ | ██ | ██ |
| | | ████████████████████ | | |
| | | ██████████ | | |
| ████ | | █████████████████████ | ██ | ██ |
| ████ | | ███████████████████████ | ██ | ██ |
| | | █████████████████ | | |
| ████ | | ████████████████████████ | ██ | ██ |
| | | ██████████████████ | | |
| | | ██ | | |
| ████ | | ██████████████████████████ | ██ | ██ |
| | | ████████████████████████ | | |
| | | ██████ | | |
| ████ | | ████████████████████████ | ██ | ██ |
| | | ████████████████ | | |
| ████ | | ████████████████ | ██ | ██ |
| 05/19/23 | CRA | Review Internal Affairs file provided by Marleen. | 0.70 | 147.00 |
| 05/19/23 | NMA | Review amended complaint in anticipation of preparing responsive pleading. | 0.40 | 70.00 |
| 05/30/23 | CRA | Review federal court docket and plaintiff's notice of service. Discuss with Nick Adams. | 0.40 | 84.00 |
| ████ | | ████████████████████████ | ██ | ██ |
| | | ██████████ | | |
| 05/30/23 | NMA | Prepare initial draft of partial motion to dismiss first amended complaint based upon failure to state a claim upon which relief can be granted. | 3.10 | 542.50 |
| 05/31/23 | CRA | Research and finalize motion for partial dismissal. | 4.70 | 987.00 |
| 05/31/23 | NMA | Review revisions of responsible partner; prepare notes and comments for final set of revisions. | 0.50 | 87.50 |
| ████ | | █████████████████████ | ██ | ██ |
| | | ██ | | |
| 06/01/23 | NMA | Review, proofread, and revise final draft of partial motion to dismiss; file motion with court. | 0.80 | 176.00 |
| ████ | | █████████████████████ | ██ | ██ |
| | | ████████████ | | |
| ████ | | ████████████████████████ | ██ | ██ |
| | | ██████████████████████ | | |
| | | ████████████████████ | | |
| | | ███████████ | | |
| 06/07/23 | CRA | Draft Torrey's joinder to motion to dismiss. | 0.20 | 50.00 |
| 06/08/23 | NMA | Review correspondence between CRA and Mr. DeCastro; briefly conduct legal research on issues raised by Mr. DeCastro. | 0.40 | 88.00 |

**MARQUIS AURBACH CHTD.**

| Las Vegas Metropolitan Police Department | March 2, 2026 |
|---|---|
| | Invoice 409818 |
| | Page 4 |

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | ███████████████████████ | ██ | ██ |
| | | ███████████████████████ | ██ | |
| | | ████████████ | | |
| | | ████████████████████████ | ██ | ██ |
| | | █████████████████████ | | |
| | | ████████████████████████ | ██ | ██ |
| | | ██████████████████████████ | ██ | ██ |
| | | █████████████████ | | |
| | | ███████████████████████████ | ██ | ██ |
| | | █████████████████ | | |
| | | ████████████████████ | ██ | ██ |
| | | ███████████████████████████ | | |
| | | ████ | | |
| | | ██████████████████████ | ██ | ██ |
| | | ██████████ | | |
| | | ██████████████████████████ | ██ | ██ |
| | | ████ | | |
| | | ██████████████████████ | ██ | ██ |
| | | ██ | | |
| | | ████████████████████████████ | ██ | ██ |
| | | ████████████████████████████ | ██ | ██ |
| | | ███████████ | | |
| 06/15/23 | CRA | Watch DeCastro's youtube video on lawsuit and motion to dismiss. | 0.40 | 100.00 |
| | | ████████████████ | ██ | ██ |
| | | ████████████████ | ██ | ██ |
| | | █████████████████ | ██ | |
| | | ████████████ | | |
| | | █████████████████ | ██ | ██ |
| | | ████████████████████ | ██ | ██ |
| | | ██████████ | | |
| 06/20/23 | CRA | Review, revise and edit opposition to motion for reconsideration. | 0.80 | 200.00 |
| | | ████████████████████████ | ██ | ██ |
| | | █████ | | |
| 06/21/23 | CRA | Review opposition to motion for summary judgment filed by plaintiff. | 0.60 | 150.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 5

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 06/21/23 | NMA | Assess and analyze DeCastro's opposition brief; begin preparing reply brief in support of partial motion to dismiss. | 2.20 | 484.00 |
| | | ███████████████████████████████████ ██ | ██ | ██ |
| 06/22/23 | NMA | Continue conducting legal research; complete initial draft of reply brief in support of partial motion to dismiss. | 4.60 | 1,012.00 |
| 06/23/23 | CRA | Review, edit, conduct research, and finalize reply to opposition to motion to dismiss. | 1.20 | 300.00 |
| | | ████████████████████████████ ███████████████████ | ██ | |
| | | ███████████████████ █████████ | ██ | ██ |
| | | ████████████████████████████ | ██ | |
| | | ███████████████████████████████████ ████████████ | ██ | ██ |
| | | ███████ | | |
| | | ████████████████████████████ ██████████████ | ██ | ██ |
| | | ███████████████████████████████████ ███████████ | ██ | ██ |
| | | ████████ | | |
| | | ███████████████████████████████████ ██████████ | ██ | |
| 07/05/23 | CRA | Review criminal case status. Legal research regarding Younger doctrine and Heck doctrine. Meet with Nick Adams on drafting motion to stay. | 0.80 | 200.00 |
| 07/05/23 | CRA | Draft answer to plaintiff's complaint. | 0.80 | 200.00 |
| 07/05/23 | NMA | Prepare initial draft of motion to stay proceedings during the pendency of DeCastro's state court criminal proceedings. | 2.80 | 616.00 |
| 07/06/23 | CRA | Edit, revise and finalize motion to stay. | 0.70 | 175.00 |
| 07/06/23 | NMA | Assess and analyze feedback and revisions of responsible partner; incorporate revisions into motion to stay; attach exhibit and file motion. | 1.70 | 374.00 |
| ████████ | | ███████████████████████████████ | ██ | ██ |
| | | ███████████████████ | | |
| 07/18/23 | CRA | Watch Sandoval, Torrey, and Sorensen BWC. | 1.20 | 300.00 |
| ████████ | | ██████████████████████████ | ██ | ██ |
| | | ███████ | | |
| 07/20/23 | CRA | Review DeCastro's non-opposition to motion to stay. | 0.20 | 50.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 6

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 07/21/23 | CRA | Review order on motion to stay and update client. | 0.30 | 75.00 |
| 07/24/23 | CRA | Review plaintiff's motion to default the State of Nevada. | 0.30 | 75.00 |
| 07/24/23 | CRA | Review plaintiff's motion to strike portions of defendants' answer. Meet with Nicholas Adams on handling. | 0.60 | 150.00 |
| ██████ | | █████████████████████████████████ ████████████████████████████████ ████████ | ██ | ██ |
| 07/24/23 | NMA | Confer with responsible partner regarding DeCastro's recently filed motions; begin conducting legal research in anticipation of preparing opposition to DeCastro's motion to strike. | 0.50 | 110.00 |
| 07/25/23 | CRA | Review Dangle and Sorensen's BWC to prepare for initial meeting. Contact Marleen on ████████. | 0.60 | 150.00 |
| ██████ | | █████████████████████████████████ █████████████████████ | ██ | ██ |
| 07/25/23 | CRA | Meet with Officer Dingle and go over ████████████. | 1.20 | 300.00 |
| 07/25/23 | CRA | Prepare and meet with Officer Borque and go over ███████ ██. | 2.00 | 500.00 |
| ██████ | | █████████████████████████████████ ████████████████████ | ██ | ██ |
| 07/25/23 | NMA | Continue conducting legal research and outlining arguments in opposition to DeCastro's motion to strike. | 1.40 | 308.00 |
| 07/25/23 | NMA | Review other oppositions to motion to strike affirmative defenses and portions of the answer; begin preparing shell legal arguments within brief. | 0.80 | 176.00 |
| ██████ | | █████████████████████████████████ ████████████████████████ ████████ | ██ | ██ |
| ██████ | | █████████████████████████████████ ████████████████████████ ███████ | ██ | ██ |
| 07/26/23 | NMA | Continue conducting legal research and untangling DeCastro's numerous incorrect legal arguments. | 0.60 | 132.00 |
| ██████ | | █████████████████████████████████ ████████ | ██ | ██ |
| 07/28/23 | NMA | Continue conducting legal research and begin preparing arguments in opposition to DeCastro's motion to strike affirmative defenses. | 2.30 | 506.00 |
| 07/28/23 | NMA | Begin legal research relating to deeming matters denied based on insufficient information as admitted; begin preparing legal argument opposing deeming denials within the answer as admitted. | 1.60 | 352.00 |
| 07/31/23 | NMA | Continue and complete initial draft of legal argument opposing DeCastro's request to strike LVMPD defendants' affirmative defenses. | 2.40 | 528.00 |
| 07/31/23 | NMA | Continue and complete initial draft of legal argument opposing | 1.40 | 308.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 7

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | DeCastro's request to deem LVMPD's denials within the answer as admitted. | | |
| 07/31/23 | NMA | Incorporate citations to the relevant documents throughout the briefs; reorganize the brief to provide consistency. | 1.20 | 264.00 |
| 07/31/23 | NMA | Draft introduction section to opposition brief; proofread and finalize initial draft of opposition brief and send brief to responsible partner for review and revision. | 0.80 | 176.00 |
| 08/02/23 | CRA | Review DeCastro's motion to strike affirmative defenses and answer. Read, edit, and research our opposition. Rewrite substantial portions. Meet with Nick Adams on same. | 4.80 | 1,200.00 |
| 08/02/23 | CRA | Prepare and meet with Officer Sandoval. | 1.30 | 325.00 |
| 08/02/23 | NMA | Review and incorporate revisions of responsible partner within opposition to motion to strike and motion to deem responses in answer admitted. | 0.30 | 66.00 |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ███████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| 08/09/23 | CRA | Prepare and meet with Officer Sorensen and go over ███████████. | 1.30 | 325.00 |
| 08/11/23 | CRA | Receipt and review of plaintiff's reply to opposition to motion to strike. | 0.40 | 100.00 |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | █████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ██████████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| 08/23/23 | CRA | Review plaintiff's CCDC records. | 0.70 | 175.00 |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ██████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | █████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ██████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| ███████ | | ████████████████████████████████ | ██ | ██ |
| | | ██████████████ | | |
| ███████ | | ████████████████████████████████ | ██ | ██ |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 8

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 9

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 10/23/23 | CRA | Review order on motion to dismiss and review case filings. Update Ruth Miller. | 1.20 | 300.00 |
| 10/23/23 | NMA | Assess and analyze ruling of federal court granting the substantial majority of LVMPD's motion to dismiss in anticipation of drafting motion to dismiss upon DeCastro's filing of a second amended complaint. | 0.90 | 198.00 |
| 10/24/23 | CRA | Review magistrate orders on motions to strike. | 0.30 | 75.00 |
| 10/24/23 | NMA | Review and analyze minute order denying DeCastro's motion to partially strike defendants' answer and to have responses in defendants' answer deemed admitted. | 0.10 | 22.00 |
| 10/26/23 | CRA | Review magistrate order on DeCastro's pending motions in light of court's motion to dismiss order. | 0.40 | 100.00 |
| 11/09/23 | CRA | Receipt and review of plaintiff's motion for extension and notice of noncompliance. | 0.50 | 125.00 |
| 11/10/23 | CRA | Review court orders on discovery plan. Email DeCastro on his obligations and discovery plan. | 0.40 | 100.00 |
| 11/14/23 | CRA | Review file and identify all witnesses and exhibits for Rule 26 disclosure | 2.60 | 650.00 |

**MARQUIS AURBACH CHTD.**

| Las Vegas Metropolitan Police Department | | | | |
|---|---|---|---|---|
| | | | March 2, 2026 | |
| | | | Invoice 409818 | |
| | | | Page 10 | |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | and draft disclosure. | | |
| 11/14/23 | CRA | Attend Rule 26 conference with Jose DeCastro. | 0.50 | 125.00 |
| ███████ | | ████████████████████████ ████████ | ███ | ███ |
| ███████ | | ████████████████████████ ██████████████ | ███ | ███ |
| | | ██████ | | |
| 11/15/23 | CRA | Multiple conversations with Chille on joint discovery plan, settlement, and initial disclosures. | 0.50 | 125.00 |
| ███████ | | ██████████████████████████ | ███ | ███ |
| 11/15/23 | NMA | Review DeCastro's recent filings relating to an extension of time to file scheduling order and a motion to recuse Judge Gordon; confer ████ | 0.60 | 132.00 |
| | | ████████████████████ | | |
| | | ████████████ | | |
| ███████ | | ████████████████████████ | ███ | ███ |
| | | ████████████ | | |
| 11/16/23 | CRA | Receipt and review of plaintiff's motion for clarification and motion to recuse judge. | 0.40 | 100.00 |
| 11/17/23 | CRA | Meet and confer with Chille on joint discovery plan. Make amendments. Finalize initial disclosures. | 0.50 | 125.00 |
| 11/17/23 | CRA | Review plaintiff's requests to produce documents. Identify help needed. Draft email to Marleen ██████████████████████. | 1.40 | 350.00 |
| 11/17/23 | CRA | Review order on motion for clarification. | 0.20 | 50.00 |
| 11/17/23 | NMA | Review relevant authorities to determine proper procedure for opposing motion to recuse; begin preparation of motion to recuse. | 1.30 | 286.00 |
| 11/18/23 | NMA | Complete review of relevant authorities and initial draft of opposition to DeCastro's motion to recuse. | 2.70 | 594.00 |
| 11/20/23 | CRA | Review court order on discovery deadlines. Meet with Nicholas Adams and discuss written discovery. | 0.40 | 100.00 |
| ████████████████████████████████████ | | | ███ | ███ |
| 11/20/23 | CRA | Receipt review of plaintiff motion to extend time to file amended complaint. Discuss with Nicholas Adams. | 0.30 | 75.00 |
| 11/20/23 | NMA | Coordinate with responsible partner regarding status of case and assignment to prepare discovery requests to serve on DeCastro. | 0.30 | 66.00 |
| ████████████████████████████████████ | | | ███ | ███ |
| | | ██████████████████████████ | | |
| 11/22/23 | CRA | Review Nicholas Adams rule, 58 research. Discuss future strategy with Nicholas Adams regarding same. | 0.30 | 75.00 |
| 11/22/23 | NMA | Review recent filings by DeCastro; prepare list of potential concerns to discuss with responsible partner; review and revise initial draft of opposition to motion to recuse. | 1.20 | 264.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 11

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 11/27/23 | CRA | Review court order extending time to file amended complaint. Review and receipt of plaintiff's motion to extend time to file Rule 59 motion. | 0.30 | 75.00 |
| 11/27/23 | CRA | Review, revise and modify opposition to plaintiff's motion to recuse. Discuss with Nick Adams. | 0.50 | 125.00 |
| 11/27/23 | CRA | Review amended complaint and outline motion to dismiss with Nicholas. Instruct Nicholas on how to use BWC in light of complaint. | 0.50 | 125.00 |
| 11/27/23 | NMA | Review relevant legal authorities, revise, proofread, and finalize opposition brief to DeCastro's motion to recuse for apparent bias; send opposition to responsible partner for review. | 0.70 | 154.00 |
| 11/27/23 | NMA | Review DeCastro's second amended complaint and discuss amendments to prior complaint with responsible partner in anticipation of preparing written discovery and motion to dismiss. | 1.60 | 352.00 |
| 11/27/23 | NMA | Begin preparing LVMPD's first set of interrogatories to DeCastro. | 2.20 | 484.00 |
| 11/28/23 | NMA | Complete initial draft of LVMPD's first set of interrogatories to DeCastro. | 2.10 | 462.00 |
| 11/28/23 | NMA | Prepare and complete initial draft of LVMPD's first set of requests for production of documents to DeCastro. | 2.80 | 616.00 |
| 11/28/23 | NMA | Prepare and complete initial draft of LVMPD's first set of requests for admission to DeCastro. | 2.90 | 638.00 |
| 11/28/23 | NMA | Prepare and complete initial draft of Erland Torrey's first set of interrogatories to DeCastro. | 1.70 | 374.00 |
| 11/28/23 | NMA | Prepare and complete initial draft of Jesse Sandoval's first set of interrogatories to DeCastro. | 1.90 | 418.00 |
| 11/29/23 | NMA | Proofread and revise initial drafts of written discovery to DeCastro; remit initial drafts to responsible partner for review. | 1.10 | 242.00 |
| 11/30/23 | NMA | Incorporate revisions of responsible partner within LVMPD's first set of interrogatories and requests for production of documents; remit draft written discovery to responsible partner with additional comments. | 0.70 | 154.00 |
| 11/30/23 | CRA | Amend and finalize written discovery to serve on plaintiff. | 1.30 | 325.00 |
| 12/01/23 | CRA | Review file and draft discovery responses to plaintiff's written discovery. ███████████████████████ ████████████ | 1.70 | 425.00 |
| 12/01/23 | NMA | Incorporate additional interrogatories into draft interrogatories of defendant officers; finalize all written discovery and remit to legal assistant to be served. | 1.80 | 396.00 |
| 12/04/23 | CRA | Receipt and review of plaintiff's initial disclosures of witnesses and exhibits. Reach out to plaintiff on medical issues. | 0.50 | 125.00 |
| 12/04/23 | NMA | Review set of documents provided by Marleen including radio traffic, prior discipline, performance evaluations, and training history of subject officers. | 1.20 | 264.00 |
| 12/04/23 | NMA | Begin preparing initial draft of motion to dismiss, or in the alternative, motion for summary judgment; outline arguments and identify pertinent body worn camera footage. | 2.30 | 506.00 |

**MARQUIS AURBACH CHTD.**

| | | | | |
|---|---|---|---|---|
| Las Vegas Metropolitan Police Department | | | | March 2, 2026 |
| | | | | Invoice 409818 |
| | | | | Page 12 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 12/05/23 | CRA | Review plaintiff's motion for reconsideration and meet with Nick Adams on opposition. | 0.40 | 100.00 |
| 12/05/23 | CRA | Review documents provided by Marleen for admissible and relevant documents to written discovery requests. Update our responses. | 2.20 | 550.00 |
| ███████ | | ████████████████████████████████████████ ██████████████████████████ | ████ | ████ |
| 12/05/23 | NMA | Assess and analyze DeCastro's motion for reconsideration in anticipation of drafting opposition thereto. | 0.50 | 110.00 |
| 12/05/23 | NMA | Prepare introduction section to motion to dismiss, or in the alternative, motion for summary judgment. | 0.80 | 176.00 |
| 12/05/23 | NMA | Begin drafting statement of facts; draft subsection of statement of facts outlining the procedural history and causes of action stated in DeCastro's second amended complaint. | 1.10 | 242.00 |
| 12/05/23 | NMA | Continue drafting statement of facts; draft brief subsection identifying the attached exhibits. | 0.40 | 88.00 |
| 12/05/23 | NMA | Continue drafting statement of facts section; draft subsection detailing the facts of the subject incident and citing to the relevant body camera footage and to the relevant portions of DeCastro's YouTube video. | 5.30 | 1,166.00 |
| 12/05/23 | NMA | Continue drafting statement of facts; begin draft of subsection identifying the numerous ways in which the authentic video evidence directly contradicts DeCastro's allegations. | 0.70 | 154.00 |
| 12/05/23 | NMA | Begin drafting legal standard section within motion to dismiss, or in the alternative, motion for summary judgment; draft subsection outlining legal standards for motion to dismiss and motion for summary judgment and arguing in favor of the incorporation by reference doctrine with respect to the video footage. | 1.40 | 308.00 |
| 12/06/23 | CRA | Watch hearing in DeCastro's criminal case and continuation of trial. | 0.30 | 75.00 |
| 12/06/23 | NMA | Assess and analyze DeCastro's reply to opposition to motion for recusal. | 0.20 | 44.00 |
| 12/06/23 | NMA | Continue drafting legal standard section of motion; draft subsection detailing relevant §1983 legal standards. | 0.50 | 110.00 |
| 12/06/23 | NMA | Begin drafting legal argument section of motion to dismiss, or in the alternative, motion for summary judgment; draft subsection identifying qualified immunity legal standards. | 1.40 | 308.00 |
| 12/06/23 | NMA | Draft subsection of motion arguing that DeCastro's excessive force claim fails. | 2.80 | 616.00 |
| 12/06/23 | NMA | Draft subsection of motion arguing that DeCastro's first amendment retaliation and selective enforcement claims fail. | 2.50 | 550.00 |
| 12/06/23 | NMA | Begin drafting subsection of legal argument within motion arguing that DeCastro's failure to intervene claim fails. | 0.90 | 198.00 |
| 12/07/23 | NMA | Draft subsection of motion arguing that DeCastro's failure to intervene claim should be dismissed. | 1.90 | 418.00 |
| 12/07/23 | NMA | Draft subsection of motion arguing that DeCastro's Monell claim should | 1.70 | 374.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 13

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | be dismissed. | | |
| 12/07/23 | NMA | Draft subsection of motion arguing that DeCastro's state law claims should be dismissed. | 3.30 | 726.00 |
| 12/07/23 | NMA | Proofread, revise, and finalize motion to dismiss, or in the alternative, motion for summary judgment; remit draft to responsible partner for review. | 0.80 | 176.00 |
| 12/08/23 | NMA | Review video sent by responsible partner demonstrating DeCastro's admission to resisting arrest; send follow-up email to responsible partner identifying additional pertinent information within source video. | 0.30 | 66.00 |
| 12/08/23 | CRA | Substantial revisions and edits to motion to dismiss SAC. Legal research on same. | 2.20 | 550.00 |
| 12/08/23 | NMA | Begin review of responsible partner's revisions to motion and incorporation of said exhibits into motion. | 1.10 | 242.00 |
| 12/11/23 | NMA | Complete incorporation of responsible partner's revisions within motion and proofread of final draft; send final draft to paralegal for proofreading. | 0.90 | 198.00 |
| 12/11/23 | NMA | Coordinate with paralegal and legal assistant in gathering all body worn camera exhibits into single flash drive to be mailed to clerk and filing motion to dismiss, or in the alternative, motion for summary judgment. | 0.50 | 110.00 |
| ████ | | ████████████████████████████████ | ██ | ██ |
| ████ | | ████████████████████████████ | ██ | ██ |
| ████████ | | ████████ | | |
| ████████ | | ████████████████████████ | ██ | ██ |
| | | ██████ | | |
| ████████ | | ████████████████ | ██ | ██ |
| | | ██████ | | |
| ████████████████ | | ████████████████████████ | ██ | ██ |
| | | ████████████████ | | |
| ████████ | | ████████████████████ | ██ | ██ |
| 12/12/23 | CRA | Communicate with Marleen on ████████████████████ | 0.20 | 50.00 |
| 12/12/23 | NMA | Assess and analyze DeCastro's motion for reconsideration in anticipation of drafting opposition brief. | 0.80 | 176.00 |
| ████████████████ | | | ██ | ██ |
| 12/13/23 | NMA | Begin review of relevant legal authorities and preparing initial draft of opposition to DeCastro's motion for reconsideration. | 3.80 | 836.00 |
| 12/14/23 | CRA | Review, revise and finalize opposition to motion for reconsideration. | 0.40 | 100.00 |
| 12/14/23 | NMA | Complete initial draft of opposition to DeCastro's motion for reconsideration and send draft to responsible partner for review and revision. | 1.40 | 308.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 14

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 12/15/23 | CRA | Review training and all additonal records provided by Marleen. Finalize answers to written discovery. Emails with Chille on address change. | 1.30 | 325.00 |
| ███████ | ███████ | ███████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████ | ████ | ████ |
| ███████ | ███████ | ██████████████████████████████████████████████ ████████████████████ | ████ | ████ |
| 12/18/23 | NMA | Revise, proofread, and finalize opposition to motion for reconsideration; file opposition brief. | 0.60 | 132.00 |
| 12/21/23 | CRA | Meet and confer with Jose DeCastro on written discovery. | 0.50 | 125.00 |
| 12/22/23 | CRA | Review and respond to plaintiff's second set of requests for production. Email Marleen regarding ████████. | 0.80 | 200.00 |
| 12/27/23 | CRA | Review DeCastro's motion to strike motion to dismiss and separate motion to compel discovery. Meet with Nick Adams and discuss. | 1.20 | 300.00 |
| 12/27/23 | CRA | Research and draft opposition to motion to compel. | 1.80 | 450.00 |
| 12/27/23 | NMA | Assess and analyze motion to compel and motion to strike filed by DeCastro; confer with responsible partner and begin preparation of opposition to motion to strike. | 1.50 | 330.00 |
| 12/28/23 | CRA | Finalize opposition to motion to compel and prepare exhibits. | 0.40 | 100.00 |
| 12/28/23 | CRA | Review order denying plaintiff's motion to compel. | 0.30 | 75.00 |
| 12/28/23 | NMA | Assess and analyze order denying motion to compel discovery responses. | 0.20 | 44.00 |
| 12/28/23 | NMA | Continue preparing opposition to motion to strike LVMPD defendants' motion to dismiss, or in the alternative, motion for summary judgment. | 2.10 | 462.00 |
| 12/29/23 | CRA | Review court order denying motion to strike. | 0.20 | 50.00 |
| 12/29/23 | NMA | Assess and analyze order granting motion for extension of time and denying motion to strike. | 0.20 | 44.00 |
| 01/02/24 | CRA | Review Marleen's email and finalize responses to second set of requests to produce served by plaintiff. | 0.40 | 100.00 |
| 01/05/24 | CRA | Conference with Officer Borque on ████████. | 0.30 | 75.00 |
| 01/10/24 | CRA | Review notice of appearance by plaintiff's counsel. | 0.20 | 50.00 |
| 01/10/24 | NMA | Assess and analyze notice of appearance of counsel for plaintiff; conduct brief research on legal counsel for plaintiff. | 0.30 | 66.00 |
| 01/11/24 | NMA | Review notice of appearance filed by counsel for DeCastro, emails sent by DeCastro after filing of notice of appearance. | 0.30 | 66.00 |
| 01/19/24 | CRA | Review and respond to plaintiff's interrogatories to the named defendants. | 0.40 | 100.00 |
| 01/23/24 | CRA | Check in criminal trial and Chile's no show. | 0.30 | 75.00 |
| 01/24/24 | NMA | Attempt to call Officer Jesse Sandoval █████████████████ ████████████████████████. | 0.10 | 22.00 |
| 01/24/24 | NMA | Review footage of DeCastro's latest continuance of bench trial relating to obstruction charge stemming from the incident that is the subject of | 0.40 | 88.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 15

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | this case; confer with responsible partner regarding new firm trial date set for February. | | |
| 01/28/24 | CRA | Review medical records of DeCastro received from an anonymous source. | 0.40 | 100.00 |
| 01/29/24 | NMA | Correspond via phone with Officer Sandoval regarding ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. | 0.30 | 66.00 |
| 02/04/24 | CRA | Review plaintiff's opposition to dispositive motion and discuss same with Nick Adams. | 0.80 | 200.00 |
| 02/06/24 | NMA | Review video of plaintiff sent by concerned citizen wherein plaintiff admits to standing too close to police to bait a police response and discusses his demands for a substantial settlement. | 0.70 | 154.00 |
| 02/06/24 | NMA | Assess and analyze plaintiff's opposition to motion to dismiss, or in the alternative, motion for summary judgment in anticipation of preparing reply brief in support of motion. | 1.40 | 308.00 |
| 02/07/24 | NMA | Begin preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; draft introduction and statement of facts. | 1.60 | 352.00 |
| 02/07/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and prepare legal standards section of brief. | 1.30 | 286.00 |
| 02/07/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and prepare subsection of legal argument establishing that the body worn camera evidence has been sufficiently authenticated. | 0.80 | 176.00 |
| 02/07/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and prepare subsection of legal argument establishing that DeCastro converted the motion to a motion for summary judgment by challenging the authenticity of the body worn camera evidence. | 1.20 | 264.00 |
| 02/07/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and prepare subsection of legal argument contending that DeCastro failed to meet his burden of establishing that Rule 56(d) relief is warranted. | 1.90 | 418.00 |
| 02/07/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and begin drafting subsection of legal argument contending that summary judgment is warranted on DeCastro's excessive force claim. | 0.70 | 154.00 |
| 02/08/24 | CRA | Get extension to serve written discovery responses. | 0.20 | 50.00 |
| 02/08/24 | CRA | Review, revise, and finalize reply to opposition to motion to dismiss or in the alternative motion for summary judgment. | 0.60 | 150.00 |
| 02/08/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in | 1.50 | 330.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 16

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | the alternative, motion for summary judgment; complete draft of subsection of legal argument contending that summary judgment is warranted on DeCastro's excessive force claim. | | |
| 02/08/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and draft subsection of legal argument arguing that summary judgment is warranted on DeCastro's first amendment retaliation and selective enforcement claims. | 1.20 | 264.00 |
| 02/08/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; review relevant legal authority and draft subsection of legal argument contending that summary judgment is warranted on DeCastro's failure to intervene claim. | 0.40 | 88.00 |
| 02/08/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; analyze relevant legal authority and draft section of legal argument contending that summary judgment is warranted on DeCastro's Monell claims. | 0.90 | 198.00 |
| 02/08/24 | NMA | Continue preparing draft reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; analyze relevant legal authority and draft section of legal argument contending that summary judgment is warranted on DeCastro's various state law claims. | 2.30 | 506.00 |
| 02/09/24 | NMA | Incorporate revisions of responsible partner within reply brief; proofread and revise reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment. | 1.20 | 264.00 |
| 02/09/24 | NMA | Gather exhibits in support of reply brief in support of motion to dismiss, or in the alternative, motion for summary judgment; finalize and file reply brief. | 0.50 | 110.00 |
| ███████ | | ████████████████████████████████ | ███ | ███ |
| | | █████████████████████████████ | ███ | ███ |
| █████████████████ | | ████████████████████████ | ███ | ███ |
| | | █████████████████████████████ | | |
| | | ███████ | | |
| 02/15/24 | NMA | Assess and analyze new court of appeals decision sent by client interpreting Nevada's obstruction statute. | 0.80 | 176.00 |
| ███████ | | ██████████████████████████ | ███ | ███ |
| 02/26/24 | CRA | Review and watch criminal case hearing. | 0.30 | 75.00 |
| 03/12/24 | NMA | Confer with responsible partner regarding DeCastro's failure to provide responses to our written discovery and need for deposition availability for DeCastro; correspond with opposing counsel regarding need to finalize and serve discovery responses and provide deposition availability for his client. | 0.40 | 88.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 17

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 03/14/24 | NMA | Review correspondence from concerned citizen claiming that DeCastro was threatening on YouTube to kill police officers if they arrived on his property; review video provided by concerned citizen. | 0.70 | 154.00 |
| 03/18/24 | NMA | Confer with responsible partner regarding plaintiff's failure to provide answers to discovery responses and provide deposition availability, significance of plaintiff's upcoming criminal trial. | 0.20 | 44.00 |
| 03/19/24 | NMA | Review email from Ofc. Bourque ███████████████████ ████████████████████████████████████; research and review available information relating to conviction and sentencing in anticipation of filing motion for leave to supplement summary judgment motion and informing the court of the conviction. | 2.10 | 462.00 |
| 03/20/24 | CRA | Watch criminal trial online. Discuss with Officer Borque. Meet with Nick Adams on supplementing motion to dismiss. | 1.70 | 425.00 |
| 03/21/24 | NMA | Coordinate with responsible partner and opposing counsel in scheduling meet and confer conference regarding plaintiff's failure to serve responses to written discovery. | 0.20 | 44.00 |
| 03/22/24 | NMA | Prepare for and attend meet and confer conference with opposing counsel regarding plaintiff's failure to serve discovery responses; send confirming email to opposing counsel regarding deadline to provide answers to written discovery. | 0.80 | 176.00 |
| 03/25/24 | NMA | Review public records relating to DeCastro's conviction in anticipation of filing motion for leave to provide supplemental evidence of the conviction. | 0.20 | 44.00 |
| 03/29/24 | NMA | Assess and analyze judge's order denying DeCastro's motion to recuse. | 0.20 | 44.00 |
| 03/31/24 | CRA | Review order on motion to recuse. | 0.20 | 50.00 |
| 04/01/24 | CRA | Watch bail hearing and respond to emails. | 0.40 | 100.00 |
| 04/03/24 | NMA | Prepare initial draft of motion for leave to file supplemental brief in support of motion to dismiss, or in the alternative, motion for summary judgment, based upon plaintiff's criminal conviction stemming from the same incident which forms the basis for his claims. | 2.20 | 484.00 |
| 04/04/24 | NMA | Review and revise motion for leave to file supplemental evidence, incorporate additional legal authority and argument. | 0.60 | 132.00 |
| 04/04/24 | NMA | Confer with responsible partner regarding filing of motion for leave, reaching out to counsel for DeCastro regarding failure to provide responses to written discovery. | 0.20 | 44.00 |
| 04/05/24 | NMA | Finalize and file motion for leave to file supplemental brief and evidence in support of summary judgment. | 0.30 | 66.00 |
| 04/08/24 | NMA | Confer with responsible partner regarding preparing motion to compel in light of plaintiff's failure to respond to written discovery requests. | 0.20 | 44.00 |
| 04/24/24 | CRA | Discuss court order with Ruth Miller. | 0.30 | 75.00 |
| 05/08/24 | CRA | Meet with Nick Adams regarding summary judgment motion and filing same. | 0.50 | 125.00 |
| 05/08/24 | NMA | Review case file and relevant deadlines in anticipation of preparing | 0.40 | 88.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 18

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | motion for summary judgment. | | |
| ████ | | ██████████████████████████████ | ██ | ██ |
| | | ████████ | | |
| 05/30/24 | CRA | Review recent development and criminal filings. Discuss summary judgment motion with Nick Adams. | 0.70 | 175.00 |
| 05/30/24 | NMA | Review documents and videos propounded by third-parties observers in anticipation of drafting motion for summary judgment. | 0.30 | 66.00 |
| 05/30/24 | NMA | Review previously drafted motions and begin outlining motion for summary judgment. | 0.40 | 88.00 |
| 06/07/24 | NMA | Begin preparing initial draft of motion for summary judgment. | 1.80 | 396.00 |
| 06/10/24 | NMA | Identify additional exhibits to attach to motion for summary judgment beyond exhibits attached in prior motion to dismiss, or in the alternative, motion for summary judgment. | 0.40 | 88.00 |
| 06/10/24 | NMA | Continue preparing draft motion for summary judgment. | 3.10 | 682.00 |
| 06/11/24 | CRA | Amend, revise, and finalize motion for summary judgment. Meet with Nick Adams on same. | 3.80 | 950.00 |
| 06/11/24 | NMA | Complete initial draft of motion for summary judgment; remit to responsible partner for review and revision. | 2.80 | 616.00 |
| 06/11/24 | NMA | Incorporate revisions of responsible partner within motion for summary judgment; begin final proofread and revisions, draft of additional facts section relating to DeCastro's criminal conviction. | 2.30 | 506.00 |
| 06/12/24 | NMA | Begin preparing initial draft of declaration in support of motion for summary judgment; identify exhibits requiring authentication declarations and coordinate with assistant regarding reaching out to officer for declaration. | 2.20 | 484.00 |
| ████ | | ██████████████████████████ ██████████████ | ██ | ██ |
| ████ | | ██████████████████████████ | ██ | ██ |
| 06/13/24 | NMA | Continue coordinating with legal assistant and paralegal in acquiring declaration authenticating exhibits and preparing manual filing of video exhibits. | 0.60 | 132.00 |
| 06/14/24 | CRA | Finalize summary judgments and declarations and prepare for filing. | 1.00 | 250.00 |
| ████ | | ██████████████████████████████ | ██ | ██ |
| 06/14/24 | NMA | Proofread, make final revisions, and finalize motion for summary judgment, finalize exhibits and declaration in support thereof, and file motion for summary judgment. | 1.40 | 308.00 |
| ████ | | ██████████████████████████████ | ██ | ██ |
| 06/30/24 | CRA | Check on status of case. | 0.20 | 50.00 |
| 07/05/24 | CRA | Discuss summary judgment with plaintiff's counsel and agree to extension. | 0.20 | 50.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 19

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 07/09/24 | CRA | Review opposition to MSJ. Meet with Nicholas Adams on reply. | 0.80 | 200.00 |
| 07/09/24 | NMA | Assess and analyze plaintiff's opposition to motion for summary judgment in anticipation of drafting reply brief; begin outlining arguments for reply brief. | 1.90 | 418.00 |
| 07/10/24 | NMA | Assess and analyze plaintiff's appeal hearing, review legal authority regarding effect of overturned conviction in relation to pending summary judgment motion and preparation of reply brief in support of summary judgment motion. | 1.60 | 352.00 |
| 07/15/24 | NMA | Begin preparing initial draft of reply brief in support of motion for summary judgment. | 1.50 | 330.00 |
| 07/16/24 | NMA | Continue preparing draft reply brief in support of motion for summary judgment. | 3.20 | 704.00 |
| 07/17/24 | NMA | Continue preparing draft reply in support of motion for summary judgment, complete statement of facts and argument section regarding plaintiffs' federal claims. | 4.50 | 990.00 |
| 07/18/24 | NMA | Complete preparing draft reply in support of motion for summary judgment; draft argument sections regarding plaintiffs' state law claims and opposing DeCastro's request for leave to supplement; clean up draft reply and remit to responsible partner for review. | 4.20 | 924.00 |
| 07/19/24 | CRA | Review, revise, and edit reply to opposition to motion for summary judgment. | 0.60 | 150.00 |
| 07/19/24 | NMA | Proofread and revise reply brief in support of motion for summary judgment; finalize reply brief in preparation of filing and serving. | 0.90 | 198.00 |
| 07/22/24 | NMA | Finalize and file reply brief in support of motion for summary judgment. | 0.20 | 44.00 |
| 08/12/24 | CRA | Review DeCastro's filing to reopen MSJ briefing and discuss with Nick Adams. | 0.50 | 125.00 |
| 08/12/24 | NMA | Assess and analyze motion for leave to file supplemental briefing filed by plaintiff; begin outlining arguments in opposition to motion for leave. | 0.50 | 110.00 |
| 08/13/24 | NMA | Assess and analyze minute order setting supplemental briefing schedule; confer with responsible partner regarding arguments to advance through supplemental briefing. | 0.50 | 110.00 |
| 08/15/24 | NMA | Conduct cursory research regarding lawfulness of police order when telling citizen recording police interaction to stand back in anticipation of preparing supplemental brief arguing in part as to that issue. | 0.30 | 66.00 |
| 08/19/24 | CRA | Answer Ruth's questions ▮▮▮▮▮▮▮▮. Discuss with Nicholas Adams. | 0.30 | 75.00 |
| 08/20/24 | NMA | Assess and analyze appellate briefing in DeCastro's criminal proceedings in anticipation of drafting supplemental brief regarding impact of DeCastro's conviction being overturned on appeal to instant case. | 1.70 | 374.00 |
| 08/20/24 | NMA | Begin preparing initial draft of supplemental brief regarding DeCastro's criminal conviction being overturned, impact of recent court of appeals decision relating to obstruction statute. | 3.70 | 814.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 20

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 08/21/24 | NMA | Assess and analyze minute order dismissing Citco defendant from case based upon lack of service. | 0.20 | 44.00 |
| 08/21/24 | NMA | Continue preparing initial draft of supplemental brief regarding DeCastro's criminal conviction being overturned, impact of recent court of appeals decision relating to obstruction statute; draft statement of facts and procedural history. | 1.90 | 418.00 |
| 08/21/24 | NMA | Continue preparing initial draft of supplemental brief regarding DeCastro's criminal conviction being overturned, impact of recent court of appeals decision relating to obstruction statute; draft section arguing that the overturning of DeCastro's criminal conviction has no impact on the civil case. | 2.60 | 572.00 |
| 08/21/24 | NMA | Continue preparing initial draft of supplemental brief regarding DeCastro's criminal conviction being overturned, impact of recent court of appeals decision relating to obstruction statute; draft section contending that Willson case supports position that probable cause existed to arrest DeCastro. | 3.10 | 682.00 |
| 08/21/24 | NMA | Continue preparing initial draft of supplemental brief regarding DeCastro's criminal conviction being overturned, impact of recent court of appeals decision relating to obstruction statute; proofread and revise initial draft and remit to responsible partner for review. | 0.40 | 88.00 |
| 08/22/24 | CRA | Review, revise, edit, and finalize supplemental brief. Legal research on minor issues. | 1.30 | 325.00 |
| 08/22/24 | NMA | Incorporate revisions of responsible partner; proofread and finalize supplemental brief. | 0.70 | 154.00 |
| 08/23/24 | NMA | Review, finalize, and file supplemental brief in support of summary judgment. | 0.20 | 44.00 |
| 08/23/24 | NMA | Begin review of plaintiff's supplemental brief in support of opposition to summary judgment. | 0.40 | 88.00 |
| 08/25/24 | CRA | Review and evaluate plaintiff's supplemental brief. Read cited cases. | 0.70 | 175.00 |
| 08/26/24 | NMA | Complete initial review of plaintiff's supplemental brief, initial outline of arguments for response brief. | 0.70 | 154.00 |
| 08/26/24 | NMA | Review and analyze court minute order denying motion to dismiss as moot in light of pending summary judgment motion. | 0.10 | 22.00 |
| 08/26/24 | NMA | Begin preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; begin drafting legal argument that plaintiff has not cogently argued that the court should defer to the state court's criminal appeal ruling. | 0.70 | 154.00 |
| 08/26/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; complete initial draft of legal argument subsection that collateral estoppel requires an independent review separate from the state court's criminal appellate ruling. | 1.40 | 308.00 |
| 08/26/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; complete initial draft of legal argument subsection that the state court's first amendment analysis incorrectly applied the | 2.80 | 616.00 |

**MARQUIS AURBACH CHTD.**

| Las Vegas Metropolitan Police Department | | | | March 2, 2026 |
|---|---|---|---|---|
| | | | | Invoice 409818 |
| | | | | Page 21 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | federal law regarding the First Amendment as applies to filming of police officers. | | |
| 08/26/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; begin drafting legal argument subsection that the state court's miscellaneous factual findings and legal conclusions unrelated to the First Amendment are dicta and have no persuasive value. | 0.80 | 176.00 |
| 08/27/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; complete draft of legal argument subsection that even the state court's miscellaneous factual findings and legal conclusions unrelated to the First Amendment are dicta and have no persuasive value. | 1.40 | 308.00 |
| 08/27/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; drafting legal argument section regarding plaintiff's insufficient analysis of the Willson decision. | 0.70 | 154.00 |
| 08/27/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; draft legal argument section contending that even given the opportunity for supplemental briefing, plaintiff has failed to meet his burden of overcoming summary judgment. | 2.90 | 638.00 |
| 08/27/24 | NMA | Continue preparing draft of LVMPD defendants' response to plaintiff's supplemental brief; draft introduction and conclusion. | 0.60 | 132.00 |
| 08/27/24 | NMA | Proofread, review, and revise initial draft of LVMPD defendants' response to plaintiff's supplemental brief; remit to responsible partner for review and revision. | 1.40 | 308.00 |
| 08/28/24 | CRA | Review, edit, and revise response to plaintiff's supplemental brief. Discuss with Nick Adams. | 0.60 | 150.00 |
| 08/28/24 | NMA | Review feedback from responsible partner regarding response brief to plaintiff's supplemental brief; finalize draft and prepare for filing. | 0.40 | 88.00 |
| ██████ | ████████████████████████████████████ | | ████ | ████ |
| 08/30/24 | NMA | Facilitate manual filing of video of appellate hearing exhibit; finalize and serve response to plaintiff's supplemental brief. | 0.50 | 110.00 |
| ██████ | ███████████████████████████████████ | | ████ | ████ |
| 09/13/24 | CRA | Read and evaluate court's order on MJS with leave to file new MSJ motion. Discuss with Nick Adams. | 1.60 | 400.00 |
| 09/13/24 | NMA | Assess and analyze court order granting in part and denying in part summary judgment. | 2.20 | 484.00 |
| 09/13/24 | NMA | Begin outlining supplemental summary judgment briefing as to set of issues identified by court for additional briefing. | 1.10 | 242.00 |
| 09/13/24 | NMA | Discuss summary judgment order and next steps in case with responsible partner. | 0.20 | 44.00 |
| 09/16/24 | NMA | Begin preparing chart analyzing status of each claim in light of court order granting in part and denying in part summary judgment, identify | 1.40 | 308.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 22

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | claims subject to second round of summary judgment briefing. | | |
| 09/17/24 | CRA | Meeting with Nick Adams on Judge Gordon's order, strategy, motion for reconsideration, and vicarious liability. | 0.60 | 150.00 |
| 09/17/24 | NMA | Confer and strategize with responsible partner regarding next steps in case in light of court's summary judgment order. | 0.20 | 44.00 |
| 09/17/24 | NMA | Complete chart analyzing status of each claim in light of court order granting in part and denying in part summary judgment, incorporate chart within draft second motion for summary judgment. | 0.70 | 154.00 |
| 09/17/24 | NMA | Assess and analyze pertinent legal authority, begin preparing initial draft of second motion for summary judgment. | 2.70 | 594.00 |
| ███ | | ██████████████ | ██ | ██ |
| 09/19/24 | NMA | Continue preparing draft second motion for summary judgment. | 1.30 | 286.00 |
| 09/20/24 | NMA | Continue preparing initial draft of second motion for summary judgment; research issues relevant to state law constitutional claims. | 1.10 | 242.00 |
| ███ | | ██████████████ | ██ | ██ |
| 09/25/24 | NMA | Confer with responsible partner and paralegal, begin compiling redacted copies of video exhibits filed in support of motion for summary judgment. | 0.50 | 110.00 |
| ███ | | ██████████████ | ██ | ██ |
| ███ | | ██████████████ | ██ | ██ |
| ███ | | ██████████████ | ██ | ██ |
| ███ | | ██████████████ | ██ | ██ |
| 09/27/24 | NMA | Complete compiling of redacted exhibits, finalize and file notice of manual filing. | 0.40 | 88.00 |
| 09/27/24 | NMA | Continue drafting second motion for summary judgment. | 1.70 | 374.00 |
| 10/01/24 | NMA | Continue preparing second motion for summary judgment. | 0.80 | 176.00 |
| 10/02/24 | NMA | Review relevant legal authority, complete legal argument within second motion for summary judgment. | 2.70 | 594.00 |
| 10/02/24 | NMA | Draft introduction and conclusion, proofread, and remit draft second motion for summary judgment to responsible partner for review and revision. | 0.70 | 154.00 |
| 10/03/24 | CRA | Review, revise, and finalize second motion for summary judgment. | 1.20 | 300.00 |
| 10/04/24 | NMA | Revise, proofread, finalize, and file second motion for summary judgment. | 0.50 | 110.00 |
| 10/25/24 | CRA | Discuss extension to respond to second motion for summary judgment with plaintiff's counsel and grant extension. | 0.20 | 50.00 |
| 11/01/24 | NMA | Review plaintiff's opposition to second motion for summary judgment; | 1.70 | 374.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 23

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | begin outlining arguments for reply brief. | | |
| 11/02/24 | CRA | Review plaintiff's opposition to motion for summary judgment. | 1.10 | 275.00 |
| 11/05/24 | NMA | Prepare draft stipulation and order extending reply deadline; remit to responsible partner for review and revision. | 0.40 | 88.00 |
| 11/13/24 | NMA | Assess and analyze court order granting extension of time to reply; review case file and current deadlines. | 0.30 | 66.00 |
| 11/19/24 | NMA | Assess and analyze all prior summary judgment briefing, continue preparing draft reply brief in support of second motion for summary judgment. | 1.80 | 396.00 |
| 11/20/24 | NMA | Conduct legal research regarding discretionary immunity application in comparable contexts, continue preparing draft reply brief in support of second motion for summary judgment. | 2.60 | 572.00 |
| 11/21/24 | NMA | Continue preparing draft reply brief in support of second motion for summary judgment. | 1.50 | 330.00 |
| 11/25/24 | NMA | Continue preparing draft reply brief in support of second motion for summary judgment; conduct legal research and incorporate legal argument relating to discretionary function immunity as applied to arrests and searches incident to arrest. | 3.80 | 836.00 |
| 11/25/24 | NMA | Continue preparing draft reply brief in support of second motion for summary judgment; incorporate legal argument distinguishing cases cited by plaintiff and identifying incorrect and inapposite arguments advanced by plaintiff. | 2.30 | 506.00 |
| 12/11/24 | NMA | Continue preparing draft reply brief in support of second motion for summary judgment; assess and analyze legal authority as relates to discretionary immunity in making arrest when probable cause is a genuine dispute of material fact. | 1.90 | 418.00 |
| 12/13/24 | CRA | Finalize reply to second motion for summary judgment. | 0.50 | 125.00 |
| 12/13/24 | NMA | Complete draft reply brief in support of second motion for summary judgment; revise and proofread reply brief and remit to responsible partner for review. | 2.10 | 462.00 |
| 12/16/24 | NMA | Finalize and file reply brief in support of second motion for summary judgment. | 0.40 | 88.00 |
| 01/02/25 | NMA | Review case file, assess and analyze status of case and remaining work to be done in advance of trial. | 0.60 | 132.00 |
| 01/23/25 | NMA | Review case file and pending motion, revise outline of trial preparation and necessary actions prior to trial. | 0.40 | 88.00 |
| 02/11/25 | CRA | Review file and update Ruth Miller. | 0.20 | 50.00 |
| 04/25/25 | CRA | Review court order. Outline remaining claims for trial. Check on discovery production. | 1.50 | 375.00 |
| 04/25/25 | NMA | Assess and analyze order denying second motion for summary judgment; review case file and next steps in case prior to trial. | 0.80 | 176.00 |
| 04/28/25 | NMA | Assess and analyze court's order denying second motion for summary judgment; prepare summary of remaining claims for trial and remit to | 1.40 | 308.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 24

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | responsible partner. | | |
| 04/28/25 | NMA | Confer with responsible partner regarding next steps in case; review DeCastro's recent online conduct in anticipation of utilizing DeCastro's online presence and videos as impeachment evidence at trial. | 1.20 | 264.00 |
| 04/30/25 | CRA | Review file and update officers on case status and recent rulings. | 0.70 | 175.00 |
| 05/22/25 | NMA | Assess and analyze DeCastro's recently filed civil rights complaint, review DeCastro's online presence and identify social media uploads relating to incident. | 0.50 | 110.00 |
| 06/04/25 | CRA | Discuss status with Brandon Borgque. | 0.20 | 50.00 |
| 06/05/25 | CRA | Begin reviewing file and drafting joint pretrial order. | 3.30 | 825.00 |
| 06/08/25 | CRA | Work on joint pretrial order. | 1.30 | 325.00 |
| 06/11/25 | NMA | Review and revise draft pretrial order; review DeCastro's online presence since prison relief in search of additional impeachment evidence. | 1.90 | 570.00 |
| 06/12/25 | NMA | Review and revise joint pre-trial order, incorporate video names and dates within proposed exhibit list. | 0.50 | 150.00 |
| 06/16/25 | CRA | Finish JPTO and have multiple calls with plaintiff's counsel on plaintiff's information/input. Review local rules regarding sanctions for plaintiff failing to file a JPTO. | 0.60 | 210.00 |
| 06/16/25 | NMA | Correspondence with responsible partner, opposing counsel relating to joint pretrial order. | 0.20 | 60.00 |
| 06/18/25 | NMA | Continue correspondence with responsible partner, legal assistant regarding plan to file joint pretrial order unless opposing counsel submits a timely draft. | 0.20 | 60.00 |
| 06/19/25 | CRA | Change joint pretrial memorandum into defendants' pretrial memorandum due to lack of response from plaintiff's counsel. | 0.70 | 245.00 |
| 06/20/25 | CRA | Final attempts to reach plaintiff's counsel on joint pretrial order. Finalize defendant's pretrial order. | 0.30 | 105.00 |
| 06/23/25 | CRA | Emails with Officer Bourque regarding ███████████████. | 0.20 | 70.00 |
| 06/23/25 | NMA | Assess and analyze plaintiff's proposed pre trial order and proposed exhibits in anticipation of preparing objections to plaintiff's exhibits. | 0.30 | 90.00 |
| 06/25/25 | CRA | Review plaintiff's proposed pretrial order and court's rejection of same. Meet with Nick Adams regarding the court's order. | 0.60 | 210.00 |
| 06/25/25 | NMA | Review court order rejecting joint pretrial orders and ordering plaintiff to meet and confer with defendants; confer with responsible partner regarding next steps. | 0.30 | 90.00 |
| 06/27/25 | NMA | Begin preparing list of objections to plaintiff's proposed exhibits which have not been disclosed in discovery or are otherwise objectionable. | 0.30 | 90.00 |
| 06/30/25 | CRA | Emails with Brandon Borque on ███████████████. | 0.20 | 70.00 |
| 07/01/25 | CRA | Review file and meet with Ruth and Marleen ███████████. | 0.20 | 70.00 |
| 07/10/25 | CRA | Review plaintiff's proposed joint pretrial order. Multiple phone calls and discussions. Meet with Nick Adams on handling. | 0.70 | 245.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 25

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 07/10/25 | NMA | Correspondence with client and opposing counsel regarding ████████████████; begin making reline revisions to plaintiff's draft joint pretrial order. | 2.70 | 810.00 |
| 07/10/25 | NMA | Confer with responsible partner and opposing counsel regarding joint pretrial order and best method of organizing contested facts as compared to uncontested facts, other revisions to joint pretrial order. | 0.70 | 210.00 |
| 07/11/25 | CRA | Work with Nick Adams and plaintiff's counsel on joint pretrial report. | 1.20 | 420.00 |
| 07/11/25 | NMA | Continue and complete preparing draft joint pretrial order including objections to plaintiff's proposed exhibits; remit to responsible partner for review. | 2.90 | 870.00 |
| 07/14/25 | NMA | Correspond with opposing counsel regarding joint pretrial order and revisions; review and approve final version of joint pretrial order. | 0.70 | 210.00 |
| 07/15/25 | CRA | Review court's pretrial order and trial date. Update all officers of trial date. Take call from Officer Borque. | 0.50 | 175.00 |
| 08/11/25 | CRA | Review court order setting settlement conference. | 0.20 | 70.00 |
| 08/11/25 | NMA | Assess and analyze court order setting mandatory settlement conference in anticipation of preparing confidential settlement brief. | 0.30 | 90.00 |
| 08/12/25 | CRA | Email officers regarding settlement conference. Phone calls with Doolittle and Torrey █████████████. | 0.60 | 210.00 |
| ██████ | ████ | ███████████████████████████████████ | ██ | ██ |
| 08/21/25 | NMA | Begin preparing draft mediation brief. | 1.10 | 330.00 |
| 08/22/25 | NMA | Continue preparing draft mediation brief. | 1.70 | 510.00 |
| 08/26/25 | NMA | Continue preparing draft confidential settlement brief. | 1.30 | 390.00 |
| 08/29/25 | NMA | Continue preparing draft confidential settlement brief. | 1.20 | 360.00 |
| 09/03/25 | NMA | Continue preparing draft confidential settlement brief. | 1.70 | 510.00 |
| 09/05/25 | CRA | Discuss settlement conference with Ruth MIller. | 0.30 | 105.00 |
| 09/07/25 | NMA | Complete initial draft of confidential settlement brief; remit draft to responsible partner. | 2.60 | 780.00 |
| 09/09/25 | CRA | Meet with and update Matt on case. | 0.20 | 70.00 |
| 09/10/25 | CRA | Amend and revise settlement brief. Update Ruth and team on ████████████. Meet with Nick Adams. | 0.80 | 280.00 |
| 09/10/25 | NMA | Review and analyze revised draft confidential settlement statement; confer with responsible partner regarding same. | 0.30 | 90.00 |
| 09/11/25 | CRA | Discuss case with Chadly Dingle. | 0.20 | 70.00 |
| 09/16/25 | NMA | Gather exhibits in support of confidential settlement brief; revise, finalize, and submit confidential settlement brief to settlement judge. | 0.90 | 270.00 |
| ████████ | ████████████████████████████████ | | ██ | ██ |
| ████████ | ██████████████████████████ | | ██ | ██ |
| 09/18/25 | CRA | Take calls from defendant officers ████████████████████. | 0.40 | 140.00 |
| ████████ | █████████████████████████████ | | ██ | ██ |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 26

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | ███████████████. | | |
| 09/21/25 | CRA | Multiple calls and emails with plaintiff's counsel on moving settlement conference. Update clients. Review emergency motion filed by plaintiff. | 0.60 | 210.00 |
| 09/22/25 | CRA | Review Matt Christian's email and draft detailed response on ██████ ████. | 0.30 | 105.00 |
| ████████████████████████ | | | ████ | ████ |
| 11/11/25 | NMA | Confer with responsible partner regarding need for pretrial report in case; begin preparing initial draft of pretrial report. | 1.30 | 390.00 |
| 11/12/25 | NMA | Continue preparing initial draft of pre-trial report. | 2.20 | 660.00 |
| 11/13/25 | NMA | Continue preparing initial draft pre-trial report. | 4.20 | 1,260.00 |
| 11/21/25 | NMA | Continue preparing draft pre-trial report. | 1.70 | 510.00 |
| 11/24/25 | NMA | Continue preparing initial draft of pre-trial report; assess and analyze legal authority relating to potential motions to limine to bring prior to trial. | 5.80 | 1,740.00 |
| 11/25/25 | NMA | Continue preparing draft pre-trial report; complete initial draft of pre-trial report letter. | 0.90 | 270.00 |
| 12/01/25 | CRA | Review, revise, and conduct legal research on pretrial report. Finalize same. | 1.40 | 490.00 |
| 12/01/25 | NMA | Review and revise initial draft pre trial report letter; remit draft to responsible partner for review; receive and incorporate comments and revisions of responsible partner within pre trial report letter. | 0.70 | 210.00 |
| 12/02/25 | CRA | Trial prep meeting with Nicholas Adams and go over motions in limine, etc. and strategies case preparation. | 0.60 | 210.00 |
| 12/04/25 | NMA | Begin assessing and analyzing legal authority in anticipation of preparing omnibus motion in limine. | 2.30 | 690.00 |
| 12/05/25 | NMA | Begin preparing draft omnibus motion in limine. | 3.10 | 930.00 |
| 12/11/25 | NMA | Review case file, joint pre trial order, and assess legal authority in preparing outline omnibus motion and limine; begin preparing draft omnibus motion in limine. | 5.30 | 1,590.00 |
| 12/12/25 | NMA | Continue preparing initial draft omnibus motion in limine. | 3.40 | 1,020.00 |
| 12/15/25 | CRA | Draft email to Matt/Ruth on ████████████████. | 0.30 | 105.00 |
| 12/15/25 | NMA | Continue preparing draft omnibus motion in limine. | 5.30 | 1,590.00 |
| 12/16/25 | NMA | Continue preparing draft omnibus motion in limine; complete draft and remit to responsible partner for review. | 6.10 | 1,830.00 |
| 12/17/25 | NMA | Begin preparing initial draft jury instructions; review Ninth Circuit model instructions and other resources relating to preparation of jury instructions for civil rights claims. | 2.90 | 870.00 |
| 12/18/25 | CRA | Review, revise, edit, and legal research on omnibus motion in limine. Meet with Nick Adams. | 1.50 | 525.00 |
| 12/18/25 | NMA | Continue preparing draft jury instructions. | 3.40 | 1,020.00 |
| 12/19/25 | NMA | Continue preparing draft jury instructions. | 2.60 | 780.00 |
| 12/22/25 | CRA | Continue writing and researching motions in limine. Review YouTube videos and pinpoint cites. | 1.20 | 420.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 27

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 12/22/25 | NMA | Continue preparing initial draft of LVMPD defendants' proposed jury instructions. | 2.90 | 870.00 |
| 12/23/25 | CRA | Discuss upcoming trial with Officer Bourque. | 0.30 | 105.00 |
| 12/23/25 | NMA | Continue preparing initial draft of LVMPD defendants' proposed jury instructions. | 1.20 | 360.00 |
| 12/23/25 | NMA | Begin outlining core issues and arguments for trial to be incorporated within examination outlines and trial brief. | 2.40 | 720.00 |
| 12/29/25 | NMA | Continue preparing draft defendants' proposed jury instructions. | 2.70 | 810.00 |
| 12/30/25 | NMA | Continue preparing draft defendants' proposed jury instructions. | 2.10 | 630.00 |
| 12/31/25 | CRA | Meet with Nick Adams on jury instructions and trial brief. | 0.60 | 210.00 |
| 12/31/25 | NMA | Confer with responsible partner regarding case; draft and send email correspondence to opposing counsel requesting time to meet and confer. | 0.40 | 120.00 |
| 12/31/25 | NMA | Review and analyze responsible partner's revisions to draft omnibus motion in limine. | 0.30 | 90.00 |
| 01/05/26 | NMA | Correspondence with opposing counsel relating to meet and confer regarding trial readiness, motions in limine. | 0.30 | 90.00 |
| 01/06/26 | NMA | Follow-up correspondence with counsel for DeCastro relating to scheduling meet and confer conference. | 0.20 | 60.00 |
| 01/07/26 | NMA | Follow up with counsel for DeCastro regarding meet and confer on timing of trial, motions in limine; confer with responsible partner regarding same. | 0.40 | 120.00 |
| 01/09/26 | CRA | Draft email to all defendants regarding trial date. Review court emails on same. Phone call with Ofc. Borque. | 0.40 | 140.00 |
| 01/09/26 | NMA | Confer with counsel for DeCastro's refusal to agree to issues raised in motions in limine; email to court regarding trial readiness and expected duration of trial. | 0.30 | 90.00 |
| 01/11/26 | CRA | Review email from Ruth Miller on ███████████. Respond to same. | 0.20 | 70.00 |
| 01/12/26 | NMA | Organize exhibits, proofread, finalize, and file omnibus motion in limine. | 0.80 | 240.00 |
| 01/14/26 | CRA | Review court order moving pretrial conference. Update Mike Dickerson on same. | 0.20 | 70.00 |
| 01/14/26 | NMA | Assess and analyze federal rules, local rules, and Judge Gordon's rules regarding trial deadlines; prepare list of pre-trial deadlines and remit same to responsible partner. | 0.80 | 240.00 |
| 01/15/26 | NMA | Continue preparation of trial brief and review of legal authority regarding same. | 1.00 | 300.00 |
| ███████ | ██ | ██████████████████████████████████ | ██ | ██ |
| 01/20/26 | NMA | Coordinate with paralegal and responsible partner in gathering all Bates stamped documents and relevant videos onto flash drive for in-house counsel. | 1.30 | 390.00 |
| 01/20/26 | NMA | Continue preparing initial draft of trial brief. | 1.40 | 420.00 |
| 01/21/26 | CRA | Prepare and attend pretrial conference with Judge Gordon. Meet with | 2.00 | 700.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 28

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | Mike Dickerson about trial. | | |
| 01/21/26 | CRA | Legal research and draft jury instructions. Multiple calls with Michael Mee on trial issues. | 6.20 | 2,170.00 |
| 01/21/26 | NMA | Prepare for and attend trial scheduling conference; confer with responsible partner and co-counsel regarding trial expectations and strategy. | 1.90 | 570.00 |
| 01/22/26 | CRA | Finalize jury instructions. | 3.30 | 1,155.00 |
| 01/22/26 | CRA | Review all prior dispositive motion orders. Begin outlining trial strategy and key points to go over with each defendant. Delineate which claims remain against which officers. | 2.20 | 770.00 |
| 01/22/26 | CRA | Settlement talks with plaintiff's counsel. Draft email to client summarizing status and all claims. | 0.70 | 245.00 |
| 01/23/26 | CRA | Watch plaintiff's criminal trial and sentencing including testimony of Bourque and DeCastro. | 1.50 | 525.00 |
| ████████ | | █████████████████████████ | ████ | ████ |
| 01/23/26 | NMA | Begin reviewing DeCastro YouTube video impeachment evidence and identifying timestamps for clips to use during cross-examination of DeCastro. | 2.10 | 630.00 |
| 01/26/26 | CRA | Draft offer of judgment and discuss with Michael Mee. | 0.30 | 105.00 |
| 01/26/26 | CRA | Multiple calls with Michael Mee on subpoenas, motions in limine, and exhibits. Set up meet and confer. | 0.60 | 210.00 |
| 01/26/26 | NMA | Continue review of DeCastro impeachment material videos; notate relevant timestamps for potential impeachment video clips. | 2.60 | 780.00 |
| 01/27/26 | CRA | Go over exhibit lists with Nicholas Adams. | 0.60 | 210.00 |
| 01/27/26 | NMA | Continue and complete review of DeCastro impeachment material videos; remit notes to responsible partner identifying possible impeachment video clips for trial. | 3.40 | 1,020.00 |
| 01/27/26 | NMA | Complete initial draft of trial brief; remit same to responsible partner for review. | 1.60 | 480.00 |
| 01/28/26 | CRA | Telephone call with Chadly Dingle. | 0.40 | 140.00 |
| 01/28/26 | CRA | Review plaintiff's opposition to omnibus motion in limine and check plaintiff's cites. | 0.70 | 245.00 |
| 01/28/26 | CRA | Call with plaintiff's counsel on trial exhibits. | 0.40 | 140.00 |
| 01/28/26 | CRA | Work on trial brief. | 2.20 | 770.00 |
| 01/28/26 | NMA | Begin preparing draft jury verdict form. | 1.60 | 480.00 |
| 01/28/26 | NMA | Assess and analyze plaintiff's opposition to omnibus motion in limine. | 0.40 | 120.00 |
| 01/28/26 | NMA | Prepare draft joint trial exhibit list; remit draft to responsible partner in anticipation of meet and confer conference. | 1.80 | 540.00 |
| 01/28/26 | NMA | Attend meet and confer conference with responsible partner and opposing counsel regarding trial exhibits and jury instructions. | 0.30 | 90.00 |
| 01/29/26 | CRA | Finalize trial brief and include new section. | 1.20 | 420.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 29

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 01/29/26 | NMA | Assess and analyze lesson plans of defendant officers disclosed in discovery; identify potentially relevant portions for trial examination and remit same to responsible partner. | 1.40 | 420.00 |
| 01/30/26 | CRA | Draft voir dire for the jury. Research potential voir dire questions in First Amendment cases. | 0.70 | 245.00 |
| 01/30/26 | CRA | Review and outline Bourque's BWC and compare with Dingle and DeCastro videos. | 2.20 | 770.00 |
| 01/30/26 | NMA | Begin preparing updated breakdown of BWC footage. | 0.70 | 210.00 |
| 01/30/26 | NMA | Complete initial draft of verdict form; remit same to responsible partner for review. | 1.30 | 390.00 |
| 01/31/26 | NMA | Assess and analyze responsible partner's revisions to draft verdict form; incorporate revisions and prepare second draft verdict form. | 0.50 | 150.00 |
| 01/31/26 | NMA | Continue preparing updated breakdown of officer body worn camera footage; notate relevant events within Sandoval footage. | 1.30 | 390.00 |
| 02/02/26 | CRA | Final review and edits to all pretrial filings including: jury instructions, trial brief, exhibit list, witness lists, and case statement. Numerous calls with Michael Mee on house cleaning and trial issues. | 2.70 | 945.00 |
| 02/02/26 | CRA | Review case file in its entirety and all relevant material. Draft detailed direct examination questions for Officer Bourque and include cites to exhibits. Call Bourque ███████████████████. | 6.80 | 2,380.00 |
| 02/02/26 | NMA | Draft, revise, and finalize joint trial exhibit list, LVMPD Defendants' exhibit list. | 0.40 | 120.00 |
| 02/02/26 | NMA | Prepare initial draft of LVMPD Defendants' statement of the case, remit to responsible partner for review. | 0.60 | 180.00 |
| 02/02/26 | NMA | Continue and complete preparation of body worn camera video summary for defendant officers Dingle, Sandoval, Sorenson, and Doolittle. | 3.40 | 1,020.00 |
| 02/02/26 | NMA | Prepare for oral argument regarding LVMPD Defendants' omnibus motion in limine; confer with responsible partner regarding same. | 1.80 | 540.00 |
| 02/03/26 | CRA | Prepare and attend calendar call. Conference with Mee on jury instructions and settlement. | 2.30 | 805.00 |
| 02/03/26 | CRA | Draft update email to Ruth and Matt after calendar call. | 0.30 | 105.00 |
| 02/03/26 | CRA | Review plaintiff's propsoed jury instructions and provide objections to same. Conference with attorney Mee on objections. | 1.20 | 420.00 |
| ████████ | | ████████████████████████████████ | ████ | ████ |
| 02/03/26 | CRA | Prepare and meet with Officer Sorensen for trial preparation. | 1.40 | 490.00 |
| 02/03/26 | CRA | Prepare and meet with Officer Sandoval, Officer Dingle, Officer Doolitlle, and Officer Bourque for trial prepation. Discuss with Mike Dickerson. | 3.20 | 1,120.00 |
| 02/03/26 | NMA | Prepare for and attend calendar call. | 2.30 | 690.00 |
| ████████████████████████████████ | | | ████ | |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 30

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | ████████████████ | | |
| | | ██████████████████████████████ | ████ | |
| | | ████████████ | | |
| 02/03/26 | NMA | Begin preparing direct examination outline for examination of Jesse Sandoval. | 1.40 | 420.00 |
| 02/03/26 | CRA | Review plaintiff's trial brief and voir dire. | 0.60 | 210.00 |
| 02/03/26 | NMA | Attend trial preparation meeting with Craig Anderson, Michael Dickerson, and Brandon Sorenson. | 1.50 | 450.00 |
| 02/03/26 | NMA | Attend meeting with Craig Anderson, Michael Dickerson, Branden Bourque, Erland Torrey, Jesse Sandoval, Chadly Dingle, and Clinton Doolittle. | 1.80 | 540.00 |
| 02/03/26 | NMA | Begin review and analysis of most recent DeCastro YouTube videos regarding case. | 1.40 | 420.00 |
| ██████████ | | ████████████████████████████ | ████ | ██████ |
| | | ████████████████████████████ | | |
| 02/04/26 | CRA | Review entire file and all BWC and draft direct examination questions for Sgt. Torry. Call Sgt. Torrey ████████████████. | 4.20 | 1,470.00 |
| 02/04/26 | CRA | Work with Taylor on formatting exhibits and organizing same. | 1.00 | 350.00 |
| 02/04/26 | CRA | Begin preparing cross-examination of DeCastro. | 3.30 | 1,155.00 |
| ██████████ | | ████████████████████████████████ | ████ | ██████ |
| | | ████ | | |
| ██████████ | | ██████████████████████████████ | ████ | ██████ |
| | | ████████████████ | | |
| ██████████ | | ████████████████████████████ | ████ | ██████ |
| | | ████████████████████ | | |
| ██████████████████████████████████████ | | | ████ | |
| | | ██████████████████████████ | | |
| ████████████████████████████████████ | | | ████ | ██████ |
| ██████████████████████████████████████ | | | ████ | |
| | | ████████████████████████ | | |
| 02/04/26 | NMA | Continue preparing direct examination outline for examination of Jesse Sandoval. | 1.20 | 360.00 |
| 02/04/26 | NMA | Begin preparing direct examination outline for examination of Chadly Dingle. | 1.30 | 390.00 |
| 02/05/26 | CRA | Review file and draft direct examination of DeCastro. | 6.80 | 2,380.00 |
| 02/05/26 | CRA | Review Judge Gordon's summary judgment order and outline relevant cases to potential evidentiary arguments. | 1.60 | 560.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 31

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| ██████ | | ████████████████████████ | ██ | ███ |
| ██████ | | ███████████████████████████ | ██ | ███ |
| ██████ | | ████████████████████ | ██ | ███ |
| ██████████ | | ███████ | ██ | |
| 02/05/26 | NMA | Draft direct examination outline for examination of Brandon Sorenson. | 1.40 | 420.00 |
| 02/05/26 | NMA | Draft direct examination outline for examination of Clinton Doolittle. | 1.40 | 420.00 |
| 02/05/26 | NMA | Identify YouTube video dates and prepare screenshots of dates of relevant impeachment videos for purposes of refreshing DeCastro?s recollection at trial. | 0.30 | 90.00 |
| 02/05/26 | NMA | Prepare clips of relevant YouTube videos for purposes of impeachment of DeCastro at trial. | 1.80 | 540.00 |
| 02/05/26 | NMA | Attend meeting at courthouse to test audiovisual equipment in advance of trial. | 2.50 | 750.00 |
| 02/06/26 | CRA | Trial preparation. Draft opening. Multiple calls with plaintiff's counsel. Review Chillie's pretrial videos. Receipt and review of court's proposed jury instructions and verdict form. Continue reviewing evidence. Research and prepare for obscure issues. Meet with Nicholas Adams on trial issues. | 9.30 | 3,255.00 |
| 02/06/26 | CRA | Research qualified immunity and duty to intervene in non excessive force cases in light of Judge Gordon's instructions. | 1.30 | 455.00 |
| ██████ | | ████████████████████████ | ██ | ███ |
| ██████ | | ██████████████████ | ██ | ███ |
| ██████ | | ████████████████████ | ██ | ███ |
| ██████████ | | ████████████████████ | ██ | |
| ██████ | | █████████████████ | | |
| 02/06/26 | NMA | Continue preparation of clips of relevant video footage for use in trial. | 1.70 | 510.00 |
| 02/06/26 | NMA | Cursory review of recent YouTube videos regarding trial uploaded by plaintiff in search of additional impeachment video. | 1.20 | 360.00 |
| 02/06/26 | NMA | Coordinate with opposing counsel and provide Dropbox containing documents contained on joint exhibit list. | 0.40 | 120.00 |
| 02/06/26 | NMA | Prepare LVMPD Defendants' revised exhibit list containing video clips as additional exhibits. | 0.60 | 180.00 |
| ██████████ | | ██████ | ██ | |
| 02/07/26 | CRA | Meet with Sgt. Torrey and ████████████████. Prepare Sorensen's direct examination. Continue working on opening statement. Work with Nicholas Adams on jury instructions, evidentiary issues, and | 5.20 | 1,820.00 |

**MARQUIS AURBACH CHTD.**

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 32

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | overall trial preparation. | | |
| 02/07/26 | NMA | Trial preparation with responsible partner. | 3.70 | 1,110.00 |
| ██████ | | ████████████████████████████ | ███ | ██ |
| | | █████████████████ | | |
| 02/09/26 | CRA | Attend first day of trial. | 8.00 | 2,800.00 |
| 02/09/26 | CRA | Prepare for day 2 of trial. | 1.40 | 490.00 |
| 02/09/26 | NMA | Prepare for and attend first day of trial. | 8.70 | 2,610.00 |
| 02/09/26 | NMA | Correspondence with officers Sandoval and Sorenson ████████ | 0.30 | 90.00 |
| 02/10/26 | CRA | Attend day two of trial. | 7.40 | 2,590.00 |
| 02/10/26 | CRA | Prepare for day 3 of trial including redoing DeCastro's cross with new exhibits. Go back over jury instructions in light of testimony. | 3.80 | 1,330.00 |
| 02/10/26 | NMA | Prepare for and attend second day of trial. | 7.80 | 2,340.00 |
| 02/10/26 | NMA | Prepare draft proposed changes to court's jury instructions, remit same to responsible partner. | 0.40 | 120.00 |
| 02/10/26 | NMA | Prepare revised video clip for use within DeCastro's cross examination. | 0.30 | 90.00 |
| 02/11/26 | CRA | Prepare and attend day three of trial. Argue jury instructions. | 9.30 | 3,255.00 |
| 02/11/26 | CRA | Prepare for day 4 including draft closing, work on further cross of Jose DeCastro, and go over Judge's emails and final instrucitons. Draft rule 50 motion. | 5.30 | 1,855.00 |
| 02/11/26 | NMA | Prepare for and attend third day of trial. | 9.30 | 2,790.00 |
| 02/11/26 | NMA | Prepare draft fifth amendment jury instruction, coordinate with counsel and judge regarding same. | 0.30 | 90.00 |
| 02/11/26 | NMA | Coordinate with court regarding uploading of video exhibits admitted into evidence for submission to jury. | 0.20 | 60.00 |
| 02/12/26 | CRA | Final closing argument preparation. Attend fourth day of trial. | 10.00 | 3,500.00 |
| 02/12/26 | NMA | Prepare for and attend fourth day of trial. | 8.60 | 2,580.00 |
| 02/13/26 | CRA | Attend trial and take jury verdict. Handle post-trial issues. | 5.00 | 1,750.00 |
| 02/13/26 | CRA | Meet with Nicholas and address post trial issues and discuss handling. Research on fees under state offer of judgment. | 1.40 | 490.00 |
| 02/13/26 | NMA | Attend fifth day of trial, receive verdict; begin outlining next steps relating to recovery of fees and costs. | 5.40 | 1,620.00 |
| 02/16/26 | CRA | Legal research on all avenues to obtain attorney fees and costs. Research whether fees are appropriate under section 1988 if only certain claims were frivolous. Update client on strategy. Meet with Nick Adams on same. | 2.20 | 770.00 |
| 02/19/26 | NMA | Assess and analyze entry of judgment; begin preparing draft memorandum of costs. | 0.80 | 240.00 |
| 02/20/26 | NMA | Assess and analyze legal authority relating to recovery of fees by defendant in section 1983 civil case. | 0.80 | 240.00 |
| 02/24/26 | NMA | Prepare initial draft of motion for attorneys' fees. | 0.80 | 240.00 |

**MARQUIS AURBACH CHTD.**

| Las Vegas Metropolitan Police Department | | | | |
|---|---|---|---|---|

Las Vegas Metropolitan Police Department

March 2, 2026
Invoice 409818
Page 33

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 02/26/26 | NMA | Continue preparing draft motion for attorneys' fees. | 4.80 | 1,440.00 |
| 02/27/26 | NMA | Finalize memorandum of costs. | 0.40 | 120.00 |
| 02/27/26 | NMA | Continue preparing draft motion for attorneys' fees. | 1.20 | 360.00 |

| Disbursements | | |
|---|---|---|
| Date | Description | Amount |
| | Westlaw Research | 6,268.36 |
| | Messenger Service | 180.00 |
| 02/27/24 | Pacer; Online Records Review | 1.10 |
| 10/30/24 | Check Issued;  Video Technician;  Holo Discovery - Seneca Holdings, LLC | 750.00 |
| 02/25/26 | Parking Fee;  Trial Parking - Clinton Doolittle | 84.48 |
| 02/13/26 | Miscellaneous Expenses;  Lunch During Trial for All Defendants - 02/09/26 | 160.84 |
| 02/13/26 | Miscellaneous Expenses;  Lunch During Trial for All Defendants - 02/10/26 | 86.99 |
| 02/13/26 | Miscellaneous Expenses;  Lunch During Trial for All Defendants - 02/11/26 | 144.83 |
| 02/13/26 | Miscellaneous Expenses;  Lunch During Trial for All Defendants - 02/12/26 | 115.41 |
| 02/13/26 | Parking Fee;  Trial - 02/09/2026 | 19.22 |
| 02/13/26 | Parking Fee;  Trial - 02/10/2026 | 17.57 |
| 02/13/26 | Parking Fee;  Trial - 02/11/2026 | 16.00 |
| 02/13/26 | Parking Fee;  Trial - 02/12/2026 | 16.00 |
| 02/13/26 | Parking Fee;  Trial - 02/13/2026 | 16.00 |
| | **Total Disbursements** | **7,876.80** |